Eduard Korsinsky (EK-8989)
**LEVI & KORSINSKY LLP**
30 Broad Street, 24th Floor
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com

*Counsel for Movant Brian Lundstrom*

(Additional counsel appear on signature page)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEHIGH COUNTY EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | Case No. 2:17-cv-00209-BRM-LHG |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVL OF SELECTION OF LEAD COUNSEL** |
| v. | |
| NOVO NORDISK A/S, LARS REBIEN SORENSEN and JESPER BRANDGAARD, | **MOTION DATE: April 17, 2017** |
| Defendants. | |
| DON ZUK, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:17-cv-00358-BRM-LHG |
| Plaintiff, | |
| v. | |

NOVO NORDISK A/S, LARS REBIEN SORENSEN and JESPER BRANDGAARD,

                Defendants.

JOSEPH R. ZALESKI, JR., Individually and on Behalf of All Others Similarly Situated,

                Plaintiff,

v.

NOVO NORDISK A/S, LARS REBIEN SORENSEN and JESPER BRANDGAARD,

                Defendants.

Case No. 3:17-cv-00506-BRM-LHG

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................1

PROCEDURAL BACKGROUND...........................................................................4

STATEMENT OF FACTS ......................................................................................4

ARGUMENT .........................................................................................................8

   I.   THE RELATED CASES SHOULD BE CONSOLIDATED..........................8

  II.  MR. LUNDSTROM SHOULD BE APPOINTED LEAD PLAINTIFF........10

     A.  The Procedural Requirements of the PSLRA .............................................10

     B.  Mr. Lundstrom is the Most Adequate Plaintiff .........................................11

        1.   Mr. Lundstrom Has Timely Moved for Appointment as
            Lead Plaintiff....................................................................................11

        2.   Mr. Lundstrom Has the Largest Financial Interest of Any Movant ........12

        3.   Mr. Lundstrom Satisfies the Requirements of Rule 23...........................12

  III. THE COURT SHOULD APPROVE MR. LUNDSTROM'S
       COUNSEL CHOICE .................................................................................14

CONCLUSION ....................................................................................................15

i

# TABLE OF AUTHORITIES

**Cases**

*Fields v. Wolfson*,
  41 F.R.D. 329 (S.D.N.Y. 1967) ........................................................................10

*Garber v. Randell*,
  477 F.2d 711 (2d Cir. 1973) ............................................................................9

*Garcia v. Intelligroup, Inc.*,
  No. CIV A 04-4980 JCL, 2005 WL 6074922 (D.N.J. Aug. 10, 2005)...................8

*In re Lucent Techs. Inc. Sec. Litig.*,
  221 F. Supp. 2d 472 (D.N.J. 2001)...................................................................9

*In re Nice Sys. Secs. Litig.*,
  188 F.R.D. 206 (D.N.J. 1999)...........................................................................14

*Lowinger v. Global Cash Access Holdings, Inc.*,
  Case No. 08 cv 3516 (SWK), 2008 U.S. Dist. LEXIS 49169
  (S.D.N.Y. June 26, 2008)..................................................................................9

**Statutes**

*15* U.S.C. §78u-4(a)(3) ...................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ..............................................................................................13
Fed. R. Civ. P. 42(a)............................................................................................8

Lead Plaintiff Movant Brian Lundstrom ("Movant" or "Mr. Lundstrom") submits this memorandum in support of his motion for: (1) consolidation of the Related Cases (defined herein); (2) appointment as Lead Plaintiff for the consolidated action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(b) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (3) approval of his selection of Levi & Korsinsky LLP ("Levi & Korsinsky") as Lead Counsel for the putative Class.

