James E. Cecchi
Donald A. Ecklund
**CARELLA, BYRNE, CECCHI,**
  **OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700

*Liaison Counsel for Proposed Lead*
*Plaintiff the Public Pension Funds and*
*Proposed Liaison Counsel for the Class*

Gerald H. Silk (*pro hac vice* forthcoming)
Hannah Ross (*pro hac vice* forthcoming)
Avi Josefson (*pro hac vice* forthcoming)
**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400

Maya Saxena (*pro hac vice* forthcoming)
Joseph E. White, III (*pro hac vice* forthcoming)
Lester R. Hooker (*pro hac vice* forthcoming)
**SAXENA WHITE P.A.**
5200 Town Center Circle, Suite 601
Boca Raton, Florida 33486
Telephone: (561) 394-3399

*Counsel for Proposed Lead Plaintiff*
*the Public Pension Funds and Proposed*
*Co-Lead Counsel for the Class*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEHIGH COUNTY EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br>            Plaintiff, <br>    v. <br><br> NOVO NORDISK A/S, LARS REBIEN SØRENSEN, and JESPER BRANDGAARD, <br><br>            Defendants. | No. 3:17-cv-00209-BRM-LHG <br> Hon. Brian R. Martinotti <br><br><br> **MOTION DAY:  APRIL 17, 2017** <br><br> **ORAL ARGUMENT REQUESTED** |

*Caption continued on next page.*

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE PUBLIC PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF LEAD AND LIAISON COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**

| | |
|---|---|
| DON ZUK, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>    v.<br><br>NOVO NORDISK A/S, LARS REBIEN SØRENSEN, and JESPER BRANDGAARD,<br><br>        Defendants. | No. 3:17-cv-00358-BRM-LHG |
| JOSEPH R. ZALESKI, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>    v.<br><br>NOVO NORDISK A/S, LARS REBIEN SØRENSEN, and JESPER BRANDGAARD,<br><br>        Defendants. | No. 3:17-cv-00506-BRM-LHG |

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

FACTUAL BACKGROUND ............................................................................................. 3

ARGUMENT ...................................................................................................................... 5

     A.    The Public Pension Funds Should Be Appointed Lead Plaintiff ........................... 6

          i.     The Public Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class ......................................................................... 7

          ii.    The Public Pension Funds Satisfy the Requirements of Rule 23 ............... 7

               a)   The Public Pension Funds Are Typical ............................................. 8

               b)   The Public Pension Funds Are Adequate .......................................... 8

     B.    The Public Pension Funds are Precisely the Type of Lead Plaintiff Congress Contemplated When It Enacted the PSLRA .......................................... 9

     C.    The Public Pension Funds' Selection of Counsel Should Be Approved ............. 13

     D.    The Related Actions Should Be Consolidated ................................................... 16

CONCLUSION ................................................................................................................. 16

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                          **Page(s)**

*In re Cendant Corp. Litig.*,
    182 F.R.D. 476 (D.N.J. 1998)..................................................................................16

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001).......................................................................... *passim*

*Lewis v. Lipocine Inc.*,
    No. 16-4009-BRM-LHG, 2016 WL 7042075 (D.N.J. Dec. 2, 2016).....................8, 10, 13, 16

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
    256 F.R.D. 620 (E.D. Wis. 2009) ...............................................................................1

*In re Vicuron Pharm., Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D. Pa. 2004)..................................................................................9

*W. Palm Beach Police Pension Fund v. DFC Global Corp.*,
    No. 13-6731, 2014 WL 1395059 (E.D. Pa. Apr. 10, 2014)...........................3, 10, 13

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)........................................................................................5

15 U.S.C. § 78u-4(a)(3)(A)(i)(II)...............................................................................9

15 U.S.C. § 78u-4(a)(3)(B)(i) ....................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii) ..................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)........................................................................2, 6, 10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)........................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)........................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)......................................................................13

15 U.S.C. § 78u-4(a)(3)(B)(v) ...............................................................................9, 13

**Other Authorities**

Fed. R. Civ. P. 23(a)(3)..............................................................................................8

Fed. R. Civ. P. 23(a)(4)..............................................................................................8

Fed. R. Civ. P. 42(a) ...................................................................................................16

