James E. Cecchi
Donald A. Ecklund
**CARELLA, BYRNE, CECCHI,**
 **OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700

*Liaison Counsel for Proposed Lead*
*Plaintiff the Public Pension Funds and*
*Proposed Liaison Counsel for the Class*

Gerald H. Silk (*pro hac vice* forthcoming)
Hannah Ross (*pro hac vice* forthcoming)
Avi Josefson (*pro hac vice* forthcoming)
**BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400

Maya Saxena (*pro hac vice* forthcoming)
Joseph E. White, III (*pro hac vice* forthcoming)
Lester R. Hooker (*pro hac vice* forthcoming)
**SAXENA WHITE P.A.**
5200 Town Center Circle, Suite 601
Boca Raton, Florida 33486
Telephone: (561) 394-3399

*Counsel for Proposed Lead Plaintiff*
*the Public Pension Funds and Proposed*
*Co-Lead Counsel for the Class*
[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEHIGH COUNTY EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>NOVO NORDISK A/S, LARS REBIEN SØRENSEN, and JESPER BRANDGAARD,<br><br>          Defendants. | No. 3:17-cv-00209-BRM-LHG<br>Hon. Brian R. Martinotti<br><br><br>**MOTION DAY:  APRIL 17, 2017**<br><br>**ORAL ARGUMENT REQUESTED** |

*Caption continued on next page.*

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF
THE PUBLIC PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF,
APPROVAL OF THEIR SELECTION OF LEAD AND LIAISON COUNSEL,
AND CONSOLIDATION OF RELATED ACTIONS,
<u>AND IN OPPOSITION TO THE COMPETING MOTIONS</u>**

| | |
|---|---|
| DON ZUK, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br> v.<br><br>NOVO NORDISK A/S, LARS REBIEN SØRENSEN, and JESPER BRANDGAARD,<br><br>     Defendants. | No. 3:17-cv-00358-BRM-LHG |
| JOSEPH R. ZALESKI, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br> v.<br><br>NOVO NORDISK A/S, LARS REBIEN SØRENSEN, and JESPER BRANDGAARD,<br><br>     Defendants. | No. 3:17-cv-00506-BRM-LHG |

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT ...................................................................................................................... 1

I.     The Public Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class ................................................................................................. 1

II.    The Public Pension Funds are an Ideal Lead Plaintiff Group Under *Cendant* and Its Progeny ............................................................................................................... 3

III.   Central States Suffers From Serious Issues Rendering It Incapable of Adequately Representing the Class ................................................................................................. 8

CONCLUSION ................................................................................................................ 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                   **Page(s)**

*A.F.I.K. Holding SPRL v. Fass*,
   216 F.R.D. 567 (D.N.J. 2003) ..................................................................................5

*In re Able Labs. Sec. Litig.*,
   425 F. Supp. 2d 562 (D.N.J. 2006) ..........................................................................5

*Arciaga v. Barrett Bus. Servs., Inc.*,
   2015 WL 791768 (W.D. Wash. Feb. 25, 2015) .......................................................7

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
   258 F.R.D. 260 (S.D.N.Y. 2009) ............................................................................3

*Bo Young Cha v. Kinross Gold Corp.*,
   2012 WL 2025850 (S.D.N.Y. May 31, 2012) .........................................................2

*In re Carreker Corp. Sec. Litig.*,
   2003 U.S. Dist. LEXIS 25988 (N.D. Tex. Aug. 14, 2003) ......................................7

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ............................................................................ *passim*

*Chao Sun v. Han*,
   2015 WL 2364937 (D.N.J. May 14, 2015) .............................................................7

*In re CMED Sec. Litig.*,
   2012 WL 1118302 (S.D.N.Y. Apr. 2, 2012) ...........................................................7

*Constr. Workers Pension Fund v. Navistar Int'l. Corp.*,
   2013 WL 3934243 (N.D. Ill. July 30, 2013) .........................................................10

*Eichenholtz v. Verifone Holdings, Inc.*,
   2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) .......................................................8

