# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ADAM S. LEVY, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> THOMAS GUTIERREZ, et al., <br><br> Defendants. | No. 1:14-cv-00443-JL <br><br> <u>CLASS ACTION</u> |
| MARLENE ELIZABETH HOLLAND, on Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> THOMAS GUTIERREZ, et al., <br><br> Defendants. | No. 1:14-cv-00447-LM <br><br> <u>CLASS ACTION</u> |

[Caption continued on following page.]

DECLARATION BY JAMES P. CONDON
IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

| | | |
|---|---|---|
| KEVIN CORNWELL, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | No. 1:14-cv-00448-JL |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) | |
| THOMAS GUTIERREZ, et al., | ) ) ) | |
| Defendants. | ) ) | |
| VANCE K. OPPERMAN, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | No. 1:14-cv-00454-JD |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) | |
| THOMAS GUTIERREZ, et al., | ) ) ) | |
| Defendants. | ) ) | |
| JOHN BOCCABELLA, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 1:14-cv-00457-AJ |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) | |
| THOMAS GUTIERREZ, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

[Caption continued on following page.]

| | | |
|---|---|---|
| FRANK S. IMPAGLIAZZO, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | No. 1:14-cv-00458-AJ |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) | |
| THOMAS GUTIERREZ, et al., | ) ) ) | |
| Defendants. | ) ) | |
| JOHN J. FAVALORA, JR., Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 1:14-cv-00460-JL |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) | |
| THOMAS GUTIERREZ, et al., | ) ) ) | |
| Defendants. | ) ) | |
| DEERHAVEN CAPITAL LLC, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 1:14-cv-00463-JL |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) | |
| THOMAS GUTIERREZ, et al., | ) ) ) | |
| Defendants. | ) ) | |
| DENNIS RINGER, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | No. 1:14-cv-00478-PB |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) | |
| THOMAS GUTIERREZ, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

[Caption continued on following page.]

| | | |
|---|---|---|
| MICHAEL S. GLASSMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>THOMAS GUTIERREZ, et al.,<br><br>                Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:14-cv-00485-JL<br><br>CLASS ACTION |
| WILLIAM ROBEY, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>THOMAS GUTIERREZ, et al.,<br><br>                Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:14-cv-00499-PB<br><br>CLASS ACTION |
| BOB WALPOLE, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>THOMAS GUTIERREZ, et al.,<br><br>                Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:14-cv-00507-JL<br><br>CLASS ACTION |
| NORFOLK COUNTY RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>THOMAS GUTIERREZ, et al.,<br><br>                Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:14-cv-00547<br><br>CLASS ACTION |

I, James P. Condon, declare as follows:

1. I am the Deputy Chief Legal Officer of the Central States, Southeast and Southwest Areas Pension Fund ("Central States"), a multi-employer defined-benefit fund based in Illinois. With approximately $18 billion in assets, Central States provides pension services and benefits to more than 360,000 participants. I submit this declaration in support of the Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. Central States is well versed in the obligations and responsibilities owed to a class. Central States has in-house legal personnel who have already expended, and will continue to expend, the time and resources necessary to diligently supervise this litigation. After due consideration of its rights and responsibilities under the Private Securities Litigation Reform Act, Central States decided to file a motion for appointment as lead plaintiff and do so jointly with IAM National Pension Fund ("IAM"), which, like Central States, is a multi-employer defined-benefit fund. Like its co-movant IAM, Central States purchased hundreds of thousands of shares of GT Advanced Technologies, Inc. ("GTAT") securities and suffered millions of dollars in losses in connection with defendants' allegedly false and misleading statements.

3. Before filing the motion for appointment as lead plaintiff, IAM and Central States (collectively, the "Pension Funds") conferred at length about the case and the merits of this motion. The Pension Funds are aware that the funds did not have to seek appointment as lead plaintiff, either individually or jointly, to share in any potential recovery in this action. The Pension Funds' representatives confirmed their desire to seek appointment as lead plaintiff together.

4. Before filing our lead plaintiff motion, we discussed the merits of the case, our shared objectives in serving as lead plaintiff (including optimizing the recovery for the class by controlling

- 1 -

costs and expenses), the benefits of collaborating, and protocols for managing the litigation. For example, we discussed the substantial magnitude of losses that Central States and IAM suffered and that both Central States and IAM have prior experience hiring and overseeing counsel in litigation and are familiar with the duties owed to the Class. We also implemented communication procedures to ensure that the Pension Funds are able to communicate effectively and make timely decisions. The Pension Funds also directed counsel to advise us of all developments during the lead plaintiff motion process and litigation going forward.

5. It is essential to the satisfaction of a lead plaintiff's fiduciary responsibility to the Class to select and retain lead counsel with a proven track record of handling this type of complex case that will operate pursuant to our direction and authority. We agreed that Robbins Geller Rudman & Dowd LLP should serve as lead counsel for the Class in this action and that having an experienced and accomplished lead counsel would benefit the Class.

6. A lead plaintiff should ensure that lead counsel efficiently handles the litigation and that any resulting fees and expenses are fair and reasonable, relative to the size, complexity and risk of the litigation. In particular, and considering that GTAT is currently in bankruptcy proceedings, Robbins Geller has been required to agree to certain procedures and protocols to ensure the case is prosecuted in a cost efficient manner.

7. I am confident in the Pension Funds' ability and commitment to continuing to direct and monitor counsel. We are committed to maximizing the recovery for the class by actively overseeing the efficient, effective and non-duplicative prosecution of the action for the benefit of the Class and will, among other things, review pleadings, confer amongst ourselves, direct counsel and/or attend hearings as necessary, as we have already done.

I, James P. Condon, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 8th day of December 2014.

_____
CENTRAL STATES, SOUTHEAST AND SOUTHWEST
AREAS PENSION FUND

By: James P. Condon
Its: Deputy Chief Legal Officer

- 3 -