UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re Novo Nordisk Securities Litigation | Master File No.: 3:17-cv-209 (BRM) (LHG) <br><br> *Document electronically filed* <br><br> **STIPULATION AND PROPOSED ORDER REGARDING ADDITIONAL MEASURES OF PROTECTION APPLICABLE TO OPTUMRX, INC.** |

Lead Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, Lehigh County Employees' Retirement System, Oklahoma Firefighters Pension and Retirement System, Boston Retirement System, and Employees' Pension Plan of the City of Clearwater ("Plaintiffs"), Defendants Novo Nordisk A/S, Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis ("Defendants"), and non-party OptumRx, Inc. ("OptumRx"), each by and through their counsel (collectively, the "Parties"), would show:

WHEREAS, on January 29, 2019, the Court entered the Discovery Confidentiality Order (ECF No. 128) ("Confidentiality Order") to govern the

1

production and use of Confidential and Highly Confidential Discovery Material as defined in that Order;

WHEREAS, Plaintiff has served a Subpoena on OptumRx requesting the production of, among other documents and information, pharmacy benefit service agreements; manufacturer agreements; and minutes and other materials from various OptumRx committees (the "OptumRx Committee Materials");

WHEREAS, each manufacturer agreement requires OptumRx to maintain the confidentiality of these agreements and to provide notice to and obtain consent from the manufacturer when OptumRx is requested to produce a copy of the manufacturer agreement in connection with a legal proceeding;

WHEREAS, OptumRx has objected to the production of Highly Confidential information requested in the Subpoena, including the OptumRx Committee Materials and documents reflecting the terms of the manufacturer agreements, without additional protections designed to prevent competitive harm to OptumRx that would occur in the event OptumRx's competitors and/or customers were to gain access to the terms (including pricing) contained in the manufacturer agreements and the OptumRx Committee Materials;

The Parties hereby stipulate and agree as follows:

1. Upon production to Plaintiffs, OptumRx will designate manufacturer agreements, OptumRx Committee Materials, and other

confidential, proprietary, or otherwise sensitive information as "CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" under the terms of the Confidentiality Order previously entered on January 29, 2019 (ECF No. 128).

2. Notwithstanding paragraphs 8(a)-(c) and 8(e) of the Confidentiality Order, neither Plaintiffs nor Defendants may disclose documents or information designated by OptumRx as Highly Confidential, to any pharmacy benefit manager, prescription drug manufacturer, or pharmacy, or any current employee or agent of any such entity (excluding outside counsel for the Plaintiffs and Defendants) or any trade/professional association known to represent any such entity, except to the extent that such person separately meets the criteria of paragraph 8(f) of the Confidentiality Order, as modified in paragraph 3 herein.  Paragraph 8(f) of the Confidentiality Order is modified to permit a person to be shown Discovery Material designated by OptumRx as Highly Confidential only if (i) it appears from the face of the document that s/he (or her/his employer or anyone currently or formerly employed by her/his employer) authored or received a copy of the materials in the normal course of her/his employment, (ii) the disclosing party has a good faith and reasonable belief that s/he has knowledge of the facts contained within the document, or

(iii) s/he is or was employed by OptumRx and the disclosing party has a good faith and reasonable belief that s/he was provided or had access to the materials in the performance of their employment duties. The aforementioned restrictions on sharing documents or information designated by OptumRx as Highly Confidential shall not preclude or limit Novo's ability to share internally (with in-house counsel or otherwise), any document where it is reasonably apparent from the face of the document that it was authored or received by any current or former Novo employee in the normal course of her/his employment by Novo. For avoidance of doubt, before disclosing to any witness an internal OptumRx document designated as Highly Confidential, the disclosing party shall establish, through questioning on the record, that the witness has knowledge of the facts contained within the document.

