SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
DAVID R. BUCHANAN
JENNIFER R. SCULLION
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone: 973/639-9100
973/639-9393 (fax)

CARELLA, BYRNE, CECCHI, OLSTEIN,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
5 Becker Farm Road
Roseland, NJ  07068
Telephone: 973/994-1700
973/994-1744 (fax)

Co-Liaison Counsel and Executive Committee Members for the Class

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re NOVO NORDISK SECURITIES LITIGATION | Master File No. 3:17-cv-00209-BRM-LHG |
| This Document Relates To:<br><br>ALL ACTIONS. | CLASS ACTION |

**LEAD PLAINTIFFS' UNOPPOSED MOTION TO APPROVE THE FORM AND MANNER OF CLASS NOTICE**

Lead Plaintiffs Central States Southeast and Southwest Areas Pension Fund, Lehigh County Employees' Retirement System, Oklahoma Firefighters Pension and Retirement System, Boston Retirement System and Employees' Pension Plan of the City of Clearwater (collectively, "Lead Plaintiffs") in the above-captioned Litigation ("Litigation") on behalf of themselves and all others similarly situated, respectfully move this Court, for an Order, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), approving: (i) the form of the Notice of Pendency of Class Action ("Notice") (attached hereto as Exhibit A) and the Summary Notice of Pendency of Class Action ("Summary Notice") (attached hereto as Exhibit B); and (ii) the method of notice procedures set forth below.  Lead Plaintiffs also respectfully request that the Court appoint JND Legal Administration ("JND") as Notice Administrator to supervise and administer the notice procedures.

Counsel for the parties met and conferred, and Defendants do not oppose Lead Plaintiffs' Motion.[1]  By providing Class members with fulsome dissemination of the Notice and Summary Notice and a full opportunity to exclude themselves from this action in advance of any adjudication on the merits, the proposed notice procedures comport with Rule 23 and protect Class members' due process rights.

---

[1] "Defendants" refers to Novo Nordisk A/S ("Novo" or the "Company"), Lars Rebien Sorensen, Jesper Brandgaard and Jakob Riis.

## I. LEGAL STANDARDS

On January 31, 2020, the Court entered an order certifying a class with respect to Lead Plaintiffs' claims asserted under the Securities Exchange Act of 1934 (ECF No. 182), appointed Lead Plaintiffs as Class Representatives and Robbins Geller Rudman & Dowd LLP and Bernstein Litowitz Berger & Grossmann LLP as "Class Counsel." The "Class" is defined as:

> All persons and entities that purchased or otherwise acquired Novo American Depository Receipts ("ADRs") between February 3, 2015 and February 2, 2017, inclusive, and were damaged thereby. Excluded from the Class are: (i) Novo; (ii) any directors and officers of Novo during the Class Period and members of their immediate families; (iii) the subsidiaries, parents and affiliates of Novo; (iv) any firm, trust, corporation, or other entity in which Novo has or had a controlling interest ; and (v) the legal representatives, heirs, successors and assigns of any such excluded party.[2]

Rule 23 states that "[f]or any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "'Rule 23 . . . accords considerable discretion to a district court in fashioning notice to a class.'" *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 177 F.R.D. 216 (D.N.J. 1977) (quoting *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 168 (2d Cir. 1987)).[3] A class notice must advise each

---

[2] On March 17, 2020, the Third Circuit Court of Appeals denied Defendants' petition under Fed. R. Civ. P. 23(f) to appeal the Court's January 31, 2020 order certifying the Class.

[3] All citations and footnotes are omitted and emphasis is added unless otherwise noted.

member that: (a) the court will exclude the member from the class if the member so requests by a specified date; (b) the judgment, whether favorable or not, will include all members who do not request exclusion; and (c) any member who does not request exclusion may, if the member desires, enter an appearance through counsel. *See Greenfield v. Villager Indus., Inc.*, 483 F.2d 824, 830 (3d Cir. 1973). Moreover, Rule 23(c)(2)(B) compliant notices must, in clear and concise, plain, easily understandable language, inform class members of: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney . . .; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a [later] class judgment on class members under Rule 23(c)(3)." *See, e.g.*, *In re Shop Vac. Mktg. & Sales Practices Litig.*, No. 2380, 2016 U.S. Dist. LEXIS 69345, at *21 (M.D. Pa. May 26, 2016); *Saini v. BMW of N. Am., LLC*, No. 12-6105 (CCC), 2015 U.S. Dist. LEXIS 66242, at *29 (D.N.J. May 21, 2015).

## II. THE PROPOSED NOTICE, SUMMARY NOTICE AND NOTICE PROCEDURES COMPORT WITH RULE 23

The proposed procedures for giving notice to the Class here, which are comprised of direct notice via United States First-Class Mail, publication notice and website postings, will reach a wide number of potential members of the Class, and comply with the requirements of due process under Rule 23, constituting the best notice practicable under the circumstances. *See, e.g.*, *Krimes v. JPMorgan Chase Bank, N.A.*, No. 15-5087, 2017 U.S. Dist. LEXIS 79434, at *18-*19 (E.D. Pa. May 24,

2017) (approving substantially similar notice procedures, including direct notice via United States First-Class Mail, publication notice and website postings). Lead Plaintiffs thus request that the Court: (i) appoint the firm of JND (the "Notice Administrator") to supervise and administer the proposed notice procedures in accordance with the Proposed Order, filed concurrently herewith; and (ii) approve the following notice procedures, including the form of the Notice and Summary Notice:

(a) Within 10 calendar days after the Court's entry of an order approving the notice forms and processes, Novo's securities transfer agent shall produce to the Notice Administrator in electronic searchable form and at no cost to the Class, a list of the names and addresses of all persons who purchased or otherwise acquired Novo ADRs during the Class Period (the "Transfer List").

