

MICHAEL R. GRIFFINGER
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4701 Fax: (973) 639-6294
griffinger@gibbonslaw.com

July 28, 2020

**VIA ECF**

Honorable Lois H. Goodman, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building &
U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

     Re:  **In Re: Novo Nordisk Securities Litigation**
           **Master File No. 3:17-0209 (BRM) (LHG)**

Dear Magistrate Judge Goodman:

     We are counsel to defendants Novo Nordisk A/S, Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis in the above-referenced action. As defendants explained to plaintiffs' counsel on July 14, defendants do not oppose plaintiffs' Application for the Issuance of International Letter of Request (Letter Rogatory) regarding Novo Nordisk Inc.'s former president, Jesper Høiland (the "Application" or "App."). However, plaintiffs' Application necessitates a response in order to correct a number of inaccuracies.[1]

     In January 2019, defendants offered—in a joint written submission filed with the Court—to facilitate service of subpoenas on former employees:

> "With respect to former Novo Nordisk employees, counsel for Defendants are prepared to attempt to facilitate service of subpoenas on any such employees located in the United States, where Novo Nordisk has contact information for such former employees."

(*See* ECF No. 124, at 5.) Plaintiffs knew about Mr. Høiland long before this, and knew that he

---

[1] While defendants also disagree with plaintiffs' description of the discovery record constructed to date (*see* App. at 6-9), we do not dispute that Mr. Høiland has discoverable information. As defendants are not opposing the Application, we will not waste the Court's time by correcting inaccuracies in plaintiffs' portrayal of the underlying discovery record, including with respect to Mr. Høiland's significance to this litigation. But defendants expressly reserve all rights in that regard.

GIBBONS P.C.

Honorable Lois H. Goodman, U.S.M.J.
July 28, 2020
Page 2

was a former employee.[2]  Indeed, they have known about Mr. Høiland at least since they filed
their amended complaint in mid-2017.  The amended complaint itself refers to him numerous
times.  (*See, e.g.*, ECF No. 71 at ¶¶ 22, 129.)  Nevertheless, neither after discovery started in late
2018 nor at any point in 2019 did plaintiffs ask defendants for assistance with service of a
subpoena on him.  Nor did they inquire about his availability for a deposition.  Nor did they ask
whether the undersigned counsel or our co-counsel represent him.  This inaction persisted over
the course of nearly a year of active discovery.

        For our part, defendants' counsel never indicated, nor would we have had any reason to
indicate, whether Mr. Høiland had consulted at any point with his own counsel, much less
whether Mr. Høiland had reached any determination about who would represent him in
connection with any yet-to-be-noticed deposition that he might be required to give in this matter.
Neither topic ever came up.

        It is undisputed that plaintiffs inquired of defendants' counsel about Mr. Høiland for the
first time in March 2020—in the midst of a global pandemic.  It is also undisputed that plaintiffs'
approach in this case to that point in time was to serve former employees with subpoenas directly
rather than asking defendants' counsel to facilitate service.  That is, in the months leading up to
March 2020, plaintiffs' counsel—rather than accepting defendants' January 2019 offer to
facilitate service of subpoenas on former employees—chose to serve former employees directly
with deposition subpoenas.  Plaintiffs did this in September 2019 with respect to three former
employees, and did so again in January 2020 with respect to a fourth.  Defendants did not object
to plaintiffs' decision to serve these former employees directly.

        Plaintiffs did not serve a subpoena on Mr. Høiland.  Tellingly, plaintiffs do not claim that
they elected not to serve Mr. Høiland with a subpoena during this time period on account of
anything that defendants' counsel said or did.  And that is because during this period that
plaintiffs' counsel were actively serving a number of employees with subpoenas, plaintiffs never
inquired of defendants' counsel about Mr. Høiland's availability, or his representation.  Not even
once.

        In the case of each of the four subpoenaed former employees mentioned above—the only
former employees plaintiffs have deposed to date—after plaintiffs served their subpoenas,
counsel for defendants conferred with the former employees to determine their preferred
approach to representation in connection with their depositions.  In each case, after the witness
confirmed her or his decision to be represented by defendants' counsel in the litigation,
defendants promptly notified plaintiffs.  Plaintiffs do not and cannot dispute any of this.

_____

[2] A simple Google search also would have revealed that after leaving Novo Nordisk in 2016, Mr.
Høiland—a Danish national—was working at a U.S. life sciences company located in New
England.

GIBBONS P.C.

