Michael R. Griffinger, Esq.
Samuel I. Portnoy, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Tel.: (973) 596-4500
Fax: (973) 596-0545

    -and-

James P. Rouhandeh, Esq. (admitted *pro hac vice*)
Neal A. Potischman, Esq. (admitted *pro hac vice*)
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017

*Attorneys for Defendants Novo Nordisk A/S, Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE NOVO NORDISK SECURITIES LITIGATION | Master File No. 3:17-cv-209 (BRM) (LHG ) <br><br> CLASS ACTION <br><br> **ORDER SEALING CERTAIN DOCUMENTS** |

This matter having been brought before the Court on Defendants and Plaintiffs' (collectively, the "Parties") joint motion to permanently seal certain portions of, and certain exhibits filed in support of, the Joint Letter Regarding Defendants' Supplemental Responses to Plaintiffs' Interrogatories [ECF No. 237],

- 1 -

and the Court having fully considered the Joint Appendix A and supporting Certification filed in support of the motion, any submissions in further support of or in opposition to the motion, and the record before it, the Court makes the following findings:

**THE COURT FINDS** that in this matter, a class action in which it is alleged that Defendants violated certain federal securities laws, the Parties filed the Joint Letter;

**THE COURT FURTHER FINDS** in connection with the Joint Letter, the Parties have filed certain materials under temporary seal and have identified in Joint Appendix A the materials or portions thereof that the Parties seek to keep permanently sealed ("Materials");

**THE COURT FURTHER FINDS** that, for the reasons set forth in the Joint Appendix A and its Supporting Certification, permanent sealing of the Materials is necessary to protect the legitimate public or private interests of the Defendants including, without limitation, proprietary or otherwise commercially sensitive confidential business information;

**THE COURT FURTHER FINDS** that, for the reasons set forth in the Joint Appendix A and its Supporting Certifications, clearly defined and serious injury will result if the Materials are not permanently sealed including, without limitation, the

public disclosure of proprietary or otherwise commercially sensitive confidential business information;

**THE COURT FURTHER FINDS** that for the reasons set forth in the Joint Appendix A and Supporting Certification, no less restrictive alternative to permanently sealing the Materials is available;

**THE COURT FURTHER FINDS** that there is no prior order sealing the Materials in this Action;

**THE COURT FURTHER FINDS** that there are no known Parties or nonparties objecting to this sealing request;

**THE COURT FURTHER FINDS** that the foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute, and may be overcome by a showing such as the one made here. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

**THEREFORE**, for good cause shown, based on the findings set out above, and in order to preserve the confidentiality of the aforementioned information;

**IT IS** on this 4th day of March, 2021, hereby

**ORDERED** that the Parties' Motion to Seal [244] be and hereby is **GRANTED**; and

**IT IS FURTHER ORDERED** that all documents filed under temporary seal in connection with the Joint Letter shall be maintained under seal by the Clerk of the Court;

**IT IS FURTHER ORDERED** that, for any documents filed under temporary seal that are not to remain sealed in their entirety pursuant to this Order, Plaintiffs shall, within fourteen (14) days of the entry of this Order, file public versions of such documents from which only the material identified in the Joint Appendix A has been redacted.

_____
The Honorable Lois H. Goodman
United States Magistrate Judge