# EXHIBIT C

| | |
|---|---|
| **From:** | Blakemore, Patrick W. |
| **To:** | Jeffrey Stein; Adam Hollander; Michael Griffnger; Brian McMahon; Samuel Portnoy; Luke Brooks; Ryan Llorens; Ting Liu; Casey Reis; Erika Oliver; Brandon Grzandziel; James Fee; Sal Graziano; Katherine M. Sinderson; Donald Ecklund; Christopher Seeger; David Buchanan; James Cecchi; Jennifer Scullion |
| **Cc:** | James Rouhandeh; Neal Potischman; David Toscano; Daniel Magy; Felicia Yu |
| **Subject:** | RE: In re Novo Nordisk Sec. Litig., No. 3:17-cv-209-BRM (D.N.J.): Interrogatory No. 13 |
| **Date:** | Tuesday, January 5, 2021 2:21:53 PM |

Jeff,

I hope you had a nice holiday season. As an initial matter, several points in your email from December 18 require correction. First, we did not "recite the same rebate agreements referenced in [our] prior response" as part of our supplemental response to interrogatory no. 13. We discussed our supplemental response during our December 17 call, where we explained to you that, consistent with Judge Goodman's guidance regarding the specificity required to utilize the business records provision under Rule 33(d), we reviewed all of the rebate agreements we identified that are part of the discovery record in this case—literally hundreds of them—and provided plaintiffs with a list of the responsive ones, including relevant pin cites. The identified rebate agreements in our supplemental response provide plaintiffs with "all Rebates relating to Novo Drugs other than Tresiba that Novo paid as part of an agreement to secure formulary access for Tresiba," as called for by plaintiffs' interrogatory no. 13, including its various subparts. This was a different approach from our first response, where we pointed plaintiffs to all of the rebate agreements generally and indicated that you could conduct the review to see which of them, if any, contain responsive information yourselves.

Second, consistent with the Court's guidance at the prior status conference, we explored with our client the possibility of making an affirmative representation along the lines of what plaintiffs proposed in the October 26 joint letter and again in the proposed joint order you sent us on November 9, both of which expressly asked defendants to affirm that "Novo paid additional rebates related to other Novo Drugs to secure access for Tresiba on various Part D and Commercial formularies, but that these amounts were not recorded and cannot be quantified at this time." During the status conference, we expressed our doubts that our client would be able to certify anything resembling plaintiffs' proposal, but agreed to discuss further. And as we conveyed on the December 17 call, the outcome of that process is that we are not willing to make such a representation. This is not because we are unable to "follow[] through" on our commitment to explore this route, but because the assumptions embedded in your proposal are inaccurate and oversimplified, including for the reasons we set forth in the prior submission to Judge Goodman and that we have discussed at length during the meet-and-confer process. Given the discovery record in this case, defendants will not agree to provide an affirmative representation that there is more out there to discover on this topic, let alone that, as plaintiffs request, the information that is purportedly missing supports plaintiffs' theory of the case. We do not think either presumption is fair or accurate.

Finally, as you know, Judge Goodman did not grant plaintiffs a unilateral license to take a 30(b)(6) deposition in the event you are unsatisfied with defendants' response to interrogatory no. 13. As promised, we did discuss your proposal with our client, and we will not consent to an additional 30(b)(6) deposition on the topics proposed. In the end, the robust discovery record on this topic—

1

which was developed by competent counsel over the course of more than two years through dozens of depositions (including six 30(b)(6) depositions), millions of documents, and multiple means of written discovery—is sufficient.  That discovery record, including our most recent supplemental interrogatory responses, is equally available to both sides.

If plaintiffs would like to discuss, we are available.  We are of course also amenable to discussing the timing for a briefing schedule on a joint letter if that is the logical next step here.

We are still conferring with our client regarding interrogatory no. 15 and will circle back as soon as we have additional information.

Best,
Patrick

**Patrick W. Blakemore**

**Davis Polk & Wardwell** LLP

450 Lexington Avenue  |  New York, NY 10017
+1 212 450 4452 tel  |  +1 303 748 3822 mobile
patrick.blakemore@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Jeffrey Stein <JStein@rgrdlaw.com>
**Sent:** Monday, January 4, 2021 4:31 PM
**To:** Blakemore, Patrick W. <patrick.blakemore@davispolk.com>; Adam Hollander <Adam.Hollander@blbglaw.com>; Michael Griffnger <mgriffinger@gibbonslaw.com>; Brian McMahon <bmcmahon@gibbonslaw.com>; sportnoy@gibbonslaw.com; Luke Brooks <LukeB@rgrdlaw.com>; Ryan Llorens <RyanL@rgrdlaw.com>; Ting Liu <TLiu@rgrdlaw.com>; Casey Reis <CReis@rgrdlaw.com>; Erika Oliver <EOliver@rgrdlaw.com>; Brandon Grzandziel <brandon@saxenawhite.com>; James Fee <James.Fee@blbglaw.com>; Sal Graziano <Salvatore@blbglaw.com>; Katherine M. Sinderson <KatieM@blbglaw.com>; Donald Ecklund <decklund@carellabyrne.com>; Christopher Seeger <cseeger@seegerweiss.com>; David Buchanan <dbuchanan@seegerweiss.com>; James Cecchi <jcecchi@carellabyrne.com>; Jennifer Scullion <jscullion@seegerweiss.com>
**Cc:** Rouhandeh, James P. <rouhandeh@davispolk.com>; Potischman, Neal A. <neal.potischman@davispolk.com>; Toscano, David B. <david.toscano@davispolk.com>; Magy, Daniel S. <daniel.magy@davispolk.com>; Yu, Felicia <felicia.yu@davispolk.com>
**Subject:** RE: In re Novo Nordisk Sec. Litig., No. 3:17-cv-209-BRM (D.N.J.): Interrogatory No. 13

