# Exhibit E

| | |
|---|---|
| **From:** | Jeffrey Stein <JStein@rgrdlaw.com> |
| **Sent:** | Thursday, November 21, 2019 12:33 PM |
| **To:** | Blakemore, Patrick W.; Toscano, David B.; Schraub, Anat Jordana; sportnoy@gibbonslaw.com |
| **Cc:** | Luke Brooks; Ryan Llorens; Erika Oliver; Adam Hollander; Brandon Grzandziel |
| **Subject:** | RE: Novo Nordisk - Meet and Confer re: 30(b)(6) Deposition Notice to Novo |

Patrick,

We are still awaiting a full response to my 11/15 email, but wish to address Defendants' list of designees below.

As we have repeatedly made clear, Plaintiffs are willing to work with Defendants to reasonably minimize the burdens of discovery. To that end, we can confirm that we do not presently intend to depose either Mr. Albers or Mr. Thomsen in their individual capacities, and do not believe that their designation as corporate representatives under Rule 30(b)(6) raises any issues. Please provide some dates when they are available.

With regard to Mr. Ivens, as you know, we have noticed his deposition. We can accommodate your request to depose him in both capacities in a single trip, and will do so on successive days. Please provide some dates when Mr. Ivens is available in early January.

Finally, regarding Mr. Brandgaard, we cannot accommodate your demand that Mr. Brandgaard be made available to be deposed only once, nor is that demand reasonable or appropriate. As Neal has acknowledged on earlier calls, Plaintiffs are entitled to sequence our discovery requests and depositions as we see fit. We have previously explained that we do not intend to take any individual depositions beyond those already noticed until after Novo's 30(b)(6) deposition. Notably, the 12 separate topics for which Defendants have designated Mr. Brandgaard to testify include foundational issues such as the organizational structure and function of various groups within the Company, which will inform the remaining discovery in the case. Further, particularly in light of Mr. Brandgaard's central role as a Defendant in the case, we do not presently intend to take his individual deposition until the factual record has been developed more fully. We do not agree to either forego foundational 30(b)(6) testimony until the end of discovery, or to rush into a Defendant's deposition before the record is more fully developed. Please let us know whether Defendants stand by both their designation of Mr. Brandgaard to testify under Rule 30(b)(6) and their refusal to produce him as both a 30(b)(6) deponent and his individual capacity, so that we may seek the Court's intervention to resolve this dispute.

Regards,

Jeff

---

**From:** Blakemore, Patrick W.
**Sent:** Friday, November 15, 2019 3:06 PM
**To:** Jeffrey Stein ; David Toscano ; Schraub, Anat Jordana ; Samuel Portnoy
**Cc:** Luke Brooks ; Ryan Llorens ; Erika Oliver ; Adam Hollander ; Brandon Grzandziel
**Subject:** RE: Novo Nordisk - Meet and Confer re: 30(b)(6) Deposition Notice to Novo

Jeff,

We will respond separately to the remainder of your email below after we have the opportunity to further review. But as we discussed on Wednesday's meet-and-confer, we are writing to identify the individuals Novo Nordisk currently intends to designate as corporate representatives to cover the topics listed in plaintiffs' 30(b)(6) notice, as limited by defendants' responses and objections. As we mentioned, we are still conferring with our client and thus reserve the right to make changes. But, as it stands, defendants intend to designate Steve Albers, Jesper Brandgaard, Jameson Ivens, and *Mads* Krogsgaard *Thomsen* to provide corporate testimony on behalf of Novo Nordisk—specifically:

- Mr. Albers will address Topics 1(a), 2 (in part), 12, 15, 16, 17 (in part), 18, 19, 21, 23 (in part) and 24.
- Mr. Brandgaard will address Topics 1(b), 2 (in part), 7, 8, 9, 10, 11 (in part), 13, 14, 17 (in part), 23 (in part) and 29.
- Mr. Ivens will address Topics 2 (in part) and 11 (in part).
- Mr. Thomsen will address Topic 22.

As we noted on the call, to the extent plaintiffs would like to take the depositions of Messrs. Albers, Brandgaard, Ivens, and Thomsen in their individual capacity (and we know Mr. Ivens' deposition has already been noticed), we will make these witnesses available to testify only once, both regarding their personal knowledge and as a corporate designee.

We are still considering the appropriate individuals to address Topics 4, 5 and 26. Once we have additional information to convey, we will pass it along.

We are glad to further confer.

Best,
Patrick


**Patrick W. Blakemore**

**Davis Polk & Wardwell LLP**
450 Lexington Avenue | New York, NY 10017
+1 212 450 4452 tel | +1 303 748 3822 mobile
patrick.blakemore@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Jeffrey Stein
**Sent:** Friday, November 15, 2019 5:53 PM
**To:** Blakemore, Patrick W. ; Toscano, David B. ; Schraub, Anat Jordana ; sportnoy@gibbonslaw.com

2

**Cc:** Luke Brooks ; Ryan Llorens ; Erika Oliver ; Adam Hollander ; Brandon Grzandziel
**Subject:** Novo Nordisk - Meet and Confer re: 30(b)(6) Deposition Notice to Novo

Counsel,

I write to summarize our meet-and-confer conversation from Wednesday concerning Novo's responses and objections to the Plaintiffs' deposition notice to Novo under Rule 30(b)(6) (the "Notice").

