UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re Novo Nordisk Securities Litigation | Master File No.: 3:17-cv-0209 (ZNQ)(LHG) <br><br> **ORDER GRANTING THE ADMISSION *PRO HAC VICE* OF JONATHAN L. GOLDSMITH** |

**THIS MATTER** having been brought before the Court by Defendants Novo Nordisk A/S, Lars Rebien Sørensen, Jesper Brangaard and Jakob Riis ("Defendants"), seeking permission for the admission of Jonathan L. Goldsmith, Esq., *pro hac vice* in the within case pursuant to Local Civil Rule 101.1(c); and Plaintiffs having consented to this application; and for other good cause having been shown;

**IT IS** on this 8th day of July, 2021:

**ORDERED** that Defendants' application for an Order granting Jonathan L. Goldsmith, Esq., admission *pro hac vice* in this matter shall be and hereby is granted; and

**IT IS FURTHER ORDERED** that Jonathan L. Goldsmith, Esq., of the firm Davis Polk & Wardwell LLP is hereby granted admission *pro hac vice* for the purpose of appearing in this matter pursuant to Local Civil Rule 101.1(c); and

**IT IS FURTHER ORDERED** that Jonathan L. Goldsmith, Esq. is hereby required to abide by the Rules of Disciplinary Enforcement and the Local Civil Rules of the District of New Jersey; and

**IT IS FURTHER ORDERED** that Jonathan L. Goldsmith, Esq. shall notify the Court immediately of any matter affecting his standing at the bar of any other court; and

**IT IS FURTHER ORDERED** that all pleadings, briefs and other papers filed with the Court on behalf of Defendants shall be signed by an attorney at law employed by the law firm of

2902912.1 107916-94902

Gibbons P.C., said attorney being authorized to practice in the United States District Court for the District of New Jersey, who shall be held responsible for them and for the conduct of the matter and of Jonathan L. Goldsmith, Esq.; and

**IT IS FURTHER ORDERED** that pursuant to Local Civil Rule 101.1(c)(2), a copy of this Order shall be forwarded to the Treasurer of the New Jersey Lawyers' Fund for Client Protection. Jonathan L. Goldsmith, Esq. shall make payment, or cause payment to be made, to the New Jersey Lawyers' Fund for Client Protection as provided in New Jersey Court Rule 1:28-2(a) within 30 days of the entry of this order for this calendar year (if such payment for this year has not already been made) and shall continue to make payment, or cause payment to be made, for each calendar year in which he continues to represent any Defendant before this Court; and

**IT IS FURTHER ORDERED** that pursuant to Local Civil Rule 101.1(c)(3), Jonathan L. Goldsmith, Esq., shall make payment of $150.00, or cause payment of $150.00 to be made, to the Clerk of the United States District Court for the District of New Jersey.

_____
Hon. Lois H. Goodman, U.S.M.J.