ROSELLI GRIEGEL LOZIER & LAZZARO, PC

*Attorneys at Law*

1337 Highway 33 • Hamilton Square, NJ 08690
Phone (609) 586-2257 • Fax (609) 586-2476

September 10, 2021

United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re:   *Lehigh County Employees Retirement System v. Novo Nordisk A/S*,
        No. 3:17-cv-00209 (ZNQ)(LHG)

Dear Judge Goodman:

The September 3, 2021 letter request by California State Teachers Retirement System ("CalSTRS") sought *attorneys-eyes-only* access to the unredacted and proposed redacted summary judgment papers in this case for the limited purpose of opposing the Joint Motion to Seal [Dkt. No. 293 (the "Joint Motion")] on a more fully developed record. [Dkt. Nos. 295, 296]. CalSTRS had every right to appear through counsel, Fed. R. Civ. P. 23(c)(2)(B)(iv), and to ask the Court to consider its concerns as an absent class member Fed. R. Civ. P. 23(d)(1)(B)(iii) to assert its reasonable common law right of access to summary judgment moving papers. *Bank of Am. Nat. Tr. & Sav. Assoc. v. Hotel Rittenhouse Assocs.*, 800 F.3d 339, 346 (3d Cir. 1986). In its opposition, Novo Nordisk A/S ("NNAS") does not contest CalSTRS right to seek this information or even address the request for *attorneys-eyes-only* copies. [Dkt. No. 297]. The Court should grant CalSTRS's limited request as unopposed and CalSTRS welcomes an additional restriction that, after CalSTRS' opposition to the Joint Motion is filed, it will instruct counsel to destroy all copies of the summary judgment papers and file a certification of destruction with the Court by ECF.

Moreover, NNAS does not dispute CalSTRS's fundamental premise its request: that the Joint Motion is incomprehensible without context, which is antithetical to the public interest. *Hotel Rittenhouse*, 800 F.3d at 345. Indeed, NNAS does not contend that, on the Joint Motion's face, CalSTRS or anyone else in the public could understand the proposed redactions or why the specific information should be shielded from public view. Instead, NNAS argues that CalSTRS's and the public's interests in disclosure of the summary judgment papers are adequately protected by lead plaintiffs' opposition to the Joint Motion [Dkt. No. 297 at 3]. That rings hollow given NNAS's argument in the Joint Motion attacking lead plaintiffs for failing to oppose the proposed redactions "on a row-by-row basis . . . ." [Dkt. No. 293 at 6]. By its letter request, CalSTRS wants the ability to provide the Court with the meaningful detailed objections that Defendants contend are required and CalSTRS should be permitted to do so through the provision of the requested materials on an *attorneys-eyes-only*.

NNAS's argument about "cloned" and "piggy-back" discovery is a red-herring.  While CalSTRS informally sought and was denied production of *all* the depositions taken in this case as part of the 1782 Action,[1] CalSTRS now seeks only to have its counsel see the summary judgment briefs and evidence so it may be heard on the Joint Motion, which is not "cloned" or "piggy-back" discovery.  Moreover, to the extent the Court rejects some or all NNAS's proposed redactions and the summary judgment papers become public records, that is not "cloned" or "piggy-back" discovery either.  Accordingly, the Court should order the parties to provide CalSTRS's counsel with unredacted and proposed redacted summary judgment papers on *attorneys-eyes-only* basis for the limited purpose of opposing the Joint Motion,

Respectfully submitted,

/s/ Steven Griegel

Steven Griegel

cc:     Via ECF

---

[1]      *In re Application of Cal. State Teachers Ret. Sys. for an Order Pursuant to 28 U.S.C. 1782, Granting Leave to Obtain Discovery for Use in a Foreign Proceeding,* 3:19-cv-16458 (FLW)(DEA) (Jan. 26, 2021) (a copy is attached to NNAS's opposition [Dkt. No. 297]).