# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE NOVO NORDISK<br>SECURITIES LITIGATION | No. 3:17-cv-209-ZNQ-LHG |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of November 23, 2021 (the "Stipulation"), is entered into between (a) co-lead plaintiffs and class representatives Lehigh County Employees' Retirement System ("Lehigh County"), Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters"), Boston Retirement System ("Boston"), Employees' Pension Plan of the City of Clearwater ("Clearwater"), and Central States, Southeast and Southwest Areas Pension Fund ("Central States") (collectively, "Lead Plaintiffs"), on behalf of themselves and the plaintiff class certified by the Court (the "Class," as defined in ¶1(h) below); and (b) defendant Novo Nordisk A/S ("Novo Nordisk" or the "Company") and defendants Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis (collectively, the "Individual Defendants," and together with Novo Nordisk, "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against Defendants.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶1 herein.

WHEREAS:

A.    Beginning on or about January 11, 2017, three related securities class actions brought on behalf of investors in the American Depositary Receipts ("ADRs") of Novo Nordisk, *Lehigh County Employees' Retirement System v. Novo Nordisk A/S*, No. 3:17-cv-00209, *Zuk v. Novo Nordisk A/S*, No. 3:17-cv-00358, and *Zaleski v. Novo Nordisk A/S*, No. 3:17-cv-00506, were filed in the United States District Court for the District of New Jersey (the "Court").

B.    On June 1, 2017, the Court entered an Order that, among other things, appointed Lehigh County, Oklahoma Firefighters, Boston, Clearwater, and Central States as Lead Plaintiffs for the putative class pursuant to the Private Securities Litigation Reform Act of 1995; approved Lehigh County's, Oklahoma Firefighters', Boston's, and Clearwater's selection of Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") and Central States' selection of Robbins Geller Rudman & Dowd LLP ("RGR&D") as co-"Lead Counsel" for the class; appointed Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. ("Carella Byrne"), Seeger Weiss LLP ("Seeger Weiss"), and Saxena White P.A. to an Executive Committee to represent the class, with Carella Byrne and Seeger Weiss also appointed as "Co-Liaison Counsel" for the class; and ordered that any subsequently filed, removed, or transferred actions related to the claims asserted in the actions be consolidated for all purposes as *In re Novo Nordisk Securities Litigation*, Master File No. 3:17-cv-209 (as previously defined, the "Action") (ECF No. 42).

C.    On August 4, 2017, Lead Plaintiffs filed the Amended Complaint (as defined in ¶1(l) below) (ECF No. 71). The Amended Complaint asserts claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. Among other things, the Amended Complaint alleges that, during the Class Period

- 2 -

(as defined in ¶1(k) below), Defendants made a series of material misstatements and omissions by, among other things, allegedly misrepresenting and failing to disclose Novo Nordisk's true exposure to market pressures in the United States that affected the pricing and profitability of Novo Noridsk's diabetes-drug portfolio, the prospects of Novo Nordisk's insulin drug Tresiba® to drive Novo Nordisk's growth, and Novo Nordisk's inability to meet certain financial targets, which caused Novo Nordisk's ADRs to allegedly trade at artificially inflated prices during the Class Period. The Amended Complaint further alleges that the price of Novo Nordisk ADRs declined when the true facts concerning Defendants' alleged misrepresentations and omissions were revealed, resulting in financial losses to those who purchased Novo Nordisk ADRs at the inflated prices.

D.      On August 28, 2017, upon the joint application of the parties, the Court appointed the Honorable Layn R. Phillips of Phillips ADR ("Judge Phillips") as mediator for the Action (ECF No. 79).

E.      On October 3, 2017, Defendants filed their motion to dismiss the Amended Complaint ("Motion to Dismiss") (ECF No. 81). On November 17, 2017, Lead Plaintiffs filed their memorandum of law in opposition to Defendants' Motion to Dismiss and, on December 18, 2017, Defendants filed their reply memorandum of law (ECF Nos. 87, 91).

F.      On July 25, 2018, the Court held oral argument on Defendants' Motion to Dismiss (ECF No. 96).

G.      On August 16, 2018, the Court issued an Opinion and accompanying Order denying Defendants' Motion to Dismiss in its entirety (ECF No. 99).

4870-8598-9380.v1

H.      On September 13, 2018, upon the joint application of the parties, the Court appointed Judge Harry G. Carroll (Ret.) to assist lead mediator Judge Phillips in the mediation of the Action (ECF No. 110).

I.      On October 1, 2018, Defendants filed their Answer to the Amended Complaint (ECF No. 112).

J.      On April 1, 2019, Lead Plaintiffs filed a motion for class certification ("Class Certification Motion") (ECF No. 136).  The parties produced documents, deposed each other's experts, and filed their opposition and reply briefs regarding Lead Plaintiffs' Class Certification Motion.  The parties also fully briefed Defendants' motion to exclude the expert report of Lead Plaintiffs' damages expert ("Motion to Exclude Expert Report").

K.      On January 31, 2020, the Court issued an Opinion and accompanying Order granting Lead Plaintiffs' Class Certification Motion and denying Defendants' Motion to Exclude Expert Report (ECF Nos. 181, 182).  The Court's January 31, 2020 Order certified the Class (as defined in ¶1(h) below), appointed Lead Plaintiffs as "Class Representatives," and appointed BLB&G and RGR&D as class counsel.

L.      On July 20, 2020, the Court entered an Order granting Lead Plaintiffs' unopposed motion to approve the form and manner of providing notice to potential Class Members (the "Class Notice") to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; (iii) their right to request to be excluded from the Class; (iv) the effect of remaining in the Class or requesting exclusion; and (v) the requirements for requesting exclusion (the "Class Notice Order") (ECF No. 192).

4870-8598-9380.v1

M.      Pursuant to the Class Notice Order, the Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the deadline and procedures for doing so. The Class Notice informed Class Members that they will not have another opportunity to exclude themselves or otherwise opt out of the Action. The Class Notice also informed Class Members that if they chose to stay in the lawsuit as a member of the Class, they would "be bound by all orders, judgments and decisions of the District Court, whether favorable or unfavorable to the Class." In addition, the Class Notice informed Class Members that "if you do nothing now and stay in the lawsuit, you will give up your rights to sue Defendants separately in another lawsuit regarding legal claims that are, or could have been, part of this lawsuit, and your rights to recover in other lawsuits involving Defendants may be impacted. You also may forgo your right to pursue claims based on alternative legal theories in favor of the theories being pursued in this case. You waive your right to bring a separate lawsuit if you do not exclude yourself from this case." The Class Notice further explained that "Class Members will not have another opportunity to exclude themselves or otherwise opt out of [the Action]."

N.      The deadline for requesting exclusion from the Class pursuant to the Class Notice was October 13, 2020. Attached hereto as Appendix 1 is a list of the persons and entities who requested exclusion pursuant to the Class Notice. Appendix 1 includes those persons and entities who requested exclusion from the Class that were listed in Exhibit C to the Declaration of Luiggy Segura filed with the Court on October 28, 2020 (*see* ECF No. 223) and one additional individual who requested exclusion from the Class in a letter received on November 4, 2020.

O.      Expert discovery commenced in November 2020. Lead Plaintiffs served opening, rebuttal, and/or reply reports from a total of four individuals in the fields of pharmaceutical pricing and markets, Tresiba®'s clinical profile, accounting, regulatory disclosure requirements under the

- 5 -

U.S. federal securities laws, and damages.  Defendants served opening, rebuttal, and/or reply reports from a total of six individuals in those fields.  Before expert discovery closed in March 2021, the parties deposed all ten individuals who had submitted reports in this case.

P.     On April 20, 2021, Defendants served Lead Plaintiffs with their motion for summary judgment.  The parties fully briefed and filed summary judgment by July 12, 2021, which included 161-pages of briefs, 1,270 pages of factual statements under District of New Jersey Local Civil Rule 56.1, and thousands of pages of exhibits (ECF Nos. 267-289).

Q.     Throughout the litigation of this case, between January 2019 and February 2021, the parties produced approximately 1.8 million documents totaling nearly 5 million pages, conducted depositions of 42 fact witnesses, served and responded to interrogatories and requests for admission.  The parties additionally served subpoenas on 19 third parties, which produced approximately 85,000 documents totaling over 850,000 pages.  The parties exchanged numerous letters with each other and with third parties, including concerning multiple disputed discovery issues.  The parties concluded fact discovery in February 2021.

R.     The parties mediated with Judge Phillips on November 19, 2018 and April 24, 2020.  Following those two mediations, a third mediation session before Judge Phillips was held on September 2, 2021.  In advance of that mediation session, the parties exchanged initial and responsive mediation statements.  The parties were unable to agree to settlement terms on September 2, 2021.

S.     Following the September 2, 2021 mediation session, the parties continued negotiations with the assistance of Judge Phillips and in response to a mediator's recommendation from him, reached an agreement in principle to settle the Action that was memorialized in a term sheet (the "Term Sheet") executed on September 24, 2021.  The Term Sheet sets forth, among

- 6 -

other things, the parties' agreement to settle and release all claims against Defendants in return for a cash payment by or on behalf of Defendants of $100,000,000 (United States Dollars) in cash for the benefit of the Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

T.      This Stipulation (together with the exhibits hereto and the Supplemental Agreement, as defined herein) reflects the final and binding agreement between the Parties and supersedes the Term Sheet.

U.      Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

V.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of, any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiffs have

asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants specifically deny that they made any misstatements or omissions, including related to Novo Nordisk's exposure to market pressures in the United States, the pricing and profitability of Novo Nordisk's diabetes product portfolio, Novo Nordisk's insulin product Tresiba® and its ability to drive Novo Nordisk's sales and profit growth, and Novo Nordisk's ability to meet its guidance or financial targets. Defendants also deny that Novo Nordisk, any of the Individual Defendants, or any other agent of Novo Nordisk acted with the requisite intent to commit a violation of the securities laws. Defendants further deny that the price of Novo Nordisk's ADRs was artificially inflated during the Class Period or that the financial losses of individuals or entities that purchased Novo Nordisk's ADRs were caused by the revelation of any information that Novo Nordisk had allegedly previously not disclosed or misrepresented. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Lead Plaintiffs of, any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

- 8 -

## DEFINITIONS

1.        As used in this Stipulation, any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)        "Action" means the consolidated securities class action styled *In re Novo Nordisk Securities Litigation*, No. 3:17-cv-209-ZNQ-LHG, and includes all actions consolidated therein.

(b)        "Alternate Judgment" means a form of final judgment that may be entered by the Court herein that is substantially in the form of the Judgment provided for in this Stipulation, or one that is acceptable to all settling Parties.

(c)        "Authorized Claimant" means a Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)        "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e)        "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)        "Claimant" means a person or entity who or that submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)        "Claims Administrator" means the administrator retained by Lead Counsel, subject to the approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(h)        "Class" means the class certified by the Court's Order dated January 31, 2020 (ECF No. 181).  Specifically, the Class includes all persons or entities who purchased the

ADRs of Novo Nordisk between February 3, 2015 and February 2, 2017, inclusive, and who were damaged thereby. Excluded from the Class are: (i) Novo Nordisk; (ii) any directors and officers of Novo Nordisk during the Class Period and members of their immediate families; (iii) the subsidiaries, parents, and affiliates of Novo Nordisk; (iv) any firm, trust, corporation, or other entity in which Novo Nordisk has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded persons or entities. Also excluded from the Class are (i) the persons and entities listed in Appendix 1 to this Stipulation who requested exclusion from the Class in connection with the Class Notice; and (ii) if, and only if, the Court requires an additional opportunity for Class Members to request exclusion from the Class, any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Settlement Notice.

(i)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)     "Class Member" means each person and entity who or that is a member of the Class.

(k)     "Class Period" means the period between February 3, 2015 and February 2, 2017, inclusive.

(l)     "Complaint" or "Amended Complaint" means the Consolidated Amended Class Action Complaint filed by Lead Plaintiffs in the Action on August 4, 2017 (ECF No. 71).

(m)     "Court" means the United States District Court for the District of New Jersey.

