**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

IN RE NOVO NORDISK
SECURITIES LITIGATION

No. 3:17-cv-209-ZNQ-LHG

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT**
**AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Novo Nordisk Securities Litigation*, Master File No. 3:17-cv-209-ZNQ-LHG (the "Action");

WHEREAS, by Order dated January 31, 2020 (ECF No. 182), this Court certified the Action to proceed as a class action on behalf of all persons or entities who purchased the American Depositary Receipts ("ADRs") of Novo Nordisk A/S ("Novo Nordisk") between February 3, 2015 and February 2, 2017, inclusive (the "Class Period"), and who were damaged thereby (the "Class");[1] appointed Lehigh County Employees' Retirement System, Oklahoma Firefighters Pension and Retirement System, Boston Retirement System, Employees' Pension Plan of the City of Clearwater, and Central States, Southeast and Southwest Areas Pension Fund (collectively, "Lead Plaintiffs") as Class Representatives for the Class; and appointed Bernstein Litowitz Berger & Grossmann LLP and Robbins Geller Rudman & Dowd LLP (collectively, "Lead Counsel") as Class Counsel for the Class;

---

[1] Excluded from the Class are: (i) Novo Nordisk; (ii) any directors and officers of Novo Nordisk during the Class Period and members of their immediate families; (iii) the subsidiaries, parents, and affiliates of Novo Nordisk; (iv) any firm, trust, corporation, or other entity in which Novo Nordisk has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded persons or entities. Also excluded from the Class are the persons and entities who requested exclusion from the Class in connection with the Class Notice, as listed in Appendix 1 to the Stipulation (defined below).

WHEREAS, by Order dated July 20, 2020, the Court approved the form and manner of providing notice to potential Class Members (the "Class Notice") to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; (iii) their right to request to be excluded from the Class; (iv) the effect of remaining in the Class or requesting exclusion; and (v) the requirements for requesting exclusion (the "Class Notice Order") (ECF No. 192);

WHEREAS, pursuant to the Class Notice Order, over 350,000 copies of the Class Notice were mailed to potential Class Members and nominees (ECF No. 223);

WHEREAS, the Class Notice notified putative Class Members that (a) in order to exclude themselves from the Class, they were required to submit requests for exclusion on or before October 13, 2020, (b) "Class Members will not have another opportunity to exclude themselves or otherwise opt out of this Litigation," and (c) "IF YOU DO NOT EXCLUDE YOURSELF BY THE DEADLINE ABOVE, YOU WILL REMAIN PART OF THE CLASS AND BE BOUND BY THE ORDERS OF THE DISTRICT COURT IN THIS LAWSUIT, INCLUDING FINAL JUDGMENT," and thereby provided sufficient opportunity for those putative Class Members who wished to exclude themselves from the Class to do so;

WHEREAS, pursuant to the Class Notice, 107 persons and entities requested exclusion from the Class;[2]

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the Class, and (b) defendants Novo Nordisk, Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis (collectively, "Defendants") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement

---

[2] A list of the persons and entities who requested exclusion pursuant to the Class Notice is attached as Appendix 1 to the Stipulation.

of Settlement dated November 23, 2021 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

WHEREAS, the Court preliminarily finds that:

(a)     the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel following mediation under the direction of an experienced mediator;

(b)     the proposed Settlement eliminates the risks to the Parties of continued litigation;

(c)     the Settlement does not provide undue preferential treatment to Class Representatives or to segments of the Class;

(d)     the Settlement does not provide excessive compensation to counsel for the Class Representatives; and

(e)     the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the proposed Settlement to the Class; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.      **<u>Settlement Hearing</u>** – The Court will hold a hearing (the "Settlement Hearing") on _____, 2022, at __:__ _.m., either in person at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, Courtroom 7W, 402 East State Street, Trenton, NJ 08608, or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraphs 4 and 5 of this Order.

3.      The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if

appropriate, without further notice to the Class. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Class. Any Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the settlement website for any change in date, time, or format of the hearing.

4. **Retention of Claims Administrator and Manner of Giving Notice** – JND Legal Administration ("JND") was previously retained to supervise and administer the distribution of the Class Notice and receive and process requests for exclusion from the Class. Lead Counsel is now authorized to retain JND as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a)    Beginning no later than fifteen (15) business days after the date of entry of this Order (such date that is fifteen (15) business days after the date of entry of this Order, the "Notice Date"), JND shall cause a copy of the Settlement Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Settlement Notice Packet"), to be mailed by first-class mail to all potential Class Members who were previously mailed a copy of the Class Notice;

(b)    By no later than the Notice Date, JND shall post copies of the Settlement Notice and the Claim Form on the website previously established for the Action, www.NovoNordiskSecuritiesLitigation.com;

(c)     By no later than ten (10) business days after the Notice Date, JND shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 3, to be published on one occasion in *The Wall Street Journal* and *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(d)     By no later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.     **<u>Nominee Procedures</u>** – In connection with the previously disseminated Class Notice, brokers and other nominees ("Nominees") who purchased Novo Nordisk ADRs during the Class Period for the beneficial interest of another were requested to either: (a) provide a list of the names and addresses of all such beneficial owners to JND; or (b) request from JND sufficient copies of the Class Notice to forward to all such beneficial owners and then forward those Class Notices to all such beneficial owners.

(a)     For Nominees who chose the first option (*i.e.*, provided a list of names and addresses of beneficial holders to JND), JND shall, by no later than the Notice Date, mail a copy of the Settlement Notice Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied.  Unless the Nominee purchased Novo Nordisk ADRs during the Class Period for beneficial owners whose names and addresses were not previously provided to JND, or is aware of a name or address change of one of its beneficial owners, such Nominees need not take any further action;

(b)     For Nominees who chose the second option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), JND shall forward the same number of Settlement Notice Packets to such Nominees no later than the Notice Date, and the Nominees shall, by no later than

seven (7) calendar days after receipt of the Settlement Notice Packets, mail the Settlement Notice Packets to their beneficial owners;

        (c)    For Nominees that purchased Novo Nordisk ADRs during the Class Period for beneficial owners whose names and addresses were not previously provided to JND or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to JND, such Nominees shall, by no later than seven (7) calendar days after receipt of the Settlement Notice Packet, provide a list of the names and addresses of all such beneficial owners to JND, or shall request from JND sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners, which the Nominee shall, within seven (7) calendar days of receipt of the Settlement Notice Packets from JND, mail to the beneficial owners; and

        (d)    Upon full and timely compliance with this Order, Nominees who mail the Settlement Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing JND with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

      6.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Settlement Notice, the Claim Form, and the Summary Settlement Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Settlement Notice and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraphs 4 and 5 of this Order (i) is the

best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended, and all other applicable law and rules, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing, and all other relevant deadlines, shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published, respectively.

7.    **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be received or postmarked, if mailed, no later than one hundred and twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

8.      Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9.      Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will forever be barred and enjoined from commencing, instituting, maintaining, or prosecuting any of the Released Plaintiffs' Claims against Defendants or any of the other Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 7 above.

10.   **No Second Opportunity to Request Exclusion From the Class** – In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class in connection with the Class Notice, the Court is exercising its discretion under Rule 23(e)(4) of the Federal Rules of Civil Procedure to not require a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings.

