

SAMUEL I. PORTNOY
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4909 Fax: (973) 639-6218
sportnoy@gibbonslaw.com

January 28, 2022

**VIA ECF**

Honorable Zahid N. Quraishi, U.S.D.J.
Honorable Lois H. Goodman, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building &
U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:    *In Re Novo Nordisk Sec. Litig.*, **17-cv-209 (ZNQ) (LHG)**

Dear Judges Quraishi and Goodman:

      This firm, along with Davis Polk & Wardwell LLP, represents defendants Novo Nordisk A/S ("NNAS"), Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis ("defendants") in the above-referenced matter. We write to alert the Court to a recent development concerning California State Teachers' Retirement System's ("CalSTRS") cross-motion for attorneys-eyes-only access to provisionally sealed documents and opposition to defendants' motion to seal. ECF No. 314 ("Cross-Motion").

      Earlier this month, after briefing on the Cross-Motion was complete, NNAS and CalSTRS settled the securities lawsuit that had been pending in Denmark. The existence of that litigation, which defendants and CalSTRS discussed in their submissions on the Cross-Motion, ECF Nos. 314-316, is what had triggered both CalSTRS's request for access to the provisionally sealed documents and CalSTRS's original application pursuant to 28 U.S.C. § 1782 for the production of documents for use in a foreign proceeding, *see In re Application of Cal. State Teachers Ret. Sys. for an Order Pursuant to 28 U.S.C. 1782, Granting Leave to Obtain Discovery for Use in a Foreign Proceeding,* 19-cv-16458 (FLW) (DEA) (D.N.J.) ("1782 Proceeding"). Accordingly, all litigation relating to the matters that are the subject of the various provisionally sealed documents have now been resolved, subject to this Court's approval of the settlement of the U.S. litigation.

      CalSTRS has never denied that it sought access to the materials in question in order to aid its prosecution of the now-settled Danish litigation, arguing instead that it "enjoys no lesser rights to be heard" on the Cross-Motion merely because it seeks to advance its own interests in a separate proceeding. *See* ECF No. 314 at 11. Indeed, as defendants have explained, in the 1782 Proceeding, CalSTRS was expressly denied access to the same deposition transcripts and exhibits it seeks to access through its Cross-Motion. ECF No. 315 at 5, 14-18.

      Notwithstanding the termination of the Danish matter (and thus of CalSTRS's putative need for the documents in question), CalSTRS has declined to withdraw its Cross-Motion. One

GIBBONS P.C.

Honorable Zahid N. Quraishi, U.S.D.J.
Honorable Lois H. Goodman, U.S.M.J.
January 28, 2022
Page 2

of the goals of settlement is finality, and the avoidance of unnecessary inefficiencies for the settling parties and the Court.  For that reason, among others, the Court should not indulge CalSTRS's effort to prolong these proceedings with unnecessary motion practice and discovery work.  The settlement of the Danish matter moots CalSTRS's Cross-Motion and provides an independent ground, in addition to those articulated in defendants' opposition—ECF No. 315—for that Motion's denial.  Indeed, the relief that CalSTRS seeks in the Cross-Motion—namely, a "line-by-line" analysis of the 2,000-plus pages of entries contained in Defendants' motion to seal purportedly for the purpose of opposing that motion—will be entirely inefficient for all involved.  Likewise, CalSTRS's invitation for the *Court* to then further review the outcome of that process and adjudicate related pending matters would result in a plain waste of judicial resources.  Defendants ask that the Court deny the Cross-Motion and reinstate its administrative stay of this matter until such time as the settlement between defendants and the plaintiffs in this litigation, *see* ECF No. 311, receives final approval.

        Defendants thank the Court for its continued attention to this matter.

        Respectfully submitted,

        s/ Samuel I. Portnoy
        Samuel I. Portnoy

cc:  All counsel of record via ECF