UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**LOIS H. GOODMAN**<br>**UNITED STATES MAGISTRATE JUDGE** | **CLARKSON S. FISHER U.S. COURTHOUSE**<br>**402 EAST STATE STREET**<br>**ROOM 7050**<br>**TRENTON, NJ 08608**<br>**609-989-2114** |

February 18, 2022

## LETTER ORDER

Re:   In re Novo Nordisk Securities Litigation
      Civil Action No. 17-209 (ZNQ)(LHG)

Dear Counsel:

This matter comes before the Court by way of a motion to seal (the "Motion to Seal") [Docket Entry No. 292] filed by Defendants Novo Nordisk A/S ("Novo"), Lars Rebien Sørensen, Jesper Brandgaard, and Jacob Riis (collectively, "Defendants"). The Motion seeks to permanently seal certain portions of, and certain exhibits filed in support of, the Memorandum of Law in Support of Defendants' Motion for Summary Judgment [ECF No. 268]; Defendants' Statement of Undisputed Material Facts [Docket Entry No. 268-1]; Lead Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment [Docket Entry No. 274]; Lead Plaintiffs' Responses to Defendants' Statement of Undisputed Material Facts [Docket Entry No. 274-1]; Lead Plaintiffs' Statement of Additional Disputed Material Facts [Docket Entry No. 274-2]; Defendants' Reply Memorandum of Law in Further Support of Defendants' Motion for Summary Judgment [Docket Entry No. 288]; and Defendants' Responses to Plaintiffs' Statement of Additional Disputed Material Facts [Docket Entry No. 288-1] (collectively, the "Summary Judgment Filings"). The Court has fully considered Appendix A and the supporting certifications filed in support of the Motion to Seal, as well as any additional submissions in further support of or in opposition to the motion. This includes class member California State Teachers' Retirement System's ("CalSTRS") Cross-Motion for Attorneys-Eyes-Only ("AEO") Access to Provisionally Sealed Documents and For the Court to Accept this Submission as Opposition to Joint Motion to Seal ("CalSTRS's Cross-Motion") [Docket Entry No. 314] and brief in support of its Cross-Motion ("CalSTRS's Brief in Support") [Docket Entry No. 314-1], Defendants' Memorandum of Law in Opposition to CalSTRS's Cross-Motion ("Opposition") [Docket Entry No. 315], and CalSTRS's Reply Memorandum in Support of its Cross-Motion ("Reply") [Docket Entry No. 316]. Based on the record submitted and the briefings of the parties, and pursuant to Fed. R. Civ. P. 78 and Local Civil Rule 78.1(b), the Court grants the Motion to Seal and denies CalSTRS's Cross-Motion.

In connection with their dispositive motions, the parties filed the Summary Judgment

*In re Novo Nordisk Securities Litigation*
Page 2 of 4

Filings under temporary seal and have identified in Appendix A the materials or portions thereof that Defendants seek to keep permanently sealed (the "Sealed Materials"). On September 29, 2021, counsel filed a letter advising that the parties had reached a settlement in principle, and that Lead Plaintiffs were withdrawing their initial opposition to the Motion to Seal. *See* [Docket Entry No. 299]. The parties thereafter filed a Motion for Preliminary Approval of Settlement. *See* [Docket Entry No. 311].

CalSTRS filed its Cross-Motion seeking, *inter alia*, AEO access to the Sealed Materials in order to prepare its own opposition to the Motion to Seal—which it asserts lacks sufficient detail—and to assist the Court in rendering a decision on the Motion to Seal in a more informed manner. CalSTRS's Brief in Support at 3–14. CalSTRS asserts that it is uniquely situated to offer such insight into the records at issue given that it is a litigant in a collateral proceeding against Defendants (the "1782 Action"). As a result, CalSTRS would be able to provide meaningful objections regarding the redactions. *Id*. at 10–14. Alternatively, CalSTRS requests that the Court appoint a Special Master to review the Summary Judgment Filings and then advise the Court as to whether sealing is appropriate. *Id*. at 20–21.

Defendants oppose the Cross-Motion on several grounds. They assert that Lead Plaintiffs' withdrawal of any opposition to the Motion to Seal is binding on CalSTRS, that CalSTRS's request is an attempt to obtain discovery to which it was previously denied access in the 1782 Action, that granting absent class-members and non-parties access to confidential materials in order to file opposition to a motion to seal would allow anyone to access otherwise confidential materials, that Defendants adequately supported their Motion to Seal, and CalSTRS has not complied with its obligations to oppose the Motion on a document-by-document basis. Opposition at 18–26.

