UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE NOVO NORDISK
SECURITIES LITIGATION

No. 3:17-cv-209-ZNQ-LHG

**ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Novo Nordisk Securities Litigation*, Master File No. 3:17-cv-209-ZNQ-LHG (the "Action");

WHEREAS, by Order dated January 31, 2020 (ECF No. 182), this Court certified the Action to proceed as a class action on behalf of all persons or entities who purchased the American Depositary Receipts ("ADRs") of Novo Nordisk A/S ("Novo Nordisk") between February 3, 2015 and February 2, 2017, inclusive (the "Class Period"), and who were damaged thereby (the "Class");[1] appointed Lehigh County Employees' Retirement System, Oklahoma Firefighters Pension and Retirement System, Boston Retirement System, Employees' Pension Plan of the City of Clearwater, and Central States, Southeast and Southwest Areas Pension Fund (collectively, "Lead Plaintiffs") as Class Representatives for the Class; and appointed Bernstein Litowitz Berger & Grossmann LLP and Robbins Geller Rudman & Dowd LLP (collectively, "Lead Counsel") as Class Counsel for the Class;

---

[1]   Excluded from the Class are: (i) Novo Nordisk; (ii) any directors and officers of Novo Nordisk during the Class Period and members of their immediate families; (iii) the subsidiaries, parents, and affiliates of Novo Nordisk; (iv) any firm, trust, corporation, or other entity in which Novo Nordisk has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded persons or entities.  Also excluded from the Class are the persons and entities who requested exclusion from the Class in connection with the Class Notice, as listed in Appendix 1 to the Stipulation (defined below).

WHEREAS, by Order dated July 20, 2020, the Court approved the form and manner of providing notice to potential Class Members (the "Class Notice") to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; (iii) their right to request to be excluded from the Class; (iv) the effect of remaining in the Class or requesting exclusion; and (v) the requirements for requesting exclusion (the "Class Notice Order") (ECF No. 192);

WHEREAS, pursuant to the Class Notice Order, over 350,000 copies of the Class Notice were mailed to potential Class Members and nominees (ECF No. 223);

WHEREAS, the Class Notice notified putative Class Members that (a) in order to exclude themselves from the Class, they were required to submit requests for exclusion on or before October 13, 2020, (b) "Class Members will not have another opportunity to exclude themselves or otherwise opt out of this Litigation," and (c) "IF YOU DO NOT EXCLUDE YOURSELF BY THE DEADLINE ABOVE, YOU WILL REMAIN PART OF THE CLASS AND BE BOUND BY THE ORDERS OF THE DISTRICT COURT IN THIS LAWSUIT, INCLUDING FINAL JUDGMENT," and thereby provided sufficient opportunity for those putative Class Members who wished to exclude themselves from the Class to do so;

WHEREAS, pursuant to the Class Notice, 107 persons and entities requested exclusion from the Class;[2]

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the Class, and (b) defendants Novo Nordisk, Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis (collectively, "Defendants") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement

---

[2]   A list of the persons and entities who requested exclusion pursuant to the Class Notice is attached as Appendix 1 to the Stipulation.

2

of Settlement dated November 23, 2021 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

WHEREAS, the Court preliminarily finds that:

(a) the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel following mediation under the direction of an experienced mediator;

(b) the proposed Settlement eliminates the risks to the Parties of continued litigation;

(c) the Settlement does not provide undue preferential treatment to Class Representatives or to segments of the Class;

(d) the Settlement does not provide excessive compensation to counsel for the Class Representatives; and

(e) the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the proposed Settlement to the Class; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

3

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing** – The Court will hold a hearing (the "Settlement Hearing") on  June 27th , 2022, at  11 :  00 a.m., by video conference for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraphs 4 and 5 of this Order.

3. The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if

4

appropriate, without further notice to the Class. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Class. Any Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the settlement website for any change in date, time, or format of the hearing.

