# EXHIBIT 6

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
DAVID R. BUCHANAN
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: 973/639-9100
973/639-9393 (fax)

CARELLA, BYRNE, CECCHI, OLSTEIN,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
5 Becker Farm Road
Roseland, NJ 07068
Telephone: 973/994-1700
973/994-1744 (fax)

Co-Liaison Counsel and Executive Committee Members for the Class

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re NOVO NORDISK SECURITIES LITIGATION | Master File No. 3:17-cv-00209-ZNQ-LHG |
| This Document Relates To: | CLASS ACTION |
| ALL ACTIONS. | |

**DECLARATION OF CHARLES LEE IN SUPPORT OF LEAD
PLAINTIFFS' AND CLASS REPRESENTATIVES' MOTION FOR FINAL
APPROVAL OF SETTLEMENT AND AWARD OF ATTORNEYS' FEES
AND EXPENSES**

1.      I, Charles Lee, am the Deputy General Counsel of Central States, Southwest and Southwest Areas Pension Fund ("Central States" or the "Fund"), a multi-employer defined-benefit fund based in Illinois. Central States was established in 1955 and provides pension services and benefits to nearly 400,000 participants. Central States is a Court-appointed Lead Plaintiff and a Federal Rules of Civil Procedure Rule 23 Class Representative for claims brought on behalf of a class of Novo Nordisk ADR purchasers under the Securities Exchange Act of 1934 in the above-captioned action (the "Litigation"). I am the attorney who is primarily responsible for monitoring and directing this litigation on behalf of Central States.

2.      I respectfully submit this Declaration in support of: (a) final approval of the $100,000,000 settlement (the "Settlement") of the Litigation reached between the Class Representatives on behalf of the Class and Defendants and (b) approval of the application for an award of attorneys' fees and expenses.

3.      In seeking appointment as a Lead Plaintiff and Class Representative, Central States understood its fiduciary duty to serve the interests of the members of the Classes by supervising the management and prosecution of the case.

4.      On January 31, 2020, this Court issued an Order certifying the class and appointing Central States as a Class Representative. ECF No. 181.

5.      Following its appointment as a Lead Plaintiff, Central States expended substantial time actively participating in the prosecution of this case. Central States

- 1 -

regularly corresponded with Class Counsel Robbins Geller and participated in reviewing the complaint and its amendments, discovery, class certification, summary judgment, and resolution of this Litigation. Specifically, in its capacity as a Lead Plaintiff and Class Representative, Central States: (a) reviewed the pleadings and briefings submitted in this matter and Orders of the Court; (b) worked closely with co-Lead Counsel Robbins Geller to search for and produce documents, respond to interrogatories and prepare for and provide deposition testimony in connection with the motion for class certification (ECF No. 136); and (c) actively participated in settlement discussions.

6.      Central States has also evaluated the risks of continuing this Litigation, including the possibility of a nominal recovery or no recovery at all, and authorized Lead Counsel to settle this Litigation for $100,000,000. Central States believes this Settlement is fair and reasonable, represents an excellent recovery and is in the best interest of the members of the Class.

7.      While Central States recognizes that any determination of fees is left to the Court, Central States believes that Class Counsel's application for 29% of the Settlement in legal fees and expenses not to exceed $3.3 million is fair and reasonable, as this Settlement would not have been possible without the diligent and aggressive prosecutorial efforts of Class Counsel.

8.      Central States understands that the reimbursement of lead plaintiff's and

class representative's reasonable expenses is authorized under §21D(a)(4) of the

PSLRA, 15 U.S.C. §78u-4(a)(4).  Central States seeks reimbursement for its time,

including my time as the Deputy General Counsel, and the time of Senior Division

Manager of Asset Monitoring, Mark Vieu, relating to the representation of the Class

in this Litigation.  Although other employees, including support staff, were also

involved in discovery and oversight of this case, Central States is limiting its request

for reimbursement for the time expended by Mr. Vieu and me.  A summary of time

expended by Central States is as follows:

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
|      |       |      |        |
| Charles Lee<br>Deputy General Counsel | 51.5 hours<br>Review of pleadings and relevant documents, correspondence regarding case strategy, oversight of settlement, and provide deposition testimony. | $150 | $7,725 |
| Mark Vieu<br>Senior Division Manager, Asset Monitoring | 38 hours<br>Collection and review of relevant documents and class certification pleadings, Central States' trading history, analysis of fund assets, assistance in preparation for deposition, and provide deposition testimony. | $115 | $4,370 |

9.      Central States respectfully requests that the Court grant final approval of

the Settlement, and approve Class Counsel's application for an award of attorneys'

fees and expenses.  Central States also respectfully requests that the Court approve

payment of $12,095 to Central States, representing an average hourly billing rate of $135.14, for its time expended in the case in representing Class members in the Litigation, and also approve $231.04 for expenses incurred to attend depositions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on May 18, 2022, at Chicago, Illinois.

CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREAS PENSION FUND

By: Charles Lee
Its: Deputy General Counsel

- 4 -