## PRELIMINARY STATEMENT

Presently pending before the Court are three related securities class action lawsuits (the "Related Cases") brought on behalf of all persons who purchased or otherwise acquired the securities of Novo Nordisk A/S ("Novo Nordisk" or "Company") (collectively, the "Class") between February 5, 2015 and October 27, 2016, inclusive (the "Class Period"). Plaintiffs in the Related Cases allege violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

As discussed in detail below, the Related Cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) because they arise out of the same facts and circumstances and are brought against the same defendants on behalf of the same

Novo Nordisk investors. Accordingly, Mr. Lundstrom seeks an order consolidating the Related Cases for all purposes. The PSLRA directs the Court to appoint as Lead Plaintiff the movant or group of movants who have demonstrated the "largest financial interest in the litigation" and also meet the typicality and adequacy prongs of Fed. R. Civ. P. 23 ("Rule 23"). *See* 15 U.S.C. 78u-4(a)(3)(B)(iii). Mr. Lundstrom satisfies both requirements.

*First*, Mr. Lundstrom has sustained total LIFO losses of $1,022,233.79. Accordingly, Mr. Lundstrom has a substantial economic interest in directing the litigation and recovering the losses he and the Class have suffered. Mr. Lundstrom's losses are, to the best of his knowledge, the largest among purported Class members seeking appointment as Lead Plaintiff. Mr. Lundstrom is unaware of any other class members who have filed an action or an application for appointment as Lead Plaintiff who have sustained greater losses.[1]

*Second*, Mr. Lundstrom meets the typicality and adequacy requirements of Rule 23 because his claims are typical of those of absent Class members and because Mr. Lundstrom will fairly and adequately represent the interests of the Class. In

---

[1] The losses suffered by Mr. Lundstrom are not the same as his legally compensable damages. Measuring the latter is often a complex exercise and is premature at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(B) and based upon reference to information concerning the current market for the Company's securities. Mr. Lundstrom's transactions in Novo Nordisk securities are set forth in its Certification attached as Exhibit A to the Declaration of Eduard Korsinsky in Support of this Motion ("Korsinsky Decl.").

addition to demonstrating the largest financial interest in the outcome of the litigation, Mr. Lundstrom is a sophisticated investor that understands the commitments required of a Lead Plaintiff and has confirmed that he is ready, willing and able to oversee the vigorous prosecution of this Action.

In addition to demonstrating the largest financial interest in the outcome of this litigation, Mr. Lundstrom is a 30-year veteran of the pharmaceutical industry and a Danish-born American citizen with the ability to attend to litigation in both English and Danish. He has conducted significant research in this case and his certification evidences his intent to serve as Lead Plaintiff in this litigation, including his understanding of the duties he must undertake to serve in that role.

Pursuant to the PSLRA, the Lead Plaintiff selects his choice of counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Mr. Lundstrom has selected the law firm of Levi & Korsinsky to serve as Lead Counsel. Levi & Korsinsky has extensive experience successfully litigating securities class actions such as this and possesses the resources necessary to vigorously pursue this litigation on behalf of the putative Class.

For the reasons summarized herein and discussed more fully below, Mr. Lundstrom's motion should be approved in its entirety.

## PROCEDURAL BACKGROUND

The first of the Related Cases was filed in this Court on January 11, 2017. Pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), notice that a class action had been initiated against defendants was published on *PR Newswire,* advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days from the notice (March 13, 2017). *See* Korsinsky Decl. Ex C. Mr. Lundstrom is a member of the Class *(see* Korsinsky Decl. Ex. A) and has timely moved for appointment as Lead Plaintiff under the PSLRA within the required 60-day timeframe.

## STATEMENT OF FACTS[2]

Novo Nordisk is a Danish multinational pharmaceutical company that manufactures and markets pharmaceutical products and, in particular, is the world's largest insulin-maker and provider of medicines and devices in the epidemically growing areas of diabetes and obesity. The Company has activities in multiple areas, but its primary focus is diabetes, supplying insulin and other diabetes-related products to some 27 million diabetes patients each year.

While there are millions of patients with diabetes, the world market for insulin is dominated by only Novo Nordisk, Sanofi, and Eli Lilly. Given this oligopoly, over

---

[2] These facts are taken from the Complaint for Violation of Federal Securities Laws ("Complaint") filed on January 26, 2017, styled *Don Zuk v. Novo Nordisk A/S*, et al., 3:17-cv-00358 [Dkt. No. 1], which is incorporated herein by reference.  Unless otherwise defined, capitalized terms shall carry the same meaning as set forth therein.

the past two decades, Novo Nordisk was able to raise the price of its insulin drugs 450% above the rate of inflation.