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995).....................10

Plaintiff Lehigh County Employees' Retirement System ("Lehigh ERS"), together with co-movants Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters"), Boston Retirement System ("BRS"), and Employees' Pension Plan of the City of Clearwater ("Clearwater EPP," and together with Lehigh ERS, Oklahoma Firefighters, and BRS, the "Public Pension Funds") respectfully submit this memorandum of law in support of their motion for: (i) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (ii) approval of their selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Saxena White P.A. ("Saxena White") as Co-Lead Counsel, and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. ("Carella Byrne") as Liaison Counsel for the class; and (iii) consolidation of the above-captioned related securities class actions (the "Related Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

On January 11, 2017, Lehigh ERS filed the first of the Related Actions pending against Novo Nordisk A/S ("Novo Nordisk" or the "Company") and certain of its senior officers (collectively, "Defendants").  The Related Actions allege that from February 5, 2015 through October 27, 2016, inclusive (the "Class Period"), Defendants defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).[1]  Novo Nordisk investors—including the Public Pension Funds—incurred significant losses following the disclosure that the Company was cutting its long-term growth targets by 50%

---

[1] For purposes of appointing a Lead Plaintiff, the longest Class Period governs. *See Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624-25 (E.D. Wis. 2009).

because of pricing pressures across its drug portfolio and was subpoenaed by federal prosecutors regarding the Company's relationships with pharmacy benefit managers ("PBMs").

Pursuant to the PSLRA, the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation, and whether that movant has made a *prima facie* showing of typicality and adequacy under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, the Public Pension Funds are the "most adequate plaintiff" by virtue of, among other things, the approximately $3 million in losses they incurred on their Class Period purchases of roughly 158,000 Novo Nordisk American Depositary Receipts ("ADRs").

In addition to asserting the largest financial interest in this litigation, the Public Pension Funds readily meet the applicable requirements of Rule 23 because their claims are typical of absent class members' claims and because they will fairly and adequately represent the interests of the class. Further, the Public Pension Funds are the paradigmatic Lead Plaintiff envisioned by Congress in enacting the PSLRA because they are sophisticated institutional investors with a substantial financial stake in the litigation who will provide effective monitoring and supervision of counsel.

Further, as set forth in greater detail in the Joint Declaration submitted herewith, the Public Pension Funds fully understand the Lead Plaintiff's obligations to the class under the PSLRA, and are willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action.[2] Moreover, prior to seeking a role as Lead Plaintiff, representatives of the Public Pension

---

[2] *See* Joint Declaration in Support of the Motion of the Public Pension Funds for Appointment as Lead Plaintiff, Approval of Their Selection of Lead and Liaison Counsel, and Consolidation of Related Actions ("Joint Decl."), Cecchi Decl., Ex. A.

Funds held a joint conference call to discuss the merits of the claims against Defendants, the significant losses the funds incurred, as well as the funds' common goals in maximizing the recovery for all Novo Nordisk investors.  *See* Cecchi Decl., Ex. A, Joint Decl. ¶11.  Courts in the Third Circuit and elsewhere will appoint small groups of investors like the Public Pension Funds when they demonstrate how and why the members of the group came together, as the Public Pension Funds' Joint Declaration does here.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) (affirming propriety of Lead Plaintiff group that made affirmative showings of independence); *W. Palm Beach Police Pension Fund v. DFC Global Corp.*, No. 13-6731, 2014 WL 1395059, at *7 (E.D. Pa. Apr. 10, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members).

The Public Pension Funds have also demonstrated their adequacy through their selection of Bernstein Litowitz and Saxena White as proposed Co-Lead Counsel for the class, each of which is a preeminent securities class action law firm.  Indeed, the Public Pension Funds selected Bernstein Litowitz and Saxena White to serve as Co-Lead Counsel, in substantial part, based on their prior experience with the firms and the firms' established track records of achieving substantial recoveries and corporate governance reforms for investors in securities litigation.  *See* Cecchi Decl., Ex. A, Joint Decl. ¶¶13-14.  Accordingly, based on the Public Pension Funds' significant financial interest and their demonstrated commitment and ability to oversee this action in a cohesive and coordinated fashion, the Public Pension Funds respectfully request that the Court appoint them Lead Plaintiff and otherwise grant their motion.