*Elstein v. Net1 UEPS Techs., Inc.*,
   2014 WL 3687277 (S.D.N.Y. July 23, 2014) .........................................................7

*In re Enron Corp., Sec. Lit.*,
   206 F.R.D. 427 (S.D. Tex. 2002) ............................................................................8

*In re Enzymotec Ltd. Sec. Litig.*,
   2015 WL 918535 (D.N.J. Mar. 3, 2015) .................................................................5

*Frias v. Dendreon Corp.*,
   835 F. Supp. 2d 1067 (W.D. Wash. 2011) ..............................................................7

ii

*Garden City Emps. Ret. Sys. v. Psychiatric Solutions, Inc.*,
2012 U.S. Dist. LEXIS 44445 (M.D. Tenn. March 29, 2012).................................................9

*In re Gemstar-TV Guide Int'l Sec. Litig.*,
209 F.R.D. 447 (C.D. Cal. 2002) ..........................................................................................7

*In re Gentiva Sec. Litig.*,
281 F.R.D. 108 (E.D.N.Y. 2012) ...........................................................................................8

*Int'l Union of Operating Eng'rs Local No. 478 Pension Fund v. FXCM Inc.*,
2015 WL 7018024 (S.D.N.Y. Nov. 12, 2015)........................................................................8

*Khunt v. Alibaba Grp. Holding Ltd.*,
102 F. Supp. 3d 523 (S.D.N.Y. 2015)....................................................................................7

*Kubala v. Skypeople Fruit Juice, Inc.*,
2011 U.S. Dist. LEXIS 99049 (S.D.N.Y. Aug. 30, 2011) ......................................................7

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) .......................................................................9

*In re Level 3 Commc'ns, Inc. Sec. Litig.*,
2009 U.S. Dist. LEXIS 44706 (D. Colo. May 4, 2009)..........................................................7

*Lewis v. Lipocine Inc.*,
2016 WL 7042075 (D.N.J. Dec. 2, 2016)..........................................................................2, 3

*Lifestyle Invs., LLC v. Amicus Therapeutics, Inc.*,
2016 WL 3032684 (D.N.J. May 26, 2016).............................................................................7

*Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.*,
2000 WL 33173017 (D.N.J. Nov. 16. 2000) .........................................................................3

*Makhlouf v. Tailored Brands, Inc.*,
2017 WL 1092311 (S.D. Tex. Mar. 23, 2017)........................................................................8

*Markette v. Xoma Corp.*,
2016 WL 2902286 (N.D. Cal. May 13, 2016) ........................................................................7

*In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*,
No. 2:05-cv-02367-SRC-CLW (D.N.J.)................................................................................6

*Nicolow v. Hewlett Packard Co.*,
2013 WL 792642 (N.D. Cal. Mar. 4, 2013)...........................................................................8

*In re OCA Sec. & Derivative Litig.*,
2005 U.S. Dist. LEXIS 49978 (E.D. La. Nov. 18, 2005) .......................................................7

*In re Petrobras Sec. Litig.*,
  104 F. Supp. 3d 618 (S.D.N.Y. 2015).................................................................8

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
  275 F.R.D. 187 (S.D.N.Y. June 20, 2011)...........................................................7

*Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*,
  2007 WL 7952453 (S.D.N.Y. Feb. 21, 2007)..................................................9, 11

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
  269 F.R.D. 291 (S.D.N.Y. 2010) .........................................................................8

*Richman v. Goldman Sachs Grp., Inc.*,
  274 F.R.D. 473 (S.D.N.Y. 2011) .........................................................................2

*Roby v. Ocean Power Techs., Inc.*,
  2015 WL 1334320 (D.N.J. Mar. 17, 2015)............................................................2

*Roth v. Knight Trading Grp., Inc.*,
  228 F. Supp. 2d 524 (D.N.J. 2002) ......................................................................7

*Rubin v. MF Global, Ltd*.,
  No. 08-cv-02233-VM (S.D.N.Y.).........................................................................9