3. Before sharing any documents or information designated as Highly Confidential by OptumRx pursuant to the provisions of Paragraphs 8(e), (f), or (i) of the Protective Order, as modified herein, Plaintiffs and Defendants will require the receiving person to execute a non-disclosure agreement in the form attached as Exhibit A to the Confidentiality Order; if a witness in deposition refuses to sign Exhibit A, the deposition shall continue once deposing counsel provides the Confidentiality Order and this Supplemental Confidentiality Order to the witness and explains to the witness on the record

that (i) the witness is going to be shown Highly Confidential Information during the deposition, (ii) the witness is not to disclose to others such Highly Confidential Information or to use it for any commercial or other purpose outside of the deposition, and (iii) instructs the witness that the witness is bound by the terms of the Confidentiality Order and this Stipulation and will be subject to the Court's jurisdiction for any violation of its terms;

4. Moreover, before sharing any documents or information designated as Highly Confidential by OptumRx to (1) any person covered under Paragraph 8(e) or Paragraph 8(i) of the Protective Order, (2) any person covered under subsections (ii) and (iii) of Paragraph 8(f) of the Protective Order as modified herein, or (3) any third party covered under subsection (i) of Paragraph 8(f) of the Protective Order as modified herein, Plaintiffs and Defendants will redact (i) the names of companies or employees, signature blocks, Bates numbers, other identifiers, drug names, or any other information that would identify any manufacturer; and (ii) the names of companies or employees, signature blocks, Bates numbers, other identifiers, customers, drug names, formularies, committees, business units, or any other information from which a person knowledgeable about PBM business practices could reasonably be expected to identify OptumRx or its affiliates. With regard to redacting manufacturer names or other information that would identify a manufacturer

(but not OptumRx), and for the avoidance of doubt, neither Plaintiffs nor Defendants shall be required to make the redactions contemplated in the previous sentence if such redactions would impair their ability to prove or disprove any claim, issue, element, or defense in this Action.

5. In accordance with the Confidentiality Order, Plaintiffs and Defendants agree to take appropriate steps to file any information designated by OptumRx as Highly Confidential under seal and to take necessary steps to keep such documents or information produced pursuant to the Subpoena sealed. For avoidance of doubt, Plaintiffs and Defendants agree that to the extent any information produced by OptumRx and designated as Highly Confidential is referenced, described, or contained in any materials filed with the Court or utilized in connection with judicial decision-making 1) such information must be filed temporarily under seal pursuant to Local Civil Rule 5.3(c)(4), and 2) the submitting party must concurrently provide written notice to counsel for OptumRx to enable OptumRx to timely make a motion to seal or otherwise restrict access under Local Civil Rule 5.3.

6. This Order shall have no effect on documents and information not produced by OptumRx.

7.  The Parties further agree that entry of this Order shall not limit their ability to seek further modifications in the future, either via stipulation or by application upon a showing of good cause.

**IT IS SO ORDERED.**

**DATED:** May 13, 2020

_____
Hon. Lois H. Goodman, U.S.M.J.

The terms and form of this Stipulation and Proposed Order Regarding Additional Measures of Protection Applicable to OptumRx, Inc. are hereby consented to:

By: s/ John Snyder
John Snyder
**ALSTON & BIRD**
950 F Street, NW
Washington, DC 20004-1404
Telephone: 202/239-3960
202/239-3333 (fax)

*Attorney for OptumRx, Inc.*

Michael R. Griffinger
Brian J. McMahon
Samuel I. Portnoy
**GIBBONS P.C.**
One Gateway Center Newark
Newark, New Jersey 07102-5310

By: s/ Neal A. Potischman
James P. Rouhandeh
Neal A. Potischman

By: s/ James E. Cecchi
James E. Cecchi
Donald A. Ecklund
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068

Christopher A. Seeger

7

**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017

*Attorneys for Defendants Novo Nordisk A/S, Lars Rebien Sørensen and Jesper Brandgaard*

David R. Buchanan
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660

*Co-Liaison Counsel*

Spencer A. Burkholz
Luke O. Brooks
Ryan A. Llorens
Eric I. Niehaus
Angel P. Lau
Jeffrey J. Stein
Erika Oliver
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

Samuel H. Rudman
Robert M. Rothman
**ROBBINS GELLER RUDMAN & DOWD LLP**
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Salvatore J. Graziano
Katherine M. Sinderson
Adam D. Hollander
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212/554-1400
212/554-1444 (fax)

*Co-Lead Counsel for the Class*

Steven B. Singer
**SAXENA WHITE P.A.**
10 Bank Street, 8th Floor
White Plains, NY 10606
Phone: (914) 437-8551
Fax: (888) 631-3611

Brandon T. Grzandziel
**SAXENA WHITE P.A.**
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Phone: (561) 394-3399
Fax: (561) 394-3382

*Member of Plaintiffs' Executive Committee*