(b) Within 25 calendar days after the Court's entry of an order approving the notice forms and processes (the "Notice Date"), the Notice Administrator shall commence mailing, by United States First-Class Mail, the agreed-upon Notice, substantially in the form attached hereto as Exhibit A, to each purchaser or acquirer identified on the Transfer List. For all Notices returned as undeliverable, the Notice Administrator shall use its best effort to locate updated addresses.

(c) The Notice Administrator shall also commence mailing the Notice by the Notice Date to brokerage firms, banks, institutions, investment funds, investment companies, investment advisors, investment portfolios, mutual fund trusts,

mutual investment funds, investment managers and any other persons or entities who are or who claim to be nominees that purchased or otherwise acquired Novo ADRs during the Class Period, for the benefit of another person (the "Nominees List").  Such nominees shall be requested to either: (a) within seven calendar days of receipt of the Notice, request from the Notice Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Notice Administrator within seven calendar days after receipt of the Notice or other communication from the Notice Administrator, in which case the Notice Administrator shall promptly mail the Notice to such beneficial owner.  Nominees who elect to send the Notice to their beneficial owners shall send a statement to the Notice Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Litigation.  Upon full and timely compliance with these directions, such nominees may seek reimbursement from the Notice Administrator of their reasonable expenses actually incurred by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

(d) By the Notice Date, the Notice Administrator shall establish a website for the Litigation, www.NovoNordiskSecuritiesLitigation.com, from which Class members may access copies of the Notice and other relevant Court documents and view answers to frequently asked questions.

(e) Within 10 calendar days after the Notice Date, the Notice Administrator shall cause the Summary Notice to be published on one occasion in *The Wall Street Journal* and *Investor's Business Daily*, and posted in a press release over *BusinessWire*, a national newswire service.

(f) The Notice and Summary Notice shall notify potential members of the Class of the existence of this Litigation and direct them to the Litigation website, www.NovoNordiskSecuritiesLitigation.com. The Litigation website will provide a link to the Notice, and case-related information and documents. Potential members of the Class may also call a dedicated toll-free telephone number established by the Notice Administrator to request a copy of the Notice.

(g) The Notice shall provide an address for the purposes of receiving requests for exclusion from the Class and requests for copies of the Notice. The Notice Administrator shall identify and number all exclusion requests received and create copies of those requests for counsel for all parties. The Notice Administrator shall provide to counsel for all parties, via email, within five calendar days of receipt,

all exclusion requests received. The Notice Administrator will maintain original requests in its files.

    (h) Among other things, the Litigation website and Notice shall describe the nature of the Litigation, set forth the definition of the Class, state the Class' claims and Defendants' denials, and disclose the right of members of the Class to exclude themselves from the Class, as well as the deadline and procedure for doing so, and warn of the binding effect on members of the Class who do not exclude themselves. In addition, the Notice shall provide contact information for Class Counsel and include a toll-free telephone number.

Lead Plaintiffs further request that the requests for exclusion from the Class shall be made by submitting a written request for exclusion as set forth in the Notice and shall be postmarked within 60 calendar days after the Notice Date.

Within 15 calendar days following the deadline for requesting exclusion, the Notice Administrator shall submit a declaration to the Court setting forth its notification efforts and providing a list of all persons and entities who have requested exclusion from the Class.

Except for the costs associated with obtaining Novo's Transfer List, the costs of the Notice process shall be borne by Class Counsel, and not by Defendants.

## III. CONCLUSION

The proposed Notice, Summary Notice and notice procedures satisfy Rule 23 and protect Class members' due process rights. Accordingly, Lead Plaintiffs respectfully move the Court to enter the Proposed Order submitted herewith.

DATED: July 13, 2020

Respectfully submitted,

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
DAVID R. BUCHANAN
JENNIFER R. SCULLION


      s/ Christopher A. Seeger
CHRISTOPHER A. SEEGER

55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone: 973/639-9100
973/639-9393 (fax)

CARELLA, BYRNE, CECCHI, OLSTEIN,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
5 Becker Farm Road
Roseland, NJ  07068
Telephone: 973/994-1700
973/994-1744 (fax)

Co-Liaison Counsel and Executive
Committee Members for the Class

- 8 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
LUKE O. BROOKS
RYAN A. LLORENS
ERIC I. NIEHAUS
ANGEL P. LAU
JEFFREY J. STEIN
ERIKA OLIVER
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone: 631/367-7100
631/367-1173 (fax)

BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
SALVATORE J. GRAZIANO
HANNAH ROSS
AVI JOSEFSON
KATHERINE M. SINDERSON
ADAM D. HOLLANDER
1251 Avenue of the Americas
New York, NY  10020
Telephone: 212/554-1400
212/554-1444 (fax)

Co-Lead Counsel for the Class

SAXENA WHITE P.A.
JOSEPH E. WHITE, III
BRANDON T. GRZANDZIEL
DIANNE M. ANDERSON
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: 561/394-3399
561/394-3382 (fax)

- 9 -

- 10 -

                        SAXENA WHITE P.A.
                        STEVEN B. SINGER
                        10 Bank Street, 8th Floor
                        White Plains, NY 10606
                        Telephone: 914/437-8551
                        888/631-3611 (fax)

                        Executive Committee Member