Honorable Lois H. Goodman, U.S.M.J.
July 28, 2020
Page 3

Against this backdrop, it is apparent that plaintiffs—having failed for more than a year to subpoena a witness whom they now claim to be critical to their case—seek to shift blame to defendants for their own delay and neglect. Very simply, plaintiffs could have subpoenaed Mr. Høiland before March 2020, as they did with a number of other former employees. But they apparently made no attempt to do so. Plaintiffs could have availed themselves of defendants' offer to facilitate service of such a subpoena on Mr. Høiland before March 2020. But they made no attempt to do that either. When plaintiffs did reach out for the first time in March 2020, defendants promptly contacted Mr. Høiland's counsel regarding plaintiffs' request, and with the expectation that they would discuss representation of Mr. Høiland in connection with his deposition, as defendants' counsel had done in the case of every other former employee subpoenaed by plaintiffs. However, plaintiffs' outreach occurred just before shelter-in-place orders were issued in the Tri-State area and around the country, prompting the parties to table the topic of deposition scheduling for more than a month.[3]

Following the coronavirus-based hiatus, it was not until May 1, 2020 that the parties recommenced discussions about depositions in earnest. Plaintiffs' contrary assertion that the parties discussed deposition scheduling on April 9, 2020 is belied by their own email of that date, in which they wrote "[w]e understand that *precise dates are not possible at this point*, considering the ongoing COVID crisis, but wanted to update you on our progress so that we can begin solidifying dates as soon as the outlook becomes clearer." (Ex. 1 at 3 (emphasis added).). Plaintiffs' reference to alleged discussions regarding depositions on April 24, 2020 is also inaccurate. As defendants' Exhibit A makes clear, on April 24, after the conclusion of the parties' mediation session, plaintiffs reached out to schedule a meet-and-confer to discuss the case schedule, which was ultimately scheduled for May 1, as noted. (Defs' Ex. A at 2-3.) Before May 1, the parties had had *no discussion whatsoever* about the possibility of restarting depositions.

The next business day following the meet-and-confer, on May 4, 2020, defense counsel wrote to plaintiffs to propose a path forward to recommencing the scheduling of depositions, as plaintiffs had requested. (Ex. 1 at 1.) In that email, counsel for defendants explained that we intended to provide plaintiffs with dates for ten total witnesses, including Mr. Høiland, as soon as practicable. (*Id.* at 1.) Contrary to plaintiffs' inaccurate assertion in their June 18 email (Ex. 2 at 4), counsel for defendants did not "represent[] that [we] were in contact with Mr. Høiland about scheduling his deposition." But following that email, defendants did commence outreach to the various witnesses and, within a week, began proposing dates to plaintiffs. (*Id.* at 6.)

---

[3] At almost precisely the same time, the Court directed the parties to conduct a further mediation, which occurred on April 24.

GIBBONS P.C.

Honorable Lois H. Goodman, U.S.M.J.
July 28, 2020
Page 4

On May 14, 2020, counsel for defendants spoke to Mr. Høiland's personal counsel and learned *for the first time* that Mr. Høiland had relocated to Denmark, where he is from, to start a new position. The very next day, on May 15, counsel for defendants wrote to plaintiffs to directly relay that Mr. Høiland "ha[d] relocated from the U.S. to Denmark . . . [and that] [w]e [were] attempting to assess whether he will be available for a deposition." (*Id.* at 5-6.) That exchange is readily apparent in Exhibit 2 to the Application. But troublingly, plaintiffs represent to the Court that they were "surprised to learn from Defendants' counsel *just recently, on June 18, 2020*" that Mr. Høiland had moved to Denmark. (App. at 5 (emphasis added).) As the May 15 email unambiguously shows, this was information that defense counsel had conveyed more than a month earlier. Like other statements in plaintiffs' submission, plaintiffs' inaccurate statement on this point is inexplicable.

Plaintiffs' response to defendants' May 15 email addressed scheduling of two depositions but did not reference Mr. Høiland. Approximately one month later, counsel for defendants learned from a conversation with Mr. Høiland's personal counsel that Mr. Høiland was not willing to voluntarily sit for a deposition. We immediately conveyed that information to plaintiffs as well. (Ex. 2 at 5.) Plaintiffs' response was caustic and included an accusation that defendants intentionally "withheld information from [plaintiffs] about [Mr. Høiland's] move." (*Id.* at 4.) That accusation was false. And, again, the record summarized in this email and contained in the Exhibits to the Application speaks for itself.