Patrick,

Please let us know by the close of business tomorrow whether Defendants will consent to the Rule 30(b)(6) deposition I requested on 12/18.

2

Thanks,

Jeff

**From:** Jeffrey Stein
**Sent:** Friday, December 18, 2020 4:40 PM
**To:** Patrick Blakemore <patrick.blakemore@davispolk.com>; Adam Hollander <Adam.Hollander@blbglaw.com>; Michael Griffnger <mgriffinger@gibbonslaw.com>; Brian McMahon <bmcmahon@gibbonslaw.com>; Samuel Portnoy <sportnoy@gibbonslaw.com>; Luke Brooks <LukeB@rgrdlaw.com>; Ryan Llorens <RyanL@rgrdlaw.com>; Ting Liu <TLiu@rgrdlaw.com>; Casey Reis <CReis@rgrdlaw.com>; Erika Oliver <EOliver@rgrdlaw.com>; Brandon Grzandziel <brandon@saxenawhite.com>; James Fee <James.Fee@blbglaw.com>; Sal Graziano <Salvatore@blbglaw.com>; Katherine M. Sinderson <KatieM@blbglaw.com>; Donald Ecklund <decklund@carellabyrne.com>; Christopher Seeger <cseeger@seegerweiss.com>; David Buchanan <dbuchanan@seegerweiss.com>; James Cecchi <jcecchi@carellabyrne.com>; Jennifer Scullion <jscullion@seegerweiss.com>
**Cc:** James Rouhandeh <rouhandeh@davispolk.com>; Neal Potischman <neal.potischman@davispolk.com>; David Toscano <david.toscano@davispolk.com>; Daniel Magy <daniel.magy@davispolk.com>; Felicia Yu <felicia.yu@davispolk.com>
**Subject:** RE: In re Novo Nordisk Sec. Litig., No. 3:17-cv-209-BRM (D.N.J.): Interrogatory No. 13

Patrick,

Defendants' supplemental response to Interrogatory No. 13 – which merely recites the same rebate agreements referenced in their prior response – does nothing to resolve the deficiencies we discussed at length with you, and which Judge Goodman asked Defendants to remediate at the November 5 status conference. Most glaringly, Defendants have refused to make an affirmative representation about the amounts of rebates Novo paid to other drugs to gain formulary access for Tresiba (and if such amounts are unknowable, a representation stating they are unknowable). As you recall, you previously represented to us and the Court that you would attempt to make such a representation. During our meet and confer call yesterday, we asked for the reasons Defendants now refuse to make this representation. You responded that it would not be "appropriate," but did not explain what specifically prevented Defendants from following through.

Accordingly, and as Judge Goodman independently suggested at the status conference, we would like to take a Rule 30(b)(6) deposition of Novo to obtain information requested in Interrogatory No. 13 that remains unanswered, and to clarify the responses Defendants have provided. During our meet and confer call yesterday, you asked for a proposed list of deposition topics so you could discuss the matter with Defendants. Our proposed topics are:

- The rebates Novo paid on other drugs to secure formulary access for Tresiba, including the payer, formulary, drug, and quarter-by-quarter amount.
- With respect to the "budgetary adjustments" referenced in your initial response, (a) the relationship between the budgetary adjustments and leveraged rebates, (b) the method and reasons for calculating budgetary adjustments, and (c) all known budgetary adjustments, including the payer,

3

formulary, drug, and quarter-by-quarter amount of such adjustments.

As we discussed on the call, we understand you and your client are discussing a further response to Interrogatory No. 15, and depending on that response, we may request additional deposition testimony to complete Defendants' obligation to respond to that interrogatory.

As always, we are happy to discuss this further at a time convenient for all parties.