*First*, Defendants have maintained their blanket refusal to later produce any witnesses for depositions in their individual capacity who Novo designates to testify as a corporate representative about any topic(s) in the Notice (the "Topics"). Although Plaintiffs will endeavor to work with Defendants to minimize burdens on the parties and their witnesses, Plaintiffs do not accept Defendants' blanket refusal. Among other reasons, Plaintiffs are entitled to depose witnesses in the order of their choosing, and Defendants may not unilaterally decide that witnesses will not appear for depositions later in the discovery period if they are also designated to testify as a corporate representative now. The parties agreed to table this issue, and to reassess once Defendants provide a list of anticipated designated 30(b)(6) witnesses and the topics each will cover, which they agreed to send by the end of this week (*i.e.* by today).

*Second*, the parties discussed Defendants' repeated refusal to provide testimony concerning the identities and job responsibilities of employees involved with certain groups, statements, reports, processes, and/or trackers (Topics 2, 7-11, 16, 21, 23). Defendants expressed concern about whether a 30(b)(6) witness could fairly be prepared to testify concerning exhaustive lists of relevant employees. Plaintiffs clarified that we do not seek exhaustive lists at deposition, but expect Novo's designated witnesses to be prepared to discuss the group of individuals primarily responsible for each Topic and the roles those individuals played. Defendants maintained their refusal to prepare witnesses to testify concerning the individuals involved with the noticed topics, but represented that the designated witnesses on those topics would be prepared to testify concerning the individuals with primary responsibility.

If Defendants still believe the designated witnesses cannot provide accurate testimony regarding the individuals with primary responsibility for each Topic, then Novo should provide a written response in advance of the deposition or use a memory aid during the deposition to fulfill its obligation to provide testimony on behalf of the Company.

*Third*, the parties addressed Defendants' refusal to prepare a witness to testify concerning Topics 25 and 31, which seek testimony about Novo's investigations concerning Tresiba, pricing, and forecasts. Defendants objected to subtopic (b) of those Topics, which seeks testimony concerning "the person(s) targeted or suspected of wrongdoing." Although Plaintiffs agreed to strike subtopic (b) from those Topics, Defendants maintained their refusal to prepare and produce a corporate designee, and claimed that they did not understand the meaning of "investigations" in the context of the Topics, or how the Topics differ from other Topics seeking general information about Tresiba, pricing, and forecasts. Plaintiffs explained that "investigations" has the same meaning as in Plaintiffs' Request for Production 23 ("RFP 23"), which the parties have discussed for months and which encompasses Defendants' audits and internal assessments of issues concerning Tresiba, pricing, and forecasts.

When we last discussed RFP 23 in June, Defendants committed to produce Executive Management materials that concern high-level investigations. If Defendants have produced these materials, please identify them by Bates number, and Plaintiffs will consider whether Topics 25 and 31 can be revised in light of the information in those documents.

Although Defendants maintained their refusal to prepare a witness to testify concerning Topics 25 and 31, they represented that the witnesses they otherwise designate to testify on Novo's behalf will be prepared to testify about any relevant issues concerning Tresiba, pricing, and forecasting, including internal audits and assessments.

*Fourth*, regarding Topic 2, Defendants clarified that they will designate and prepare a witness to testify on behalf of Novo concerning the group listed in subtopic (xiii), the "Pre-Pricing Committee." Defendants represented that although the terms "Brand", "Global Pricing" and "Managed Markets" (subtopics (i), (vii), and (viii)) refer to segments of Novo's business, those segments are not defined groups about which a witness could be prepared to testify. Plaintiffs agreed to consider providing Defendants with documents from Defendants' productions concerning those business segments, which Defendants agreed to consider to determine whether a witness could be prepared to provide responsive testimony.

*Finally*, the parties discussed Defendants' objections to Topic 12, which seeks testimony concerning outside consultants that Defendants retained concerning relevant topics during the Class Period. Defendants agreed to provide testimony concerning only the three consultants identified in their interrogatory responses: CRA, ZS Associates, and IQVIA. Plaintiffs asked Defendants to also provide testimony concerning the fourth enumerated consultant, Analysis Group. Defendants agreed to consider this consultant and get back to us. Plaintiffs also requested that Defendants designate and prepare a witness to provide testimony about any other consultants that addressed forecasts, guidance, or pricing, and explained that Plaintiffs were unable to provide a complete list of such consultants given Defendants' failure to accurately or completely respond to Plaintiffs' interrogatory requesting that list. For example, Defendants' document production revealed that Novo engaged Ernst & Young ("EY") to analyze Novo's forecasting processes, but Defendants failed to identify EY in their interrogatory response. As a result, Plaintiffs have only recently issued a subpoena for documents to EY. Defendants demanded that Plaintiffs provide a finite list of consultants, but Plaintiffs are unable to do so, given that Defendants—not Plaintiffs—possess the information. Defendants maintained their objections to Topic 12, but represented that they will designate and prepare a witness to testify concerning relevant consulting engagements.

Plaintiffs request that Defendants supplement their interrogatory responses by *December 6, 2019* with a complete list of consultants who Novo engaged during the Class Period in connection with forecasts, guidance, or pricing, after which Plaintiffs will consider whether Topic 12 can be revised in light of that complete list.

Regards,

**Jeffrey J. Stein**

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as**

```
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.
```

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**