(n)     "Defendants" means Novo Nordisk and the Individual Defendants.

- 10 -

(o)    "Defendants' Counsel" means Davis Polk & Wardwell LLP and Gibbons P.C.

(p)    "Defendants' Releasees" means Defendants and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such.

(q)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶31 of this Stipulation have been met and have occurred or have been waived.

(r)    "Escrow Account" means an account maintained at Citibank, N.A. wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(s)    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and Bernstein Litowitz Berger & Grossmann LLP, and their respective successor(s).

(t)    "Excluded Defendants' Claims" means any of the following claims: (i) claims relating to the enforcement of the Settlement; (ii) claims against the persons and entities who submitted a request for exclusion from the Class in connection with the Class Notice (as set forth in Appendix 1 hereto); or (iii) if, and only if, the Court requires an additional opportunity for Class Members to request exclusion from the Class with respect to the Settlement, claims against any persons or entities who submit a request for exclusion from the Class in connection with the Settlement Notice.

(u)    "Excluded Plaintiffs' Claims" means any of the following claims: (i) any claims asserted in any ERISA, derivative, or consumer action, including, without limitation, the claims asserted in *In re Insulin Pricing Litig.*, No. 17-cv-699 (D.N.J.), *Johnson v. OptumRx, et al.*,

- 11 -

No. 17-cv-07198 (D.N.J.), *Sanofi-Aventis U.S. LLC v. Novo Nordisk Inc.*, No. 16-cv-9466 (D.N.J.), *Bewley v. CVS Health Corp.*, No. 17-cv-12031 (D.N.J.), or *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC*, No. 18-cv-2211 (D.N.J.), or any cases consolidated into those actions; (ii) any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the wrongful conduct alleged in the Action, including, without limitation, the claims asserted in *State of Minnesota v. Sanofi-Aventis U.S., LLC, et al.*, No. 18-cv-14999 (D.N.J.); (iii) any claims relating to the enforcement of the Settlement; (iv) claims of the persons and entities who submitted a request for exclusion from the Class in connection with the Class Notice (as set forth in Appendix 1 hereto); or (v) if, and only if, the Court requires an additional opportunity for Class Members to request exclusion from the Class with respect to the Settlement, claims of any persons or entities who submit a request for exclusion from the Class in connection with the Settlement Notice.

(v)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the Plan of Allocation of Settlement proceeds (as

submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(w)    "Individual Defendants" means Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis.

(x)    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(y)    "Lead Counsel" means Bernstein Litowitz Berger & Grossmann LLP and Robbins Geller Rudman & Dowd LLP.

(z)    "Lead Plaintiffs" means Lehigh County Employees' Retirement System, Oklahoma Firefighters Pension and Retirement System, Boston Retirement System, Employees' Pension Plan of the City of Clearwater, and Central States, Southeast and Southwest Areas Pension Fund.

(aa)   "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Class), for which Lead Counsel intend to apply to the Court for payment from the Settlement Fund.

(bb)   "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(cc)   "Notice Administrator" means the administrator, JND Legal Administration, previously retained by Lead Counsel on behalf of the Class and approved by the

4870-8598-9380.v1

Court in the Class Notice Order to supervise and administer the distribution of the Class Notice and receive and process requests for exclusion from the Class.

(dd) "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Class (including, but not limited to, the costs associated with the Class Notice and the Settlement Notice); and (ii) administering the Settlement, including, but not limited to. the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(ee) "Novo Nordisk" or the "Company" means Novo Nordisk A/S.

(ff) "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Class.

(gg) "Plaintiffs' Counsel" means Lead Counsel; Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.; Seeger Weiss LLP; and Saxena White P.A.

(hh) "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, all other Class Members, and Plaintiffs' Counsel, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such.

(ii) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Settlement Notice or such other plan of allocation that is approved by the Court.

(jj)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(kk)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended.

(ll)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(mm)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, based on, arising out of, or in connection with the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.   Released Defendants' Claims do not include Excluded Defendants' Claims.

(nn)    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, based on, arising out of, or in connection with both: (i) the purchase of Novo Nordisk ADRs during the Class Period; and (ii) the facts, matters, statements, or omissions alleged in the Action, including, but not limited to, as alleged in the Complaint. Released Plaintiffs' Claims do not include Excluded Plaintiffs' Claims.

4870-8598-9380.v1

(oo)    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(pp)    "Releases" means the releases set forth in ¶¶4-5 of this Stipulation.

(qq)    "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(rr)    "Settlement Amount" means One Hundred Million United States Dollars ($100,000,000.00) in cash.

(ss)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(tt)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(uu)    "Settlement Notice" means the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Class Members.

(vv)    "Summary Settlement Notice" means the Summary Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(ww)    "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount

of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(xx)    "Unknown Claims" means any Released Plaintiffs' Claims that Lead Plaintiffs or any other Class Member do not know or suspect to exist in his, her, their, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, them, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.    Promptly upon execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the

- 17 -

Class, and the scheduling of a hearing for consideration of final approval of the Settlement, and Defendants will not oppose the requested relief.  Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

3.      The obligations incurred pursuant to this Stipulation are in consideration of:  (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

4.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Plaintiffs' Claims against any of the Defendants' Releasees, whether or not such Plaintiffs' Releasee executes and delivers the Claim Form or shares in the Net Settlement Fund.  This Release shall not apply to any of the Excluded Plaintiffs' Claims.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved,

- 18 -

relinquished, waived, and discharged any and all Released Defendants' Claims against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any of the Excluded Defendants' Claims.

6.      Notwithstanding ¶¶4-5 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

7.      In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account within thirty (30) calendar days of the Court's decision granting preliminary approval to the Settlement.

## USE OF SETTLEMENT FUND

8.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶17-29 below.

9.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the

Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.

10.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and that Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation §1.468B-3(e). Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation §1.468B-1(j), to cause the Qualified

- 20 -

Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

11.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

12.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or that paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claims submitted, the collective amount of Recognized Claims (as defined under the Plan of Allocation) of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

13.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay up to $500,000 from the Settlement Fund, without further approval from Defendants or further order of the Court, for Notice and Administration Costs actually incurred and paid or payable. Following the Effective Date, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further of the Court, all Notice and Administration Costs exceeding $500,000. The Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Class Notice and Settlement

- 21 -

Notice, publishing the Summary Settlement Notice, reimbursements to nominee owners for forwarding the Class Notice or Settlement Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or that paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

14.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Class, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

15.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or the Supplemental Agreement, or if, as a result of any appeal or further proceedings on remand, or successful

collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

16.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner that they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

17.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of the Notice Administrator as the Claims Administrator. The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims

process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Class Members, or Lead Counsel in connection with the foregoing.   Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

18.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Settlement Notice and Proof of Claim Form to all persons or entities who were previously mailed copies of the Class Notices and any other potential Class Members who may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Settlement Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

19.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. §1715 *et seq.* ("CAFA").  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.   At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).  The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

20.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation

- 24 -

set forth in the Settlement Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

21.     The Plan of Allocation proposed in the Settlement Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any of the other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

22.     Any Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

23.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, nor any of the other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment.  Lead Counsel shall have the right, but not the

obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

24.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Settlement Notice.  Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator.  Notwithstanding the

foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any Class Member by reason or exercise or non-exercise of such discretion;

      (c)    Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

      (d)    Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

      (e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review

thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

25.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

26.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

27.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

4870-8598-9380.v1

28.    No person or entity shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Plaintiffs' Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

29.    All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

30.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF
## DISAPPROVAL, CANCELLATION OR TERMINATION

31.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

4870-8598-9380.v1

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶2 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶7 above;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation or the Supplemental Agreement;

(d)     Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

32.     Upon the occurrence of all of the events referenced in ¶31 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

33.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

4870-8598-9380.v1

(b)     Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on September 24, 2021.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶33 and ¶¶11, 13, 15, 37 and 57, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within thirty (30) calendar days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶15 above), less any Notice and Administration Costs actually incurred, paid, or payable, and less any Taxes paid, due, or owing, shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶15 above have not been refunded to the Settlement Fund within the thirty (30) calendar days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶15 above.

34.     It is further stipulated and agreed that Defendants and Lead Plaintiffs shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the

- 31 -

Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the United States Supreme Court, and the provisions of ¶33 above shall apply.   However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation, shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

35.     In addition to the grounds set forth in ¶34 above, if, and only if, the Court requires that Class Members be given an additional opportunity to exclude themselves from the Class with respect to the Settlement, in connection with the Settlement Notice, then Defendants shall have the right to terminate the Settlement in the event that Class Members timely and validly requesting exclusion from the Class meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement.   The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and, as applicable, in the Settlement Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

36.     In addition to the grounds set forth in ¶34 above, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶7 above, by providing written notice of the election to terminate to Defendants' Counsel.

## NO ADMISSION OF WRONGDOING

37.     Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants'

4870-8598-9380.v1

Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

38.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

39.     Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

4870-8598-9380.v1

40.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶33 above and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶33 above.

41.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Judgment will contain a finding that, during the course of the Action, all Defendants and Lead Plaintiffs and their respective counsel at all times complied with the requirements of Rule of Civil Procedure 11.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Judge Phillips, and reflect that the Settlement was reached voluntarily after extensive

4870-8598-9380.v1

negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

42.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution), will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Lead Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.  The settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

43.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

44.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

45.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or

such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

46.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

47.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

48.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

49.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party may merge, consolidate, or reorganize.

50.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

51.     Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

52.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

4870-8598-9380.v1

the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

53.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

54.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

55.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Lead Plaintiffs or Lead Counsel:    Bernstein Litowitz Berger & Grossmann LLP
Attn: Salvatore J. Graziano, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
Email: Salvatore@blbglaw.com

- and -

Robbins Geller Rudman & Dowd LLP
Attn:  Luke O. Brooks, Esq.
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: (619) 231-1058

Facsimile:  (619) 231-7423
Email:  lukeb@rgrdlaw.com

If to Defendants:                    Davis Polk & Wardwell LLP
                                     Attn:  James P. Rouhandeh, Esq.
                                     450 Lexington Avenue
                                     New York, NY 10017
                                     Telephone:  (212) 450-4000
                                     Facsimile:  (212) 701-5835
                                     Email:  rouhandeh@davispolk.com

56.     Except as otherwise provided herein, each Party shall bear its own costs.

57.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.  Nothing in the Stipulation, including this provision, shall prohibit the Parties from disclosing the fact of Parties' Settlement or the dollar value of the Settlement Amount.

58.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

59.     If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself, the Parties shall submit competing versions of any relevant Settlement documentation to Judge Phillips for final determination of all open issues.

60.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

- 39 -

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of November 23, 2021.