11.   **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Court and delivering a notice of appearance to Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 12 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.   Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.

12.   Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth

10

below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP | Davis Polk & Wardwell LLP |
| Katherine M. Sinderson, Esq. | James P. Rouhandeh, Esq. |
| 1251 Avenue of the Americas | 450 Lexington Avenue |
| New York, NY 10020 | New York, NY 10017 |
| | |
| Robbins Geller Rudman & Dowd LLP | Gibbons P.C. |
| Luke O. Brooks, Esq. | Michael R. Griffinger, Esq. |
| 655 West Broadway, Suite 1900 | One Gateway Center |
| San Diego, CA 92101-8498 | Newark, NJ 07102-5310 |

13.     Any objections, filings, and other submissions by the objecting Class Member must identify the case name and civil action number, *In re Novo Nordisk Securities Litigation*, No. 3:17-cv-209-ZNQ-LHG, and they must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector (even if the objector is represented by counsel); (b) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (c) include documents sufficient to prove membership in the Class, including documents showing the number of Novo Nordisk ADRs that the objecting Class Member: (A) owned as of the opening of trading on February 3, 2015 and (B) purchased and/or sold during the Class Period (*i.e.*, between February 3, 2015 and February 2, 2017, inclusive), including the dates, number of Novo Nordisk ADRs, and prices of each such purchase and sale. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present

evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number.  It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or video conference.

14.     Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

15.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against the Defendants' Releasees.

16.     **Settlement Administration Fees and Expenses** – All Notice and Administration Costs, including the reasonable costs incurred in identifying Class Members and notifying them

of the Settlement as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

17.   **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.   **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

19.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on September 24, 2021, as provided in the Stipulation.

20.   **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including

any arguments proffered in connection therewith):   (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

21.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

22.    **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2021.


_____
The Honorable Zahid N. Quraishi
United States District Judge

# EXHIBIT 1

**Exhibit 1**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE NOVO NORDISK<br>SECURITIES LITIGATION | No. 3:17-cv-209-ZNQ-LHG |

**NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:** **All persons or entities who purchased the American Depository Receipts ("ADRs") of Novo Nordisk A/S ("Novo Nordisk" or the "Company") between February 3, 2015 and February 2, 2017, inclusive (the "Class Period"), and who were damaged thereby (the "Class")**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:**  This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court").  Please be advised that co-lead plaintiffs and class representatives Lehigh County Employees' Retirement System ("Lehigh County"), Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters"), Boston Retirement System ("Boston"), Employees' Pension Plan of the City of Clearwater ("Clearwater"), and Central States, Southeast and Southwest Areas Pension Fund ("Central States") (collectively, "Lead Plaintiffs"), on behalf of themselves and the Court-certified Class (as defined in ¶25 below), have reached a proposed settlement of the above-captioned securities class action ("Action") for a total of $100,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").  The terms and provisions of the Settlement are contained in the Stipulation and Agreement of Settlement dated November 23, 2021 (the "Stipulation").[1]

This Notice is directed to you in the belief that you may be a member of the Class.  If you do not meet the Class definition, or if you previously excluded yourself from the Class in connection with the Notice of Pendency of Class Action that was mailed to potential Class Members beginning in July 2020 (the "Class Notice"), this Notice does not apply to you.  A list of the persons and entities who requested exclusion from the Class pursuant to the Class Notice is available at www.NovoNordiskSecuritiesLitigation.com.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement.  If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's office, Novo Nordisk, the other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶6 below).**

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation. The Stipulation is available at www.NovoNordiskSecuritiesLitigation.com.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

4867-2319-4884.v2

1. **Description of the Action and the Class:**  This Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Novo Nordisk and Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis (collectively, the "Individual Defendants," and together with Novo Nordisk, "Defendants") violated the federal securities laws by making false and misleading statements concerning Novo Nordisk's business and financial results during the Class Period.  A more detailed description of the Action is set forth in ¶¶11-24 below.  The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶25 below.

2. **Statement of the Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for $100,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court.  The proposed plan of allocation (the "Plan of Allocation") is set forth in Appendix A at the end of this Notice.  The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among members of the Class.

3. **Estimate of Average Amount of Recovery Per ADR:**  Based on Lead Plaintiffs' damages expert's estimate of the number of Novo Nordisk ADRs purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.47 per affected Novo Nordisk ADR.  Class Members should note, however, that the foregoing average recovery is only an estimate.  Some Class Members may recover more or less than the estimated amount depending on, among other factors, when and at what prices they purchased or sold their Novo Nordisk ADRs, and the total number and value of valid Claim Forms submitted.  Distributions to Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per ADR:**  The Parties do not agree on the average amount of damages per Novo Nordisk ADR that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants vigorously deny the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of Defendants' alleged conduct.

5. **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute the Action.  Court-appointed Lead Counsel, Robbins Geller Rudman & Dowd LLP ("RGR&D") and Bernstein Litowitz Berger & Grossmann LLP ("BLB&G"), will apply to the Court for an immediate award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund.  In addition, Lead Counsel will apply for payment of Plaintiffs' Counsel's Litigation Expenses in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $3.3 million, which amount may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.15 per affected Novo Nordisk ADR.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

6.   **Identification of Attorneys' Representatives:**   Lead Plaintiffs and the Class are represented by Luke O. Brooks, Esq. of Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101-8498, 1 (800) 449-4900, rickn@rgrdlaw.com, and Katherine M. Sinderson, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, 1 (800) 380-8496, settlements@blbglaw.com.  Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Claims Administrator at: *Novo Nordisk Securities Litigation*, c/o JND   Legal   Administration,   P.O.   Box   91154,   Seattle,   WA   98111,   1   (833)   674-0167, info@NovoNordiskSecuritiesLitigation.com,   www.NovoNordiskSecuritiesLitigation.com.  **Please do not contact the Court regarding this Notice.**

7.   **Reasons for the Settlement:**   Lead Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery that the Settlement provides for the Class without the risk or the delays inherent in further litigation.  The substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after a contested summary judgment motion, a trial of the Action, and the likely appeals that would follow a trial.  This process would be expected to last several years.  Defendants, who deny all allegations of wrongdoing, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED* **(IF MAILED), OR ONLINE, NO LATER THAN** _____, **2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶34 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶35 below), so it is in your interest to submit a Claim Form. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS** *RECEIVED* **NO LATER THAN** _____, **2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member. |
| **GO TO A HEARING ON** _____, **2022 AT __:___ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS** *RECEIVED* **NO LATER THAN** _____, **2022.** | Filing a written objection and notice of intention to appear by _____, 2022 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.   In the Court's discretion, the _____, 2022 hearing may be conducted by telephone or video conference (*see* ¶53 below).  If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

4867-2319-4884.v2

| DO NOTHING. | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

These rights and options – and the deadlines to exercise them – are further explained in this Notice.  **Please Note**: The date and time of the Settlement Hearing – currently scheduled for _____ __, 2022 at __:__ _.m. – is subject to change without further notice to the Class.  It is also within the Court's discretion to hold the hearing in person or by video or telephonic conference.  If you plan to attend the hearing, you should check the case website, www.NovoNordiskSecuritiesLitigation.com, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.