In its Reply, CalSTRS asserts that it was permitted to oppose the present Motion to Seal pursuant to Fed. R. Civ. P. 23(c)(2)(B)(iv), Fed. R. Civ. P. 23(d)(1)(B)(iii), and the common law right of access, and that the Court should grant AEO access to the Sealed Materials to allow CalSTRS to demonstrate that the Motion to Seal should be denied. Reply at 4–11.

On January 28, 2022, Defendants filed a letter advising the Court that Defendants and CalSTRS had settled the 1782 Action. CalSTRS's Cross-Motion was therefore moot, and the Court should deny any effort to prolong this litigation. [Docket Entry No. 318].

In support of the Motion to Seal, Mads Hviid Jensen, Team Leader in Novo's legal department, certified that the materials to be sealed contain confidential sensitive information. Certification of Mads Hviid Jensen ("Jensen"), in Support of Motion to Seal ("Jensen Cert." or "Jensen Certification") [Docket Entry No. 292-2], ¶¶8–15. Jensen identifies examples of documents to be sealed, providing descriptions and describing the harm that would result from disclosure. *See id.* ¶¶8–9, 11. These documents include internal communications and meeting excerpts related to Novo's pricing, budgeting, sales strategies, and risk management. They also contain communications with contracting parties, including pharmacy benefit managers ("PBMs"), relating to Novo's account strategies, rebate agreements, contract terms, and other highly sensitive business information. *Id*. Additionally, Jensen certifies that excerpts from deposition transcripts and exhibits relating to internal strategic discussions as to budgeting,

*In re Novo Nordisk Securities Litigation*
Page 3 of 4

forecasting, pricing and contracting are similarly commercially sensitive. *Id.* ¶¶11–12. If the documents to be sealed are disclosed, Novo would be at a competitive disadvantage because disclosure would reveal the inner workings of its budgeting and business planning, and would reveal trade secrets regarding contracting strategy, tactics, and outcomes. *Id.* ¶¶8–9. Further, disclosure would impair Novo's ability to compete with other pharmaceutical manufacturers and to negotiate with contracting parties, such as PBMs. *Id.* ¶14.

Relevant case law holds that the right of public access to court filings is not absolute and may be overcome. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The Court may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 166 (3d Cir. 1993).

Local Civil Rule 5.3(c) sets forth the applicable requirements to seal documents. Rule 5.3(c)(3) provides that a motion to seal must describe, in relevant part, (a) the nature of the materials or proceedings at issue in the motion, (b) the legitimate private or public interest warranting the relief sought, (c) the clearly defined and serious injury that would result if the court does not grant the relief sought, and (d) why a less restrictive alternative is not available.

The Court finds that, for the reasons set forth in the Appendix A and its supporting certifications, including the Jensen Certification, permanent sealing of certain Sealed Materials is necessary to protect the legitimate interests of Defendants and certain non-parties. Further, for the reasons set forth in Appendix A and its supporting certifications, clearly defined and serious injury will result if the Sealed Materials are not permanently sealed including, without limitation, the public disclosure of proprietary or otherwise commercially sensitive confidential business information. The Court also finds that no less restrictive alternative to permanently sealing the Sealed Materials is available, as set forth in Appendix A and its supporting certifications. Additionally, the Court has previously sealed some of the materials at issue in the present Motion. *See* [Docket Entry Nos. 170, 197, 228, 229]. The Court therefore finds that Defendants have satisfied the requirements of Local Civil Rule 5.3(c) and made a showing sufficient to overcome the public's right of access to the Sealed Materials.

Furthermore, CalSTRS's request to obtain access to the Sealed Materials to enable it to conduct its own evaluation is contrary to the purposes of Local Civil Rule 5.3, given this Court's determination that Defendants have met the Rule's requirements for sealing. Accordingly, the Court denies as moot CalSTRS's Cross-Motion for AEO access to the Sealed Materials. The Court similarly finds that CalSTRS's request to appoint a Special Master to perform a document-by-document review of the Summary Judgment Filings is unwarranted.

For the forgoing reasons, and, for good cause shown, it is hereby ORDERED that Defendants' Motion to Seal [Docket Entry No. 292] is GRANTED, and CalSTRS's Cross-Motion [Docket Entry No. 314] is DENIED. It is further ORDERED that all documents filed under temporary seal in connection with the Summary Judgment Filings, as identified on page one of this Letter Order, shall be maintained under seal. Finally, it is ORDERED that for any documents filed under temporary seal that are not to remain sealed in their entirety pursuant to this Order, the Parties shall, within 14 days of the entry of this Order, file public versions of such

*In re Novo Nordisk Securities Litigation*
Page 4 of 4

documents with the material identified in the Joint Appendix A redacted.

    **IT IS SO ORDERED.**

                                              **LOIS H. GOODMAN**
                                              **United States Magistrate Judge**