    4. **Retention of Claims Administrator and Manner of Giving Notice** – JND Legal Administration ("JND") was previously retained to supervise and administer the distribution of the Class Notice and receive and process requests for exclusion from the Class. Lead Counsel is now authorized to retain JND as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given as follows:

    (a) Beginning no later than fifteen (15) business days after the date of entry of this Order (such date that is fifteen (15) business days after the date of entry of this Order, the "Notice Date"), JND shall cause a copy of the Settlement Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Settlement Notice Packet"), to be mailed by first-class mail to all potential Class Members who were previously mailed a copy of the Class Notice;

    (b) By no later than the Notice Date, JND shall post copies of the Settlement Notice and the Claim Form on the website previously established for the Action, www.NovoNordiskSecuritiesLitigation.com;

(c) By no later than ten (10) business days after the Notice Date, JND shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 3, to be published on one occasion in *The Wall Street Journal* and *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(d) By no later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5. **Nominee Procedures** – In connection with the previously disseminated Class Notice, brokers and other nominees ("Nominees") who purchased Novo Nordisk ADRs during the Class Period for the beneficial interest of another were requested to either: (a) provide a list of the names and addresses of all such beneficial owners to JND; or (b) request from JND sufficient copies of the Class Notice to forward to all such beneficial owners and then forward those Class Notices to all such beneficial owners.

(a) For Nominees who chose the first option (*i.e.*, provided a list of names and addresses of beneficial holders to JND), JND shall, by no later than the Notice Date, mail a copy of the Settlement Notice Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied. Unless the Nominee purchased Novo Nordisk ADRs during the Class Period for beneficial owners whose names and addresses were not previously provided to JND, or is aware of a name or address change of one of its beneficial owners, such Nominees need not take any further action;

(b) For Nominees who chose the second option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), JND shall forward the same number of Settlement Notice Packets to such Nominees no later than the Notice Date, and the Nominees shall, by no later than

seven (7) calendar days after receipt of the Settlement Notice Packets, mail the Settlement Notice Packets to their beneficial owners;

(c)  For Nominees that purchased Novo Nordisk ADRs during the Class Period for beneficial owners whose names and addresses were not previously provided to JND or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to JND, such Nominees shall, by no later than seven (7) calendar days after receipt of the Settlement Notice Packet, provide a list of the names and addresses of all such beneficial owners to JND, or shall request from JND sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners, which the Nominee shall, within seven (7) calendar days of receipt of the Settlement Notice Packets from JND, mail to the beneficial owners; and

(d)  Upon full and timely compliance with this Order, Nominees who mail the Settlement Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing JND with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

6.  **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Settlement Notice, the Claim Form, and the Summary Settlement Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Settlement Notice and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraphs 4 and 5 of this Order (i) is the

7

best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended, and all other applicable law and rules, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing, and all other relevant deadlines, shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published, respectively.

7. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be received or postmarked, if mailed, no later than one hundred and twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

8. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will forever be barred and enjoined from commencing, instituting, maintaining, or prosecuting any of the Released Plaintiffs' Claims against Defendants or any of the other Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 7 above.

10. **No Second Opportunity to Request Exclusion From the Class** – In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class in connection with the Class Notice, the Court is exercising its discretion under Rule 23(e)(4) of the Federal Rules of Civil Procedure to not require a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings.

11. **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Court and delivering a notice of appearance to Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 12 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.

12. Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth

below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP<br>Katherine M. Sinderson, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020 | Davis Polk & Wardwell LLP<br>James P. Rouhandeh, Esq.<br>450 Lexington Avenue<br>New York, NY 10017 |
| Robbins Geller Rudman & Dowd LLP<br>Luke O. Brooks, Esq.<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101-8498 | Gibbons P.C.<br>Michael R. Griffinger, Esq.<br>One Gateway Center<br>Newark, NJ 07102-5310 |

13. Any objections, filings, and other submissions by the objecting Class Member must identify the case name and civil action number, *In re Novo Nordisk Securities Litigation*, No. 3:17-cv-209-ZNQ-LHG, and they must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector (even if the objector is represented by counsel); (b) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (c) include documents sufficient to prove membership in the Class, including documents showing the number of Novo Nordisk ADRs that the objecting Class Member: (A) owned as of the opening of trading on February 3, 2015 and (B) purchased and/or sold during the Class Period (*i.e.*, between February 3, 2015 and February 2, 2017, inclusive), including the dates, number of Novo Nordisk ADRs, and prices of each such purchase and sale. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present

11

evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number. It is within the Court's discretion to allow appearances at the Settlement Hearing by video conference.

14. Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

15. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against the Defendants' Releasees.

16. **Settlement Administration Fees and Expenses** – All Notice and Administration Costs, including the reasonable costs incurred in identifying Class Members and notifying them

of the Settlement as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

17. **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

19. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on September 24, 2021, as provided in the Stipulation.

20. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including

any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

21. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

22. **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this    8th    day of    March   , 2022

s/ Zahid N. Quraishi<br>
The Honorable Zahid N. Quraishi<br>
United States District Judge

15