After years of consistently raising prices for insulin, however, the oligopoly began to experience significant pressure from U.S. payers in 2015, causing some of Novo Nordisk's competitors to negotiate with U.S. payers to cut or flatten their prices in order to retain lucrative contracts with pharmacy benefit management ("PBM") organizations.

During 2015 and into 2016, Novo Nordisk's U.S. management and other data sources provided strong evidence to the Defendants and other Novo Nordisk executive management members that the U.S. business was under considerable pricing pressure. Notwithstanding, the Defendants and the Company maintained long-term profit growth targets of 15% through February 1, 2016; 10% through October 27, 2016; and 5% through February 1, 2017. The Defendants also reiterated at each earnings call that they were confident in these growth targets.

In parallel, Novo Nordisk undertook large stock buybacks to stabilize its Nordisk American Depository Receipts ("ADR") price. The Company first announced a major share repurchase program on May 11, 2015 for up to Danish Kroner (DKK) 17.5 billion (about $2.5 billion). The repurchases continued in a back-to-back fashion over the course of 2016 and into 2017.

By August 1, 2016, Novo Nordisk had been able to maintain a stock price of approximately $57.00 per share, corresponding to a market cap of roughly $115 billion. This was near all-time highs. Yet on August 5, 2016, the Company announced second quarter financial results for the 2016 fiscal year and "narrowed" its forecast for full-year profit growth from 5-9% down to 5-8%. Moreover, while Defendants cautioned that Novo Nordisk expected competition in the U.S. to pressure prices in 2017, Defendants tempered that warning by maintaining the Company's 10% long-term profit growth target and reiterating that they were confident in these new targets.

In response to this news, the Company's stock price dropped to under $50/share on August 5, 2016, representing a decline of approximately 15% and a market cap loss of over $15 billion in just five days since August 1, 2016.

On September 1, 2016, Novo Nordisk announced that its long-time CEO, Defendant Lars Rebien Sorensen, would unexpectedly retire by year-end 2016, three years before his contract was set to expire in 2019. The accelerated retirement of Sorensen was contrary to the Company's past public statements, which assured investors that Sorensen would see out his contract until 2019. A few days later, the Company announced that it would lay off approximately 1,000 of its employees or 2% of its total work force, in direct response to the "increasing competition and resistance to high prices for diabetes products in the U.S." Despite these extreme

measures, Novo Nordisk maintained its 10% long-term profit growth target through October 27, 2016.

On October 28, 2016, Novo Nordisk announced third quarter financial results for the 2016 fiscal year and again "narrowed" its forecast for full-year 2016 sales and profit growth. The Company now finally acknowledged publicly more of the U.S. market pressures that it had long known about.  Also on October 28, 2016, Novo Nordisk revealed that it had received a Civil Investigative Demand from the U.S. Attorney's Office for the Southern District of New York seeking information relating to the Company's contracts and business relationships with PBMs concerning its insulin products NovoLog, Novolin, and Levemir.

In response to this news, the Company's stock price dropped to approximately $35.00 per share, down almost 40% since August 1, representing a market cap loss of roughly $45 billion in less than 90 days since August 1, 2016. As of February 2, 2017, Novo Nordisk has projected no or possibly negative profit growth for 2017 and has abandoned the practice of providing long-term profit growth targets altogether.

In summary, as a result of Defendants' wrongful acts and omissions and the associated, precipitous decline in the market value of the Company's common stock, Class members have suffered significant losses and damages.

## **ARGUMENT**

### I.    **THE RELATED CASES SHOULD BE CONSOLIDATED**

Rule 42(a) of the Federal Rules of Civil Procedure provides, in relevant part,

that:

If actions before the court involve a common question of law or fact,

the court may:

1) join for hearing or trial any or all matters at issue in the actions;

2) consolidate the actions; or

3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Consolidation pursuant to Fed. R. Civ. P. 42(a) is proper where,

as here, the actions involve common questions of law and fact and the court finds

that consolidation would avoid unnecessary delay. *See Garcia v. Intelligroup, Inc.*,

No. CIV A 04-4980 JCL, 2005 WL 6074922, at *2 (D.N.J. Aug. 10, 2005)

(consolidating actions involving "the same set of facts and alleg[ing] substantially

similar factual and legal issues" and holding that "[i]n securities actions where the

complaints are based on the same public statements and reports, consolidation is

appropriate if there are common questions of law and fact[.]"); *In re Lucent Techs.*

*Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 482 (D.N.J. 2001) (consolidating eighteen

securities class action suits alleging company issued materially false and misleading

statements).