## FACTUAL BACKGROUND[3]

Based in Denmark and maintaining its U.S. headquarters in New Jersey, Novo Nordisk is

---

[3] The facts herein are derived from Lehigh ERS' complaint unless otherwise indicated.  *See Lehigh Cnty. Emps.' Ret. Sys. v. Novo Nordisk A/S*, No. 3:17-cv-00209-BRM-LHG, ECF No. 1 (D.N.J.

one of the largest producers of insulin medications in the world.  ¶12.  The Company derives roughly 80% of its revenue from selling insulin-based medications.  ¶16.  While there are millions of patients that suffer from diabetes and require insulin-based treatments, the world market for insulin is dominated by just a handful of companies.  *Id*.  Those companies are defendant Novo Nordisk, Sanofi, Eli Lilly and Merck.  *Id*.

Throughout the Class Period, the Company reported impressive revenue, operating profit growth and sales growth.  ¶3.  In addition, Novo Nordisk told investors that the Company would achieve sales and operating profit growth of between 5% and 9% in 2016, as well as 10% operating profit growth over the long-term.  *Id*.  Further, while certain of Novo Nordisk's competitors acknowledged that revenue from their insulin franchises would dwindle given the increased pricing pressures from PBMs, Novo Nordisk assured investors otherwise.  *Id*.

These statements were materially false and misleading.  In truth, Novo Nordisk's reported earnings and forecasts were materially misleading in that they were inflated through the collusive price-fixing of the Company's insulin drugs.  The inflated financial results reported to investors concealed the true extent of the pricing pressures the Company was experiencing in the U.S., which Novo Nordisk was only able to conceal by engaging in collusive activity.  ¶4.

Investors began to learn the truth regarding Novo Nordisk's business through a series of corrective disclosures.  On August 2, 2016, the Company's main diabetes treatment, Victoza, was placed on the exclusion list by Express Scripts, the largest PBM in the U.S.  This is because Express Scripts was no longer willing to pay exorbitant prices for the Company's drugs.  On this news, the price of Novo Nordisk ADRs declined 3.2% from $57.05 per ADR on August 1 to $55.20

---

filed Jan. 11, 2017) ("*Lehigh*").  All "¶" references refer to the *Lehigh* complaint unless otherwise indicated.

per ADR on August 4.  *See Zuk v. Novo Nordisk A/S,* No. 3:17-cv-00358-BRM-LHG, ECF No. 1, ¶10 (D.N.J. filed Jan. 18, 2017) ("*Zuk*").   On August 5, 2016, the Company announced disappointing earnings for the second quarter of 2016 because, despite its scheme, it was finally unable to conceal that PBMs such as Express Scripts were causing significant pricing pressures across the Company's entire portfolio.  ¶5.  This news caused the price of the Company's ADRs to decline from $55.20 per ADR on August 4 to $49.87 per ADR on August 5, or approximately 10%.  *Id.*

Then, on October 28, 2016, Novo Nordisk cut its long-term profit growth forecasts by 50%, specifically citing the increased pricing pressures on diabetes drugs in the U.S.  ¶7.  The Company also announced that it received a Civil Investigative Demand from the U.S. Attorney's Office for the Southern District of New York seeking information relating to Novo Nordisk's contracts and business relationships with PBMs concerning its insulin products named NovoLog, Novolin and Levemir.  *Id.*  On this news, the price of Novo Nordisk ADRs declined from $40.94 per ADR on October 27 to $35.66 per ADR on October 28, a decline of roughly 13%.  *Id.*

Subsequent to the close of the Class Period, on November 3, 2016, Senator Bernie Sanders and Representative Elijah Cummings sent a letter to the U.S. Department of Justice calling on federal antitrust regulators to probe illegal collusion by Novo Nordisk and the three other major insulin producers—Sanofi, Eli Lilly, and Merck—to set the prices for insulin and other diabetes drugs.  ¶8.  In a tacit acknowledgement of its improper conduct, Novo Nordisk pledged on November 30, 2016 to limit all future drug list price increases to single-digit percentages.  *Id.*

## ARGUMENT

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  On January 11, 2017, Lehigh ERS filed the first of

the Related Actions.  *See Lehigh*, ECF No. 1.  *Lehigh* asserts a Class Period of April 30, 2015

through October 27, 2016.  ¶1.  Also on January 11, counsel for Lehigh ERS published a notice

on *PR Newswire*, which alerted investors to the pendency of the action and set the deadline to seek

Lead Plaintiff status by March 13, 2017.  *See* Cecchi Decl., Ex. B.