*Smith v. Suprema Specialties, Inc.*,
  206 F. Supp. 2d 627 (D.N.J. 2002) ......................................................................7

*In re Spectrum Pharms., Inc., Sec. Litig.*,
  2014 U.S. Dist. LEXIS 38322 (D. Nev. Mar. 20, 2014).......................................7

*In re Tarragon Corp. Sec. Litig.*,
  2007 WL 4302732 (S.D.N.Y. Dec. 6, 2007) ........................................................8

*Tsirekidze v. Syntax-Brillian Corp*.,
  2008 WL 942273 (D. Ariz. Apr. 7, 2008) ............................................................8

*Utesch v. Lannett Co., Inc*.,
  No. 16-cv-5932 (E.D. Pa.) ...................................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008)..................................................................7

*In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*,
  2007 WL 2683636 (D.N.J. Sept. 7, 2007) ............................................................2

*W. Palm Beach Police Pension Fund v. DFC Global Corp.*,
  2014 WL 1395059 (E.D. Pa. Apr. 10, 2014) ................................................1, 3, 5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)-(II) ..........................................................................................1

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995)......................6

## ARGUMENT

The Public Pension Funds should be appointed Lead Plaintiff because: (1) they have the largest financial interest under the standard established by the Third Circuit in *Cendant*; (2) present a structure that best serves the interests of the Class; and (3) are best positioned to pursue the claims of the Class in this case, as set forth in their submissions detailing their ability to independently oversee counsel and the litigation.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); ECF No. 8-3.[1]  No movant has provided any facts, let alone the "proof" that the PSLRA requires, to rebut the presumption in favor of the Public Pension Funds' appointment.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)-(II).  The only movant that challenges the Public Pension Funds' appointment is Central States.  *See* ECF No. 27.  Central States, however, has a lesser financial interest than the Public Pension Funds and suffers from other issues that render it incapable of serving as Lead Plaintiff.  Accordingly, the Court should grant the Public Pension Funds' motion.

## I.    The Public Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

The Public Pension Funds have the largest financial interest by virtue of their $2.6 million LIFO loss—a loss that is 21% greater than Central States' LIFO loss.  *See* ECF No. 26 at 6.  The decisions are legion in which courts have adjudicated competing motions for appointment as Lead Plaintiff using LIFO as the preferred method of calculating losses, and there is no credible reason to deviate from that law here.  *See W. Palm Beach Police Pension Fund v. DFC Global Corp.*, 2014 WL 1395059, at *6 (E.D. Pa. Apr. 10, 2014) ("[C]ourts have preferred LIFO and have generally rejected FIFO as an appropriate means of calculating losses in securities fraud cases.")

---

[1] All capitalized terms are defined in the Public Pension Funds' initial and opposition briefs (*see* ECF Nos. 8-1, 26), unless otherwise indicated.  All citations to "ECF" are to the *Lehigh* docket, unless otherwise indicated.

(citation omitted); *Bo Young Cha v. Kinross Gold Corp.*, 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012) ("the overwhelming trend both in this district and nationwide has been to use LIFO to calculate such losses"); *see also* ECF No. 26 at 6-7.  Central States itself has endorsed LIFO in prior litigation because "unlike FIFO, it takes into account gains that might have accrued to plaintiffs during the class period due to the inflation of the stock price."  ECF No. 26-7 at 5.

Despite acknowledging that LIFO loss is the most important factor in determining financial interest (*see id.*; ECF No. 26-2 at 2), Central States did not provide its LIFO loss in this case.  *See* ECF Nos. 12, 27.  Instead, Central States relies on other financial metrics (such as FIFO loss, the number of shares purchased and net funds expended) in arguing that it has the largest financial interest.  But numerous courts have held that such factors are far less meaningful in determining financial interest in a litigation than LIFO loss.  *See, e.g.*, *supra* at 1-2; *see also Cendant*, 264 F.3d at 263-64 (movant with "the largest financial losses" should be appointed Lead Plaintiff); *Lewis v. Lipocine Inc.*, 2016 WL 7042075, at *4 (D.N.J. Dec. 2, 2016) (Martinotti, J.) ("District courts in this Circuit have accorded the 'largest financial loss' element the most weight in the analysis for appointment of a lead plaintiff") (citation omitted).