Subsequent missives from plaintiffs have backed away from the meritless accusation that defendants intentionally withheld information about Mr. Høiland's relocation from plaintiffs, but allege that defendants have engaged in "misdirection" and "opacity." (*See id.* at 2-3.) Specifically, plaintiffs have said that counsel for defendants "led [them] to believe that [counsel for defendants] represented Mr. Høiland and that we had no choice but to go through you to get dates for his deposition." (*Id.* at 2.) That accusation too is contrary to fact, and plaintiffs have proffered no evidence to support it. No emails. No letters. No declarations. Counsel for defendants have requested substantiation. Plaintiffs have never provided any, and the Application certainly contains none.

In the interest of transparency, counsel for defendants have provided plaintiffs—in writing—with substantial information about their communications with Mr. Høiland and his personal counsel since the inception of this case. (*Id.* at 1-2.) Defendants had no obligation to disclose this information, but did so anyway.[4]

---

[4] To date, counsel for defendants have not represented Mr. Høiland. Instead, the few communications between Mr. Høiland and his attorney, on the one hand, and counsel for defendants, on the other, have been conducted on the basis of an oral common interest agreement established on September 21, 2017. Plaintiffs suggest that they dispute the existence of any such

GIBBONS P.C.

Honorable Lois H. Goodman, U.S.M.J.
July 28, 2020
Page 5


Plaintiffs also suggest that defendants' general statements regarding the potential representation of former employees led plaintiffs to believe that defendants' counsel would represent each and every one of them, including Mr. Høiland . (*Id.* at 2-3.) That position is belied by common sense and plaintiffs' own conduct. First, and most obviously, plaintiffs served subpoenas directly on several of those former employees. Of course, if plaintiffs actually believed that defendants' counsel represented those employees, plaintiffs would not have served those subpoenas in that manner. And defendants' counsel would not have followed up in each case, sometimes weeks later, to advise plaintiffs' counsel that we would be representing those individuals at their depositions. Second, contrary to plaintiffs' suggestion, the fact that Mr. Høiland had consulted with personal counsel does not mean defendants' counsel had no basis to believe that they could represent him at his deposition.[5] The fact that a witness has consulted with personal counsel says nothing about whom the witness may choose to retain to defend his or her deposition.

Defendants certainly do not doubt that plaintiffs were genuinely "surprised" by Mr. Høiland's decision to return to Denmark to start a new job; defendants were surprised too. But any suggestion that defense counsel tactically tried to prevent plaintiffs from taking Mr. Høiland's deposition is entirely baseless. Mr. Høiland is not a current Novo Nordisk employee (and has not been for 3.5 years), and the Company does not control him. Ultimately, in consultation with his personal lawyer, Mr. Høiland has made his own decision not to voluntarily participate in a deposition in this matter.

That decision has necessitated plaintiffs' decision to proceed via letter rogatory and, as stated at the outset, defendants do not oppose that Application. But defendants are not responsible for Mr. Høiland's unavailability, and plaintiffs' efforts to shift blame to defendants for their own inaction in securing his testimony should not be credited. In fact, given that defendants represented their intention not to oppose plaintiffs' efforts to seek Mr. Høiland's testimony weeks ago, plaintiffs' factual narrative is not only inaccurate, but also unnecessary to

─────────────────────

common interest privilege in a footnote in the Application. (App. at 5 n.2.) Although plaintiffs' position is meritless as a matter of fact and law, the nature and validity of the common interest agreement with Mr. Høiland and his personal counsel is completely extraneous to the Application and so is improperly raised and need not be resolved in connection with it. Defendants reserve all rights, arguments, and privileges with respect to this issue.

[5] In this regard, during the meet-and-confer correspondence regarding this issue, plaintiffs' counsel inquired whether defendants' counsel had ever represented Mr. Høiland, apparently seeking evidence that we had done so, and that he had terminated the representation. But as we explained, we never represented Mr. Høiland.

GIBBONS P.C.

Honorable Lois H. Goodman, U.S.M.J.
July 28, 2020
Page 6

their Application.  Because plaintiffs chose to include that misleading narrative in their filing, defendants could not leave it uncorrected.

We thank the Court for its kind attention.  If you have any questions or require further information, please do not hesitate to contact me.

Respectfully submitted,

s/ Michael R. Griffinger

Michael R. Griffinger

Enclosure

cc:      All Counsel of Record (*via ECF*)

# EXHIBIT A

| | |
|---|---|
| **From:** | Blakemore, Patrick W. |
| **Sent:** | Thursday, April 30, 2020 10:17 AM |
| **To:** | Adam Hollander; Jeffrey Stein |
| **Subject:** | RE: Novo - Deposition Schedule |

Thanks, Adam.  We can discuss (1) and (2) on the call tomorrow and, to the extent we need to have additional calls next week in advance of the submission to the Court, we are glad to do so.  As it stands, we do not anticipate raising any issues with the Court beyond depositions/scheduling in connection with the upcoming submission or conference.  If there are other issues on plaintiffs' list, perhaps we can discuss tomorrow.