Best regards and happy holidays,

Jeff

---

**From:** Blakemore, Patrick W. <patrick.blakemore@davispolk.com>
**Sent:** Friday, December 4, 2020 5:08 PM
**To:** Jeffrey Stein <JStein@rgrdlaw.com>; Adam Hollander <Adam.Hollander@blbglaw.com>; Michael Griffnger <mgriffinger@gibbonslaw.com>; Brian McMahon <bmcmahon@gibbonslaw.com>; Samuel Portnoy <sportnoy@gibbonslaw.com>; Luke Brooks <LukeB@rgrdlaw.com>; Ryan Llorens <RyanL@rgrdlaw.com>; Ting Liu <TLiu@rgrdlaw.com>; Casey Reis <CReis@rgrdlaw.com>; Erika Oliver <EOliver@rgrdlaw.com>; Brandon Grzandziel <brandon@saxenawhite.com>; James Fee <James.Fee@blbglaw.com>; Sal Graziano <Salvatore@blbglaw.com>; Katherine M. Sinderson <KatieM@blbglaw.com>; Donald Ecklund <decklund@carellabyrne.com>; Christopher Seeger <cseeger@seegerweiss.com>; David Buchanan <dbuchanan@seegerweiss.com>; James Cecchi <jcecchi@carellabyrne.com>; Jennifer Scullion <jscullion@seegerweiss.com>
**Cc:** James Rouhandeh <rouhandeh@davispolk.com>; Neal Potischman <neal.potischman@davispolk.com>; David Toscano <david.toscano@davispolk.com>; Daniel Magy <daniel.magy@davispolk.com>; Felicia Yu <felicia.yu@davispolk.com>
**Subject:** In re Novo Nordisk Sec. Litig., No. 3:17-cv-209-BRM (D.N.J.): Interrogatory No. 13

Counsel,

Please find attached defendants' supplemental response to plaintiffs' interrogatory no. 13.

Best,
Patrick

**Patrick W. Blakemore**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue  |  New York, NY 10017
+1 212 450 4452 tel  |  +1 303 748 3822 mobile
patrick.blakemore@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

4

**From:** Blakemore, Patrick W.
**Sent:** Monday, November 30, 2020 6:30 PM
**To:** 'Jeffrey Stein' <JStein@rgrdlaw.com>; Adam Hollander <Adam.Hollander@blbglaw.com>; Michael Griffnger <mgriffinger@gibbonslaw.com>; Brian McMahon <bmcmahon@gibbonslaw.com>; sportnoy@gibbonslaw.com; Luke Brooks <LukeB@rgrdlaw.com>; Ryan Llorens <RyanL@rgrdlaw.com>; Ting Liu <TLiu@rgrdlaw.com>; Casey Reis <CReis@rgrdlaw.com>; Erika Oliver <EOliver@rgrdlaw.com>; Brandon Grzandziel <brandon@saxenawhite.com>; James Fee <James.Fee@blbglaw.com>; Sal Graziano <Salvatore@blbglaw.com>; Katherine M. Sinderson <KatieM@blbglaw.com>; Donald Ecklund <decklund@carellabyrne.com>; Christopher Seeger <cseeger@seegerweiss.com>; David Buchanan <dbuchanan@seegerweiss.com>; James Cecchi <jcecchi@carellabyrne.com>; Jennifer Scullion <jscullion@seegerweiss.com>
**Cc:** Rouhandeh, James P. <rouhandeh@davispolk.com>; Potischman, Neal A. <neal.potischman@davispolk.com>; Toscano, David B. <david.toscano@davispolk.com>; Magy, Daniel S. <daniel.magy@davispolk.com>; Yu, Felicia <felicia.yu@davispolk.com>
**Subject:** In re Novo Nordisk Sec. Litig., No. 3:17-cv-209-BRM (D.N.J.): Interrogatory No. 15

Counsel,

In further response to interrogatory no. 15, defendants will be producing two charts containing data related to Tresiba's formulary placement during the relevant period. Both of the charts are based on information collected by Decision Resources Group and maintained on their Fingertip Formulary platform. Novo Nordisk, Inc. and other industry participants utilize this platform as a tool for tracking formulary placement and related data.

The first chart provides the predominant formulary position for the major payers (as identified by plaintiffs) in the commercial and Medicare Part D channels. The "predominant" formulary position is the position for the majority of the covered lives for each particular payer in the relevant channels based on Fingertip Formulary's taxonomy. This chart uses Fingertip Formulary's classifications for payers, plan type/channel, and access level. Moreover, the chart captures this information as of January 2016, July 2016, and January 2017. In Part D, we have excluded a couple of payers included in plaintiffs' original chart because the FingerTip Formulary platform does not report any plans in Part D for those particular payers as of the relevant dates.

The second chart, which is based on the same Fingertip Formulary data set, provides information related to restrictions (e.g., step edits, prior authorizations, or quantity limits) placed on a patient's potential access to Tresiba on a plan-by-plan basis for the major payers. The chart again uses FingerTip Formulary's classifications and includes restrictions in place, if any, as of January 2016, July 2016, and January 2017.

Defendants hereby incorporate their responses and objections to plaintiffs' second set of interrogatories. We are designating the documents as "Highly Confidential" under the Discovery Confidentiality Order.

Best,

5

Patrick

**Patrick W. Blakemore**

**Davis Polk & Wardwell** LLP

450 Lexington Avenue  |  New York, NY 10017
+1 212 450 4452 tel  |  +1 303 748 3822 mobile
patrick.blakemore@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**