**SEEGER WEISS LLP**

By: _____
    Christopher A. Seeger
    David R. Buchanan
    55 Challenger Road, 6th Floor
    Ridgefield Park, NJ 07660
    Telephone: 973/639-9100
    973/639-9393 (fax)

**SEEGER WEISS LLP**
Jennifer R. Scullion
100 Church Street, 8th Floor
New York, NY 10007
Telephone: 212/584-0700
212/584-0799 (fax)

**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.**
James E. Cecchi
5 Becker Farm Road
Roseland, NJ 07068
Telephone: 973/994-1700
973/994-1744 (fax)

*Co-Liaison Counsel and Executive
Committee Members for the Class*

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

By: _____
    Salvatore J. Graziano
    Katherine M. Sinderson
    Adam D. Hollander
    1251 Avenue of the Americas
    New York, NY 10020
    Telephone: (212) 554-1400
    Facsimile: (212) 554-1444

- 40 -

ROBBINS GELLER RUDMAN
& DOWD LLP

By: _____

Spencer A. Burkholz
Luke O. Brooks
Ryan A. Llorens
Jeffrey J. Stein
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
*Lead Counsel for Lead Plaintiffs
and the Class*

SAXENA WHITE P.A.
Joseph E. White, III
Brandon T. Grzandziel
Dianne M. Anderson
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: 561/394-3399
561/394-3382 (fax)

SAXENA WHITE P.A.
Steven B. Singer
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: 914/437-8551
888/631-3611 (fax)

Executive Committee Member

DAVIS POLK & WARDWELL LLP

By: _____

James P. Rouhandeh
Neal A. Potischman
Patrick W. Blakemore
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5835

Michael R. Griffinger
Samuel I. Portnoy

- 41 -

**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-5310
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545

*Counsel for Defendants*

4870-8598-9380.v1

# APPENDIX 1

| Exclusion | Name | City/State and Country | | |
|---|---|---|---|---|
| 1 | Stephen K Blehm & Valerie A Burnell-Blehm | Salem | OR | USA |
| 2 | Kathleen Kjellman | Loudon | TN | USA |
| 3 | Francisco Anzola & Libertad Anzola | Weston | FL | USA |
| 4 | Charles Robert Swartz & Carolyn K Swartz | Fallbrook | CA | USA |
| 5 | Neil C Johnson | Knoxville | TN | USA |
| 6 | Virginia A Lynd & David G Watkins TTEES, Lloyd A Lynd Jr Trust | Prairie Village | KS | USA |
| 7 | Deborah Hayes | Boulder | CO | USA |
| 8 | Mikhail Potros | Hillside | NJ | USA |
| 9 | Ann Orcutt & Dean Orcutt | Sparks | NV | USA |
| 10 | Tri-Region Investment Club | Northport | NY | USA |
| 11 | Hendrik B Helleman | Holly | MI | USA |
| 12 | Devin Bromley | Van Buren Township | MI | USA |
| 13 | Ann Alden Allen | Mattapoisett | MA | USA |
| 14 | John P Feeley (Dec'd) & Ruth G Feely | Brookhaven | PA | USA |
| 15 | Susan Peplinski Olson | Leander | TX | USA |
| 16 | Odean O Dale TTEE, Odean O Dale Trust UAD 9/26/89 FBO "Ted" Thomas E Dale | Rio Rancho | NM | USA |
| 17 | Terri L Humphries | Aurora | CO | USA |
| 18 | Ann Fothergill | Marblehead | MA | USA |
| 19 | Estate of Carmen Santen (c/o Lois McNabb) | Brook Park | OH | USA |
| 20 | Sue Kibbe | Walpole | NH | USA |
| 21 | Joan M Raupers | Greensboro | NC | USA |
| 22 | Sheila G Saul | Roanoke | VA | USA |
| 23 | Rod Ramsower | Lubbock | TX | USA |
| 24 | James E Brewster DDS | Napa | CA | USA |
| 25 | William B Atherholt | Eagle Rock | VA | USA |
| 26 | John G Keenan (Dec'd) & Alice Ernig Keenan | Westminster | MD | USA |
| 27 | Jessup MacLean Shively | Anderson | SC | USA |
| 28 | Peter M Shelton | Brentwood | CA | USA |
| 29 | William E Eubank & Suzan T Eubank | New Braunfels | TX | USA |
| 30 | Barbara A Thomas | Dallas | TX | USA |
| 31 | Frederick H Walschburger | Houston | TX | USA |
| 32 | Margaret M Mazzeo | Plainsboro | NJ | USA |
| 33 | Marjorie P Kamp | Westminster | CO | USA |
| 34 | Kim Bennett | Lawrenceville | NJ | USA |
| 35 | Marlane R Juran | Fairport | NY | USA |
| 36 | Geraldine F Motz | Ballwin | MO | USA |
| 37 | Mary Alice Hoppie Duck | Greenville | TX | USA |
| 38 | Alan Hemmingsen | Corvallis | OR | USA |
| 39 | Sarapee Udom | Albany | OR | USA |
| 40 | Lila Sajnog | Niagara | WI | USA |
| 41 | Ann Jean Carlisle | Dallas | TX | USA |
| 42 | Wengenn Chu | Orland Park | IL | USA |
| 43 | Johnnie L Sutton (Dec'd) & Betty W Maisel | Nacogdoches | TX | USA |
| 44 | Joseph F Wicker & Charlene E Wicker | Cincinnati | OH | USA |
| 45 | William D Slack | Marion | OH | USA |
| 46 | Benjamin Franklin Ventress Jr | Auburn | GA | USA |
| 47 | Patrick R Crofford | East Sandwich | MA | USA |
| 48 | Kathryn A Thomas | Wheeler | MI | USA |
| 49 | Eleanor L Lutsey | Tulsa | OK | USA |
| 50 | David M Thomas | Wheeler | MI | USA |
| 51 | M Sue Day | Owens Cross Roads | AL | USA |
| 52 | Barbara W Maddux | Edmonds | WA | USA |
| 53 | Marjorie M Robertson | Lakewood | CO | USA |
| 54 | Patrick Eaton | Newnan | GA | USA |
| 55 | Leopold Engler | Auburndale | MA | USA |
| 56 | Inge Thorn Engler | Auburndale | MA | USA |
| 57 | William R Mitchell | Kansas City | MO | USA |
| 58 | James R Duvall | Union | KY | USA |
| 59 | Darlene D Edison | Powell | OH | USA |
| 60 | Sharon L Fobert & Richard Fobert | Dallas | OR | USA |
| 61 | Dumont F Clark | Pueblo | CO | USA |
| 62 | John L Beucher | Santa Cruz | CA | USA |
| 63 | Mark Sackett (Dec'd) & Kathryne Sackett | Cincinnati | OH | USA |
| 64 | Estate of John Joseph Molloy (c/o Jane A Molloy) | Petaluma | CA | USA |
| 65 | Darla Sue Henson | Green Valley | AZ | USA |
| 66 | Martha Glossner | Leesburg | FL | USA |
| 67 | Patricia Johansmeyer | Yorktown Heights | NY | USA |
| 68 | James Stephens | Decatur | GA | USA |

| 69 | Neil V Goodwin | Wallkill | NY | USA |
|----|----------------|----------|-----|-----|
| 70 | Peter Vunovich | Bellevue | MI | USA |
| 71 | Audrey Y Ross | Youngsville | NC | USA |
| 72 | Janet M Lorenz | Philadelphia | PA | USA |
| 73 | Sarabeth Juarez | San Antonio | TX | USA |
| 74 | Aimee Sweeney | Portsmouth | RI | USA |
| 75 | Wayne Arthur Conrad | Easton | PA | USA |
| 76 | Diane Raver Braswell | Garner | NC | USA |
| 77 | Bibi Yasmin Prasad & Heeralall Prasad | Jamaica | NY | USA |
| 78 | Nandkumar S Prasad | Jamaica | NY | USA |
| 79 | Judith Hideko Suzurikawa | Honolulu | HI | USA |
| 80 | David S Harnadek | Grosse Point Farms | MI | USA |
| 81 | Robert G Jewett (Dec'd) & Patricia N Jewett | Arvada | CO | USA |
| 82 | Gun Taylor | Sun Valley | ID | USA |
| 83 | Debra Kay Palmer | Post Falls | ID | USA |
| 84 | Ira A Lutsey (Dec'd) | Tulsa | OK | USA |
| 85 | Tim Ahn | Princeton | NJ | USA |
| 86 | William Faller | Kewaunee | WI | USA |
| 87 | James W McLane | Bryn Mawr | PA | USA |
| 88 | Ramchandur Bakhtiani | Yorktown | VA | USA |
| 89 | Keith L Kennedy | Piedmont | SC | USA |
| 90 | Mary J Giambo | Murrells Inlet | SC | USA |
| 91 | Peter G Gittlen | Prospect Heights | IL | USA |
| 92 | Steven J Mancia | Yardley | PA | USA |
| 93 | Terry Jeanne Schmitz & Lawrence Edwin Johnson | Eugene | OR | USA |
| 94 | Carolyn M Ferguson | Wilsonville | OR | USA |
| 95 | Cynthia J Kolodzinski | New Hope | PA | USA |
| 96 | David G Bradshaw | Sammamish | WA | USA |
| 97 | Janet J Bradshaw | Sammamish | WA | USA |
| 98 | Ruth Middleton Mears | Huntsville | AL | USA |
| 99 | Estate of Charles G Deutermann (c/o Bonny Deutermann Moser) | Harleysville | PA | USA |
| 100 | Patricia T Green | Burr Ridge | IL | USA |
| 101 | Cheryll A Schartau | Broomfield | CO | USA |
| 102 | Valerie D Wolson | Jay | NY | USA |
| 103 | Ronald Christopher Pratt-Johnson | Moraira | | Spain |
| 104 | James A Heinz | North Las Vegas | NV | USA |
| 105 | Mark Bryant | Zurich | | Switzerland |
| 106 | Gerald L Jagrowski (Dec'd) & Barbara A Jagrowski | Melbourne | FL | USA |
| 107 | Richard H Martin | East Norriton | PA | USA |

# EXHIBIT A

Exhibit A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IN RE NOVO NORDISK
SECURITIES LITIGATION

No. 3:17-cv-209-ZNQ-LHG

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Novo Nordisk Securities Litigation*, Master File No. 3:17-cv-209-ZNQ-LHG (the "Action");

WHEREAS, by Order dated January 31, 2020 (ECF No. 182), this Court certified the Action to proceed as a class action on behalf of all persons or entities who purchased the American Depositary Receipts ("ADRs") of Novo Nordisk A/S ("Novo Nordisk") between February 3, 2015 and February 2, 2017, inclusive (the "Class Period"), and who were damaged thereby (the "Class");[1] appointed Lehigh County Employees' Retirement System, Oklahoma Firefighters Pension and Retirement System, Boston Retirement System, Employees' Pension Plan of the City of Clearwater, and Central States, Southeast and Southwest Areas Pension Fund (collectively, "Lead Plaintiffs") as Class Representatives for the Class; and appointed Bernstein Litowitz Berger & Grossmann LLP and Robbins Geller Rudman & Dowd LLP (collectively, "Lead Counsel") as Class Counsel for the Class;

---

[1]      Excluded from the Class are: (i) Novo Nordisk; (ii) any directors and officers of Novo Nordisk during the Class Period and members of their immediate families; (iii) the subsidiaries, parents, and affiliates of Novo Nordisk; (iv) any firm, trust, corporation, or other entity in which Novo Nordisk has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded persons or entities. Also excluded from the Class are the persons and entities who requested exclusion from the Class in connection with the Class Notice, as listed in Appendix 1 to the Stipulation (defined below).

4855-6018-0228.v1

WHEREAS, by Order dated July 20, 2020, the Court approved the form and manner of providing notice to potential Class Members (the "Class Notice") to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; (iii) their right to request to be excluded from the Class; (iv) the effect of remaining in the Class or requesting exclusion; and (v) the requirements for requesting exclusion (the "Class Notice Order") (ECF No. 192);

WHEREAS, pursuant to the Class Notice Order, over 350,000 copies of the Class Notice were mailed to potential Class Members and nominees (ECF No. 223);

WHEREAS, the Class Notice notified putative Class Members that (a) in order to exclude themselves from the Class, they were required to submit requests for exclusion on or before October 13, 2020, (b) "Class Members will not have another opportunity to exclude themselves or otherwise opt out of this Litigation," and (c) "IF YOU DO NOT EXCLUDE YOURSELF BY THE DEADLINE ABOVE, YOU WILL REMAIN PART OF THE CLASS AND BE BOUND BY THE ORDERS OF THE DISTRICT COURT IN THIS LAWSUIT, INCLUDING FINAL JUDGMENT," and thereby provided sufficient opportunity for those putative Class Members who wished to exclude themselves from the Class to do so;

WHEREAS, pursuant to the Class Notice, 107 persons and entities requested exclusion from the Class;[2]

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the Class, and (b) defendants Novo Nordisk, Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis (collectively, "Defendants") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement

---

[2]     A list of the persons and entities who requested exclusion pursuant to the Class Notice is attached as Appendix 1 to the Stipulation.

of Settlement dated November 23, 2021 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

WHEREAS, the Court preliminarily finds that:

(a)      the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel following mediation under the direction of an experienced mediator;

(b)      the proposed Settlement eliminates the risks to the Parties of continued litigation;

(c)      the Settlement does not provide undue preferential treatment to Class Representatives or to segments of the Class;

(d)      the Settlement does not provide excessive compensation to counsel for the Class Representatives; and

(e)      the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the proposed Settlement to the Class; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

4855-6018-0228.v1

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.    **Settlement Hearing** – The Court will hold a hearing (the "Settlement Hearing") on _____, 2022, at ___:___ __.m., either in person at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, Courtroom 7W, 402 East State Street, Trenton, NJ 08608, or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraphs 4 and 5 of this Order.