| **WHAT THIS NOTICE CONTAINS** |
|---|

Why Did I Get This Notice? — Page __
What Is This Case About? — Page __
How Do I Know If I Am Affected By The Settlement? Who Is Included In The Class? — Page __
What Are Lead Plaintiffs' Reasons For The Settlement? — Page __
What Might Happen If There Were No Settlement? — Page __
How Are Class Members Affected By The Settlement? — Page __
How Do I Participate In The Settlement?  What Do I Need To Do? — Page __
How Much Will My Payment Be? — Page __
What Payment Are The Attorneys For The Class Seeking?  How Will The Lawyers Be Paid? — Page __
When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? — Page __
What If I Bought ADRs On Someone Else's Behalf? — Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions? — Page __
Appendix A – Proposed Plan of Allocation — Page __

| **WHY DID I GET THIS NOTICE?** |
|---|

8.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased Novo Nordisk ADRs during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the terms of the proposed Settlement of the Action and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of

Litigation Expenses (the "Settlement Hearing").  *See* ¶¶52-54 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still must decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
| :---: |

11.    Novo Nordisk is a pharmaceutical company that produces insulin and other diabetes-treatment drugs, and other drugs.  During the Class Period, Novo Nordisk's ADRs traded on the NYSE under ticker symbol NVO.

12.    Beginning on or about January 11, 2017, several related securities class actions brought on behalf of investors in Novo Nordisk ADRs were filed in the Court.  On June 1, 2017, the Court entered an Order appointing Lehigh County, Oklahoma Firefighters, Boston, Clearwater, and Central States as "Lead Plaintiffs" for the putative class, appointing BLB&G and RGR&D as co-"Lead Counsel" for the class; appointing Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. ("Carella Byrne"), Seeger Weiss LLP ("Seeger Weiss"), and Saxena White P.A. to an Executive Committee to represent the class, with Carella Byrne and Seeger Weiss also appointed as "Co-Liaison Counsel" for the class; and ordering that any subsequently filed, removed, or transferred actions related to the claims asserted in the actions be consolidated for all purposes as *In re Novo Nordisk Securities Litigation*, Master File No. 3:17-cv-209 (as previously defined, the "Action").

13.    On August 4, 2017, Lead Plaintiffs filed the operative complaint in the Action, the Consolidated Amended Class Action Complaint (the "Complaint").  The Complaint asserts claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleges that, during the Class Period, Defendants made a series of material misstatements and omissions by, among other things, allegedly misrepresenting and failing to disclose Novo Nordisk's true exposure to market pressures in the United States that affected the pricing and profitability of Novo Nordisk's diabetes-drug portfolio, the prospects of Novo Nordisk's insulin drug Tresiba® to drive Novo Nordisk's growth, and Novo Nordisk's inability to meet certain financial targets, which caused Novo Nordisk's ADRs to allegedly trade at artificially inflated prices during the Class Period.  The Complaint further alleges that the price of Novo Nordisk ADRs declined when the true facts concerning Defendants' alleged misrepresentations and omissions were revealed, resulting in financial losses to those who purchased Novo Nordisk ADRs during the Class Period at the inflated prices.

14.    On October 3, 2017, Defendants filed a motion to dismiss the Complaint, which was fully briefed and argued by July 25, 2018.  On August 16, 2018, the Court issued an Opinion and accompanying Order denying Defendants' motion to dismiss in its entirety.

15.    On October 1, 2018, Defendants filed their Answer to the Complaint.

16.    On April 1, 2019, Lead Plaintiffs filed a motion for class certification.  Between then and March 2021, the parties produced documents, deposed fact witnesses and each other's experts, and filed their opposition and reply briefs regarding Lead Plaintiffs' class certification motion.  The parties also fully briefed Defendants' motion to exclude the expert report of Lead Plaintiffs' market-efficiency expert.  On January 31, 2020, the Court issued an Order certifying the Class, appointing Lead Plaintiffs as "Class Representatives" for the

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

4867-2319-4884.v2

certified Class, appointing BLB&G and RGR&D as "Class Counsel" for the certified Class, and denying Defendants' motion to exclude the expert report of Lead Plaintiffs' market-efficiency expert.

17.   On July 20, 2020, the Court entered an Order granting Lead Plaintiffs' unopposed motion to approve the form and manner of providing notice to potential Class Members (the "Class Notice") to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; (iii) their right to request to be excluded from the Class; (iv) the effect of remaining in the Class or requesting exclusion; and (v) the requirements for requesting exclusion.  The deadline for requesting exclusion from the Class pursuant to the Class Notice was October 13, 2020.  A list of the persons and entities who requested exclusion pursuant to the Class Notice is available at www.NovoNordiskSecuritiesLitigation.com.

18.   Expert discovery commenced in November 2020.  Lead Plaintiffs served opening, rebuttal, and/or reply reports from a total of four individuals in the fields of pharmaceutical pricing and markets, Tresiba®'s clinical profile, accounting, regulatory disclosure requirements under the U.S. federal securities laws, and damages. Defendants served opening, rebuttal, and/or reply reports from a total of six individuals in those fields.  Before expert discovery closed in March 2021, the parties deposed all ten individuals who had submitted reports in this case.

19.   Throughout the litigation of this case, between January 2019 and February 2021, the parties produced approximately 1.8 million documents totaling nearly 5 million pages, conducted depositions of 42 fact witnesses, and served and responded to interrogatories and requests for admission.  The parties additionally served subpoenas on 19 third parties, which produced approximately 85,000 documents totaling over 850,000 pages.   The parties exchanged numerous letters with each other and with third parties, including concerning multiple disputed discovery issues.  The parties concluded fact discovery in February 2021.

20.   On April 20, 2021, Defendants served Lead Plaintiffs with their motion for summary judgment.  The parties fully briefed and filed summary judgment by July 12, 2021, which included 161 pages of briefs, 1,270 pages of factual statements under District of New Jersey Local Civil Rule 56.1, and thousands of pages of exhibits.

21.   In an attempt to resolve the Action, the parties mediated with the Court-appointed mediator, the Honorable Layn R. Phillips of Phillips ADR ("Judge Phillips"), on November 19, 2018 and April 24, 2020. Following those two mediations, the parties held a third mediation session before Judge Phillips on September 2, 2021.  In advance of that mediation session, the parties exchanged mediation statements.  The parties were unable to agree to settlement terms on September 2, 2021.

22.   Following the September 2, 2021 mediation session, the parties continued negotiations with the assistance of Judge Phillips and, in response to a mediator's recommendation from him, reached an agreement in principle to settle the Action for $100,000,000 in cash.  The parties memorialized their agreement to settle in a term sheet (the "Term Sheet") executed on September 24, 2021.

23.   After additional negotiations regarding the specific terms of their agreement, the parties entered into the Stipulation on November 23, 2021.   The Stipulation, which sets forth the terms and conditions of the Settlement, can be viewed at www.NovoNordiskSecuritiesLitigation.com.

24.   On November __, 2021, Lead Plaintiffs moved for preliminary approval of the Settlement, and on _____, 2021, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to Class Members, and scheduled the _____, 2022 Settlement Hearing to consider whether to grant final approval to the Settlement.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

25.   If you are a member of the Class, you are subject to the Settlement.  The Class means the class certified by the Court's Order dated January 31, 2020 (Docket No. 181).  The Class consists of:

> all persons or entities who purchased the ADRs of Novo Nordisk between February 3, 2015 and February 2, 2017, inclusive, and who were damaged thereby.