While consolidation falls within this Court's discretion, consolidation here will not only conserve judicial resources, it will also benefit all parties in the various actions. Courts have recognized that class action shareholder suits like the Related Cases here are particularly suited for consolidation pursuant to Fed. R. Civ. P. 42 because their consolidation expedites pretrial proceedings, reduces case duplication, avoids the harassment of parties and witnesses from inquiries in multiple proceedings and minimizes the expenditure of time and money by all persons concerned. *See Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *see also Lowinger v. Global Cash Access Holdings, Inc*., Case No. 08 cv 3516 (SWK), 2008 U.S. Dist. LEXIS 49169, at *2-6 (S.D.N.Y. June 26, 2008) ("consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports."). Consolidating shareholder class actions like the Related Cases not only simplifies pretrial discovery motions, class action issues and clerical and administrative duties, but also reduces the confusion that may result from prosecuting related class actions separately. *Id*.

Moreover, consolidating the Related Cases also "would serve the purpose of avoiding needless duplication of time, effort and expense on the time, effort and expense on the part of the parties and the court in the conduct of pretrial discovery proceedings and of the trial itself." *Fields v. Wolfson*, 41 F.R.D. 329, 330 (S.D.N.Y. 1967). It would also enable the proceedings to be expedited and make for economy

9

and convenience generally in the administration of the litigation. In fact, "serious prejudice could result to the parties from a failure to consolidate." *Id*.

Here, there is no doubt that common questions of fact and law exist between the Related Cases. The Related Cases are class actions brought pursuant to the Exchange Act on behalf of the public shareholders of Novo Nordisk that seek to recover losses sustained as a result of Defendants' alleged materially false and misleading statements regarding the Company's projected growth figures. Therefore, common issues of fact and law predominate and the requirements for consolidation pursuant to Fed. R. Civ. P. 42(a) are satisfied.

## II.   MR. LUNDSTROM SHOULD BE APPOINTED LEAD PLAINTIFF

### A.   The Procedural Requirements of the PSLRA

The PSLRA sets forth the procedure for selecting a lead plaintiff to oversee securities class actions such as this. *See* 15 U.S.C. §78u-4(a)(3).  First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff Lehigh County Employees' Retirement System, which filed the first action on January 11, 2017, published a notice on *PR Newswire* on January 11, 2017 informing potential Class members of their right to seek appointment as lead plaintiff no later than March 13, 2017.  *See* Korsinsky Decl., Ex. C.

According to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of Class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA instructs that:

> [T]he court shall adopt a presumption that the most adequate plaintiff
>
> in any private action arising under this title is the person or group of
>
> persons that—
>
>> (aa) has either filed the complaint or made a motion in response
>>       to a notice...
>>
>> (bb) in the determination of the court, has the largest financial
>>       interest in the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the
>>       Federal Rules of Civil Procedure [pertaining to class
>>       actions].

15 U.S.C. §78u-4(a)(3)(B)(iii).  As discussed below, Mr. Lundstrom satisfies the prerequisites of the PSLRA and, thus, should be appointed Lead Plaintiff for the Class in the consolidated action.

**B.     Mr. Lundstrom is the Most Adequate Plaintiff**

**1.     Mr. Lundstrom Has Timely Moved for Appointment as Lead Plaintiff**

Mr. Lundstrom has timely filed the instant Motion to be appointed Lead Plaintiff.  Further, Mr. Lundstrom has shown his willingness to represent the Class by signing a sworn Certification detailing his investments in the Company's

securities during the Class Period and confirming his willingness to discharge the obligations of class representative in this Action. *See* Korsinsky Decl., Ex. A.