On January 18, 2017, Plaintiff Don Zuk filed the second of the Related Actions against

Defendants.  *See Zuk*, ECF No. 1.  *Zuk* asserts a broader Class Period of February 5, 2015 through

October 27, 2016.  *See id.* ¶1.  On January 23, 2017, counsel for Mr. Zuk published a notice on

*Accesswire* which alerted investors to the expanded Class Period and reiterated the March 13, 2017

deadline to seek Lead Plaintiff appointment.  *See* Cecchi Decl., Ex. C.  Accordingly, the Public

Pension Funds have timely moved for appointment as Lead Plaintiff through the filing of this

motion.

### A.     The Public Pension Funds Should Be Appointed Lead Plaintiff

The Public Pension Funds respectfully submit that they should be appointed Lead Plaintiff

because they are the movant "most capable of adequately representing the interests of class

members."  15 U.S.C. § 78u-4(a)(3)(B)(i); *see also Cendant*, 264 F.3d at 222.  The PSLRA sets

forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal

securities laws.  When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the

"most adequate plaintiff" is the movant or group of movants that "has the largest financial interest

in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C.

§ 78u-4(a)(3)(B)(iii)(I).  As set forth below, the Public Pension Funds believe they are the "most

adequate plaintiff" because they have complied with the PSLRA's procedural requirements,

believe they possess the largest financial interest of any qualified movant, and satisfy Rule 23's

typicality and adequacy requirements.  Accordingly, the Public Pension Funds should be appointed

as Lead Plaintiff.

###### i. The Public Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

The Public Pension Funds should be appointed Lead Plaintiff because they believe that they have the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As demonstrated herein, the Public Pension Funds incurred losses of approximately $3 million on their Class Period purchases of over 158,000 Novo Nordisk ADRs.[4] To the best of the Public Pension Funds' knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation. Accordingly, the Public Pension Funds have the largest financial interest of any qualified movant seeking Lead Plaintiff status, and are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

###### ii. The Public Pension Funds Satisfy the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the Public Pension Funds also satisfy the relevant requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At the lead plaintiff stage of the litigation, in contrast to the class certification stage, a proposed lead plaintiff need only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23—a full examination of the remaining Rule 23 factors should be left for consideration on a motion for class certification. *See Cendant*, 264 F.3d at 264 ("[T]he court's initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements need not be extensive."). The Public Pension Funds unquestionably satisfy both requirements.

---

[4] Lehigh ERS' PSLRA-required Certification is attached to the Complaint that it filed in this action. *See Lehigh*, ECF No. 1 at 23. Lehigh ERS' transactions in Novo Nordisk ADRs are the same under either the Class Period asserted in *Lehigh* or *Zuk*. Oklahoma Firefighters', BRS', and Clearwater EPP's PSLRA-required Certifications are attached as Exhibit D to the Cecchi Decl. Charts setting forth calculations of the Public Pension Funds' losses are attached as Exhibit E to the Cecchi Decl.

### a)      The Public Pension Funds Are Typical

Pursuant to Rule 23(a)(3), typicality requires "that a party seeking to represent a class have claims or defenses that are typical of the claims or defenses of the class." *Cendant*, 264 F.3d at 263 (internal quotations and alterations omitted); *see also* Fed. R. Civ. P. 23(a)(3). Typicality can be established by showing that the proposed class representative's individual circumstances and legal theories upon which the claims are based are not "markedly different" from those of other class members. *Lewis v. Lipocine Inc.*, No. 16-4009-BRM-LHG, 2016 WL 7042075, at *4 (D.N.J. Dec. 2, 2016) (quoting *Cendant*, 264 F.3d at 265).