Given the Public Pension Funds' much larger LIFO loss, there is no basis to rely on other metrics in this case.  *See In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, 2007 WL 2683636, at *4 (D.N.J. Sept. 7, 2007) ("The Third Circuit has concluded that 'largest financial interest' means the largest loss") (citing *Cendant*, 264 F.3d at 223); *Roby v. Ocean Power Techs., Inc.*, 2015 WL 1334320, at *5 (D.N.J. Mar. 17, 2015) (other factors should only be considered when there is no "clear choice as to the largest financial interest"); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 476-79 (S.D.N.Y. 2011) ("Most courts agree that the largest loss is the critical ingredient in determining the largest financial interest and outweighs net shares purchased and net

shares purchased and net expenditures," and explaining courts' "strong preference" for LIFO) (citation omitted).  Accordingly, the Public Pension Funds have the largest financial interest of any movant.  Put simply, utilizing the preferred LIFO loss calculation, there is no question that the Public Pension Funds have the largest financial interest in this litigation, and therefore should be appointed Lead Plaintiff because they satisfy all of the other relevant PSLRA factors.

## II.    The Public Pension Funds are an Ideal Lead Plaintiff Group Under *Cendant* and Its Progeny

The Public Pension Funds have joined forces, which is an advantage, not a detriment, to the Class.  They have chosen to work together to reach consensus, which ensures that their viewpoints and experiences, coupled with trust, will produce optimal and efficient litigation strategies and results.

*Cendant* unequivocally allows for the appointment of a group of investors such as the Public Pension Funds to serve as Lead Plaintiff.  *See* 264 F.3d at 266-67 (affirming district court's appointment of group of three institutional investors that incurred largest loss).  Consistent with *Cendant*, this Court, and a myriad of others, have consistently appointed such groups to serve as Lead Plaintiff.  *See, e.g., Lipocine*, 2016 WL 7042075, at *5-6 (appointing group of three investors whose "large financial loss creates a strong incentive for them to fully prosecute this action"); *Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.*, 2000 WL 33173017, at *2-4 (D.N.J. Nov. 16. 2000) (appointing group of five institutional investors that established its adequacy); *DFC*, 2014 WL 1395059, at *7 (appointing group of four institutional investors that took "full responsibility for providing fair and adequate representation and overseeing counsel"); *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (appointing group of five institutions that "may not have functioned as a group in the past, for

purposes of this litigation, it is clear they have functioned as a group and intend to continue to do so"); *see also* ECF No. 26 at 8-9 (collecting cases).

Central States has previously endorsed the appointment of Lead Plaintiff groups, citing the benefits that a small, cohesive group of investors like the Public Pension Funds can provide to the class. Central States served or sought to serve as part of a Lead Plaintiff group in roughly 20 PSLRA cases, and has argued that the appointment of a group is preferable because "[i]f defects are uncovered against the ***only*** lead plaintiff, this can have disastrous effects." ECF No. 26-2 at 9 (emphasis in original); ECF No. 26-8. In light of its prior positions and actions, Central States' contentions regarding the propriety of the Public Pension Funds should not be credited.

The Public Pension Funds provided detailed evidence that they are an ideal group under *Cendant*, and such evidence has not been rebutted. The Public Pension Funds have established that they:

- are a small, cohesive group of four sophisticated institutional investors that collectively manage roughly $9 billion in assets and suffered substantial harm arising from defendants' misconduct, *see* ECF No. 8-3 ¶¶2-5;

- came together on their own volition, are anything but "lawyer-driven," and decided to seek joint Lead Plaintiff appointment after participating in a joint conference call during which they discussed their management of this action, *see id.* ¶¶7-12;

- thoroughly considered the merits of this case and made an informed judgment to seek Lead Plaintiff appointment together, *see id.*;

- are comprised of institutions that have experience serving as fiduciaries—including as part of a Lead Plaintiff group under the PSLRA—and understand the obligations entailed in seeking the maximum possible recovery on behalf of the Class, *see id.* ¶¶8-9; and

- are represented by qualified and experienced proposed Lead and Liaison Counsel, with Bernstein Litowitz and Carella Byrne filing the first of the Related Actions on behalf of Lehigh ERS, *see id.* ¶¶2, 12-14; *see also* ECF No. 1.