Best,
Patrick

**Patrick W. Blakemore**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue  |  New York, NY 10017
+1 212 450 4452 tel  |  +1 303 748 3822 mobile
patrick.blakemore@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Adam Hollander <Adam.Hollander@blbglaw.com>
**Sent:** Wednesday, April 29, 2020 12:30 PM
**To:** Blakemore, Patrick W. <patrick.blakemore@davispolk.com>; Jeffrey Stein <JStein@rgrdlaw.com>
**Subject:** RE: Novo - Deposition Schedule

Patrick, we look forward to our call on Friday.

In advance, will you please send over: (1) any proposed dates or date ranges for the witnesses on the list we sent over; (2) Defendants' proposal/counter-proposal on the case schedule; and (3) any other issues that Defendants believe warrant discussion in advance of the upcoming submission to and conference with the Court?

Regards,
Adam

**From:** Blakemore, Patrick W. <patrick.blakemore@davispolk.com>
**Sent:** Friday, April 24, 2020 6:53 PM
**To:** Jeffrey Stein <JStein@rgrdlaw.com>; Adam Hollander <Adam.Hollander@blbglaw.com>
**Subject:** RE: Novo - Deposition Schedule

**[External]**

You bet.  We can use the dial-in below:

212-450-5999
Code: 936324

Hope you guys have good weekends.

Patrick

**Patrick W. Blakemore**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue  |  New York, NY 10017
+1 212 450 4452 tel  |  +1 303 748 3822 mobile
patrick.blakemore@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Jeffrey Stein <JStein@rgrdlaw.com>
**Sent:** Friday, April 24, 2020 5:01 PM
**To:** Blakemore, Patrick W. <patrick.blakemore@davispolk.com>; Adam Hollander <Adam.Hollander@blbglaw.com>
**Subject:** RE: Novo - Deposition Schedule

Thanks, Patrick.  Let's do Friday at 2pm ET if that works for you.

**From:** Blakemore, Patrick W. <patrick.blakemore@davispolk.com>
**Sent:** Friday, April 24, 2020 1:10 PM
**To:** Jeffrey Stein <JStein@rgrdlaw.com>; Adam Hollander <Adam.Hollander@blbglaw.com>
**Subject:** RE: Novo - Deposition Schedule

Jeff and Adam,

Glad to discuss this next week, but I am taking "vacation" early next week to take care of my kids (and actually take care of them as opposed to put on Frozen II for the umpteenth time) because my wife is going back to work at the fertility center.  I am wide open on Friday, though.  If you let me know what works for you all, we can send an invite.

Best,
Patrick

**Patrick W. Blakemore**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue  |  New York, NY 10017
+1 212 450 4452 tel  |  +1 303 748 3822 mobile
patrick.blakemore@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Jeffrey Stein <JStein@rgrdlaw.com>
**Sent:** Friday, April 24, 2020 2:58 PM
**To:** Blakemore, Patrick W. <patrick.blakemore@davispolk.com>; Potischman, Neal A. <neal.potischman@davispolk.com>; Toscano, David B. <david.toscano@davispolk.com>; Pfotenhauer, Samantha J. <samantha.pfotenhauer@davispolk.com>; Magy, Daniel S. <daniel.magy@davispolk.com>; sportnoy@gibbonslaw.com
**Cc:** Luke Brooks <LukeB@rgrdlaw.com>; Ryan Llorens <RyanL@rgrdlaw.com>; Erika Oliver <EOliver@rgrdlaw.com>; Ting Liu <TLiu@rgrdlaw.com>; Adam Hollander <Adam.Hollander@blbglaw.com>; James Fee <James.Fee@blbglaw.com>; Brandon Grzandziel <brandon@saxenawhite.com>; Dianne Pitre <dpitre@saxenawhite.com>
**Subject:** RE: Novo - Deposition Schedule

Patrick,

Plaintiffs plan to move forward with depositions in the sequence discussed below, including virtual depositions where necessary.  We would like to discuss this process and the case schedule early next week.  Please provide some times your team is available.