3.    The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if

4

4855-6018-0228.v1

appropriate, without further notice to the Class. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Class. Any Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the settlement website for any change in date, time, or format of the hearing.

4.     **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – JND Legal Administration ("JND") was previously retained to supervise and administer the distribution of the Class Notice and receive and process requests for exclusion from the Class. Lead Counsel is now authorized to retain JND as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a)     Beginning no later than fifteen (15) business days after the date of entry of this Order (such date that is fifteen (15) business days after the date of entry of this Order, the "Notice Date"), JND shall cause a copy of the Settlement Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Settlement Notice Packet"), to be mailed by first-class mail to all potential Class Members who were previously mailed a copy of the Class Notice;

(b)     By no later than the Notice Date, JND shall post copies of the Settlement Notice and the Claim Form on the website previously established for the Action, www.NovoNordiskSecuritiesLitigation.com;

(c)     By no later than ten (10) business days after the Notice Date, JND shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 3, to be published on one occasion in *The Wall Street Journal* and *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(d)     By no later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.     **Nominee Procedures** – In connection with the previously disseminated Class Notice, brokers and other nominees ("Nominees") who purchased Novo Nordisk ADRs during the Class Period for the beneficial interest of another were requested to either: (a) provide a list of the names and addresses of all such beneficial owners to JND; or (b) request from JND sufficient copies of the Class Notice to forward to all such beneficial owners and then forward those Class Notices to all such beneficial owners.

(a)     For Nominees who chose the first option (*i.e.*, provided a list of names and addresses of beneficial holders to JND), JND shall, by no later than the Notice Date, mail a copy of the Settlement Notice Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied.  Unless the Nominee purchased Novo Nordisk ADRs during the Class Period for beneficial owners whose names and addresses were not previously provided to JND, or is aware of a name or address change of one of its beneficial owners, such Nominees need not take any further action;

(b)     For Nominees who chose the second option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), JND shall forward the same number of Settlement Notice Packets to such Nominees no later than the Notice Date, and the Nominees shall, by no later than

seven (7) calendar days after receipt of the Settlement Notice Packets, mail the Settlement Notice Packets to their beneficial owners;

        (c)    For Nominees that purchased Novo Nordisk ADRs during the Class Period for beneficial owners whose names and addresses were not previously provided to JND or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to JND, such Nominees shall, by no later than seven (7) calendar days after receipt of the Settlement Notice Packet, provide a list of the names and addresses of all such beneficial owners to JND, or shall request from JND sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners, which the Nominee shall, within seven (7) calendar days of receipt of the Settlement Notice Packets from JND, mail to the beneficial owners; and

        (d)    Upon full and timely compliance with this Order, Nominees who mail the Settlement Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing JND with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

      6.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Settlement Notice, the Claim Form, and the Summary Settlement Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Settlement Notice and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraphs 4 and 5 of this Order (i) is the

best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended, and all other applicable law and rules, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing, and all other relevant deadlines, shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published, respectively.

7. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be received or postmarked, if mailed, no later than one hundred and twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

8.      Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9.      Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will forever be barred and enjoined from commencing, instituting, maintaining, or prosecuting any of the Released Plaintiffs' Claims against Defendants or any of the other Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 7 above.

4855-6018-0228.v1

10.     **No Second Opportunity to Request Exclusion From the Class** – In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class in connection with the Class Notice, the Court is exercising its discretion under Rule 23(e)(4) of the Federal Rules of Civil Procedure to not require a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings.

11.     **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Court and delivering a notice of appearance to Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 12 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.   Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.

12.     Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth

below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP<br>Katherine M. Sinderson, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020 | Davis Polk & Wardwell LLP<br>James P. Rouhandeh, Esq.<br>450 Lexington Avenue<br>New York, NY 10017 |
| Robbins Geller Rudman & Dowd LLP<br>Luke O. Brooks, Esq.<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101-8498 | Gibbons P.C.<br>Michael R. Griffinger, Esq.<br>One Gateway Center<br>Newark, NJ 07102-5310 |

13.    Any objections, filings, and other submissions by the objecting Class Member must identify the case name and civil action number, *In re Novo Nordisk Securities Litigation*, No. 3:17-cv-209-ZNQ-LHG, and they must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector (even if the objector is represented by counsel); (b) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (c) include documents sufficient to prove membership in the Class, including documents showing the number of Novo Nordisk ADRs that the objecting Class Member: (A) owned as of the opening of trading on February 3, 2015 and (B) purchased and/or sold during the Class Period (*i.e.*, between February 3, 2015 and February 2, 2017, inclusive), including the dates, number of Novo Nordisk ADRs, and prices of each such purchase and sale. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present

4855-6018-0228.v1

evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number. It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or video conference.

14. Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

15. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against the Defendants' Releasees.

16. **Settlement Administration Fees and Expenses** – All Notice and Administration Costs, including the reasonable costs incurred in identifying Class Members and notifying them

of the Settlement as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

17.     **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

19.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on September 24, 2021, as provided in the Stipulation.

20.     **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including

any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

14

21.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

22.     **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2021.

_____
The Honorable Zahid N. Quraishi
United States District Judge

# EXHIBIT A-1

**Exhibit A-1**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NOVO NORDISK SECURITIES LITIGATION | No. 3:17-cv-209-ZNQ-LHG |

## NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:** All persons or entities who purchased the American Depositary Receipts ("ADRs") of Novo Nordisk A/S ("Novo Nordisk" or the "Company") between February 3, 2015 and February 2, 2017, inclusive (the "Class Period"), and who were damaged thereby (the "Class")

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

NOTICE OF SETTLEMENT: This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court"). Please be advised that co-lead plaintiffs and class representatives Lehigh County Employees' Retirement System ("Lehigh County"), Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters"), Boston Retirement System ("Boston"), Employees' Pension Plan of the City of Clearwater ("Clearwater"), and Central States, Southeast and Southwest Areas Pension Fund ("Central States") (collectively, "Lead Plaintiffs"), on behalf of themselves and the Court-certified Class (as defined in ¶25 below), have reached a proposed settlement of the above-captioned securities class action ("Action") for a total of $100,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement"). The terms and provisions of the Settlement are contained in the Stipulation and Agreement of Settlement dated November 23, 2021 (the "Stipulation").[1]

This Notice is directed to you in the belief that you may be a member of the Class. If you do not meet the Class definition, or if you previously excluded yourself from the Class in connection with the Notice of Pendency of Class Action that was mailed to potential Class Members beginning in July 2020 (the "Class Notice"), this Notice does not apply to you. A list of the persons and entities who requested exclusion from the Class pursuant to the Class Notice is available at www.NovoNordiskSecuritiesLitigation.com.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's office, Novo Nordisk, the other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶6 below).**

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation. The Stipulation is available at www.NovoNordiskSecuritiesLitigation.com.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

4867-2319-4884.v2

1.   **Description of the Action and the Class:**  This Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Novo Nordisk and Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis (collectively, the "Individual Defendants," and together with Novo Nordisk, "Defendants") violated the federal securities laws by making false and misleading statements concerning Novo Nordisk's business and financial results during the Class Period.  A more detailed description of the Action is set forth in ¶¶11-24 below.  The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶25 below.

2.   **Statement of the Class's Recovery:**   Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for $100,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court.  The proposed plan of allocation (the "Plan of Allocation") is set forth in Appendix A at the end of this Notice.  The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among members of the Class.

3.   **Estimate of Average Amount of Recovery Per ADR:**  Based on Lead Plaintiffs' damages expert's estimate of the number of Novo Nordisk ADRs purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.47 per affected Novo Nordisk ADR.  Class Members should note, however, that the foregoing average recovery is only an estimate.  Some Class Members may recover more or less than the estimated amount depending on, among other factors, when and at what prices they purchased or sold their Novo Nordisk ADRs, and the total number and value of valid Claim Forms submitted.  Distributions to Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4.   **Average Amount of Damages Per ADR:**  The Parties do not agree on the average amount of damages per Novo Nordisk ADR that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants vigorously deny the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of Defendants' alleged conduct.

5.   **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute the Action.  Court-appointed Lead Counsel, Robbins Geller Rudman & Dowd LLP ("RGR&D") and Bernstein Litowitz Berger & Grossmann LLP ("BLB&G"), will apply to the Court for an immediate award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund.  In addition, Lead Counsel will apply for payment of Plaintiffs' Counsel's Litigation Expenses in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $3.3 million, which amount may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.15 per affected Novo Nordisk ADR.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

2

4867-2319-4884.v2

6.   **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the Class are represented by Luke O. Brooks, Esq. of Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101-8498, 1 (800) 449-4900, rickn@rgrdlaw.com, and Katherine M. Sinderson, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, 1 (800) 380-8496, settlements@blbglaw.com.  Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Claims Administrator at: *Novo Nordisk Securities Litigation*, c/o JND Legal Administration, P.O. Box 91154, Seattle, WA 98111, 1 (833) 674-0167, info@NovoNordiskSecuritiesLitigation.com,  www.NovoNordiskSecuritiesLitigation.com.  **Please do not contact the Court regarding this Notice.**

7.   **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery that the Settlement provides for the Class without the risk or the delays inherent in further litigation.  The substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after a contested summary judgment motion, a trial of the Action, and the likely appeals that would follow a trial.  This process would be expected to last several years.  Defendants, who deny all allegations of wrongdoing, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM *POSTMARKED* (IF MAILED), OR ONLINE, NO LATER THAN _____, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶34 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶35 below), so it is in your interest to submit a Claim Form. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member. |
| **GO TO A HEARING ON _____, 2022 AT __:___ .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | Filing a written objection and notice of intention to appear by _____, 2022 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.  In the Court's discretion, the _____, 2022 hearing may be conducted by telephone or video conference (*see* ¶53 below).  If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

3

4867-2319-4884.v2

| DO NOTHING. | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

These rights and options – and the deadlines to exercise them – are further explained in this Notice. **Please Note:** The date and time of the Settlement Hearing – currently scheduled for _____ __, 2022 at __:__ _.m. – is subject to change without further notice to the Class.  It is also within the Court's discretion to hold the hearing in person or by video or telephonic conference.  If you plan to attend the hearing, you should check the case website, www.NovoNordiskSecuritiesLitigation.com, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.

## WHAT THIS NOTICE CONTAINS

| | |
|---|---|
| Why Did I Get This Notice? | Page __ |
| What Is This Case About? | Page __ |
| How Do I Know If I Am Affected By The Settlement? Who Is Included In The Class? | Page __ |
| What Are Lead Plaintiffs' Reasons For The Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Are Class Members Affected By The Settlement? | Page __ |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Payment Are The Attorneys For The Class Seeking?  How Will The Lawyers Be Paid? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? | Page __ |
| What If I Bought ADRs On Someone Else's Behalf? | Page __ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page __ |
| Appendix A – Proposed Plan of Allocation | Page __ |

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased Novo Nordisk ADRs during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the terms of the proposed Settlement of the Action and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

4

Litigation Expenses (the "Settlement Hearing"). *See* ¶¶52-54 below for details about the Settlement Hearing, including the date and location of the hearing.

10.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still must decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.   Novo Nordisk is a pharmaceutical company that produces insulin and other diabetes-treatment drugs, and other drugs. During the Class Period, Novo Nordisk's ADRs traded on the NYSE under ticker symbol NVO.

12.   Beginning on or about January 11, 2017, several related securities class actions brought on behalf of investors in Novo Nordisk ADRs were filed in the Court. On June 1, 2017, the Court entered an Order appointing Lehigh County, Oklahoma Firefighters, Boston, Clearwater, and Central States as "Lead Plaintiffs" for the putative class, appointing BLB&G and RGR&D as co-"Lead Counsel" for the class; appointing Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. ("Carella Byrne"), Seeger Weiss LLP ("Seeger Weiss"), and Saxena White P.A. to an Executive Committee to represent the class, with Carella Byrne and Seeger Weiss also appointed as "Co-Liaison Counsel" for the class; and ordering that any subsequently filed, removed, or transferred actions related to the claims asserted in the actions be consolidated for all purposes as *In re Novo Nordisk Securities Litigation*, Master File No. 3:17-cv-209 (as previously defined, the "Action").