Excluded from the Class by definition are: (i) Novo Nordisk; (ii) any directors and officers of Novo Nordisk during the Class Period and members of their immediate families; (iii) the subsidiaries, parents, and affiliates of Novo Nordisk; (iv) any firm, trust, corporation, or other entity in which Novo Nordisk has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded persons or entities. Also excluded from the Class are all persons and entities who excluded themselves by submitting a request for exclusion from the Class pursuant to the Class Notice.  A list of all persons and entities who submitted a request for exclusion from the Class pursuant to the Class Notice is available at www.NovoNordiskSecuritiesLitigation.com.

**PLEASE NOTE:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement.**

**If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice, and the required supporting documentation as set forth in the Claim Form, *postmarked* (if mailed), or online through the case website, www.NovoNordiskSecuritiesLitigation.com, no later than _____, 2022.**

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

26.   Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through the Court's ruling on summary judgment, pre-trial motions, a trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages.  For example, with respect to establishing Defendants' liability for violations of the securities laws, Lead Plaintiffs faced risks that the Court or the jury would credit Defendants' arguments, including those set forth in their summary judgment papers, that (i) they made no misstatements or omissions, including related to Novo Nordisk's exposure to market pressures in the United States, the pricing and profitability of Novo Nordisk's diabetes portfolio, Novo Nordisk's insulin product Tresiba® and its ability to drive Novo Nordisk's sales and profit growth, and Novo Nordisk's ability to meet its guidance or financial targets, and (ii) neither any of the Defendants nor any of their agents acted with the requisite intent to commit a violation of the securities laws.

27.   Lead Plaintiffs also faced further risks relating to proof of loss causation and damages.  For example, Defendants contended in their summary judgment motion and would have argued at trial that Lead Plaintiffs could not establish a causal connection between the alleged misrepresentations and the losses investors allegedly suffered, as required by law.  Indeed, Defendants vehemently argued that Lead Plaintiffs could not prove loss causation, and damages were zero, because declines in Novo Nordisk's ADR price were caused by the materialization of risks that Defendants timely and properly disclosed to the public.  If Defendants had succeeded on one or more of their loss causation and damages arguments, even if Lead Plaintiffs had

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

7

4867-2319-4884.v2

established liability for their securities fraud claims, the recoverable damages could have been substantially less than the amount provided in the Settlement or even zero.

28.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $100,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, and not until after summary judgment, trial, and appeals, possibly years in the future.

29.    Defendants have vigorously denied and continue to deny each and all of the claims asserted against them in the Action and deny that the Class was harmed or suffered any damages as a result of the conduct alleged in the Action.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

30.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE SETTLEMENT?

31.    As a Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but, if you choose to do so, such counsel must file a notice of appearance on your behalf as provided in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

32.    If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

33.    If you are a Class Member, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims in the Action against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims (as defined in ¶34 below) against Defendants and the other Defendants' Releasees (as defined in ¶35 below), and will forever be barred and enjoined from prosecuting any and all Released Plaintiffs' Claims against any of the Defendants' Releasees, whether or not such Class Member executes and delivers the Claim

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

4867-2319-4884.v2

Form or shares in the Net Settlement Fund.  This Release will not apply to any of the Excluded Plaintiffs' Claims (as defined in ¶34 below).

34.    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, based on, arising out of, or in connection with both: (i) the purchase of Novo Nordisk ADRs during the Class Period; and (ii) the facts, matters, statements, or omissions alleged in the Action, including, but not limited to, as alleged in the Complaint.  Released Plaintiffs' Claims do not include any of the following claims: (i) any claims asserted in any ERISA, derivative, or consumer action, including, without limitation, the claims asserted in *In re Insulin Pricing Litig.*, No. 17-cv-699 (D.N.J.), *Johnson v. OptumRx, et al.*, No. 17-cv-07198 (D.N.J.), *Sanofi-Aventis U.S. LLC v. Novo Nordisk Inc.*, No. 16-cv-9466 (D.N.J.), *Bewley v. CVS Health Corp.*, No. 17-cv-12031 (D.N.J.), or *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC*, No. 18-cv-2211 (D.N.J.), or any cases consolidated into those actions; (ii) any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the wrongful conduct alleged in the Action, including, without limitation, the claims asserted in *State of Minnesota v. Sanofi-Aventis U.S., LLC, et al.*, No. 18-cv-14999 (D.N.J.); (iii) any claims relating to the enforcement of the Settlement; or (iv) claims of the persons and entities who submitted a request for exclusion from the Class in connection with the Class Notice (as set forth in Appendix 1 to the Stipulation) ("Excluded Plaintiffs' Claims").

35.    "Defendants' Releasees" means Defendants and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such.

36.    "Unknown Claims" means any Released Plaintiffs' Claims that Lead Plaintiffs or any other Class Members do not know or suspect to exist in his, her, their, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, them, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

37.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved,

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

9

4867-2319-4884.v2

relinquished, waived, and discharged any and all Released Defendants' Claims (as defined in ¶38 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶39 below), and will forever be barred and enjoined from prosecuting any and all Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release will not apply to any of the Excluded Defendants' Claims (as defined in ¶38 below).

38.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, based on, arising out of, or in connection with the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include any of the following claims:  (i) claims relating to the enforcement of the Settlement; or (ii) claims against the persons and entities who submitted a request for exclusion from the Class in connection with the Class Notice (as set forth in Appendix 1 to the Stipulation) ("Excluded Defendants' Claims").

39.    "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, all other Class Members, and Plaintiffs' Counsel, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

40.    To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked* (if mailed), **or submitted online at www.NovoNordiskSecuritiesLitigation.com, no later than _____, 2022**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.NovoNordiskSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1 (833) 674-0167 or by emailing the Claims Administrator at info@NovoNordiskSecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in Novo Nordisk ADRs, as they will be needed to document your Claim.** The Parties and Claims Administrator do not have information about your transactions in Novo Nordisk ADRs. If you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

41.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

42.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid a total of $100,000,000 in cash (the "Settlement Amount").  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

43.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a Plan of Allocation and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

44.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes final.  Defendants will not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

45.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

46.    Unless the Court otherwise orders, any Class Member who or that fails to submit a Claim Form *postmarked* (if mailed), or submitted online, on or before _____ __, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶34 above) against the Defendants' Releasees (as defined in ¶35 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

47.    Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to their transactions in Novo Nordisk ADRs held through the Employee Plan in any Claim Form that they submit in this Action.  Claims based on any Employee Plan's transactions in Novo Nordisk ADRs may be made by the plan itself.

48.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

49.    Only members of the Class will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Class by definition or that previously excluded themselves from the Class pursuant to request will not be eligible for a payment and should not submit Claim Forms.  The only security that is included in the Settlement is Novo Nordisk ADRs.