### 2. Mr. Lundstrom Has the Largest Financial Interest of Any Movant

Under the PSLRA, the Court shall appoint as Lead Plaintiff the movant with the largest financial interest in the relief sought by the action. 15 U.S.C. §78u-4(a)(3)(B)(iii).  As demonstrated by Exhibit B to the Korsinsky Declaration, Mr. Lundstrom has suffered losses of approximately $1,022,233.79 under the LIFO method. To Movant's knowledge, no other movant has suffered a larger loss. Therefore, Mr. Lundstrom satisfies the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

### 3. Mr. Lundstrom Satisfies the Requirements of Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two — typicality and adequacy — are recognized as appropriate inquiries for consideration at the lead plaintiff stage. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer

examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See In re Nice Sys. Secs. Litig*., 188 F.R.D. 206, 217 (D.N.J. 1999).

As detailed below, Mr. Lundstrom satisfies the typicality and adequacy requirements of Rule 23(a). The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Nice Sys.,* 188 F.R.D. at 218. The threshold typicality requirement is not high; Rule 23(a) requires only that resolution of the common questions affect all, or a substantial number of, class members. *Id.*

Here, Mr. Lundstrom meets the typicality requirement because, like all other members of the putative Class, he purchased the Company's securities during the Class Period at artificially inflated prices in reliance upon Defendants' false and misleading statements and suffered damages thereby. Because Mr. Lundstrom's claims are premised on the same legal theories and are based on the same types of alleged misrepresentations and omissions as the Class' claims, typicality is satisfied. Moreover, Mr. Lundstrom, in his Certification, affirmatively provides the Court with information demonstrating that he satisfies the requirements of Rule 23.

Mr. Lundstrom has also satisfied the adequacy requirement of Rule 23(a). Mr. Lundstrom possesses a unique sophistication and experience that make him exceptionally qualified to serve as a lead plaintiff in the consolidated action.

Specifically, Mr. Lundstrom, born in Denmark, is fluent in both English and Danish and has more than thirty years of experience working in executive management positions at prominent U.S. biopharmaceutical companies, thus providing him with a solid understanding of the practices and regulations in the industry. Because Mr. Lundstrom is not subject to any unique defenses, and there is no evidence of any conflicts between Mr. Lundstrom and the other members of the Class, he more than amply satisfies the adequacy requirement of Rule 23(a).

Moreover, as discussed below, Mr. Lundstrom has retained Levi & Korsinsky, highly competent and experienced counsel, to represent the Class.

## III. THE COURT SHOULD APPROVE MR. LUNDSTROM'S COUNSEL CHOICE

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Lundstrom has selected Levi & Korsinsky to serve as Lead Counsel. Levi & Korsinsky has not only prosecuted complex securities fraud actions, but has also successfully prosecuted many other types of complex class actions as lead and/or class counsel. *See* Korsinsky Decl., Ex. D. This Court may be assured that in the event that Mr. Lundstrom's motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, Mr. Lundstrom respectfully requests that this Court enter an order (1) consolidating the Related Cases; (2) appointing Mr. Lundstrom to serve as Lead Plaintiff in the consolidated action; (3) approving Levi & Korsinsky as Lead Counsel for the putative Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated: March 13, 2017                   **LEVI & KORSINSKY LLP**

*/s/ Eduard Korsinsky*
Eduard Korsinsky (EK-8989)
30 Broad Street, 24th Floor
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com

- and -

Shannon L. Hopkins*
Sebastiano Tornatore*
Meghan K. Daley*
733 Summer Street, Suite 304
Stamford, Connecticut 06901
Tel.: (203) 992-4523
Fax: (212) 363-7171
Email: shopkins@zlk.com
stornatore@zlk.com
mdaley@zlk.com

*pro hac vice* forthcoming

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of March, 2017, true and correct copies of this document were served via this Court's ECF system to all counsel of record as identified on the Notice of Electronic Filing (NEF), and electronically sent to those indicated as non-registered participants.

*/s/ Eduard Korsinsky*
Eduard Korsinsky