The typicality requirement is satisfied here because the Public Pension Funds—who are not subject to any unique or special defenses—seek the same relief and advance the same legal theories as do other class members. Indeed, the Public Pension Funds' circumstances and legal theories upon which their claims are based are substantively identical to those of the class. Like all other class members, the Public Pension Funds: (1) purchased Novo Nordisk ADRs during the Class Period; (2) at prices artificially inflated by Novo Nordisk's materially false and misleading statements and/or omissions; and (3) were damaged thereby. These shared claims, which are based on the same legal theories and arise from the same events and course of conduct as the claims of the other class members, satisfy Rule 23(a)(3)'s typicality requirement.

### b)      The Public Pension Funds Are Adequate

The Public Pension Funds likewise satisfy the adequacy requirement of Rule 23. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests" of all class members. Fed. R. Civ. P. 23(a)(4). Representation is adequate when the Lead Plaintiff "has the ability and incentive to represent the claims of the class vigorously," has "obtained adequate counsel," and its interests are sufficiently aligned with those of absent class members. *Cendant*, 264 F.3d at 265 (citation omitted).

The Public Pension Funds satisfy these elements because their substantial financial stake in the litigation provides the ability and incentive to vigorously represent the class' claims. Indeed, the Public Pension Funds' interests are perfectly aligned with those of the other class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between the Public Pension Funds and other class members.

Finally, the Public Pension Funds have demonstrated their adequacy through their selection of Bernstein Litowitz and Saxena White as Co-Lead Counsel, and Carella Byrne as Liaison Counsel to represent the class in this action. As discussed more fully below, Bernstein Litowitz and Saxena White are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated an ability to conduct complex securities class action litigation effectively. The Public Pension Funds have timely submitted their choice to the Court for approval of counsel, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v) (setting forth the requirements for timely motions and lead plaintiff's selection of counsel).

## B. The Public Pension Funds are Precisely the Type of Lead Plaintiff Congress Contemplated When It Enacted the PSLRA

In addition to satisfying the requirements of Rule 23, the Public Pension Funds—comprised of large, sophisticated institutional investors collectively responsible for overseeing over $8 billion in assets—are exactly the type of Lead Plaintiff that Congress encouraged, through the enactment of the PSLRA, to lead securities class actions. *See In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) ("Under the PSLRA, institutional investors are considered preferred lead plaintiffs. . . the PSLRA sought 'to increase the likelihood that institutional investors will serve as lead plaintiffs.'") (citations omitted); *see also* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) ("The Conference Committee believes

that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

The appointment of a group of class members as Lead Plaintiff is expressly permitted by the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The Third Circuit, this Court, and other District Courts within the Third Circuit have repeatedly recognized the propriety of appointing groups of investors that are capable of "fairly and adequately protect[ing] the interests of the class." *Cendant*, 264 F.3d at 266 ("The statute contains no requirement mandating that the members of a proper group be 'related' in some manner; it requires only that any such group 'fairly and adequately protect the interests of the class.'"); *Lipocine*, 2016 WL 7042075, at *5 (appointing as Lead Plaintiff a group of three investors whose financial interest "creates a strong incentive for them to fully prosecute this action"); *DFC Global*, 2014 WL 1395059, at *7 (appointing group comprised of sophisticated institutional investors that "have demonstrated an ability and willingness to forcefully advocate for the class").

As set forth in the Joint Declaration submitted herewith, the Public Pension Funds have demonstrated their commitment to working cohesively as a group in the prosecution of this action in order to achieve the best possible result for the class.  *See* Cecchi Decl., Ex. A, Joint Decl. ¶¶6-15.  Indeed, the Public Pension Funds are a small, cohesive partnership of sophisticated institutional investors that determined to jointly seek appointment as Lead Plaintiff and litigate this action in the best interests of all class members.  *See id.*

The Joint Declaration also sets forth the reasons why the Public Pension Funds decided to collaborate in this litigation and describes how the group was formed.  *See id*.  Specifically, Lehigh ERS and its counsel Bernstein Litowitz investigated investors' claims against Defendants, filed

10

the first of the Related Actions, and published notice of the pendency of the action. *See id.* ¶¶6-7. After being apprised of the pendency of the action, Oklahoma Firefighters and BRS discussed with their counsel, Bernstein Litowitz, whether Lehigh ERS would be interested in jointly prosecuting this case. *See id.* ¶7. Similarly, counsel for Clearwater EPP—Saxena White—contacted Bernstein Litowitz in response to the notice to express Clearwater EPP's interest in working together with Lehigh ERS as Lead Plaintiff. *See id.* Through these discussions, Lehigh ERS, Oklahoma Firefighters, BRS and Clearwater EPP learned of their shared interest in prosecuting this case, recognized that they are like-minded institutions that suffered substantial harm as a result of their investments in Novo Nordisk ADRs, and determined that their joint prosecution of this case will advance the interests of the class. *See id.*