The Joint Declaration provided by the Public Pension Funds is precisely the type of evidence that courts in this Circuit routinely accept when appointing groups of investors to serve

4

as Lead Plaintiff. *See, e.g.*, *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 573-74, 576-77 (D.N.J. 2003) (individual and institution were an appropriate Lead Plaintiff group based on affidavits that the members were "ready, willing, and able to represent the class"); *DFC*, 2014 WL 1395059, at *7 (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *In re Able Labs. Sec. Litig.*, 425 F. Supp. 2d 562, 569-71 (D.N.J. 2006) (appointing group of two institutional investors after being "satisfied that the clients, and not counsel, were the motivating force behind the formation of an alliance" because "it was the institutional investors themselves who decided to work together"); *see also* ECF No. 26 at 11-12. Indeed, Central States itself, in several of the cases in which it was part of a Lead Plaintiff group, relied upon similar declarations to explain its decision to work in a Lead Plaintiff group. *See* Cecchi Decl., Exs. A-B.

Central States' argument that the Joint Declaration does not provide enough information regarding the group's cohesiveness fails to address the specific, factual assertions established by the Joint Declaration. Accordingly, these arguments cannot rise to the level of "proof" required under the PSLRA to rebut the presumption that the Public Pension Funds are the most adequate plaintiff, or are otherwise unable to lead this case. *See* ECF No. 27 at 9, 11, 13; *see Cendant*, 264 F.3d at 263-64; *see also DFC*, 2014 WL 1395059, at *7-10 (rejecting criticism of client declaration as failing to rise to level of proof required under the PSLRA); *In re Enzymotec Ltd. Sec. Litig.*, 2015 WL 918535, at *4 (D.N.J. Mar. 3, 2015) (rejecting claims that group of investors was "cobbled together" when opposing movant failed to present any proof to contradict assertions made in joint declaration).[2]

---

[2] Central States' contention that the Public Pension Funds' selection of two law firms somehow undermines the group is contrary to well-established practices in the prosecution of complex

Central States' contentions that the Public Pension Funds are a lawyer-driven group, do not share a pre-existing relationship, and cannot serve as Lead Plaintiff together, similarly fail. *See* ECF No. 27 at 7-17.  The Third Circuit explicitly rejected the notion that "members of a proper group [must] be 'related' in some manner."   *Cendant*, 264 F.3d at 266.   Central States acknowledged as much in a prior case, and has repeatedly served in groups that lack any pre-litigation relationship.   *See* ECF No. 26-9 at 2.   And Central States' contention that the Public Pension Funds are controlled by counsel turns the Joint Declaration on its head.   The Public Pension Funds are four sophisticated institutional investors—including one that filed the first complaint in this case—that assessed the merits of the matter, came together in response to the filing of Lehigh ERS' complaint, and made the determination to work together after discussing their joint prosecution of the action.   *See* ECF No. 8-3 ¶¶6-15.   This is exactly the type of involvement from institutional investors that Congress encouraged through the enactment of the PSLRA.   *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) ("the Conference Committee nevertheless intends that the lead plaintiff provision will encourage institutional investors to take a more active role in securities class action lawsuits").

Of the cases that Central States cites, the overwhelming majority, if not all, are inapposite on their face.  None of them presents the situation here:  a small group of institutional investors that have established a substantial evidentiary record demonstrating their cohesiveness and

---

securities actions.  *See* ECF No. 27 at 16.  Many of the largest securities class action recoveries ever were achieved by groups represented by multiple law firms.  *See, e.g.*, *Cendant*, 264 F.3d at 217 ($3.2 billion recovery achieved by group of three institutions as Lead Plaintiff and two law firms as Lead Counsel); *In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*, No. 2:05-cv-02367-SRC-CLW (D.N.J.) ($1.06 billion recovery achieved by group of four investors as Lead Plaintiff and Bernstein Litowitz and three other law firms as Lead Counsel).  Central States itself sought to serve as part of a Lead Plaintiff group together with multiple Lead Counsel in no fewer than four cases.  *See* Cecchi Decl., Ex. C.