Thanks,

Jeff

**From:** Jeffrey Stein <JStein@rgrdlaw.com>
**Sent:** Thursday, April 9, 2020 12:23 PM
**To:** Patrick Blakemore <patrick.blakemore@davispolk.com>; Neal Potischman <neal.potischman@davispolk.com>; David Toscano <david.toscano@davispolk.com>; 'Pfotenhauer, Samantha J.' <samantha.pfotenhauer@davispolk.com>; 'Magy, Daniel S.' <daniel.magy@davispolk.com>; Samuel Portnoy <sportnoy@gibbonslaw.com>
**Cc:** Luke Brooks <LukeB@rgrdlaw.com>; Ryan Llorens <RyanL@rgrdlaw.com>; Erika Oliver <EOliver@rgrdlaw.com>; Ting Liu <TLiu@rgrdlaw.com>; Adam Hollander <Adam.Hollander@blbglaw.com>; James Fee <James.Fee@blbglaw.com>; Brandon Grzandziel <brandon@saxenawhite.com>; Dianne Pitre <dpitre@saxenawhite.com>
**Subject:** RE: Novo - Deposition Schedule

Patrick,

I hope you and your team are holding up okay and staying safe.  As discussed in my email below, Plaintiffs have continued to analyze potential deponents in an effort to trim and refine the deposition schedule I sent on March 3.  To that end, at this time, we no longer envision taking the depositions of the following five individuals:

Andy Ajello
Peter Boggild
Karsten Knudsen
Cheryl Reid
Kasper Veje

We would also like to add one person – Lars Fruergaard Jorgensen – to the list.   Sequentially, we expect to take Mr. Jorgensen's deposition in Denmark around the same time as the individuals in the Third group below.

We understand that precise dates are not possible at this point, considering the ongoing COVID crisis, but wanted to update you on our progress so that we can begin solidifying dates as soon as the outlook becomes clearer.

Happy to discuss if you have any questions.

Regards,

Jeff

---

**From:** Jeffrey Stein
**Sent:** Tuesday, March 3, 2020 12:52 PM
**To:** Patrick Blakemore <patrick.blakemore@davispolk.com>; Neal Potischman <neal.potischman@davispolk.com>; David Toscano <david.toscano@davispolk.com>; Pfotenhauer, Samantha J. <samantha.pfotenhauer@davispolk.com>; Magy, Daniel S. <daniel.magy@davispolk.com>; Samuel Portnoy <sportnoy@gibbonslaw.com>
**Cc:** Luke Brooks <LukeB@rgrdlaw.com>; Ryan Llorens <RyanL@rgrdlaw.com>; Erika Oliver <EOliver@rgrdlaw.com>; Ting Liu <TLiu@rgrdlaw.com>; 'Adam Hollander' <Adam.Hollander@blbglaw.com>; James Fee <James.Fee@blbglaw.com>; Brandon Grzandziel <brandon@saxenawhite.com>; Dianne Pitre <dpitre@saxenawhite.com>
**Subject:** Novo - Deposition Schedule

Patrick,

The following is a list of current and former Novo employees Plaintiffs currently envision deposing in this case, in order of chronological priority. So, the first batch includes individuals we would like to take as soon as practicable, the second is the group we would like to take next, etc. As we discussed, this list avoids multiple requests and is designed to facilitate the depo planning process. You will notice that our list includes more than the allotted number of depositions. As you know, documents are still coming in and our plan is to cut this list down was we learn more. Of course, we also reserve our right to add individuals as we see fit. Note that the list contemplates two groups of individuals currently located in Denmark. Our hope is that – for everyone's sake – we can agree on a schedule that includes only two trips to Denmark, and otherwise aims to limit travel where possible by scheduling depos within the groupings together if they are geographically close to each other. Here is our list:

First (US)

Camille Lee
Joanne Golankiewicz
Farruq Jafrey
Erik Zbranak
Jesper Hoiland

Second (US)

Andy Ajello
Cheryl Reid
Kasper Veje
Peter Boggild

Third (Denmark)

Ankersen (30(b)(6))
Kasper Poulsen
Lars Green
Carl Bilbo
Jakob Aagard
Karsten Knudsen
Tim Slee

Fourth (US)

Rich DeNunzio

Doug Langa

Fifth (Denmark)

Lars Sorensen

Jesper Brandgaard

Jakob Riis

For each individual listed, please let us know as soon as you can:

- Whether you do or do not represent the individual;
- Any major scheduling conflicts you foresee; and
- Dates and locations consistent with the chronological sequencing provided (we are of course willing to consider deviations from the general plan to accommodate specific scheduling issues).

Best regards,

**Jeffrey J. Stein**

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**