13.   On August 4, 2017, Lead Plaintiffs filed the operative complaint in the Action, the Consolidated Amended Class Action Complaint (the "Complaint"). The Complaint asserts claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. Among other things, the Complaint alleges that, during the Class Period, Defendants made a series of material misstatements and omissions by, among other things, allegedly misrepresenting and failing to disclose Novo Nordisk's true exposure to market pressures in the United States that affected the pricing and profitability of Novo Nordisk's diabetes-drug portfolio, the prospects of Novo Nordisk's insulin drug Tresiba® to drive Novo Nordisk's growth, and Novo Nordisk's inability to meet certain financial targets, which caused Novo Nordisk's ADRs to allegedly trade at artificially inflated prices during the Class Period. The Complaint further alleges that the price of Novo Nordisk ADRs declined when the true facts concerning Defendants' alleged misrepresentations and omissions were revealed, resulting in financial losses to those who purchased Novo Nordisk ADRs during the Class Period at the inflated prices.

14.   On October 3, 2017, Defendants filed a motion to dismiss the Complaint, which was fully briefed and argued by July 25, 2018. On August 16, 2018, the Court issued an Opinion and accompanying Order denying Defendants' motion to dismiss in its entirety.

15.   On October 1, 2018, Defendants filed their Answer to the Complaint.

16.   On April 1, 2019, Lead Plaintiffs filed a motion for class certification. Between then and March 2021, the parties produced documents, deposed fact witnesses and each other's experts, and filed their opposition and reply briefs regarding Lead Plaintiffs' class certification motion. The parties also fully briefed Defendants' motion to exclude the expert report of Lead Plaintiffs' market-efficiency expert. On January 31, 2020, the Court issued an Order certifying the Class, appointing Lead Plaintiffs as "Class Representatives" for the

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

5

4867-2319-4884.v2

certified Class, appointing BLB&G and RGR&D as "Class Counsel" for the certified Class, and denying Defendants' motion to exclude the expert report of Lead Plaintiffs' market-efficiency expert.

17.   On July 20, 2020, the Court entered an Order granting Lead Plaintiffs' unopposed motion to approve the form and manner of providing notice to potential Class Members (the "Class Notice") to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; (iii) their right to request to be excluded from the Class; (iv) the effect of remaining in the Class or requesting exclusion; and (v) the requirements for requesting exclusion. The deadline for requesting exclusion from the Class pursuant to the Class Notice was October 13, 2020. A list of the persons and entities who requested exclusion pursuant to the Class Notice is available at www.NovoNordiskSecuritiesLitigation.com.

18.   Expert discovery commenced in November 2020. Lead Plaintiffs served opening, rebuttal, and/or reply reports from a total of four individuals in the fields of pharmaceutical pricing and markets, Tresiba®'s clinical profile, accounting, regulatory disclosure requirements under the U.S. federal securities laws, and damages. Defendants served opening, rebuttal, and/or reply reports from a total of six individuals in those fields. Before expert discovery closed in March 2021, the parties deposed all ten individuals who had submitted reports in this case.

19.   Throughout the litigation of this case, between January 2019 and February 2021, the parties produced approximately 1.8 million documents totaling nearly 5 million pages, conducted depositions of 42 fact witnesses, and served and responded to interrogatories and requests for admission. The parties additionally served subpoenas on 19 third parties, which produced approximately 85,000 documents totaling over 850,000 pages. The parties exchanged numerous letters with each other and with third parties, including concerning multiple disputed discovery issues. The parties concluded fact discovery in February 2021.

20.   On April 20, 2021, Defendants served Lead Plaintiffs with their motion for summary judgment. The parties fully briefed and filed summary judgment by July 12, 2021, which included 161 pages of briefs, 1,270 pages of factual statements under District of New Jersey Local Civil Rule 56.1, and thousands of pages of exhibits.

21.   In an attempt to resolve the Action, the parties mediated with the Court-appointed mediator, the Honorable Layn R. Phillips of Phillips ADR ("Judge Phillips"), on November 19, 2018 and April 24, 2020. Following those two mediations, the parties held a third mediation session before Judge Phillips on September 2, 2021. In advance of that mediation session, the parties exchanged mediation statements. The parties were unable to agree to settlement terms on September 2, 2021.

22.   Following the September 2, 2021 mediation session, the parties continued negotiations with the assistance of Judge Phillips and, in response to a mediator's recommendation from him, reached an agreement in principle to settle the Action for $100,000,000 in cash. The parties memorialized their agreement to settle in a term sheet (the "Term Sheet") executed on September 24, 2021.

23.   After additional negotiations regarding the specific terms of their agreement, the parties entered into the Stipulation on November 23, 2021. The Stipulation, which sets forth the terms and conditions of the Settlement, can be viewed at www.NovoNordiskSecuritiesLitigation.com.

24.   On November ___, 2021, Lead Plaintiffs moved for preliminary approval of the Settlement, and on _____, 2021, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to Class Members, and scheduled the _____, 2022 Settlement Hearing to consider whether to grant final approval to the Settlement.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

6

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

25.   If you are a member of the Class, you are subject to the Settlement.  The Class means the class certified by the Court's Order dated January 31, 2020 (Docket No. 181).  The Class consists of:

> all persons or entities who purchased the ADRs of Novo Nordisk between February 3, 2015 and February 2, 2017, inclusive, and who were damaged thereby.

Excluded from the Class by definition are: (i) Novo Nordisk; (ii) any directors and officers of Novo Nordisk during the Class Period and members of their immediate families; (iii) the subsidiaries, parents, and affiliates of Novo Nordisk; (iv) any firm, trust, corporation, or other entity in which Novo Nordisk has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded persons or entities. Also excluded from the Class are all persons and entities who excluded themselves by submitting a request for exclusion from the Class pursuant to the Class Notice.  A list of all persons and entities who submitted a request for exclusion from the Class pursuant to the Class Notice is available at www.NovoNordiskSecuritiesLitigation.com.

**PLEASE NOTE:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement.**

**If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice, and the required supporting documentation as set forth in the Claim Form, *postmarked* (if mailed), or online through the case website, www.NovoNordiskSecuritiesLitigation.com, no later than _____, 2022.**

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

26.   Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through the Court's ruling on summary judgment, pre-trial motions, a trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages.  For example, with respect to establishing Defendants' liability for violations of the securities laws, Lead Plaintiffs faced risks that the Court or the jury would credit Defendants' arguments, including those set forth in their summary judgment papers, that (i) they made no misstatements or omissions, including related to Novo Nordisk's exposure to market pressures in the United States, the pricing and profitability of Novo Nordisk's diabetes portfolio, Novo Nordisk's insulin product Tresiba® and its ability to drive Novo Nordisk's sales and profit growth, and Novo Nordisk's ability to meet its guidance or financial targets, and (ii) neither any of the Defendants nor any of their agents acted with the requisite intent to commit a violation of the securities laws.

27.   Lead Plaintiffs also faced further risks relating to proof of loss causation and damages.  For example, Defendants contended in their summary judgment motion and would have argued at trial that Lead Plaintiffs could not establish a causal connection between the alleged misrepresentations and the losses investors allegedly suffered, as required by law.  Indeed, Defendants vehemently argued that Lead Plaintiffs could not prove loss causation, and damages were zero, because declines in Novo Nordisk's ADR price were caused by the materialization of risks that Defendants timely and properly disclosed to the public.  If Defendants had succeeded on one or more of their loss causation and damages arguments, even if Lead Plaintiffs had

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

4867-2319-4884.v2

established liability for their securities fraud claims, the recoverable damages could have been substantially less than the amount provided in the Settlement or even zero.

28.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $100,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, and not until after summary judgment, trial, and appeals, possibly years in the future.

29.    Defendants have vigorously denied and continue to deny each and all of the claims asserted against them in the Action and deny that the Class was harmed or suffered any damages as a result of the conduct alleged in the Action.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

30.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE SETTLEMENT?

31.    As a Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but, if you choose to do so, such counsel must file a notice of appearance on your behalf as provided in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

32.    If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

33.    If you are a Class Member, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims in the Action against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims (as defined in ¶34 below) against Defendants and the other Defendants' Releasees (as defined in ¶35 below), and will forever be barred and enjoined from prosecuting any and all Released Plaintiffs' Claims against any of the Defendants' Releasees, whether or not such Class Member executes and delivers the Claim

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

8

4867-2319-4884.v2

Form or shares in the Net Settlement Fund.  This Release will not apply to any of the Excluded Plaintiffs' Claims (as defined in ¶34 below).

34.   "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, based on, arising out of, or in connection with both: (i) the purchase of Novo Nordisk ADRs during the Class Period; and (ii) the facts, matters, statements, or omissions alleged in the Action, including, but not limited to, as alleged in the Complaint.  Released Plaintiffs' Claims do not include any of the following claims: (i) any claims asserted in any ERISA, derivative, or consumer action, including, without limitation, the claims asserted in *In re Insulin Pricing Litig.*, No. 17-cv-699 (D.N.J.), *Johnson v. OptumRx, et al.*, No. 17-cv-07198 (D.N.J.), *Sanofi-Aventis U.S. LLC v. Novo Nordisk Inc.*, No. 16-cv-9466 (D.N.J.), *Bewley v. CVS Health Corp.*, No. 17-cv-12031 (D.N.J.), or *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC*, No. 18-cv-2211 (D.N.J.), or any cases consolidated into those actions; (ii) any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the wrongful conduct alleged in the Action, including, without limitation, the claims asserted in *State of Minnesota v. Sanofi-Aventis U.S., LLC, et al.*, No. 18-cv-14999 (D.N.J.); (iii) any claims relating to the enforcement of the Settlement; or (iv) claims of the persons and entities who submitted a request for exclusion from the Class in connection with the Class Notice (as set forth in Appendix 1 to the Stipulation) ("Excluded Plaintiffs' Claims").

35.   "Defendants' Releasees" means Defendants and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such.

36.   "Unknown Claims" means any Released Plaintiffs' Claims that Lead Plaintiffs or any other Class Members do not know or suspect to exist in his, her, their, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, them, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

37.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved,

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

9

4867-2319-4884.v2

relinquished, waived, and discharged any and all Released Defendants' Claims (as defined in ¶38 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶39 below), and will forever be barred and enjoined from prosecuting any and all Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release will not apply to any of the Excluded Defendants' Claims (as defined in ¶38 below).

38.   "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, based on, arising out of, or in connection with the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include any of the following claims: (i) claims relating to the enforcement of the Settlement; or (ii) claims against the persons and entities who submitted a request for exclusion from the Class in connection with the Class Notice (as set forth in Appendix 1 to the Stipulation) ("Excluded Defendants' Claims").

39.   "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, all other Class Members, and Plaintiffs' Counsel, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

40.   To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked* (**if mailed**), **or submitted online at www.NovoNordiskSecuritiesLitigation.com, no later than _____, 2022**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.NovoNordiskSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1 (833) 674-0167 or by emailing the Claims Administrator at info@NovoNordiskSecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in Novo Nordisk ADRs, as they will be needed to document your Claim.** The Parties and Claims Administrator do not have information about your transactions in Novo Nordisk ADRs. If you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

41.   At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

42.   Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid a total of $100,000,000 in cash (the "Settlement Amount").  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

10

4867-2319-4884.v2

43.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a Plan of Allocation and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

44.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes final.  Defendants will not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

45.   Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

46.   Unless the Court otherwise orders, any Class Member who or that fails to submit a Claim Form *postmarked* (if mailed), or submitted online, on or before _____ __, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶34 above) against the Defendants' Releasees (as defined in ¶35 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

47.   Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to their transactions in Novo Nordisk ADRs held through the Employee Plan in any Claim Form that they submit in this Action.  Claims based on any Employee Plan's transactions in Novo Nordisk ADRs may be made by the plan itself.