50.    **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs.  At the Settlement Hearing, Lead Plaintiffs will request that the Court approve the Plan of Allocation.  The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

| **WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?** |
| --- |

51.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor have Plaintiffs' Counsel been paid for their litigation expenses.  Lead Counsel will apply to the Court for an immediate award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund to be paid at the time of award by the Court.  At the same time, Lead Counsel also intend to apply for payment of Plaintiffs' Counsel's Litigation Expenses from the Settlement Fund in an amount not to exceed $3.3 million, which amount may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

11

representation of the Class, pursuant to the PSLRA.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Any award of attorneys' fees and Litigation Expenses, including any reimbursement of costs and expenses to Lead Plaintiffs, will be paid from the Settlement Fund at the time of award by the Court and prior to allocation and payment to Authorized Claimants.  ***Class Members are not personally liable for any such fees or expenses.***

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?   DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

52.   **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

53.   <u>Please Note</u>:  The date and time of the Settlement Hearing may change without further written notice to the Class.  In addition, the ongoing COVID-19 health emergency is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video, without further written notice to the Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the case website, www.NovoNordiskSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the case website, www.NovoNordiskSecuritiesLitigation.com.  Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information needed to access the conference will be posted to www.NovoNordiskSecuritiesLitigation.com.**

54.   The Settlement Hearing will be held on _____, 2022 at __:__ _.m.**, before the Honorable Zahid N. Quraishi either in person at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, Courtroom 7W, 402 East State Street, Trenton, NJ 08608, or by telephone or videoconference (in the discretion of the Court).   At the hearing, the Court will, among other things, (i) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) determine whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iii) determine whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) determine whether Lead Counsel's motion for attorneys' fees and Litigation Expenses (including awards to the Lead Plaintiffs) should be approved; and (v) consider any other matters that may properly be brought before the Court in connection with the Settlement.   The Court reserves the right to approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or consider any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

55.   Any Class Member may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Objections must be in writing.  To object, you must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of New Jersey at the address set forth below, as well as serve copies on Lead Counsel and Defendants' Counsel at the addresses set forth below, ***on or before _____, 2022***.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court District of New Jersey Clarkson S. Fisher Building & U.S. Courthouse 402 East State Street, Room 2020 Trenton, NJ 08608 | Bernstein Litowitz Berger & Grossmann LLP Katherine M. Sinderson, Esq. 1251 Avenue of the Americas New York, NY 10020 <br><br> Robbins Geller Rudman & Dowd LLP Luke O. Brooks, Esq. 655 West Broadway, Suite 1900 San Diego, CA 92101-8498 | Davis Polk & Wardwell LLP James P. Rouhandeh, Esq. 450 Lexington Avenue New York, NY 10017 <br><br> Gibbons P.C. Michael R. Griffinger, Esq. One Gateway Center Newark, NJ 07102-5310 |

56.   Any objections, filings, and other submissions by the objecting Class Member must identify the case name and civil action number, *In re Novo Nordisk Securities Litigation*, No. 3:17-cv-209-ZNQ-LHG, and they must (i) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector (even if the objector is represented by counsel); (ii) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (iii) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (iv) include documents sufficient to prove membership in the Class, including documents showing the number of Novo Nordisk ADRs that the objecting Class Member: (A) owned as of the opening of trading on February 3, 2015 and (B) purchased and/or sold during the Class Period (*i.e.*, between February 3, 2015 and February 2, 2017, inclusive), including the dates, number of Novo Nordisk ADRs, and prices of each such purchase and sale.  Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you previously excluded yourself from the Class or if you are not a member of the Class.

57.   You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file a written objection in accordance with the procedures described above, unless the Court orders otherwise.

58.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, assuming you timely file a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶55 above so that it is ***received*** **on or before _____ __, 2022**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number.  It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or videoconference, with or without the filing of written objections.

59.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

4867-2319-4884.v2

attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶55 above so that the notice is *received* **on or before _____ __, 2022**.

60.   The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time of the hearing as stated in ¶55 above.

61.   **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.   Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval**.

## WHAT IF I BOUGHT ADRs ON SOMEONE ELSE'S BEHALF?

62.   **If you previously provided the names and addresses of persons and entities on whose behalf you purchased Novo Nordisk ADRs during the period between February 3, 2015 and February 2, 2017, inclusive, in connection with the Class Notice (disseminated in or around July 2020) and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator, you need do nothing further at this time.   The Claims Administrator will mail a copy of this Settlement Notice and the Claim Form (the "Settlement Notice Packet") to the beneficial owners whose names and addresses were previously provided in connection with the Class Notices.**

63.   If you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action.   If you elected this option, the Claims Administrator will forward the same number of Settlement Notice Packets to you to send to the beneficial owners.   You must mail the Settlement Notice Packets to the beneficial owners no later than seven (7) calendar days after your receipt of them.

64.   If you have additional name and address information, the name and address information of certain of your beneficial owners has changed, or if you need additional copies of the Settlement Notice Packet, or have not already provided information regarding persons and entities on whose behalf you purchased Novo Nordisk ADRs during the period between February 3, 2015 and February 2, 2017, inclusive, in connection with the Class Notice, the Court has ordered that, within seven (7) calendar days of receipt of this Notice, you must either: (i) send a list of the names and addresses of such beneficial owners to the Claims Administrator at *Novo Nordisk Securities Litigation*, c/o JND Legal Administration, P.O. Box 91154, Seattle, WA 98111, in which event the Claims Administrator shall promptly mail the Settlement Notice Packet to such beneficial owners; or (ii) request from the Claims Administrator sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners, which you must then mail to the beneficial owners no later seven (7) calendar days after receipt.   As stated above, if you have already provided this information in connection with the Class Notice, unless that information has changed (*e.g.*, the beneficial owner has changed address), it is unnecessary to provide such information again.

65.   Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   Copies of this Notice and the Claim Form may also be obtained from the case website, www.NovoNordiskSecuritiesLitigation.com, by calling the Claims

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

14

4867-2319-4884.v2

Administrator toll-free at 1 (833) 674-0167, or by emailing the Claims Administrator at info@NovoNordiskSecuritiesLitigation.com.

| CAN I SEE THE COURT FILE? |
| :---: |
| **CAN I SEE THE COURT FILE?**<br>**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |

66.    This Notice contains only a summary of the terms of the proposed Settlement.  For the precise terms and conditions of the Settlement or to obtain additional information, you may find the Stipulation and other relevant documents at www.NovoNordiskSecuritiesLitigation.com, by contacting Lead Counsel at the addresses below, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.njd.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, NJ 08608.  Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the case website, www.NovoNordiskSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Novo Nordisk Securities Litigation*
c/o JND Legal Administration
P.O. Box 91154
Seattle, WA 98111

1 (833) 674-0167
info@NovoNordiskSecuritiesLitigation.com
www.NovoNordiskSecuritiesLitigation.com

and/or

| | |
| :---: | :---: |
| Luke O. Brooks, Esq. | Katherine M. Sinderson, Esq. |
| Robbins Geller Rudman & Dowd LLP | Bernstein Litowitz Berger & Grossmann LLP |
| 655 West Broadway, Suite 1900 | 1251 Avenue of the Americas |
| San Diego, CA 92101-8498 | New York, NY 10020 |
| | |
| 1 (800) 449-4900 | 1 (800) 380-8496 |
| rickn@rgrdlaw.com | settlements@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS THIS SETTLEMENT OR THE CLAIM PROCESS.**

Dated: _____, 2021                                    By Order of the Court
                                                                                       United States District Court
                                                                                       District of New Jersey

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

15

4867-2319-4884.v2

## APPENDIX A

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

1.      As discussed above, the Settlement provides $100,000,000 in cash for the benefit of the Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – members of the Class who timely submit valid Claim Forms that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the settlement website: www.NovoNordiskSecuritiesLitigation.com.