The Public Pension Funds' view that their partnership will benefit the class is informed by Lehigh ERS', Oklahoma Firefighters', BRS' and Clearwater EPP's experience in supervising the work of outside counsel, including Oklahoma Firefighters' and BRS' roles as members of Lead Plaintiff groups in other complex securities class actions. For example, Oklahoma Firefighters served as Lead Plaintiff together with the Adar Investment Fund, Ltd., the Jacksonville Police and Fire Pension Fund, and the Kansas City, Missouri Employees' Retirement System in *In re Tower Group International, Ltd. Securities Litigation*, No. 13-cv-5852 (S.D.N.Y.), and successfully recovered $20.5 million for investors. *See* Cecchi Decl., Ex. A, Joint Decl. ¶8. In *Tower*, Bernstein Litowitz and Saxena White served as Co-Lead Counsel. *See id.* ¶13. Oklahoma Firefighters also served as Lead Plaintiff with the Jacksonville Police and Fire Pension Fund in *Wyatt v. El Paso Corp.*, No. 02-cv-2717 (S.D. Tex.), which resulted in a recovery of $285 million for investors—another case where Bernstein Litowitz served as Lead Counsel. *See id.* ¶8. Similarly, BRS has experience serving as part of a Lead Plaintiff group with other institutional investors in cases such

as *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-7831 (S.D.N.Y.), where BRS served as Lead Plaintiff with the Massachusetts Pension Reserves Investment Management Board, and achieved a recovery of $170 million. *See id.* ¶9. BRS was also appointed Lead Plaintiff with Iowa Public Employees' Retirement System, the Policemen's Annuity & Benefit Fund of Chicago, and Central States Pension Fund in *Rubin v. MF Global, Ltd.*, No. 08-cv-2233 (S.D.N.Y.), which resulted in a recovery of $90 million for investors. *See id.*

Based on Oklahoma Firefighters' and BRS' prior experience litigating securities class actions as part of small, cohesive groups of institutional investors, and Lehigh ERS' and Clearwater EPP's understanding that such groups allow for the sharing of experiences and resources, the Public Pension Funds believe that their partnership will add substantial value to the prosecution of this action and will benefit the class. *See id.* ¶8. The Public Pension Funds also determined to seek joint appointment as Lead Plaintiff as a result of their shared goals and interests as public pension funds to protect and maximize the value of pension fund assets, advance shareholder rights, and promote strong corporate governance. *See id.* ¶10.

Significantly, the Joint Declaration also demonstrates that the Public Pension Funds have already taken (and will continue to take) measures to ensure the vigorous prosecution of this action and oversee counsel. *See id.* ¶¶11-15. Specifically, to formalize their leadership of the action, before seeking appointment as Lead Plaintiff, representatives of the Public Pension Funds participated in a conference call and discussed together, among other things: the strength of the claims against Defendants; their losses arising from Defendants' misconduct; a strategy for prosecuting this action; the benefits that the class will receive from the leadership of a coordinated group of institutional investors that have prior experience serving as Lead Plaintiff under the PSLRA, including as part of Lead Plaintiff groups; the interests in prosecuting the case in a

collaborative, likeminded manner and maximizing the recovery for the class; and the actions each institution has and will continue to take to ensure that the class' claims will be zealously and efficiently litigated. *See id.* ¶¶11-12.

The evidence submitted by the Public Pension Funds demonstrating their commitment to vigorously and effectively representing the interests of the class as a Lead Plaintiff group is more than sufficient to satisfy the adequacy and typicality requirements. *See Cendant*, 264 F.3d at 224, 265-69 (finding "no indication" that Lead Plaintiff group was artificially created because it made affirmative showings of its independence); *DFC Global*, 2014 WL 1395059, at *7 (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members).