6

commitment to the litigation, and a competing movant that is under federal investigation and is nearly insolvent.  Indeed, many of Central States' cited authorities involve Lead Plaintiff groups comprised of disparate individual investors that were clearly cobbled together by counsel—a far cry from the sophisticated institutions comprising the Public Pension Funds, who have significant experience in successfully leading complex securities class actions, have provided substantial evidence of their cohesiveness, and who understand the benefits of their leadership structure.[3] Additionally, several of Central States' cited authorities involve disqualified Lead Plaintiff groups that failed to submit sufficient information regarding their ability to effectively oversee the prosecution of the action.[4]  And to the extent that a distinct minority of out-of-circuit cases has

---

[3] *See, e.g.*, *Markette v. Xoma Corp.*, 2016 WL 2902286 (N.D. Cal. May 13, 2016) (rejecting group of four individuals); *Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627 (D.N.J. 2002) (22 entities and 5 individuals); *Chao Sun v. Han*, 2015 WL 2364937 (D.N.J. May 14, 2015) (group of individuals provided no evidence of cohesion or that they had ever even spoken to one another); *Arciaga v. Barrett Bus. Servs., Inc.*, 2015 WL 791768 (W.D. Wash. Feb. 25, 2015) (three individuals); *Elstein v. Net1 UEPS Techs., Inc*., 2014 WL 3687277 (S.D.N.Y. July 23, 2014) (two individuals); *In re Carreker Corp. Sec. Litig.*, 2003 U.S. Dist. LEXIS 25988 (N.D. Tex. Aug. 14, 2003) (seven individuals); *Kubala v. Skypeople Fruit Juice, Inc.*, 2011 U.S. Dist. LEXIS 99049 (S.D.N.Y. Aug. 30, 2011) (three individuals); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388 (S.D.N.Y. 2008) (four individuals); *Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067 (W.D. Wash. 2011) (seven individuals); *In re Gemstar-TV Guide Int'l Sec. Litig.*, 209 F.R.D. 447 (C.D. Cal. 2002) (appointing two institutions over group of three institutions and four individuals); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523 (S.D.N.Y. 2015) (six individuals); *In re CMED Sec. Litig*., 2012 WL 1118302 (S.D.N.Y. Apr. 2, 2012) (two individuals); *see also Lifestyle Invs., LLC v. Amicus Therapeutics, Inc*., 2016 WL 3032684 (D.N.J. May 26, 2016) (institutions did not purchase stock during one of the proposed class periods, and the individual who was appointed suffered a loss roughly equal to the combined loss of the institutions); *Utesch v. Lannett Co., Inc*., No. 16-cv-5932 (E.D. Pa.) (proposed group withdrew due to their counsel's potential conflict of interest).

[4] *See, e.g.*, *Roth v. Knight Trading Grp., Inc.*, 228 F. Supp. 2d 524, 531 (D.N.J. 2002) (rejecting group that formed roughly one month **after** the initial lead plaintiff motions were filed); *In re Spectrum Pharms., Inc., Sec. Litig.*, 2014 U.S. Dist. LEXIS 38322 (D. Nev. Mar. 20, 2014) (no joint declaration); *In re OCA Sec. & Derivative Litig.*, 2005 U.S. Dist. LEXIS 49978, at *28-29 (E.D. La. Nov. 18, 2005) (inadequate joint declaration by nine plaintiffs); *Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 191-92 (S.D.N.Y. June 20, 2011)

held that unrelated groups are contrary to the PSLRA, this position directly contravenes the controlling law of this Circuit.[5]

The Public Pension Funds have thus more than satisfied their obligation to demonstrate that they are able to "fairly and adequately protect the interests of the class," and should be appointed Lead Plaintiff.  *Cendant*, 264 F.3d at 267.