48.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

49.   Only members of the Class will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that previously excluded themselves from the Class pursuant to request will not be eligible for a payment and should not submit Claim Forms.  The only security that is included in the Settlement is Novo Nordisk ADRs.

50.   **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs.  At the Settlement Hearing, Lead Plaintiffs will request that the Court approve the Plan of Allocation.  The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

51.   Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor have Plaintiffs' Counsel been paid for their litigation expenses.  Lead Counsel will apply to the Court for an immediate award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund to be paid at the time of award by the Court.  At the same time, Lead Counsel also intend to apply for payment of Plaintiffs' Counsel's Litigation Expenses from the Settlement Fund in an amount not to exceed $3.3 million, which amount may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

11

4867-2319-4884.v2

representation of the Class, pursuant to the PSLRA. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Any award of attorneys' fees and Litigation Expenses, including any reimbursement of costs and expenses to Lead Plaintiffs, will be paid from the Settlement Fund at the time of award by the Court and prior to allocation and payment to Authorized Claimants. *Class Members are not personally liable for any such fees or expenses.*

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

52. **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

53. <u>Please Note</u>: The date and time of the Settlement Hearing may change without further written notice to the Class. In addition, the ongoing COVID-19 health emergency is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the case website, www.NovoNordiskSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the case website, www.NovoNordiskSecuritiesLitigation.com. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information needed to access the conference will be posted to www.NovoNordiskSecuritiesLitigation.com.**

54. The Settlement Hearing will be held on _____, 2022 at __:__ _.m., before the Honorable Zahid N. Quraishi either in person at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, Courtroom 7W, 402 East State Street, Trenton, NJ 08608, or by telephone or videoconference (in the discretion of the Court). At the hearing, the Court will, among other things, (i) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) determine whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iii) determine whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) determine whether Lead Counsel's motion for attorneys' fees and Litigation Expenses (including awards to the Lead Plaintiffs) should be approved; and (v) consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or consider any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

55. Any Class Member may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. To object, you must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of New Jersey at the address set forth below, as well as serve copies on Lead Counsel and Defendants' Counsel at the addresses set forth below, *on or before* _____, *2022*.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court District of New Jersey Clarkson S. Fisher Building & U.S. Courthouse 402 East State Street, Room 2020 Trenton, NJ 08608 | Bernstein Litowitz Berger & Grossmann LLP Katherine M. Sinderson, Esq. 1251 Avenue of the Americas New York, NY 10020 | Davis Polk & Wardwell LLP James P. Rouhandeh, Esq. 450 Lexington Avenue New York, NY 10017 |
| | Robbins Geller Rudman & Dowd LLP Luke O. Brooks, Esq. 655 West Broadway, Suite 1900 San Diego, CA 92101-8498 | Gibbons P.C. Michael R. Griffinger, Esq. One Gateway Center Newark, NJ 07102-5310 |

56.    Any objections, filings, and other submissions by the objecting Class Member must identify the case name and civil action number, *In re Novo Nordisk Securities Litigation*, No. 3:17-cv-209-ZNQ-LHG, and they must (i) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector (even if the objector is represented by counsel); (ii) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (iii) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (iv) include documents sufficient to prove membership in the Class, including documents showing the number of Novo Nordisk ADRs that the objecting Class Member: (A) owned as of the opening of trading on February 3, 2015 and (B) purchased and/or sold during the Class Period (*i.e.*, between February 3, 2015 and February 2, 2017, inclusive), including the dates, number of Novo Nordisk ADRs, and prices of each such purchase and sale. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you previously excluded yourself from the Class or if you are not a member of the Class.

57.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file a written objection in accordance with the procedures described above, unless the Court orders otherwise.

58.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, assuming you timely file a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶55 above so that it is *received* on or before _____ __, **2022**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number. It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or videoconference, with or without the filing of written objections.

59.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶55 above so that the notice is *received* on or before _____ __, 2022.

60.   The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time of the hearing as stated in ¶55 above.

61.   **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

<div style="border:1px solid black; text-align:center; font-weight:bold;">WHAT IF I BOUGHT ADRs ON SOMEONE ELSE'S BEHALF?</div>

62.   **If you previously provided the names and addresses of persons and entities on whose behalf you purchased Novo Nordisk ADRs during the period between February 3, 2015 and February 2, 2017, inclusive, in connection with the Class Notice (disseminated in or around July 2020) and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator, you need do nothing further at this time.  The Claims Administrator will mail a copy of this Settlement Notice and the Claim Form (the "Settlement Notice Packet") to the beneficial owners whose names and addresses were previously provided in connection with the Class Notices.**

63.   If you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action. If you elected this option, the Claims Administrator will forward the same number of Settlement Notice Packets to you to send to the beneficial owners.  You must mail the Settlement Notice Packets to the beneficial owners no later than seven (7) calendar days after your receipt of them.

64.   If you have additional name and address information, the name and address information of certain of your beneficial owners has changed, or if you need additional copies of the Settlement Notice Packet, or have not already provided information regarding persons and entities on whose behalf you purchased Novo Nordisk ADRs during the period between February 3, 2015 and February 2, 2017, inclusive, in connection with the Class Notice, the Court has ordered that, within seven (7) calendar days of receipt of this Notice, you must either: (i) send a list of the names and addresses of such beneficial owners to the Claims Administrator at *Novo Nordisk Securities Litigation*, c/o JND Legal Administration, P.O. Box 91154, Seattle, WA 98111, in which event the Claims Administrator shall promptly mail the Settlement Notice Packet to such beneficial owners; or (ii) request from the Claims Administrator sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners, which you must then mail to the beneficial owners no later seven (7) calendar days after receipt.  As stated above, if you have already provided this information in connection with the Class Notice, unless that information has changed (*e.g.*, the beneficial owner has changed address), it is unnecessary to provide such information again.

65.   Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the case website, www.NovoNordiskSecuritiesLitigation.com, by calling the Claims

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

14

4867-2319-4884.v2

Administrator toll-free at 1 (833) 674-0167, or by emailing the Claims Administrator at info@NovoNordiskSecuritiesLitigation.com.

---

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

---

66.   This Notice contains only a summary of the terms of the proposed Settlement. For the precise terms and conditions of the Settlement or to obtain additional information, you may find the Stipulation and other relevant documents at www.NovoNordiskSecuritiesLitigation.com, by contacting Lead Counsel at the addresses below, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.njd.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, NJ 08608. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the case website, www.NovoNordiskSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Novo Nordisk Securities Litigation*
c/o JND Legal Administration
P.O. Box 91154
Seattle, WA 98111

1 (833) 674-0167
info@NovoNordiskSecuritiesLitigation.com
www.NovoNordiskSecuritiesLitigation.com

and/or

Luke O. Brooks, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498

1 (800) 449-4900
rickn@rgrdlaw.com

Katherine M. Sinderson, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020

1 (800) 380-8496
settlements@blbglaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS THIS SETTLEMENT OR THE CLAIM PROCESS.**

Dated: _____, 2021

By Order of the Court
United States District Court
District of New Jersey

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

4867-2319-4884.v2

# APPENDIX A

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

1.     As discussed above, the Settlement provides $100,000,000 in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – members of the Class who timely submit valid Claim Forms that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the settlement website: www.NovoNordiskSecuritiesLitigation.com.

2.     The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

3.     The Plan of Allocation was developed in consultation with Lead Plaintiffs' damages expert. In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the price of Novo Nordisk ADRs that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Novo Nordisk ADRs in reaction to public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market, industry, and foreign exchange forces, and for non-fraud related Company-specific information.

4.     In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Action, Lead Plaintiffs allege that corrective information (referred to as a "corrective disclosure") impacted the market price of Novo Nordisk ADRs on February 3, 2016, February 4, 2016, August 5, 2016, August 8, 2016, September 29, 2016, October 28, 2016, and February 2, 2017.

5.     In order to have a "Recognized Loss Amount" under the Plan of Allocation, Novo Nordisk ADRs must have been purchased during the Class Period and held through at least one corrective disclosure.[2]

---

[2]     Any transactions in Novo Nordisk ADR executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

6.     Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of Novo Nordisk ADRs during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero. Under the formula below, the "holding period" refers to the period in the grid in Table 1 below that matches both the period during which the ADR was purchased and the period during which the ADR was sold/retained.

7.     For each Novo Nordisk ADR purchased from February 3, 2015 through February 2, 2017, and:

(a)     Sold prior to February 3, 2016, the Recognized Loss Amount will be $0.00;

(b)     Sold from February 3, 2016 through February 1, 2017, the Recognized Loss Amount will be *the lesser of*: (i) the decline in artificial inflation during the holding period (as presented in Table 1 below) or (ii) the purchase price minus the sale price; and

(c)     Sold from February 2, 2017 through and including the close of trading on May 2, 2017, the Recognized Loss Amount will be *the least of*: (i) the decline in artificial inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between February 2, 2017 and the date of sale as stated in Table 2 below; and

(d)     Held as of the close of trading on May 2, 2017, the Recognized Loss Amount will be *the lesser of*: (i) the decline in artificial inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus $35.05, the average closing price for Novo Nordisk ADRs between February 2, 2017 and May 2, 2017 (the last entry in Table 2 below).[3]

## ADDITIONAL PROVISIONS

8.     Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶11 below) is $10.00 or greater.

9.     If a claimant has more than one purchase or sale of Novo Nordisk ADRs during the Class Period, purchases and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

---

[3]     Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Novo Nordisk ADRs during the "90-day look-back period," February 2, 2017 through and including May 2, 2017. The mean (average) closing price for Novo Nordisk ADRs during this 90-day look-back period was $35.05.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

10.   A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶7 above.

11.   The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12.   For the purposes of calculations in ¶7 above, "purchase price" means the actual price paid, excluding commissions and other charges, and "sale price" means the actual price received, not deducting commissions and other charges.

13.   Purchases and sales of Novo Nordisk ADRs will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Novo Nordisk ADRs during the Class Period will not be deemed a purchase or sale of Novo Nordisk ADRs for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase of Novo Nordisk ADRs unless: (i) the donor or decedent purchased the ADRs during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those ADRs; and (iii) it is specifically so provided in the instrument of gift or assignment.

14.   The date of covering a "short sale" is deemed to be the date of purchase of the Novo Nordisk ADR.  The date of a "short sale" is deemed to be the date of sale of the Novo Nordisk ADR.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a claimant has an opening short position in Novo Nordisk ADR, his, her, or its earliest Class Period purchases of Novo Nordisk ADRs will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

15.   Option contracts are not securities eligible to participate in the Settlement.  With respect to Novo Nordisk ADRs purchased or sold through the exercise or assignment of an option, the purchase/sale date of the Novo Nordisk ADRs is the exercise/assignment date of the option and the purchase/sale price of the Novo Nordisk ADRs is the exercise/assignment price of the option.

16.   If a claimant had a market gain with respect to his, her, or its overall transactions in Novo Nordisk ADRs during the Class Period, the value of the claimant's Recognized Claim will be zero.  If a claimant suffered an overall market loss with respect to his, her, or its overall transactions in Novo Nordisk ADRs during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss.  For purposes of determining whether a claimant had a market gain with respect to his, her, or its overall transactions in Novo Nordisk ADRs during the Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the claimant's Total Purchase Amount[4] and (ii) the sum of the claimant's Total Sales

---

[4]      The "Total Purchase Amount" will be the total amount the claimant paid (excluding commissions and other charges) for Novo Nordisk ADRs purchased during the Class Period.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

18

4867-2319-4884.v2

Proceeds[5] and Holding Value.[6]  This difference will be deemed a claimant's market gain (if the difference is a negative number or zero) or the claimant's market loss (if the difference is a positive number) with respect to his, her, or its overall transactions in Novo Nordisk ADRs during the Class Period.

17.   After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than nine (9) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

18.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

19.   The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve this Plan of Allocation as proposed or it may modify the Plan without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.NovoNordiskSecuritiesLitigation.com.