2.      The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

3.      The Plan of Allocation was developed in consultation with Lead Plaintiffs' damages expert. In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the price of Novo Nordisk ADRs that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions.  In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Novo Nordisk ADRs in reaction to public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market, industry, and foreign exchange forces, and for non-fraud related Company-specific information.

4.      In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security.  In this Action, Lead Plaintiffs allege that corrective information (referred to as a "corrective disclosure") impacted the market price of Novo Nordisk ADRs on February 3, 2016, February 4, 2016, August 5, 2016, August 8, 2016, September 29, 2016, October 28, 2016, and February 2, 2017.

5.      In order to have a "Recognized Loss Amount" under the Plan of Allocation, Novo Nordisk ADRs must have been purchased during the Class Period and held through at least one corrective disclosure.[2]

---

[2]      Any transactions in Novo Nordisk ADR executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

6.      Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of Novo Nordisk ADRs during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero. Under the formula below, the "holding period" refers to the period in the grid in Table 1 below that matches both the period during which the ADR was purchased and the period during which the ADR was sold/retained.

7.      For each Novo Nordisk ADR purchased from February 3, 2015 through February 2, 2017, and:

(a)      Sold prior to February 3, 2016, the Recognized Loss Amount will be $0.00;

(b)      Sold from February 3, 2016 through February 1, 2017, the Recognized Loss Amount will be *the lesser of*: (i) the decline in artificial inflation during the holding period (as presented in Table 1 below) or (ii) the purchase price minus the sale price; and

(c)      Sold from February 2, 2017 through and including the close of trading on May 2, 2017, the Recognized Loss Amount will be *the least of*: (i) the decline in artificial inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between February 2, 2017 and the date of sale as stated in Table 2 below; and

(d)      Held as of the close of trading on May 2, 2017, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in artificial inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus $35.05, the average closing price for Novo Nordisk ADRs between February 2, 2017 and May 2, 2017 (the last entry in Table 2 below).[3]

## ADDITIONAL PROVISIONS

8.      Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶11 below) is $10.00 or greater.

9.      If a claimant has more than one purchase or sale of Novo Nordisk ADRs during the Class Period, purchases and sales will be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

---

[3]      Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Novo Nordisk ADRs during the "90-day look-back period," February 2, 2017 through and including May 2, 2017.  The mean (average) closing price for Novo Nordisk ADRs during this 90-day look-back period was $35.05.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

10.   A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶7 above.

11.   The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12.   For the purposes of calculations in ¶7 above, "purchase price" means the actual price paid, excluding commissions and other charges, and "sale price" means the actual price received, not deducting commissions and other charges.

13.   Purchases and sales of Novo Nordisk ADRs will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Novo Nordisk ADRs during the Class Period will not be deemed a purchase or sale of Novo Nordisk ADRs for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase of Novo Nordisk ADRs unless: (i) the donor or decedent purchased the ADRs during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those ADRs; and (iii) it is specifically so provided in the instrument of gift or assignment.

14.   The date of covering a "short sale" is deemed to be the date of purchase of the Novo Nordisk ADR.  The date of a "short sale" is deemed to be the date of sale of the Novo Nordisk ADR.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Novo Nordisk ADR, his, her, or its earliest Class Period purchases of Novo Nordisk ADRs will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

15.   Option contracts are not securities eligible to participate in the Settlement.  With respect to Novo Nordisk ADRs purchased or sold through the exercise or assignment of an option, the purchase/sale date of the Novo Nordisk ADRs is the exercise/assignment date of the option and the purchase/sale price of the Novo Nordisk ADRs is the exercise/assignment price of the option.

16.   If a claimant had a market gain with respect to his, her, or its overall transactions in Novo Nordisk ADRs during the Class Period, the value of the claimant's Recognized Claim will be zero. If a claimant suffered an overall market loss with respect to his, her, or its overall transactions in Novo Nordisk ADRs during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss.  For purposes of determining whether a claimant had a market gain with respect to his, her, or its overall transactions in Novo Nordisk ADRs during the Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the claimant's Total Purchase Amount[4] and (ii) the sum of the claimant's Total Sales

---

[4]     The "Total Purchase Amount" will be the total amount the claimant paid (excluding commissions and other charges) for Novo Nordisk ADRs purchased during the Class Period.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

Proceeds[5] and Holding Value.[6]  This difference will be deemed a claimant's market gain (if the difference is a negative number or zero) or the claimant's market loss (if the difference is a positive number) with respect to his, her, or its overall transactions in Novo Nordisk ADRs during the Class Period.

17.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than nine (9) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

18.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

19.    The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve this Plan of Allocation as proposed or it may modify the Plan without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.NovoNordiskSecuritiesLitigation.com.

---

[5]      The Claims Administrator will match any sales of Novo Nordisk ADRs during the Class Period first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting commissions and other charges) for the remaining sales of Novo Nordisk ADRs sold during the Class Period will be the "Total Sales Proceeds."

[6]      The Claims Administrator will ascribe a "Holding Value" of $33.48 per ADR for Novo Nordisk ADRs purchased during the Class Period and still held as of the close of trading on February 2, 2017.

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

## TABLE 1

### Decline in Artificial Inflation Per Novo Nordisk ADR by Date of Purchase and Date of Sale

| Purchase Date | Sale Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 2/3/2015 - 3/25/2015 | 3/26/2015 - 2/2/2016 | 2/3/2016 | 2/4/2016 - 8/4/2016 | 8/5/2016 | 8/6/2016 - 9/28/2016 | 9/29/2016 - 10/27/2016 | 10/28/2016 - 2/1/2017 | Sold on or Retained Beyond 2/2/2017 |
| 2/3/2015 - 3/25/2015 | $0.00 | $0.00 | $0.00 | $0.86 | $6.31 | $8.54 | $9.79 | $14.92 | $18.26 |
| 3/26/2015 - 2/2/2016 | | $0.00 | $3.48 | $5.05 | $10.50 | $12.73 | $13.98 | $19.11 | $22.45 |
| 2/3/2016 | | | $0.00 | $1.57 | $7.02 | $9.25 | $10.50 | $15.63 | $18.97 |
| 2/4/2016 - 8/4/2016 | | | | $0.00 | $5.45 | $7.68 | $8.93 | $14.06 | $17.40 |
| 8/5/2016 | | | | | $0.00 | $2.23 | $3.48 | $8.61 | $11.95 |
| 8/6/2016 - 9/28/2016 | | | | | | $0.00 | $1.25 | $6.38 | $9.72 |
| 9/29/2016 - 10/27/2016 | | | | | | | $0.00 | $5.13 | $8.47 |
| 10/28/2016 - 2/1/2017 | | | | | | | | $0.00 | $3.34 |
| Purchased on or after 2/2/2017 | | | | | | | | | $0.00 |