## C.     The Public Pension Funds' Selection of Counsel Should Be Approved

Based upon Bernstein Litowitz's and Saxena White's extensive experience and proven track records, the Public Pension Funds' selection of Bernstein Litowitz and Saxena White as Co-Lead Counsel, and Carella Byrne as Liaison Counsel, should be approved. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent, and the Court should not disturb Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Lipocine*, 2016 WL 7042075, at *5 ("Once the lead plaintiff has been appointed, the statute provides that the lead plaintiff 'shall, subject to the approval of the court, select and retain counsel to represent the class.'") (quoting *Cendant*, 264 F.3d at 216).

Bernstein Litowitz and Saxena White are among the preeminent securities class action law firms in the country. *See* Cecchi Decl., Ex. F, Bernstein Litowitz's Firm Résumé; Cecchi Decl., Ex. G, Saxena White's Firm Résumé. Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288-DLC (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—

13

were obtained for the class.  Bernstein Litowitz also secured a resolution of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058-PKC (S.D.N.Y.) on behalf of the class.  In addition, Bernstein Litowitz served as Co-Lead Counsel in *In re Cendant Corporation Securities Litigation*, No. 98-cv-01664-WHW-ES (D.N.J.) in this District, in which settlements in excess of $3 billion in cash and extensive corporate governance reforms were obtained on behalf of the class.

Also in this District, Bernstein Litowitz served as Co-Lead Counsel in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.) and achieved a recovery of $1.06 billion.  Bernstein Litowitz also served as Co-Lead Counsel in *In re Schering-Plough Corporation/Enhance Litigation*, No. 08-cv-0397-DMC-JAD (D.N.J.) and *In re Merck & Co. Inc. Vytorin/Zetia Securities Litigation*, No. 08-cv-2177-DMC-JAD (D.N.J.), in which combined settlements of $688 million were obtained on behalf of investors.  Bernstein Litowitz further served as Co-Lead Counsel in *In re Lucent Technologies, Inc. Securities Litigation*, No. 00-cv-0621-JAP-MCA (D.N.J.) (recovering $667 million for investors).

Similarly, Saxena White has been appointed as Lead or Co-Lead Counsel in landmark, precedent-setting securities class actions and the firm has achieved resounding successes on behalf of shareholders nationwide.  For instance, acting as Lead Counsel in a securities fraud class action against SIRVA, Inc., Saxena White recovered $53.3 million for the class in a resolution that also included significant reforms to the company's internal control policies.  *See Cent. Laborers' Pension Fund v. SIRVA, Inc*., No. 04-cv-7644 (N.D. Ill. Nov. 2, 2007).  Saxena White also recovered $37.5 million for shareholders in a securities fraud action against Aracruz Celulose.  *See City Pension Fund for Firefighters & Police Officers in the City of Miami Beach v. Aracruz Celulose, S.A.*, No. 1:08-cv-23317-JAL (S.D. Fla. July 17, 2013).  Moreover, Saxena White has

14

experience serving as Lead Counsel in this District as demonstrated by its role in *Fernandez v. Knight Capital Group, Inc.*, No. 12-cv-6760 (D.N.J.), where Saxena White served as Co-Lead Counsel and recovered $13 million for investors.

Further, Bernstein Litowitz and Saxena White have a history of successfully prosecuting securities class actions together.  Bernstein Litowitz and Saxena White served as Co-Lead Counsel in *In re Tower Group International, Ltd. Securities Litigation*, No. 13-cv-5852 (S.D.N.Y.) and recovered $20.5 million for investors.  Currently, the firms are serving as Co-Lead Counsel in *In re Wilmington Trust Securities Litigation*, No. 10-cv-990 (D. Del.), and in *In re Rayonier Inc. Securities Litigation*, No. 14-cv-1395 (M.D. Fla.).  Both of those cases are in discovery.