## III.   Central States Suffers From Serious Issues Rendering It Incapable of Adequately Representing the Class

The Public Pension Funds presented proof that Central States' appointment would place the Class at risk.  *See* ECF No. 26 at 16-23.  On proof less substantial than has been presented, two federal courts have found that Central States was unable to serve in a fiduciary capacity for investors.  *See Baker* at 5-7 ("the best interests of the class may not be served adequately" by appointing Central States) (ECF No. 26-12); *Police & Fire Ret. Sys. of City of Detroit v. SafeNet,*

---

(inadequate joint declaration); *In re Level 3 Commc'ns, Inc. Sec. Litig.*, 2009 U.S. Dist. LEXIS 44706, at *14 (D. Colo. May 4, 2009) (untimely joint declaration); *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) (group cobbled together from counsel's "press release"); *In re Tarragon Corp. Sec. Litig.*, 2007 WL 4302732, at *1 (S.D.N.Y. Dec. 6, 2007) (group did not even communicate); *Int'l Union of Operating Eng'rs Local No. 478 Pension Fund v. FXCM Inc.*, 2015 WL 7018024, at *4 (S.D.N.Y. Nov. 12, 2015) (same).

[5] *See, e.g.*, *Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *8 (N.D. Cal. Aug. 22, 2008) (**emphasizing that courts in the Third Circuit do not "inquire about the relationship between the parties that comprise a group"**) (citing *Cendant*, 264 F.3d at 266) (emphasis added); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 119 (E.D.N.Y. 2012) (rejecting movant group that did not "ha[ve] any pre-existing relationship whatsoever"); *Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *5 (N.D. Cal. Mar. 4, 2013) (same); *Makhlouf v. Tailored Brands, Inc.*, 2017 WL 1092311, at *4 (S.D. Tex. Mar. 23, 2017) (same); *In re Enron Corp., Sec. Lit.*, 206 F.R.D. 427, 451 (S.D. Tex. 2002) (same); *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 622-23 (S.D.N.Y. 2015) (group "hail[ed] from three different countries" and was comprised of "nineteen distinct member funds," while the other group testified that it joined together "in order to increase its financial interest"); *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 294 (S.D.N.Y. 2010) (the appointment of two institutional investors "has been approved by this and other courts, and we see no reason that such a pairing would be counter to the PSLRA").

*Inc.*, 2007 WL 7952453, at *3 (S.D.N.Y. Feb. 21, 2007) (rejecting Central States when "reasonable doubts" existed regarding its adequacy).

While Central States may have achieved recoveries for investors in prior securities class actions (*see* ECF No. 27 at 5), any past success by Central States does not mitigate the present risks posed by its current predicament.  Indeed, no court has appointed Central States as Lead Plaintiff or certified it as a class representative within the past two years, during which time: (1) the GAO began investigating Central States for breach of duty in connection with its investment decisions, among other things; (2) Central States' financial situation deteriorated into "Critical and Declining" status; (3) the U.S. Government rejected the fund's rescue plan such that Central States will be insolvent "within ten years, or even less"; (4) Central States admitted that its insolvency is unavoidable; and (5) the fund's members filed a lawsuit against it for breaching its fiduciary duties.

For this reason, the cases to which Central States cites wherein it was appointed to serve as a class representative roughly five years ago are irrelevant.  *See Constr. Workers Pension Fund v. Navistar Int'l Corp.*, 2013 WL 3934243, at *4 (N.D. Ill. July 30, 2013) (no assessment of adequacy issues relevant to this matter); *Garden City Emps. Ret. Sys. v. Psychiatric Solutions, Inc.*, 2012 U.S. Dist. LEXIS 44445, at *86, *102-04 (M.D. Tenn. March 29, 2012) (certifying Central States as class representative when the fund's "financial woes" were "based upon a projection"); *see also Kuriakose v. Fed. Home Loan Mortg. Co.*, 2008 WL 4974839, at *6 n.4 (S.D.N.Y. Nov. 24, 2008) (appointing Central States when its "financial situation has improved in recent years"). For similar reasons, the fact that Boston Retirement System (one of the members of the Public Pension Funds) served together with Central States and two other institutional investors as Lead Plaintiff in a securities class action against MF Global that resolved in 2011—years before the onset of Central States' current situation—has no bearing on this case.  *See Rubin v. MF Global,*