---

[5]      The Claims Administrator will match any sales of Novo Nordisk ADRs during the Class Period first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting commissions and other charges) for the remaining sales of Novo Nordisk ADRs sold during the Class Period will be the "Total Sales Proceeds."

[6]      The Claims Administrator will ascribe a "Holding Value" of $33.48 per ADR for Novo Nordisk ADRs purchased during the Class Period and still held as of the close of trading on February 2, 2017.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

19

4867-2319-4884.v2

**TABLE 1**

### Decline in Artificial Inflation Per Novo Nordisk ADR
### by Date of Purchase and Date of Sale

| Purchase Date | Sale Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 2/3/2015 - 3/25/2015 | 3/26/2015 - 2/2/2016 | 2/3/2016 | 2/4/2016 - 8/4/2016 | 8/5/2016 | 8/6/2016 - 9/28/2016 | 9/29/2016 - 10/27/2016 | 10/28/2016 - 2/1/2017 | Sold on or Retained Beyond 2/2/2017 |
| 2/3/2015 - 3/25/2015 | $0.00 | $0.00 | $0.00 | $0.86 | $6.31 | $8.54 | $9.79 | $14.92 | $18.26 |
| 3/26/2015 - 2/2/2016 | | $0.00 | $3.48 | $5.05 | $10.50 | $12.73 | $13.98 | $19.11 | $22.45 |
| 2/3/2016 | | | $0.00 | $1.57 | $7.02 | $9.25 | $10.50 | $15.63 | $18.97 |
| 2/4/2016 - 8/4/2016 | | | | $0.00 | $5.45 | $7.68 | $8.93 | $14.06 | $17.40 |
| 8/5/2016 | | | | | $0.00 | $2.23 | $3.48 | $8.61 | $11.95 |
| 8/6/2016 - 9/28/2016 | | | | | | $0.00 | $1.25 | $6.38 | $9.72 |
| 9/29/2016 - 10/27/2016 | | | | | | | $0.00 | $5.13 | $8.47 |
| 10/28/2016 - 2/1/2017 | | | | | | | | $0.00 | $3.34 |
| Purchased on or after 2/2/2017 | | | | | | | | | $0.00 |

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

20

4867-2319-4884.v2

**TABLE 2**

**90-Day Look-Back Table for Novo Nordisk ADRs**
**(Closing Price and Average Closing Price)**

| Date | Closing Price | Average Closing Price Between February 2, 2017 and Date Shown | Date | Closing Price | Average Closing Price Between February 2, 2017 and Date Shown |
|---|---|---|---|---|---|
| 2/2/2017 | $33.48 | $33.48 | 3/20/2017 | $34.23 | $34.41 |
| 2/3/2017 | $34.08 | $33.78 | 3/21/2017 | $33.68 | $34.38 |
| 2/6/2017 | $33.73 | $33.76 | 3/22/2017 | $33.90 | $34.37 |
| 2/7/2017 | $33.38 | $33.67 | 3/23/2017 | $33.15 | $34.33 |
| 2/8/2017 | $33.65 | $33.66 | 3/24/2017 | $33.54 | $34.31 |
| 2/9/2017 | $34.48 | $33.80 | 3/27/2017 | $34.18 | $34.31 |
| 2/10/2017 | $34.50 | $33.90 | 3/28/2017 | $34.11 | $34.30 |
| 2/13/2017 | $34.59 | $33.99 | 3/29/2017 | $34.19 | $34.30 |
| 2/14/2017 | $34.55 | $34.05 | 3/30/2017 | $33.79 | $34.29 |
| 2/15/2017 | $34.77 | $34.12 | 3/31/2017 | $34.28 | $34.29 |
| 2/16/2017 | $35.44 | $34.24 | 4/3/2017 | $34.36 | $34.29 |
| 2/17/2017 | $35.46 | $34.34 | 4/4/2017 | $36.05 | $34.33 |
| 2/21/2017 | $35.37 | $34.42 | 4/5/2017 | $35.69 | $34.36 |
| 2/22/2017 | $35.25 | $34.48 | 4/6/2017 | $35.36 | $34.38 |
| 2/23/2017 | $35.78 | $34.57 | 4/7/2017 | $35.40 | $34.41 |
| 2/24/2017 | $35.60 | $34.63 | 4/10/2017 | $35.85 | $34.44 |
| 2/27/2017 | $35.74 | $34.70 | 4/11/2017 | $36.02 | $34.47 |
| 2/28/2017 | $35.33 | $34.73 | 4/12/2017 | $36.15 | $34.50 |
| 3/1/2017 | $35.03 | $34.75 | 4/13/2017 | $35.75 | $34.53 |
| 3/2/2017 | $34.64 | $34.74 | 4/17/2017 | $36.09 | $34.56 |
| 3/3/2017 | $34.68 | $34.74 | 4/18/2017 | $36.19 | $34.59 |
| 3/6/2017 | $33.92 | $34.70 | 4/19/2017 | $36.31 | $34.62 |
| 3/7/2017 | $33.37 | $34.64 | 4/20/2017 | $36.40 | $34.66 |
| 3/8/2017 | $32.98 | $34.58 | 4/21/2017 | $35.88 | $34.68 |
| 3/9/2017 | $33.45 | $34.53 | 4/24/2017 | $36.54 | $34.71 |
| 3/10/2017 | $33.89 | $34.51 | 4/25/2017 | $37.08 | $34.75 |
| 3/13/2017 | $33.83 | $34.48 | 4/26/2017 | $37.36 | $34.80 |
| 3/14/2017 | $33.73 | $34.45 | 4/27/2017 | $38.78 | $34.87 |
| 3/15/2017 | $33.84 | $34.43 | 4/28/2017 | $38.68 | $34.93 |
| 3/16/2017 | $34.18 | $34.42 | 5/1/2017 | $38.30 | $34.98 |
| 3/17/2017 | $34.02 | $34.41 | 5/2/2017 | $38.93 | $35.05 |

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

# EXHIBIT A-2

**Exhibit A-2**

# PROOF OF CLAIM AND RELEASE FORM

*Novo Nordisk Securities Litigation*

**Toll-Free Number:  1 (833) 674-0167**
**Email:  info@NovoNordiskSecuritiesLitigation.com**
**Website:  www.NovoNordiskSecuritiesLitigation.com**

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online at www.NovoNordiskSecuritiesLitigation.com, with supporting documentation, *postmarked* **(if mailed) or received by no later than _____, 2022.**

|  |  |
|---|---|
| **Mail to:** | ***Novo Nordisk Securities Litigation***<br>**c/o JND Legal Administration**<br>**P.O. Box 91154**<br>**Seattle, WA 98111** |

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | ___ |
| **PART II – GENERAL INSTRUCTIONS** | ___ |
| **PART III – SCHEDULE OF TRANSACTIONS IN NOVO NORDISK AMERICAN DEPOSITARY RECEIPTS (NYSE TICKER: NVO; CUSIP 670100205)** | ___ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | ___ |

## PART I – CLAIMANT INFORMATION

Please read "Part II – General Instructions," below, before completing this "Part I - Claimant Information." The Claims Administrator will use the information provided for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name

MI

Beneficial Owner's Last Name

Joint Beneficial Owner's First Name (*if applicable*)

MI

Joint Beneficial Owner's Last Name (*if applicable*)

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City

State/Province

Zip Code

Foreign Postal Code (if applicable)

Foreign Country (if applicable)

Telephone Number (Day)

Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)   ☐ Corporation   ☐ UGMA   Custodian   ☐ IRA   ☐ Partnership

☐ Estate   ☐ Trust   ☐ Other (describe): _____

## PART II – GENERAL INSTRUCTIONS

1.    It is important that you completely read and understand the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses that accompanies this Claim Form, including the proposed Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.    This Claim Form is directed to all persons or entities who purchased the American Depositary Receipts ("ADRs") of Novo Nordisk A/S ("Novo Nordisk") between February 3, 2015 and February 2, 2017, inclusive (the "Class Period"), and who were damaged thereby (the "Class").

3.    By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A MEMBER OF THE CLASS (*see* the definition of the Class in Paragraph 25 of the Notice, which states who is included in and who is excluded from the Class), DO NOT SUBMIT A CLAIM FORM; **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.    **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.    Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in, and holdings of, Novo Nordisk ADRs. On this schedule, provide all of the requested information with respect to your holdings, purchases, and sales of Novo Nordisk ADRs (including free transfers and deliveries), whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.    You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Novo Nordisk ADRs as set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Novo Nordisk ADRs. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the**

**Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

7.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the Novo Nordisk ADRs. The complete name(s) of the beneficial owner(s) must be entered. If you held the Novo Nordisk ADRs in your own name, you were the beneficial owner as well as the record owner. If, however, your Novo Nordisk ADRs were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of the security, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

8.      **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity, including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Novo Nordisk ADRs made on behalf of a single beneficial owner.

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

   (a)      expressly state the capacity in which they are acting;

   (b)      identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Novo Nordisk ADRs; and

   (c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.      By submitting a signed Claim Form, you will be swearing that you:

   (a)      own(ed) the Novo Nordisk ADRs you have listed in the Claim Form; or

   (b)      are expressly authorized to act on behalf of the owner thereof.

11.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be

made after any appeals are resolved and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@NovoNordiskSecuritiesLitigation.com, or by toll-free phone at 1 (833) 674-0167, or you can visit the Settlement website, www.NovoNordiskSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15.     NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.NovoNordiskSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at NVOSecurities@jndla.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** The *complete* name of the beneficial owner of the securities must be entered where called for (*see* Paragraph 8 above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at NVOSecurities@jndla.com to inquire about your file and confirm it was received.**

### IMPORTANT: PLEASE NOTE

16.     **YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.   THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS OF YOUR SUBMISSION. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL FREE AT 1 (833) 674-0167.**

## PART III – SCHEDULE OF TRANSACTIONS IN NOVO NORDISK
## AMERICAN DEPOSITARY RECEIPTS

Use this section to provide information on your holdings and trading of Novo Nordisk American Depositary Receipts (NYSE Ticker Symbol: NVO; CUSIP 670100205) ("Novo Nordisk ADRs") during the requested time periods.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6 above.

| 1.  HOLDINGS AS OF FEBRUARY 3, 2015 – State the total number of Novo Nordisk ADRs held as of the opening of trading on February 3, 2015.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed |
|---|---|---|---|---|
| **2.  PURCHASES FROM FEBRUARY 3, 2015 THROUGH FEBRUARY 2, 2017** – Separately list each and every purchase (including free receipts) of Novo Nordisk ADRs from February 3, 2015 through and including February 2, 2017.  (Must be documented.) | | | | |
| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of ADRs Purchased | Purchase Price Per ADR | Total Purchase Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| **3.  PURCHASES FROM FEBRUARY 3, 2017 THROUGH MAY 2, 2017** – State the total number of Novo Nordisk ADRs purchased (including free receipts) from February 3, 2017 through and including May 2, 2017.  (Must be documented.)  If none, write "zero" or "0."[1] _____ | | | | |
| **4.  SALES FROM FEBRUARY 3, 2015 THROUGH MAY 2, 2017** – Separately list each and every sale/disposition (including free deliveries) of Novo Nordisk ADRs from February 3, 2015 through and including May 2, 2017. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of ADRs Sold | Sale Price Per ADR | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

---

[1] Information requested with respect to your purchases of Novo Nordisk ADRs from February 3, 2017 through and including May 2, 2017, is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim under the Plan of Allocation.

| /    /    | | $ | | $ | | ○ |
|-----------|---|---|---|---|---|---|

**5. HOLDINGS AS OF MAY 2, 2017** – State the total number of Novo Nordisk ADRs held as of the close of trading on May 2, 2017.  (Must be documented.)  If none, write "zero" or "0."