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

4867-2319-4884.v2

**TABLE 2**

**90-Day Look-Back Table for Novo Nordisk ADRs**
**(Closing Price and Average Closing Price)**

| Date | Closing Price | Average Closing Price Between February 2, 2017 and Date Shown | Date | Closing Price | Average Closing Price Between February 2, 2017 and Date Shown |
|------|--------------|----------------------------------------------------------------|------|--------------|----------------------------------------------------------------|
| 2/2/2017 | $33.48 | $33.48 | 3/20/2017 | $34.23 | $34.41 |
| 2/3/2017 | $34.08 | $33.78 | 3/21/2017 | $33.68 | $34.38 |
| 2/6/2017 | $33.73 | $33.76 | 3/22/2017 | $33.90 | $34.37 |
| 2/7/2017 | $33.38 | $33.67 | 3/23/2017 | $33.15 | $34.33 |
| 2/8/2017 | $33.65 | $33.66 | 3/24/2017 | $33.54 | $34.31 |
| 2/9/2017 | $34.48 | $33.80 | 3/27/2017 | $34.18 | $34.31 |
| 2/10/2017 | $34.50 | $33.90 | 3/28/2017 | $34.11 | $34.30 |
| 2/13/2017 | $34.59 | $33.99 | 3/29/2017 | $34.19 | $34.30 |
| 2/14/2017 | $34.55 | $34.05 | 3/30/2017 | $33.79 | $34.29 |
| 2/15/2017 | $34.77 | $34.12 | 3/31/2017 | $34.28 | $34.29 |
| 2/16/2017 | $35.44 | $34.24 | 4/3/2017 | $34.36 | $34.29 |
| 2/17/2017 | $35.46 | $34.34 | 4/4/2017 | $36.05 | $34.33 |
| 2/21/2017 | $35.37 | $34.42 | 4/5/2017 | $35.69 | $34.36 |
| 2/22/2017 | $35.25 | $34.48 | 4/6/2017 | $35.36 | $34.38 |
| 2/23/2017 | $35.78 | $34.57 | 4/7/2017 | $35.40 | $34.41 |
| 2/24/2017 | $35.60 | $34.63 | 4/10/2017 | $35.85 | $34.44 |
| 2/27/2017 | $35.74 | $34.70 | 4/11/2017 | $36.02 | $34.47 |
| 2/28/2017 | $35.33 | $34.73 | 4/12/2017 | $36.15 | $34.50 |
| 3/1/2017 | $35.03 | $34.75 | 4/13/2017 | $35.75 | $34.53 |
| 3/2/2017 | $34.64 | $34.74 | 4/17/2017 | $36.09 | $34.56 |
| 3/3/2017 | $34.68 | $34.74 | 4/18/2017 | $36.19 | $34.59 |
| 3/6/2017 | $33.92 | $34.70 | 4/19/2017 | $36.31 | $34.62 |
| 3/7/2017 | $33.37 | $34.64 | 4/20/2017 | $36.40 | $34.66 |
| 3/8/2017 | $32.98 | $34.58 | 4/21/2017 | $35.88 | $34.68 |
| 3/9/2017 | $33.45 | $34.53 | 4/24/2017 | $36.54 | $34.71 |
| 3/10/2017 | $33.89 | $34.51 | 4/25/2017 | $37.08 | $34.75 |
| 3/13/2017 | $33.83 | $34.48 | 4/26/2017 | $37.36 | $34.80 |
| 3/14/2017 | $33.73 | $34.45 | 4/27/2017 | $38.78 | $34.87 |
| 3/15/2017 | $33.84 | $34.43 | 4/28/2017 | $38.68 | $34.93 |
| 3/16/2017 | $34.18 | $34.42 | 5/1/2017 | $38.30 | $34.98 |
| 3/17/2017 | $34.02 | $34.41 | 5/2/2017 | $38.93 | $35.05 |

Questions? Visit www.NovoNordiskSecuritiesLitigation.com or toll free at 1 (833) 674-0167

21

4867-2319-4884.v2

# EXHIBIT 2

**Exhibit 2**

# PROOF OF CLAIM AND RELEASE FORM

*Novo Nordisk Securities Litigation*

**Toll-Free Number:  1 (833) 674-0167**
**Email:  info@NovoNordiskSecuritiesLitigation.com**
**Website:  www.NovoNordiskSecuritiesLitigation.com**

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online at www.NovoNordiskSecuritiesLitigation.com, with supporting documentation, *postmarked* **(if mailed) or received by no later than _____, 2022.**

| | |
|---|---|
| **Mail to:** | ***Novo Nordisk Securities Litigation*** |
| | **c/o JND Legal Administration** |
| | **P.O. Box 91154** |
| | **Seattle, WA 98111** |

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | ___ |
| **PART II – GENERAL INSTRUCTIONS** | ___ |
| **PART III – SCHEDULE OF TRANSACTIONS IN NOVO NORDISK AMERICAN DEPOSITARY RECEIPTS (NYSE TICKER: NVO; CUSIP 670100205)** | ___ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | ___ |

## PART I – CLAIMANT INFORMATION

Please read "Part II – General Instructions," below, before completing this "Part I - Claimant Information." The Claims Administrator will use the information provided for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name

MI

Beneficial Owner's Last Name

Joint Beneficial Owner's First Name (*if applicable*)

MI

Joint Beneficial Owner's Last Name (*if applicable*)

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City

State/Province

Zip Code

Foreign Postal Code (if applicable)

Foreign Country (if applicable)

Telephone Number (Day)

Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)   ☐ Corporation   ☐ UGMA   Custodian ☐ IRA   ☐ Partnership

☐ Estate   ☐ Trust   ☐ Other (describe): _____

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses that accompanies this Claim Form, including the proposed Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.   The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all persons or entities who purchased the American Depositary Receipts ("ADRs") of Novo Nordisk A/S ("Novo Nordisk") between February 3, 2015 and February 2, 2017, inclusive (the "Class Period"), and who were damaged thereby (the "Class").

3.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  IF YOU ARE NOT A MEMBER OF THE CLASS (*see* the definition of the Class in Paragraph 25 of the Notice, which states who is included in and who is excluded from the Class), DO NOT SUBMIT A CLAIM FORM; **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in, and holdings of, Novo Nordisk ADRs.  On this schedule, provide all of the requested information with respect to your holdings, purchases, and sales of Novo Nordisk ADRs (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Novo Nordisk ADRs as set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Novo Nordisk ADRs.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the**

**Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

7.       Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the Novo Nordisk ADRs.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the Novo Nordisk ADRs in your own name, you were the beneficial owner as well as the record owner.  If, however, your Novo Nordisk ADRs were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of the security, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

8.       **One Claim should be submitted for each separate legal entity or separately managed account**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity, including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Novo Nordisk ADRs made on behalf of a single beneficial owner.

9.       Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

     (a)    expressly state the capacity in which they are acting;

     (b)    identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Novo Nordisk ADRs; and

     (c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.       By submitting a signed Claim Form, you will be swearing that you:

     (a)    own(ed) the Novo Nordisk ADRs you have listed in the Claim Form; or

     (b)    are expressly authorized to act on behalf of the owner thereof.