Likewise, Carella Byrne is one of the leading New Jersey and New York area law firms for general and complex litigation, and is recognized throughout the United States for its extensive range of capabilities and expertise.  *See* Cecchi Decl., Ex. H, Carella Byrne Firm Résumé.  The firm has extensive experience prosecuting securities and other class actions in both a Lead and Liaison Counsel capacity, and has helped achieve billions of dollars of recoveries for investors and other injured parties.  For instance, Carella Byrne served as Liaison Counsel in this District in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.) and achieved a recovery of $1.06 billion for investors.  Also in this District, Carella Byrne served as Liaison Counsel in *In re Schering-Plough Corporation/Enhance Litigation*, No. 08-cv-0397-DMC-JAD (D.N.J.) and *In re Merck & Co. Inc. Vytorin/Zetia Securities Litigation*, No. 08-cv-2177-DMC-JAD (D.N.J.), and achieved combined settlements of $688 million for the class.  Thus, the Court can be assured that by granting this motion, the class will receive the highest caliber of legal representation.  Accordingly, the Court should approve the Public Pension Funds' selection

of Bernstein Litowitz and Saxena White as Co-Lead Counsel, and Carella Byrne as Liaison Counsel, for the class.

### D.    The Related Actions Should Be Consolidated

There are at least three Related Actions pending in this District against Defendants:

| Case | Civil No. | Date Filed |
|---|---|---|
| *Lehigh County Employees' Retirement System v. Novo Nordisk A/S* | 17-cv-209 | January 11, 2017 |
| *Zuk v. Novo Nordisk A/S* | 17-cv-358 | January 18, 2017 |
| *Zaleski v. Novo Nordisk A/S* | 17-cv-506 | January 25, 2017 |

Consolidation is appropriate when the actions before the court involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a).  The Related Actions present virtually identical factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act, name the same Defendants, and arise out of substantially similar misstatements regarding the Company's inflated earnings and forecasts.  While the Related Actions assert slightly different Class Periods, these differences do not render consolidation inappropriate.  *See In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998).  Accordingly, consolidation is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure.  *See Lipocine*, 2016 WL 7042075, at *2 (consolidating securities class action lawsuits alleging company issued materially false and misleading statements).

### CONCLUSION

For the reasons stated herein, the Public Pension Funds respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of Bernstein Litowitz and Saxena White as Co-Lead Counsel for the class, approve their selection of Carella Byrne as Liaison Counsel, consolidate all related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, and grant such other relief as the Court may deem just and proper.

DATED:  March 13, 2017                    Respectfully submitted,

                                          **CARELLA, BYRNE, CECCHI,
                                          OLSTEIN, BRODY & AGNELLO, P.C.**

                                          */s/ James E. Cecchi*
                                          James E. Cecchi
                                          Donald A. Ecklund
                                          5 Becker Farm Road
                                          Roseland, New Jersey 07068
                                          Telephone: (973) 994-1700
                                          Facsimile: (973) 994-1744
                                          jcecchi@carellabyrne.com
                                          decklund@carellabyrne.com

                                          *Liaison Counsel for Proposed Lead
                                          Plaintiff the Public Pension Funds and
                                          Proposed Liaison Counsel for the Class*

                                          **BERNSTEIN LITOWITZ BERGER
                                          & GROSSMANN LLP**
                                          Gerald H. Silk
                                          (*pro hac vice* application forthcoming)
                                          Hannah Ross
                                          (*pro hac vice* application forthcoming)
                                          Avi Josefson
                                          (*pro hac vice* application forthcoming)
                                          1251 Avenue of the Americas
                                          New York, NY 10020
                                          Telephone: (212) 554-1400
                                          Facsimile: (212) 554-1444
                                          jerry@blbglaw.com
                                          hannah@blbglaw.com
                                          avi@blbglaw.com

                                          *Counsel for Proposed Lead Plaintiff the
                                          Public Pension Funds and Proposed
                                          Co-Lead Counsel for the Class*

**SAXENA WHITE P.A.**
Maya Saxena
(*pro hac vice* application forthcoming)
Joseph E. White, III
(*pro hac vice* application forthcoming)
Lester R. Hooker
(*pro hac vice* application forthcoming)
5200 Town Center Circle
Suite 601
Boca Raton, FL 33486
Telephone: (561) 394-3399
Facsimile:  (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com

-and-

Steven B. Singer
(*pro hac vice* application forthcoming)
4 West Red Oak Lane, Suite 312
White Plains, New York 10604
Telephone: (914) 437-8551
Facsimile:  (888) 631-3611
ssinger@saxenawhite.com

*Counsel for Proposed Lead Plaintiff the*
*Public Pension Funds and Proposed*
*Co-Lead Counsel for the Class*