9

*Ltd.*, No. 08-cv-02233-VM (S.D.N.Y.).  As we have noted, the Public Pension Funds simply believe that the facts have changed.

To appoint Central States as the sole steward of this case—particularly when it does not have the largest loss under the preferred LIFO metric—presents a risk that the Class should not have to bear.  This is particularly true when that risk can be avoided by the Public Pension Funds' proposed leadership structure that facilitates efficient, yet effective, advancement of this case on behalf of the Class.  As Central States correctly recognized in other litigation, "[w]hy expose any class to this risk where, as here, a viable, cohesive group of investors exists which can insulate the class from such threats[.]"  ECF No. 26-2 at 9; *Baker* at 5-6 ("best interests of the class may not be served adequately" by appointing Central States) (ECF No. 26-12); *SafeNet,* 2007 WL 7952453, at *3 (same).  As such, even if Central States had a financial interest larger than the Public Pension Funds—and it does not—it cannot serve as sole Lead Plaintiff here.

## **CONCLUSION**

Accordingly, the Public Pension Funds respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of Bernstein Litowitz and Saxena White as Lead Counsel for the Class, approve their selection of Carella Byrne as Liaison Counsel for the Class, consolidate all related actions, and grant such other relief as the Court may deem just and proper.

DATED:  April 10, 2017                    Respectfully submitted,


                                          **CARELLA, BYRNE, CECCHI, OLSTEIN,
                                          BRODY & AGNELLO, P.C.**

                                          */s/ James E. Cecchi*
                                          James E. Cecchi
                                          Donald A. Ecklund
                                          5 Becker Farm Road
                                          Roseland, New Jersey 07068
                                          Telephone: (973) 994-1700
                                          Facsimile: (973) 994-1744
                                          jcecchi@carellabyrne.com
                                          decklund@carellabyrne.com

                                          *Liaison Counsel for Proposed Lead Plaintiff
                                          the Public Pension Funds and Proposed
                                          Liaison Counsel for the Class*


                                          **BERNSTEIN LITOWITZ BERGER
                                             & GROSSMANN LLP**
                                          Gerald H. Silk
                                          (*pro hac vice* application forthcoming)
                                          Hannah Ross
                                          (*pro hac vice* application forthcoming)
                                          Avi Josefson
                                          (*pro hac vice* application forthcoming)
                                          1251 Avenue of the Americas
                                          New York, NY 10020
                                          Telephone: (212) 554-1400
                                          Facsimile: (212) 554-1444
                                          jerry@blbglaw.com
                                          hannah@blbglaw.com
                                          avi@blbglaw.com

                                          *Counsel for Proposed Lead Plaintiff the
                                          Public Pension Funds and Proposed
                                          Co-Lead Counsel for the Class*


                                          **SAXENA WHITE P.A.**
                                          Maya Saxena
                                          (*pro hac vice* application forthcoming)
                                          Joseph E. White, III

11

(*pro hac vice* application forthcoming)
Lester R. Hooker
(*pro hac vice* application forthcoming)
5200 Town Center Circle
Suite 601
Boca Raton, FL 33486
Telephone: (561) 394-3399
Facsimile:  (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com

-and-

Steven B. Singer
(*pro hac vice* application forthcoming)
4 West Red Oak Lane, Suite 312
White Plains, New York 10604
Telephone: (914) 437-8551
Facsimile:  (888) 631-3611
ssinger@saxenawhite.com

*Counsel for Proposed Lead Plaintiff the
Public Pension Funds and Proposed
Co-Lead Counsel for the Class*