Confirm Proof of Position Enclosed

○

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

## YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [___] OF THIS CLAIM FORM.

I (We) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the Claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Plaintiffs' Claims against any of the Defendants' Releasees, whether or not such Class Member executes and delivers the Claim Form or shares in the Net Settlement Fund.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3.      that I (we) own(ed) the Novo Nordisk ADRs identified in the Claim Form and have not assigned the Claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the Claimant(s) has (have) not submitted any other Claim covering the same purchases of Novo Nordisk ADRs and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

7.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

8.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9. that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the Claimant(s) is (are) exempt from backup withholding or (ii) the Claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the Claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE

_____
Signature of Claimant                                              Date

_____
Print Claimant name here

_____
Signature of joint Claimant, if any                          Date

_____
Print joint Claimant name here

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____
Signature of person signing on behalf of Claimant     Date

_____
Print name of person signing on behalf of Claimant here

_____
Capacity of person signing on behalf of Claimant, if other than an individual, e.g., executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of Claimant – see Paragraph 9 on page [__] of this Claim Form.)

**REMINDER CHECKLIST:**

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your Claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1 (833) 674-0167.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@NovoNordiskSecuritiesLitigation.com, or by toll-free phone at 1 (833) 674-0167, or you may visit www.NovoNordiskSecuritiesLitigation.com.  DO NOT call Novo Nordisk or its counsel with questions regarding your Claim.


THIS CLAIM FORM MUST BE SUBMITTED ONLINE USING THE SETTLEMENT WEBSITE, WWW.NOVONORDISKSECURITIESLITIGATION.COM, **NO LATER THAN _____, 2022**, OR MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2022**, ADDRESSED AS FOLLOWS:

<div align="center">

***Novo Nordisk Securities Litigation***
**c/o JND Legal Administration**
**P.O. Box 91154**
**Seattle, WA 98111**

</div>

A Claim Form received by the Claims Administrator via mail shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2022 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT A-3

**Exhibit A-3**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NOVO NORDISK SECURITIES LITIGATION | No. 3:17-cv-209-ZNQ-LHG |

### SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**To:**   **All persons or entities who purchased the American Depositary Receipts of Novo Nordisk A/S ("Novo Nordisk") between February 3, 2015 and February 2, 2017, inclusive, and who were damaged thereby (the "Class")[1]**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court"), that co-lead plaintiffs and class representatives Lehigh County Employees' Retirement System, Oklahoma Firefighters Pension and Retirement System, Boston Retirement System, Employees' Pension Plan of the City of Clearwater, and Central States, Southeast and Southwest Areas Pension Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and the Court-certified Class in the above-captioned securities class action (the "Action"), have reached a proposed settlement of the Action with defendants Novo Nordisk, Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis (collectively, "Defendants") for $100,000,000 in cash that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2022 at __:__ _.m., before the Honorable Zahid N. Quraishi either in person at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, Courtroom 7W, 402 East State Street, Trenton, NJ 08608, or by telephone or videoconference (in the discretion of the Court) to, among other things: (i) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement dated November 23, 2021 (the "Stipulation") is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) determine whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and the Settlement Notice should be granted; (iii) determine whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) determine whether Lead Counsel's motion for attorneys' fees and Litigation Expenses

---

[1] Certain persons and entities are excluded from the Class by definition and others are excluded pursuant to request. The full definition of the Class including a complete description of who is excluded from the Class is set forth in the full Settlement Notice referred to below.

(including awards to the Lead Plaintiffs) should be approved; and (v) consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Class, your rights will be affected by the Settlement, and you may be entitled to share in the Net Settlement Fund.** If you have not yet received the full printed Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice") and the Proof of Claim and Release Form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at *Novo Nordisk Securities Litigation*, c/o JND Legal Administration, P.O. Box 91154, Seattle, WA 98111, 1 (833) 674-0167, info@NovoNordiskSecuritiesLitigation.com. Copies of the Settlement Notice and Claim Form can also be downloaded from the website for the Action, www.NovoNordiskSecuritiesLitigation.com.

If you are a Class Member, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* **(if mailed), or online through the Settlement website, www.NovoNordiskSecuritiesLitigation.com, no later than _____, 2022.** If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses, must be filed with the Court and delivered to Lead Counsel and counsel for Defendants such that they are *received* no later than _____, 2022, in accordance with the instructions set forth in the Settlement Notice.

**Please do not contact the Court, the Clerk's office, Novo Nordisk, any other Defendants in the Action, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Settlement Notice and Claim Form should be made to:

*Novo Nordisk Securities Litigation*
c/o JND Legal Administration
P.O. Box 91154
Seattle, WA 98111

1 (833) 674-0167
info@NovoNordiskSecuritiesLitigation.com
www.NovoNordiskSecuritiesLitigation.com

Inquiries, other than requests for the Settlement Notice and Claim Form, may be made to Lead Counsel:

Luke O. Brooks, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498

1 (800) 449-4900
rickn@rgrdlaw.com

Katherine M. Sinderson, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020

1 (800) 380-8496
settlements@blbglaw.com

BY ORDER OF THE COURT
United States District Court
District of New Jersey

# EXHIBIT B

Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE NOVO NORDISK
SECURITIES LITIGATION

No. 3:17-cv-209-ZNQ-LHG

## [PROPOSED] ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Novo Nordisk Securities Litigation*, No. 3:17-cv-209-ZNQ-LHG (the "Action");

WHEREAS, by Order dated January 31, 2020 (ECF No. 182), this Court certified the Action to proceed as a class action on behalf of all persons or entities who purchased the American Depositary Receipts ("ADRs") of Novo Nordisk A/S ("Novo Nordisk") between February 3, 2015 and February 2, 2017, inclusive (the "Class Period"), and who were damaged thereby (the "Class");[1] appointed Lehigh County Employees' Retirement System, Oklahoma Firefighters Pension and Retirement System, Boston Retirement System, Employees' Pension Plan of the City of Clearwater, and Central States, Southeast and Southwest Areas Pension Fund (collectively, "Lead Plaintiffs") as Class Representatives for the Class; and appointed Bernstein Litowitz Berger & Grossmann LLP and Robbins Geller Rudman & Dowd LLP (collectively, "Lead Counsel") as Class Counsel for the Class;

---

[1]      Excluded from the Class are: (i) Novo Nordisk; (ii) any directors and officers of Novo Nordisk during the Class Period and members of their immediate families; (iii) the subsidiaries, parents, and affiliates of Novo Nordisk; (iv) any firm, trust, corporation, or other entity in which Novo Nordisk has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded persons or entities.  Also excluded from the Class are the persons and entities who requested exclusion from the Class in connection with the Class Notice, as listed in Appendix 1 to the Stipulation (defined below).

WHEREAS, by Order dated July 20, 2020, the Court approved the form and manner of providing notice to potential Class Members (the "Class Notice") to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; (iii) their right to request to be excluded from the Class; (iv) the effect of remaining in the Class or requesting exclusion; and (v) the requirements for requesting exclusion (the "Class Notice Order") (ECF No. 192);

WHEREAS, pursuant to the Class Notice Order, over 350,000 copies of the Class Notice were mailed to potential Class Members and nominees (ECF No. 223);

WHEREAS, pursuant to the Class Notice Order, a summary notice was published in *The Wall Street Journal*, *Investor's Business Daily*, and via *PR Newswire* on August 24, 2020;

WHEREAS, the Claims Administrator established a toll-free telephone helpline and website to assist potential Class Members with questions about the Action;

WHEREAS, the Class Notice provided sufficient opportunity for those putative Class Members who wished to exclude themselves from the Class to do so;

WHEREAS, pursuant to the Class Notice, 107 persons and entities requested exclusion from the Class. A list of the persons and entities who requested exclusion pursuant to the Class Notice is attached as Appendix 1 to the Stipulation;

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the Class, and (b) defendants Novo Nordisk, Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis (collectively, "Defendants") have entered into a Stipulation and Agreement dated November 23, 2021 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

2

WHEREAS, unless otherwise defined in this Order and Final Judgment Approving Class Action Settlement ("Judgment"), all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2021 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice of the Settlement has been given to the Class and the provisions of the Preliminary Approval Order as to notice were complied with;

WHEREAS, the Court conducted a hearing on _____, 2022 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

3

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on _____, 2021; and (b) the Settlement Notice and the Summary Settlement Notice, both of which were filed with the Court on _____, 2022.

3.      **Settlement Notice** – The Court finds that the dissemination of the Settlement Notice and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder); (ii) Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; and (iv) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended, and all other applicable law and rules.

4861-8291-6100.v2

4.     **CAFA Notice** – Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, *et seq.* ("CAFA").  Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State.  The CAFA notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8).   The Court finds that Defendants have complied in all respects with the notice requirements of CAFA.

5.     **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class.  Specifically, the Court finds that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length and in good faith; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats Class Members equitably relative to each other.   The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6.     The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7.    **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

8.    **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Plaintiffs' Claims against any of the Defendants' Releasees, whether or not such Class Member executes and delivers the Claim Form or shares in the Net Settlement Fund.  This Release shall not apply to any of the Excluded Plaintiffs' Claims.

(b)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived,

4861-8291-6100.v2

and discharged any and all Released Defendants' Claims against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any of the Excluded Defendants' Claims.

9.     **Bar Order** – Upon the Effective Date of the Settlement, to the fullest extent permitted by law, (i) all persons and entities shall be permanently enjoined, barred, and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity, or otherwise against any of the Defendants' Releasees seeking damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Settlement Amount, arising out of, relating to, or concerning the Released Plaintiffs' Claims, whether arising under state, federal, or foreign law, whether asserted as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum and (ii) all Defendants' Releasees shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity, or otherwise against any persons and entities seeking damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Settlement Amount, arising out of, relating to, or concerning the Released Plaintiffs' Claims, whether arising under state, federal or foreign law, whether asserted as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding

7

or forum (the "Bar Order").  Nothing in this Bar Order shall prevent any person or entity who submitted a request for exclusion from the Class in connection with the Class Notice (as listed in Appendix 1 to the Stipulation) from pursuing any Released Plaintiffs' Claims against any of the Defendants' Releasees.  If any such person or entity pursues any such Released Plaintiffs' Claims against any of the Defendants' Releasees, nothing in this Bar Order shall operate to preclude such Defendants' Releasees from asserting any claim of any kind against such person or entity, including any Released Defendants' Claims (or seeking contribution or indemnity from any person or entity, including any Defendant in the Action, in respect of the claim of such person or entity listed on Appendix 1 to the Stipulation).

10.     Notwithstanding paragraphs 8 and 9 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     Neither this Judgment, the Stipulation, nor any of their respective terms, provisions, or exhibits, nor any of the negotiations, discussions, or proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, nor any of the documents or statements referred to therein, nor any payment or consideration provided for therein, shall be:

(a)     offered or received against any of the Defendants' Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any of the allegations in the Action or the validity of any claim that has been or could have been asserted against any of the Defendants' Releasees in the Action or in any other litigation, action, or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, action,

8

or proceeding, whether civil, criminal, or administrative in any court, administrative agency, or other tribunal, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Defendants' Releasees;

(b)     offered or received against any of the Defendants' Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants' Releasees, or against any of the Plaintiffs' Releasees as evidence of, or construed as evidence of, any infirmity of the claims alleged by Lead Plaintiffs;

(c)     offered or received against the Defendants' Releasees or the Plaintiffs' Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants' Releasees or Plaintiffs' Releasees with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants' Releasees or Plaintiffs' Releasees in any other litigation, action, or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Judgment; provided, however, that the Defendants' Releasees and the Plaintiffs' Releasees may refer to them to effectuate the liability protection granted them hereunder;

(d)     offered or received against any of the Defendants' Releasees or Plaintiffs' Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants' Releasees or Plaintiffs' Releasees that the Settlement Amount represents the amount which could or would have been recovered after trial; or

(e)     offered or received against the Plaintiffs' Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by the Plaintiffs' Releasees

9

that any of their claims are without merit, or that any defenses asserted by the Defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount.

12.     The Defendants' Releasees may file the Stipulation and/or this Judgment in any action in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve a Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

15.     Separate orders shall be entered regarding approval of a Plan of Allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

4861-8291-6100.v2

16.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the Settlement.

17.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on September 24, 2021, as provided in the Stipulation.

18.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2022.

_____
The Honorable Zahid N. Quraishi
United States District Judge

11

4861-8291-6100.v2