11.       By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.       If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be

made after any appeals are resolved and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@NovoNordiskSecuritiesLitigation.com, or by toll-free phone at 1 (833) 674-0167, or you can visit the Settlement website, www.NovoNordiskSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15. NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.NovoNordiskSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at NVOSecurities@jndla.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* Paragraph 8 above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at NVOSecurities@jndla.com to inquire about your file and confirm it was received.**

### IMPORTANT: PLEASE NOTE

16. **YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS OF YOUR SUBMISSION. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL FREE AT 1 (833) 674-0167.**

## PART III – SCHEDULE OF TRANSACTIONS IN NOVO NORDISK
## AMERICAN DEPOSITARY RECEIPTS

Use this section to provide information on your holdings and trading of Novo Nordisk American Depositary Receipts (NYSE Ticker Symbol: NVO; CUSIP 670100205) ("Novo Nordisk ADRs") during the requested time periods.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6 above.

| 1. **HOLDINGS AS OF FEBRUARY 3, 2015** – State the total number of Novo Nordisk ADRs held as of the opening of trading on February 3, 2015.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

**2. PURCHASES FROM FEBRUARY 3, 2015 THROUGH FEBRUARY 2, 2017** – Separately list each and every purchase (including free receipts) of Novo Nordisk ADRs from February 3, 2015 through and including February 2, 2017.  (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of ADRs Purchased | Purchase Price Per ADR | Total Purchase Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

**3. PURCHASES FROM FEBRUARY 3, 2017 THROUGH MAY 2, 2017** – State the total number of Novo Nordisk ADRs purchased (including free receipts) from February 3, 2017 through and including May 2, 2017.  (Must be documented.)  If none, write "zero" or "0."[1] _____

| 4. **SALES FROM FEBRUARY 3, 2015 THROUGH MAY 2, 2017** – Separately list each and every sale/disposition (including free deliveries) of Novo Nordisk ADRs from February 3, 2015 through and including May 2, 2017. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of ADRs Sold | Sale Price Per ADR | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

---

[1] Information requested with respect to your purchases of Novo Nordisk ADRs from February 3, 2017 through and including May 2, 2017, is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim under the Plan of Allocation.

| /     / | | $ | $ | ○ |
|---|---|---|---|---|
| **5.  HOLDINGS AS OF MAY 2, 2017** – State the total number of Novo Nordisk ADRs held as of the close of trading on May 2, 2017.  (Must be documented.)  If none, write "zero" or "0."   _____ | | | | Confirm Proof of Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**   ☐

## <u>PART IV - RELEASE OF CLAIMS AND SIGNATURE</u>

### YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [__] OF THIS CLAIM FORM.

I (We) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the Claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Plaintiffs' Claims against any of the Defendants' Releasees, whether or not such Class Member executes and delivers the Claim Form or shares in the Net Settlement Fund.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3.      that I (we) own(ed) the Novo Nordisk ADRs identified in the Claim Form and have not assigned the Claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the Claimant(s) has (have) not submitted any other Claim covering the same purchases of Novo Nordisk ADRs and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

7.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

8.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.      that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the Claimant(s) is (are) exempt from backup withholding or (ii) the Claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the Claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE

_____

Signature of Claimant                                                          Date

_____

Print Claimant name here

_____

Signature of joint Claimant, if any                                       Date

_____

Print joint Claimant name here

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of person signing on behalf of Claimant              Date

_____

Print name of person signing on behalf of Claimant here

_____

Capacity of person signing on behalf of Claimant, if other than an individual, e.g., executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – see Paragraph 9 on page [___] of this Claim Form.)

## REMINDER CHECKLIST:

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your Claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1 (833) 674-0167.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@NovoNordiskSecuritiesLitigation.com, or by toll-free phone at 1 (833) 674-0167, or you may visit www.NovoNordiskSecuritiesLitigation.com.  DO NOT call Novo Nordisk or its counsel with questions regarding your Claim.

THIS CLAIM FORM MUST BE SUBMITTED ONLINE USING THE SETTLEMENT WEBSITE, WWW.NOVONORDISKSECURITIESLITIGATION.COM, **NO LATER THAN _____, 2022**, OR MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2022**, ADDRESSED AS FOLLOWS:

*Novo Nordisk Securities Litigation*
**c/o JND Legal Administration**
**P.O. Box 91154**
**Seattle, WA 98111**

A Claim Form received by the Claims Administrator via mail shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2022 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT 3

Exhibit 3

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NOVO NORDISK SECURITIES LITIGATION | No. 3:17-cv-209-ZNQ-LHG |

## SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**To:** **All persons or entities who purchased the American Depositary Receipts of Novo Nordisk A/S ("Novo Nordisk") between February 3, 2015 and February 2, 2017, inclusive, and who were damaged thereby (the "Class")**[1]

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court"), that co-lead plaintiffs and class representatives Lehigh County Employees' Retirement System, Oklahoma Firefighters Pension and Retirement System, Boston Retirement System, Employees' Pension Plan of the City of Clearwater, and Central States, Southeast and Southwest Areas Pension Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and the Court-certified Class in the above-captioned securities class action (the "Action"), have reached a proposed settlement of the Action with defendants Novo Nordisk, Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis (collectively, "Defendants") for $100,000,000 in cash that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2022 at __:__ .m., before the Honorable Zahid N. Quraishi either in person at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, Courtroom 7W, 402 East State Street, Trenton, NJ 08608, or by telephone or videoconference (in the discretion of the Court) to, among other things: (i) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement dated November 23, 2021 (the "Stipulation") is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) determine whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and the Settlement Notice should be granted; (iii) determine whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) determine whether Lead Counsel's motion for attorneys' fees and Litigation Expenses

---

[1] Certain persons and entities are excluded from the Class by definition and others are excluded pursuant to request. The full definition of the Class including a complete description of who is excluded from the Class is set forth in the full Settlement Notice referred to below.

(including awards to the Lead Plaintiffs) should be approved; and (v) consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Class, your rights will be affected by the Settlement, and you may be entitled to share in the Net Settlement Fund.** If you have not yet received the full printed Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice") and the Proof of Claim and Release Form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at *Novo Nordisk Securities Litigation*, c/o JND Legal Administration, P.O. Box 91154, Seattle, WA 98111, 1 (833) 674-0167, info@NovoNordiskSecuritiesLitigation.com. Copies of the Settlement Notice and Claim Form can also be downloaded from the website for the Action, www.NovoNordiskSecuritiesLitigation.com.

If you are a Class Member, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* **(if mailed), or online through the Settlement website, www.NovoNordiskSecuritiesLitigation.com, no later than _____, 2022**. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses, must be filed with the Court and delivered to Lead Counsel and counsel for Defendants such that they are *received* **no later than _____, 2022**, in accordance with the instructions set forth in the Settlement Notice.

**Please do not contact the Court, the Clerk's office, Novo Nordisk, any other Defendants in the Action, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Settlement Notice and Claim Form should be made to:

*Novo Nordisk Securities Litigation*
c/o JND Legal Administration
P.O. Box 91154
Seattle, WA 98111

1 (833) 674-0167
info@NovoNordiskSecuritiesLitigation.com
www.NovoNordiskSecuritiesLitigation.com

Inquiries, other than requests for the Settlement Notice and Claim Form, may be made to Lead Counsel:

Luke O. Brooks, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498

1 (800) 449-4900
rickn@rgrdlaw.com

Katherine M. Sinderson, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020

1 (800) 380-8496
settlements@blbglaw.com

BY ORDER OF THE COURT
United States District Court
District of New Jersey