# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| IN RE NOVO NORDISK SECURITIES LITIGATION | No. 3:17-cv-209-ZNQ-LHG |
|---|---|

**DECLARATION OF LUIGGY SEGURA REGARDING: (A) MAILING OF THE SETTLEMENT NOTICE AND CLAIM FORM AND (B) PUBLICATION OF THE SUMMARY SETTLEMENT NOTICE**

I, Luiggy Segura, hereby declare under penalty of perjury as follows:

1. I am the Vice President of Securities Operations at JND Legal Administration ("JND"). Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice, dated March 8, 2022 (ECF 344) (the "Preliminary Approval Order"), Lead Counsel was authorized to retain JND as the Claims Administrator in the above-captioned action (the "Action").[1] I am over 21 years of age and am not a party to the Action. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently thereto.

**MAILING OF THE SETTLEMENT NOTICE PACKET**

2. Pursuant to the Preliminary Approval Order, JND mailed the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice") and Proof of Claim and Release Form (the "Claim Form" and, collectively with the Settlement Notice, the "Settlement Notice Packet") to potential Class Members and nominees. A copy of the Settlement Notice Packet is attached hereto as Exhibit A.

[1] All capitalized terms used in this declaration that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated November 23, 2021 (ECF 311-3).

3.      After running all names through the National Change of Address ("NCOA") database to search for updated addresses, on March 29, 2022, JND mailed a copy of the Settlement Notice Packet to all persons and entities identified as potential Class Members in connection with the mailing of the Notice of Pendency of Class Action (the "Class Notice") in August 2020, as well as to JND's database of banks, brokers, and other nominees.  Consistent with Paragraph 5 of the Preliminary Approval Order, nominees who were sent the Settlement Notice Packet were also sent a letter explaining that if the nominee had previously submitted names and addresses in connection with the mailing of the Class Notice, or had previously requested copies of the Class Notice in bulk, it did not need to submit that information again, unless it had additional names and addresses to provide, or updated information, or needed a different number of notices.

4.      Through May 20, 2022, JND has mailed a total of 378,723 Settlement Notice Packets to potential Class Members or their nominees, which includes (i) 356,465 Settlement Notice Packets that were mailed to potential Class Members and nominees in the initial mailing on March 29, 2022; (ii) an additional 21,255 Settlement Notice Packets that were mailed to potential Class Members whose names and addresses were received from individuals, entities, or nominees requesting that the packet be mailed to such persons; and (iii) an additional 1,003 Settlement Notice Packets that were requested by nominees for forwarding to their customers.  In addition, JND has promptly re-mailed 2,603 Settlement Notice Packets to persons whose original mailings were returned by the U.S. Postal Service ("USPS") as undeliverable and for whom updated addresses were provided to JND by the USPS.

**PUBLICATION OF THE SUMMARY SETTLEMENT NOTICE**

5.      Pursuant to the Preliminary Approval Order, JND caused the Summary Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for

Attorneys' Fees and Litigation Expenses (the "Summary Settlement Notice") to be published in *The Wall Street Journal*, *Investor's Business Daily,* and released via *PR Newswire* on April 11, 2022. Copies of proof of publication of the Summary Settlement Notice in *The Wall Street Journal*, *Investor's Business Daily*, and over *PR Newswire* are attached hereto as Exhibits B, C and D, respectively.

**TELEPHONE HELPLINE**

6. Beginning on August 13, 2020, in connection with the Class Notice mailing, JND established, and since then has continued to maintain, a case-specific, toll-free telephone helpline, 1-833-674-0167, with an interactive voice response system and live operators, to accommodate Class Members with questions about the Action and the Settlement. The telephone helpline is accessible 24 hours a day, 7 days a week. The automated attendant answers calls to the helpline and presents callers with a series of choices to respond to basic questions. Callers requiring further help have the option to be transferred to a live operator during business hours. JND will continue to maintain the telephone helpline and will update the interactive voice response system as necessary throughout the administration of the Settlement.

**WEBSITE**

7. Beginning on August 13, 2020, in connection with the Class Notice mailing, JND also established, and since then has also continued to maintain, a dedicated website for the Action, www.NovoNordiskSecuritiesLitigation.com, to assist potential Class Members. On March 29, 2022, JND updated the website to provide information about the proposed Settlement. The website address was set forth in the Settlement Notice and Summary Settlement Notice. The website provides the deadlines for submitting a Claim Form or objecting to the Settlement. The website also makes available copies of the Settlement Notice and Claim Form, as well as copies of the

Stipulation and Preliminary Approval Order, among other documents. In addition, the website provides Class Members with the ability to submit their Claim Form through the website and also includes a link to a document with detailed instructions for institutions submitting their claims electronically. JND will continue operating, maintaining, and updating the case website as appropriate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 20, 2022.

Luiggy Segura

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| IN RE NOVO NORDISK SECURITIES LITIGATION | No. 3:17-cv-209-ZNQ-LHG |
|---|---|

**NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO: All persons or entities who purchased the American Depositary Receipts ("ADRs") of Novo Nordisk A/S ("Novo Nordisk" or the "Company") between February 3, 2015 and February 2, 2017, inclusive (the "Class Period"), and who were damaged thereby (the "Class").**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

**NOTICE OF SETTLEMENT:** This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court"). Please be advised that co-lead plaintiffs and class representatives Lehigh County Employees' Retirement System ("Lehigh County"), Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters"), Boston Retirement System ("Boston"), Employees' Pension Plan of the City of Clearwater ("Clearwater"), and Central States, Southeast and Southwest Areas Pension Fund ("Central States") (collectively, "Lead Plaintiffs"), on behalf of themselves and the Court-certified Class (as defined in ¶25 below), have reached a proposed settlement of the above-captioned securities class action ("Action") for a total of $100,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement"). The terms and provisions of the Settlement are contained in the Stipulation and Agreement of Settlement dated November 23, 2021 (the "Stipulation").[1]

This Notice is directed to you in the belief that you may be a member of the Class. If you do not meet the Class definition, or if you previously excluded yourself from the Class in connection with the Notice of Pendency of Class Action that was mailed to potential Class Members beginning in July 2020 (the "Class Notice"), this Notice does not apply to you. A list of the persons and entities who requested exclusion from the Class pursuant to the Class Notice is available at www.NovoNordiskSecuritiesLitigation.com.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's office, Novo Nordisk, the other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶6 below).**

1. **Description of the Action and the Class:** This Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Novo Nordisk and Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis (collectively, the "Individual Defendants," and together with Novo Nordisk, "Defendants") violated the federal securities laws by making false and misleading

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation. The Stipulation is available at www.NovoNordiskSecuritiesLitigation.com.

statements concerning Novo Nordisk's business and financial results during the Class Period. A more detailed description of the Action is set forth in ¶¶11-24 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶25 below.

2. **Statement of the Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for $100,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth in Appendix A at the end of this Notice. The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among members of the Class.

3. **Estimate of Average Amount of Recovery Per ADR:** Based on Lead Plaintiffs' damages expert's estimate of the number of Novo Nordisk ADRs purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.47 per affected Novo Nordisk ADR. Class Members should note, however, that the foregoing average recovery is only an estimate. Some Class Members may recover more or less than the estimated amount depending on, among other factors, when and at what prices they purchased or sold their Novo Nordisk ADRs, and the total number and value of valid Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per ADR:** The Parties do not agree on the average amount of damages per Novo Nordisk ADR that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants vigorously deny the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of Defendants' alleged conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute the Action. Court-appointed Lead Counsel, Robbins Geller Rudman & Dowd LLP ("RGR&D") and Bernstein Litowitz Berger & Grossmann LLP ("BLB&G"), will apply to the Court for an immediate award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund, plus interest. In addition, Lead Counsel will apply for payment of Plaintiffs' Counsel's Litigation Expenses in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $3.3 million, which amount may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.15 per affected Novo Nordisk ADR.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Class are represented by Luke O. Brooks, Esq. of Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101-8498, 1 (800) 449-4900, rickn@rgrdlaw.com, and Katherine M. Sinderson, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, 1 (800) 380-8496, settlements@blbglaw.com. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Claims Administrator at: *Novo Nordisk Securities Litigation*, c/o JND Legal Administration, P.O. Box 91154, Seattle, WA 98111, by telephone at 1 (833) 674-0167, or by email

at info@NovoNordiskSecuritiesLitigation.com, www.NovoNordiskSecuritiesLitigation.com. **Please do not contact the Court regarding this Notice.**

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery that the Settlement provides for the Class without the risk or the delays inherent in further litigation. The substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after a contested summary judgment motion, a trial of the Action, and the likely appeals that would follow a trial. This process would be expected to last several years. Defendants, who deny all allegations of wrongdoing, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT:** | |
|---|---|
| **SUBMIT A CLAIM FORM *POSTMARKED* (IF MAILED), OR ONLINE, NO LATER THAN JULY 27, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (as defined in ¶34 below) that you have against Defendants and the other Defendants' Releasees (as defined in ¶35 below), so it is in your interest to submit a Claim Form. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN JUNE 6, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member. |
| **ATTEND A HEARING ON JUNE 27, 2022 AT 11:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN JUNE 6, 2022.** | Filing a written objection and notice of intention to appear by June 6, 2022 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. The June 27, 2022 hearing will be conducted by video conference (*see* ¶¶53-54 below). If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. Please Note: The date and time of the Settlement Hearing – currently scheduled for June 27, 2022 at 11:00 a.m. – is subject to change without further notice to the Class. If you plan to attend the hearing, you should check**

**the case website, www.NovoNordiskSecuritiesLitigation.com, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? .......... Page 4
What Is This Case About? .......... Page 4
How Do I Know If I Am Affected By The Settlement? Who Is Included In The Class? .......... Page 6
What Are Lead Plaintiffs' Reasons For The Settlement? .......... Page 7
What Might Happen If There Were No Settlement? .......... Page 7
How Are Class Members Affected By The Settlement? .......... Page 8
How Do I Participate In The Settlement? What Do I Need To Do? .......... Page 9
How Much Will My Payment Be? .......... Page 10
What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? .......... Page 11
When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Attend The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? .......... Page 11
What If I Bought ADRs On Someone Else's Behalf? .......... Page 13
Can I See The Court File? Whom Should I Contact If I Have Questions? .......... Page 14
Appendix A – Proposed Plan of Allocation .......... Page 15

## WHY DID I GET THIS NOTICE?

8. The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased Novo Nordisk ADRs during the Class Period. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the terms of the proposed Settlement of the Action and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Hearing"). *See* ¶¶52-54 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still must decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. Novo Nordisk is a pharmaceutical company that produces insulin and other diabetes-treatment drugs, and other drugs. During the Class Period, Novo Nordisk's ADRs traded on the NYSE under ticker symbol NVO.

12. Beginning on or about January 11, 2017, several related securities class actions brought on behalf of investors in Novo Nordisk ADRs were filed in the Court. On June 1, 2017, the Court entered an Order appointing Lehigh County, Oklahoma Firefighters, Boston, Clearwater, and Central States as "Lead Plaintiffs"

for the putative class, appointing BLB&G and RGR&D as co-"Lead Counsel" for the class; appointing Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. ("Carella Byrne"), Seeger Weiss LLP ("Seeger Weiss"), and Saxena White P.A. to an Executive Committee to represent the class, with Carella Byrne and Seeger Weiss also appointed as "Co-Liaison Counsel" for the class; and ordering that any subsequently filed, removed, or transferred actions related to the claims asserted in the actions be consolidated for all purposes as *In re Novo Nordisk Securities Litigation*, Master File No. 3:17-cv-209 (as previously defined, the "Action").

13. On August 4, 2017, Lead Plaintiffs filed the operative complaint in the Action, the Consolidated Amended Class Action Complaint (the "Complaint"). The Complaint asserts claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. Among other things, the Complaint alleges that, during the Class Period, Defendants made a series of material misstatements and omissions by, among other things, allegedly misrepresenting and failing to disclose Novo Nordisk's true exposure to market pressures in the United States that affected the pricing and profitability of Novo Nordisk's diabetes-drug portfolio, the prospects of Novo Nordisk's insulin drug Tresiba® to drive Novo Nordisk's growth, and Novo Nordisk's inability to meet certain financial targets, which caused Novo Nordisk's ADRs to allegedly trade at artificially inflated prices during the Class Period. The Complaint further alleges that the price of Novo Nordisk ADRs declined when the true facts concerning Defendants' alleged misrepresentations and omissions were revealed, resulting in financial losses to those who purchased Novo Nordisk ADRs during the Class Period at the inflated prices.

14. On October 3, 2017, Defendants filed a motion to dismiss the Complaint, which was fully briefed and argued by July 25, 2018. On August 16, 2018, the Court issued an Opinion and accompanying Order denying Defendants' motion to dismiss in its entirety.

15. On October 1, 2018, Defendants filed their Answer to the Complaint.

16. On April 1, 2019, Lead Plaintiffs filed a motion for class certification. Between then and March 2021, the parties produced documents, deposed fact witnesses and each other's experts, and filed their opposition and reply briefs regarding Lead Plaintiffs' class certification motion. The parties also fully briefed Defendants' motion to exclude the expert report of Lead Plaintiffs' market-efficiency expert. On January 31, 2020, the Court issued an Order certifying the Class, appointing Lead Plaintiffs as "Class Representatives" for the certified Class, appointing BLB&G and RGR&D as "Class Counsel" for the certified Class, and denying Defendants' motion to exclude the expert report of Lead Plaintiffs' market-efficiency expert.

17. On July 20, 2020, the Court entered an Order granting Lead Plaintiffs' unopposed motion to approve the form and manner of providing notice to potential Class Members (the "Class Notice") to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; (iii) their right to request to be excluded from the Class; (iv) the effect of remaining in the Class or requesting exclusion; and (v) the requirements for requesting exclusion. The deadline for requesting exclusion from the Class pursuant to the Class Notice was October 13, 2020. A list of the persons and entities who requested exclusion pursuant to the Class Notice is available at www.NovoNordiskSecuritiesLitigation.com.

18. Expert discovery commenced in November 2020. Lead Plaintiffs served opening, rebuttal, and/or reply reports from a total of four individuals in the fields of pharmaceutical pricing and markets, Tresiba®'s clinical profile, accounting, regulatory disclosure requirements under the U.S. federal securities laws, and damages. Defendants served opening, rebuttal, and/or reply reports from a total of six individuals in those fields. Before expert discovery closed in March 2021, the parties deposed all ten individuals who had submitted reports in this case.

19. Throughout the litigation of this case, between January 2019 and February 2021, the parties produced approximately 1.8 million documents totaling nearly 5 million pages, conducted depositions of 42 fact witnesses, and served and responded to interrogatories and requests for admission. The parties additionally

served subpoenas on 19 third parties, which produced approximately 85,000 documents totaling over 850,000 pages. The parties exchanged numerous letters with each other and with third parties, including concerning multiple disputed discovery issues. The parties concluded fact discovery in February 2021.

20. On April 20, 2021, Defendants served Lead Plaintiffs with their motion for summary judgment. The parties fully briefed and filed summary judgment by July 12, 2021, which included 161 pages of briefs, 1,270 pages of factual statements under District of New Jersey Local Civil Rule 56.1, and thousands of pages of exhibits.

21. In an attempt to resolve the Action, the parties mediated with the Court-appointed mediator, the Honorable Layn R. Phillips of Phillips ADR ("Judge Phillips"), on November 19, 2018 and April 24, 2020. Following those two mediations, the parties held a third mediation session before Judge Phillips on September 2, 2021. In advance of that mediation session, the parties exchanged mediation statements. The parties were unable to agree to settlement terms on September 2, 2021.

22. Following the September 2, 2021 mediation session, the parties continued negotiations with the assistance of Judge Phillips and, in response to a mediator's recommendation from him, reached an agreement in principle to settle the Action for $100,000,000 in cash. The parties memorialized their agreement to settle in a term sheet (the "Term Sheet") executed on September 24, 2021.

23. After additional negotiations regarding the specific terms of their agreement, the parties entered into the Stipulation on November 23, 2021. The Stipulation, which sets forth the terms and conditions of the Settlement, can be viewed at www.NovoNordiskSecuritiesLitigation.com.

24. On November 23, 2021, Lead Plaintiffs moved for preliminary approval of the Settlement, and on March 8, 2022, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to Class Members, and scheduled the June 27, 2022 Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

25. If you are a member of the Class, you are subject to the Settlement. The Class means the class certified by the Court's Order dated January 31, 2020 (Docket No. 181). The Class consists of:

> all persons or entities who purchased the ADRs of Novo Nordisk between February 3, 2015 and February 2, 2017, inclusive, and who were damaged thereby.

Excluded from the Class by definition are: (i) Novo Nordisk; (ii) any directors and officers of Novo Nordisk during the Class Period and members of their immediate families; (iii) the subsidiaries, parents, and affiliates of Novo Nordisk; (iv) any firm, trust, corporation, or other entity in which Novo Nordisk has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded persons or entities. Also excluded from the Class are all persons and entities who excluded themselves by submitting a request for exclusion from the Class pursuant to the Class Notice. A list of all persons and entities who submitted a request for exclusion from the Class pursuant to the Class Notice is available at www.NovoNordiskSecuritiesLitigation.com.

**PLEASE NOTE: Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement.**

**If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice, and the required supporting documentation as set forth in the Claim Form, *postmarked* (if mailed), or online through the case website, www.NovoNordiskSecuritiesLitigation.com, no later than July 27, 2022.**

**WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

26. Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through the Court's ruling on summary judgment, pre-trial motions, a trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages. For example, with respect to establishing Defendants' liability for violations of the securities laws, Lead Plaintiffs faced risks that the Court or the jury would credit Defendants' arguments, including those set forth in their summary judgment papers, that (i) they made no misstatements or omissions, including related to Novo Nordisk's exposure to market pressures in the United States, the pricing and profitability of Novo Nordisk's diabetes portfolio, Novo Nordisk's insulin product Tresiba® and its ability to drive Novo Nordisk's sales and profit growth, and Novo Nordisk's ability to meet its guidance or financial targets, and (ii) neither any of the Defendants nor any of their agents acted with the requisite intent to commit a violation of the securities laws.

27. Lead Plaintiffs also faced further risks relating to proof of loss causation and damages. For example, Defendants contended in their summary judgment motion and would have argued at trial that Lead Plaintiffs could not establish a causal connection between the alleged misrepresentations and the losses investors allegedly suffered, as required by law. Indeed, Defendants vehemently argued that Lead Plaintiffs could not prove loss causation, and damages were zero, because declines in Novo Nordisk's ADR price were caused by the materialization of risks that Defendants timely and properly disclosed to the public. If Defendants had succeeded on one or more of their loss causation and damages arguments, even if Lead Plaintiffs had established liability for their securities fraud claims, the recoverable damages could have been substantially less than the amount provided in the Settlement or even zero.

28. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $100,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, and not until after summary judgment, trial, and appeals, possibly years in the future.

29. Defendants have vigorously denied and continue to deny each and all of the claims asserted against them in the Action and deny that the Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

**WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?**

30. If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE SETTLEMENT?

31. As a Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but, if you choose to do so, such counsel must file a notice of appearance on your behalf as provided in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

32. If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

33. If you are a Class Member, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims in the Action against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims (as defined in ¶34 below) against Defendants and the other Defendants' Releasees (as defined in ¶35 below), and will forever be barred and enjoined from prosecuting any and all Released Plaintiffs' Claims against any of the Defendants' Releasees, whether or not such Class Member executes and delivers the Claim Form or shares in the Net Settlement Fund. This Release will not apply to any of the Excluded Plaintiffs' Claims (as defined in ¶34 below).

34. "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, based on, arising out of, or in connection with both: (i) the purchase of Novo Nordisk ADRs during the Class Period; and (ii) the facts, matters, statements, or omissions alleged in the Action, including, but not limited to, as alleged in the Complaint. Released Plaintiffs' Claims do not include any of the following claims: (i) any claims asserted in any ERISA, derivative, or consumer action, including, without limitation, the claims asserted in *In re Insulin Pricing Litig.*, No. 17-cv-699 (D.N.J.), *Johnson v. OptumRx, et al.*, No. 17-cv-07198 (D.N.J.), *Sanofi-Aventis U.S. LLC v. Novo Nordisk Inc.*, No. 16-cv-9466 (D.N.J.), *Bewley v. CVS Health Corp.*, No. 17-cv-12031 (D.N.J.), or *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC*, No. 18-cv-2211 (D.N.J.), or any cases consolidated into those actions; (ii) any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the wrongful conduct alleged in the Action, including, without limitation, the claims asserted in *State of Minnesota v. Sanofi-Aventis U.S., LLC, et al.*, No. 18-cv-14999 (D.N.J.); (iii) any claims relating to the enforcement of the Settlement; or (iv) claims of the persons and entities who submitted a request for exclusion from the Class in connection with the Class Notice (as set forth in Appendix 1 to the Stipulation) ("Excluded Plaintiffs' Claims").

35. "Defendants' Releasees" means Defendants and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such.

36. "Unknown Claims" means any Released Plaintiffs' Claims that Lead Plaintiffs or any other Class Members do not know or suspect to exist in his, her, their, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, them, or it, might have affected his,

her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

37. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Defendants' Claims (as defined in ¶38 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶39 below), and will forever be barred and enjoined from prosecuting any and all Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release will not apply to any of the Excluded Defendants' Claims (as defined in ¶38 below).

38. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, based on, arising out of, or in connection with the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include any of the following claims: (i) claims relating to the enforcement of the Settlement; or (ii) claims against the persons and entities who submitted a request for exclusion from the Class in connection with the Class Notice (as set forth in Appendix 1 to the Stipulation) ("Excluded Defendants' Claims").

39. "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, all other Class Members, and Plaintiffs' Counsel, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

40. To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked*** **(if mailed), or submitted online at www.NovoNordiskSecuritiesLitigation.com, no later than July 27, 2022**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.NovoNordiskSecuritiesLitigation.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1 (833) 674-0167 or by emailing the Claims Administrator at info@NovoNordiskSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in Novo Nordisk ADRs, as they will be needed to document your Claim.** The Parties and Claims

Administrator do not have information about your transactions in Novo Nordisk ADRs. If you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

41. At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

42. Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid a total of $100,000,000 in cash (the "Settlement Amount"). The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

43. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a Plan of Allocation and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

44. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes final. Defendants will not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

45. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

46. Unless the Court otherwise orders, any Class Member who or that fails to submit a Claim Form ***postmarked*** **(if mailed), or submitted online, on or before July 27, 2022** shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶34 above) against the Defendants' Releasees (as defined in ¶35 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

47. Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to their transactions in Novo Nordisk ADRs held through the Employee Plan in any Claim Form that they submit in this Action. Claims based on any Employee Plan's transactions in Novo Nordisk ADRs may be made by the plan itself.

48. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

49. Only members of the Class will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that previously excluded themselves from the Class pursuant to request will not be eligible for a payment and should not submit Claim Forms. The only security that is included in the Settlement is Novo Nordisk ADRs.

50. **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs. At the Settlement Hearing, Lead Plaintiffs will request that the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?
HOW WILL THE LAWYERS BE PAID?**

51. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor have Plaintiffs' Counsel been paid for their litigation expenses. Lead Counsel will apply to the Court for an immediate award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund, plus interest, to be paid at the time of award by the Court. At the same time, Lead Counsel also intend to apply for payment of Plaintiffs' Counsel's Litigation Expenses from the Settlement Fund in an amount not to exceed $3.3 million, which amount may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, pursuant to the PSLRA. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Any award of attorneys' fees and Litigation Expenses, including any reimbursement of costs and expenses to Lead Plaintiffs, will be paid from the Settlement Fund at the time of award by the Court and prior to allocation and payment to Authorized Claimants. ***Class Members are not personally liable for any such fees or expenses.***

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO ATTEND THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

52. **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

53. Please Note: The date and time of the Settlement Hearing may change without further written notice to the Class. By Order of the Court, the Settlement Hearing is scheduled to be conducted by video conference. **In order to determine whether the date and time of the Settlement Hearing have changed, it is important that you monitor the Court's docket and the case website, www.NovoNordiskSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the hearing, including any changes to the date or time of the hearing, will be posted to the case website, www.NovoNordiskSecuritiesLitigation.com. Also, the information needed to access the video conference will be posted to www.NovoNordiskSecuritiesLitigation.com.**

54. The Settlement Hearing will be held on **June 27, 2022 at 11:00 a.m.**, before the Honorable Zahid N. Quraishi by video conference. At the hearing, the Court will, among other things, (i) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) determine whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iii) determine whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) determine whether Lead Counsel's motion for attorneys' fees and Litigation Expenses (including awards to the Lead Plaintiffs) should be approved; and (v) consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or consider any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

55. Any Class Member may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. To object, you must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of New Jersey at the address set forth below, as well as

serve copies on Lead Counsel and Defendants' Counsel at the addresses set forth below, ***on or before June 6, 2022***.

| Clerk's Office | Lead Counsel | Defendants' Counsel |
| --- | --- | --- |
| United States District Court<br>District of New Jersey<br>Clarkson S. Fisher Building<br>& U.S. Courthouse<br>402 East State Street, Room 2020<br>Trenton, NJ 08608 | Bernstein Litowitz Berger<br>& Grossmann LLP<br>Katherine M. Sinderson, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020<br><br>Robbins Geller Rudman & Dowd LLP<br>Luke O. Brooks, Esq.<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101-8498 | Davis Polk & Wardwell LLP<br>James P. Rouhandeh, Esq.<br>450 Lexington Avenue<br>New York, NY 10017<br><br>Gibbons P.C.<br>Michael R. Griffinger, Esq.<br>One Gateway Center<br>Newark, NJ 07102-5310 |

56. Any objections, filings, and other submissions by the objecting Class Member must identify the case name and civil action number, *In re Novo Nordisk Securities Litigation*, No. 3:17-cv-209-ZNQ-LHG, and they must (i) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector (even if the objector is represented by counsel); (ii) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (iii) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (iv) include documents sufficient to prove membership in the Class, including documents showing the number of Novo Nordisk ADRs that the objecting Class Member: (A) owned as of the opening of trading on February 3, 2015 and (B) purchased and/or sold during the Class Period (*i.e.*, between February 3, 2015 and February 2, 2017, inclusive), including the dates, number of Novo Nordisk ADRs, and prices of each such purchase and sale. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you previously excluded yourself from the Class or if you are not a member of the Class.

57. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file a written objection in accordance with the procedures described above, unless the Court orders otherwise.

58. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, assuming you timely file a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶55 above so that it is ***received* on or before June 6, 2022**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number. It is within the Court's discretion to allow appearances at the Settlement Hearing by video conference, with or without the filing of written objections.

59. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that

attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶55 above so that the notice is ***received*** **on or before June 6, 2022**.

60. The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time of the hearing as stated in ¶53 above.

61. **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval**.

## WHAT IF I BOUGHT ADRs ON SOMEONE ELSE'S BEHALF?

62. **If you previously provided the names and addresses of persons and entities on whose behalf you purchased Novo Nordisk ADRs during the period between February 3, 2015 and February 2, 2017, inclusive, in connection with the Class Notice (disseminated in or around July 2020) and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator, you need do nothing further at this time. The Claims Administrator will mail a copy of this Settlement Notice and the Claim Form (the "Settlement Notice Packet") to the beneficial owners whose names and addresses were previously provided in connection with the Class Notices.**

63. If you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action. If you elected this option, the Claims Administrator will forward the same number of Settlement Notice Packets to you to send to the beneficial owners. You must mail the Settlement Notice Packets to the beneficial owners no later than seven (7) calendar days after your receipt of them.

64. If you have additional name and address information, the name and address information of certain of your beneficial owners has changed, or if you need additional copies of the Settlement Notice Packet or have not already provided information regarding persons and entities on whose behalf you purchased Novo Nordisk ADRs during the period between February 3, 2015 and February 2, 2017, inclusive, in connection with the Class Notice, the Court has ordered that, within seven (7) calendar days of receipt of this Notice, you must either: (i) send a list of the names and addresses of such beneficial owners to the Claims Administrator at *Novo Nordisk Securities Litigation*, c/o JND Legal Administration, P.O. Box 91154, Seattle, WA 98111, in which event the Claims Administrator shall promptly mail the Settlement Notice Packet to such beneficial owners; or (ii) request from the Claims Administrator sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners, which you must then mail to the beneficial owners no later seven (7) calendar days after receipt. As stated above, if you have already provided this information in connection with the Class Notice, unless that information has changed (*e.g.*, the beneficial owner has changed address), it is unnecessary to provide such information again.

65. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the case website, www.NovoNordiskSecuritiesLitigation.com, by calling the Claims Administrator toll free at 1 (833) 674-0167, or by emailing the Claims Administrator at info@NovoNordiskSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

66. This Notice contains only a summary of the terms of the proposed Settlement. For the precise terms and conditions of the Settlement or to obtain additional information, you may find the Stipulation and other relevant documents at www.NovoNordiskSecuritiesLitigation.com, by contacting Lead Counsel at the addresses below, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.njd.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, NJ 08608. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the case website, www.NovoNordiskSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Novo Nordisk Securities Litigation*
c/o JND Legal Administration
P.O. Box 91154
Seattle, WA 98111

1 (833) 674-0167
info@NovoNordiskSecuritiesLitigation.com
www.NovoNordiskSecuritiesLitigation.com

and/or

Luke O. Brooks, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498

1 (800) 449-4900
rickn@rgrdlaw.com

Katherine M. Sinderson, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020

1 (800) 380-8496
settlements@blbglaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE, THE SETTLEMENT, OR THE CLAIM PROCESS.**

Dated: March 29, 2022

By Order of the Court
United States District Court
District of New Jersey

## APPENDIX A

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

1. As discussed above, the Settlement provides $100,000,000 in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – members of the Class who timely submit valid Claim Forms that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the case website: www.NovoNordiskSecuritiesLitigation.com.

2. The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

3. The Plan of Allocation was developed in consultation with Lead Plaintiffs' damages expert. In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the price of Novo Nordisk ADRs that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Novo Nordisk ADRs in reaction to public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market, industry, and foreign exchange forces, and for non-fraud related Company-specific information.

4. In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Action, Lead Plaintiffs allege that corrective information (referred to as a "corrective disclosure") impacted the market price of Novo Nordisk ADRs on February 3, 2016, February 4, 2016, August 5, 2016, August 8, 2016, September 29, 2016, October 28, 2016, and February 2, 2017.

5. In order to have a "Recognized Loss Amount" under the Plan of Allocation, Novo Nordisk ADRs must have been purchased during the Class Period and held through at least one corrective disclosure.[2]

[2] Any transactions in Novo Nordisk ADR executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

6. Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of Novo Nordisk ADRs during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero. Under the formula below, the "holding period" refers to the period in the grid in Table 1 below that matches both the period during which the ADR was purchased and the period during which the ADR was sold/retained.

7. For each Novo Nordisk ADR purchased from February 3, 2015 through February 2, 2017, and:

(a) Sold prior to February 3, 2016, the Recognized Loss Amount will be $0.00;

(b) Sold from February 3, 2016 through February 1, 2017, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in artificial inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus the sale price; and

(c) Sold from February 2, 2017 through and including the close of trading on May 2, 2017, the Recognized Loss Amount will be ***the least of***: (i) the decline in artificial inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between February 2, 2017 and the date of sale as stated in Table 2 below; and

(d) Held as of the close of trading on May 2, 2017, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in artificial inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus $35.05, the average closing price for Novo Nordisk ADRs between February 2, 2017 and May 2, 2017 (the last entry in Table 2 below).[3]

## ADDITIONAL PROVISIONS

8. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶11 below) is $10.00 or greater.

9. If a claimant has more than one purchase or sale of Novo Nordisk ADRs during the Class Period, purchases and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

10. A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶7 above.

11. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total

[3] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Novo Nordisk ADRs during the "90-day look-back period," February 2, 2017 through and including May 2, 2017. The mean (average) closing price for Novo Nordisk ADRs during this 90-day look-back period was $35.05.

Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12. For the purposes of calculations under ¶7 above, "purchase price" means the actual price paid, excluding commissions and other charges, and "sale price" means the actual price received, not deducting commissions and other charges.

13. Purchases and sales of Novo Nordisk ADRs will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Novo Nordisk ADRs during the Class Period will not be deemed a purchase or sale of Novo Nordisk ADRs for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase of Novo Nordisk ADRs unless: (i) the donor or decedent purchased the ADRs during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those ADRs; and (iii) it is specifically so provided in the instrument of gift or assignment.

14. The date of covering a "short sale" is deemed to be the date of purchase of the Novo Nordisk ADR. The date of a "short sale" is deemed to be the date of sale of the Novo Nordisk ADR. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Novo Nordisk ADR, his, her, or its earliest Class Period purchases of Novo Nordisk ADRs will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

15. Option contracts are not securities eligible to participate in the Settlement. With respect to Novo Nordisk ADRs purchased or sold through the exercise or assignment of an option, the purchase/sale date of the Novo Nordisk ADRs is the exercise/assignment date of the option and the purchase/sale price of the Novo Nordisk ADRs is the exercise/assignment price of the option.

16. If a claimant had a market gain with respect to his, her, or its overall transactions in Novo Nordisk ADRs during the Class Period, the value of the claimant's Recognized Claim will be zero. If a claimant suffered an overall market loss with respect to his, her, or its overall transactions in Novo Nordisk ADRs during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain with respect to his, her, or its overall transactions in Novo Nordisk ADRs during the Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the claimant's Total Purchase Amount[4] and (ii) the sum of the claimant's Total Sales Proceeds[5] and Holding Value.[6] This difference will be deemed a claimant's market gain (if the difference is a negative number or zero) or the claimant's market loss (if the difference is a positive number) with respect to his, her, or its overall transactions in Novo Nordisk ADRs during the Class Period.

---

4 The "Total Purchase Amount" will be the total amount the claimant paid (excluding commissions and other charges) for Novo Nordisk ADRs purchased during the Class Period.

5 The Claims Administrator will match any sales of Novo Nordisk ADRs during the Class Period first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting commissions and other charges) for the remaining sales of Novo Nordisk ADRs sold during the Class Period will be the "Total Sales Proceeds."

6 The Claims Administrator will ascribe a "Holding Value" of $33.48 per ADR for Novo Nordisk ADRs purchased during the Class Period and still held as of the close of trading on February 2, 2017.

17. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than nine (9) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

18. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

19. The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this Plan of Allocation as proposed or it may modify the Plan without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.NovoNordiskSecuritiesLitigation.com.

**TABLE 1**

**Decline in Artificial Inflation Per Novo Nordisk ADR by Date of Purchase and Date of Sale/Retention**

| | Sale Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Purchase Date | 2/3/2015 - 3/25/2015 | 3/26/2015 - 2/2/2016 | 2/3/2016 | 2/4/2016 - 8/4/2016 | 8/5/2016 | 8/6/2016 - 9/28/2016 | 9/29/2016 - 10/27/2016 | 10/28/2016 - 2/1/2017 | Sold on or Retained Beyond 2/2/2017 |
| 2/3/2015 - 3/25/2015 | $0.00 | $0.00 | $0.00 | $0.86 | $6.31 | $8.54 | $9.79 | $14.92 | $18.26 |
| 3/26/2015 - 2/2/2016 | | $0.00 | $3.48 | $5.05 | $10.50 | $12.73 | $13.98 | $19.11 | $22.45 |
| 2/3/2016 | | | $0.00 | $1.57 | $7.02 | $9.25 | $10.50 | $15.63 | $18.97 |
| 2/4/2016 - 8/4/2016 | | | | $0.00 | $5.45 | $7.68 | $8.93 | $14.06 | $17.40 |
| 8/5/2016 | | | | | $0.00 | $2.23 | $3.48 | $8.61 | $11.95 |
| 8/6/2016 - 9/28/2016 | | | | | | $0.00 | $1.25 | $6.38 | $9.72 |
| 9/29/2016 - 10/27/2016 | | | | | | | $0.00 | $5.13 | $8.47 |
| 10/28/2016 - 2/1/2017 | | | | | | | | $0.00 | $3.34 |
| Purchased on or after 2/2/2017 | | | | | | | | | $0.00 |

**TABLE 2**

**90-Day Look-Back Table for Novo Nordisk ADRs**
**(Closing Price and Average Closing Price)**

| Date | Closing Price | Average Closing Price Between February 2, 2017 and Date Shown | Date | Closing Price | Average Closing Price Between February 2, 2017 and Date Shown |
|---|---|---|---|---|---|
| 2/2/2017 | $33.48 | $33.48 | 3/20/2017 | $34.23 | $34.41 |
| 2/3/2017 | $34.08 | $33.78 | 3/21/2017 | $33.68 | $34.38 |
| 2/6/2017 | $33.73 | $33.76 | 3/22/2017 | $33.90 | $34.37 |
| 2/7/2017 | $33.38 | $33.67 | 3/23/2017 | $33.15 | $34.33 |
| 2/8/2017 | $33.65 | $33.66 | 3/24/2017 | $33.54 | $34.31 |
| 2/9/2017 | $34.48 | $33.80 | 3/27/2017 | $34.18 | $34.31 |
| 2/10/2017 | $34.50 | $33.90 | 3/28/2017 | $34.11 | $34.30 |
| 2/13/2017 | $34.59 | $33.99 | 3/29/2017 | $34.19 | $34.30 |
| 2/14/2017 | $34.55 | $34.05 | 3/30/2017 | $33.79 | $34.29 |
| 2/15/2017 | $34.77 | $34.12 | 3/31/2017 | $34.28 | $34.29 |
| 2/16/2017 | $35.44 | $34.24 | 4/3/2017 | $34.36 | $34.29 |
| 2/17/2017 | $35.46 | $34.34 | 4/4/2017 | $36.05 | $34.33 |
| 2/21/2017 | $35.37 | $34.42 | 4/5/2017 | $35.69 | $34.36 |
| 2/22/2017 | $35.25 | $34.48 | 4/6/2017 | $35.36 | $34.38 |
| 2/23/2017 | $35.78 | $34.57 | 4/7/2017 | $35.40 | $34.41 |
| 2/24/2017 | $35.60 | $34.63 | 4/10/2017 | $35.85 | $34.44 |
| 2/27/2017 | $35.74 | $34.70 | 4/11/2017 | $36.02 | $34.47 |
| 2/28/2017 | $35.33 | $34.73 | 4/12/2017 | $36.15 | $34.50 |
| 3/1/2017 | $35.03 | $34.75 | 4/13/2017 | $35.75 | $34.53 |
| 3/2/2017 | $34.64 | $34.74 | 4/17/2017 | $36.09 | $34.56 |
| 3/3/2017 | $34.68 | $34.74 | 4/18/2017 | $36.19 | $34.59 |
| 3/6/2017 | $33.92 | $34.70 | 4/19/2017 | $36.31 | $34.62 |
| 3/7/2017 | $33.37 | $34.64 | 4/20/2017 | $36.40 | $34.66 |
| 3/8/2017 | $32.98 | $34.58 | 4/21/2017 | $35.88 | $34.68 |
| 3/9/2017 | $33.45 | $34.53 | 4/24/2017 | $36.54 | $34.71 |
| 3/10/2017 | $33.89 | $34.51 | 4/25/2017 | $37.08 | $34.75 |
| 3/13/2017 | $33.83 | $34.48 | 4/26/2017 | $37.36 | $34.80 |
| 3/14/2017 | $33.73 | $34.45 | 4/27/2017 | $38.78 | $34.87 |
| 3/15/2017 | $33.84 | $34.43 | 4/28/2017 | $38.68 | $34.93 |
| 3/16/2017 | $34.18 | $34.42 | 5/1/2017 | $38.30 | $34.98 |
| 3/17/2017 | $34.02 | $34.41 | 5/2/2017 | $38.93 | $35.05 |

# PROOF OF CLAIM AND RELEASE FORM

***Novo Nordisk Securities Litigation***

**Toll-Free Number: 1 (833) 674-0167**
**Email: info@NovoNordiskSecuritiesLitigation.com**
**Website: www.NovoNordiskSecuritiesLitigation.com**

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online at www.NovoNordiskSecuritiesLitigation.com, with supporting documentation, ***postmarked*** **(if mailed) or received by (if submitted online) no later than July 27, 2022.**

**Mail to:** ***Novo Nordisk Securities Litigation***
**c/o JND Legal Administration**
**P.O. Box 91154**
**Seattle, WA 98111**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

## CONTENTS

02 I. CLAIMANT INFORMATION

03 II. GENERAL INSTRUCTIONS

06 III. SCHEDULE OF TRANSACTIONS IN NOVO NORDISK AMERICAN DEPOSITARY RECEIPTS (NYSE TICKER: NVO; CUSIP 670100205)

08 IV. RELEASE OF CLAIMS AND SIGNATURE

# PART I – CLAIMANT INFORMATION

Please read "Part II – General Instructions," below, before completing this "Part I - Claimant Information." The Claims Administrator will use the information provided for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name | MI | Beneficial Owner's Last Name

Joint Beneficial Owner's First Name (if applicable) | MI | Joint Beneficial Owner's Last Name (if applicable)

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City | State/Province | Zip Code

Foreign Postal Code (if applicable) | Foreign Country (if applicable)

Telephone Number (Day) — — | Telephone Number (Evening) — —

Account Number (where securities were traded)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**
Specify one of the following:

☐ Individual(s) ☐ Corporation ☐ UGMA Custodian ☐ IRA ☐ Partnership

☐ Estate ☐ Trust ☐ Other (describe): ___________________________________

# PART II – GENERAL INSTRUCTIONS

1. It is important that you completely read and understand the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the proposed Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2. This Claim Form is directed to all persons or entities who purchased the American Depositary Receipts ("ADRs") of Novo Nordisk A/S ("Novo Nordisk") between February 3, 2015 and February 2, 2017, inclusive (the "Class Period"), and who were damaged thereby (the "Class").

3. By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A MEMBER OF THE CLASS (*see* the definition of the Class in Paragraph 25 of the Notice, which states who is included in and who is excluded from the Class), DO NOT SUBMIT A CLAIM FORM; **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4. **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5. Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in, and holdings of, Novo Nordisk ADRs. On this schedule, provide all of the requested information with respect to your holdings, purchases, and sales of Novo Nordisk ADRs (including free transfers and deliveries), whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Novo Nordisk ADRs as set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Novo Nordisk ADRs. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

7. Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the Novo Nordisk ADRs. The complete name(s) of the beneficial owner(s) must be entered. If you held the Novo Nordisk ADRs in your own name, you were the beneficial owner as well as the record owner. If, however, your Novo Nordisk ADRs were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of the security, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

8. **One Claim should be submitted for each separate legal entity or separately managed account**. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity, including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Novo Nordisk ADRs made on behalf of a single beneficial owner.

9. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a) expressly state the capacity in which they are acting;

(b) identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Novo Nordisk ADRs; and

(c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10. By submitting a signed Claim Form, you will be swearing that you:

(a) own(ed) the Novo Nordisk ADRs you have listed in the Claim Form; or

(b) are expressly authorized to act on behalf of the owner thereof.

11. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment

to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@NovoNordiskSecuritiesLitigation.com, or by toll-free phone at 1 (833) 674-0167, or you can visit the Settlement website, www.NovoNordiskSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15. NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.NovoNordiskSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at NVOSecurities@jndla.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* Paragraph 7 above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at NVOSecurities@jndla.com to inquire about your file and confirm it was received.**

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS OF YOUR SUBMISSION. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL FREE AT 1 (833) 674-0167.**

# PART III – SCHEDULE OF TRANSACTIONS IN NOVO NORDISK AMERICAN DEPOSITARY RECEIPTS

Use this section to provide information on your holdings and trading of Novo Nordisk American Depositary Receipts (NYSE Ticker Symbol: NVO; CUSIP 670100205) ("Novo Nordisk ADRs") during the requested time periods. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6 above.

| **1. HOLDINGS AS OF FEBRUARY 3, 2015** – State the total number of Novo Nordisk ADRs held as of the opening of trading on February 3, 2015. (Must be documented.) If none, write "zero" or "0." | Confirm Proof of Position Enclosed |
|---|---|
| ☐ | ☐ |

**2. PURCHASES FROM FEBRUARY 3, 2015 THROUGH FEBRUARY 2, 2017** – Separately list each and every purchase (including free receipts) of Novo Nordisk ADRs from February 3, 2015 through and including February 2, 2017. (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of ADRs Purchased | Purchase Price Per ADR | Total Purchase Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**3. PURCHASES FROM FEBRUARY 3, 2017 THROUGH MAY 2, 2017** – State the total number of Novo Nordisk ADRs purchased (including free receipts) from February 3, 2017 through and including May 2, 2017. (Must be documented.) If none, write "zero" or "0."[1]

☐

[1] Information requested with respect to your purchases of Novo Nordisk ADRs from February 3, 2017 through and including May 2, 2017, is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim under the Plan of Allocation.

| **4. SALES FROM FEBRUARY 3, 2015 THROUGH MAY 2, 2017** – Separately list each and every sale/disposition (including free deliveries) of Novo Nordisk ADRs from February 3, 2015 through and including May 2, 2017. (Must be documented.) | | | | **IF NONE, CHECK HERE** ☐ |
|---|---|---|---|---|
| **Date of Sale (List Chronologically) (Month/Day/Year)** | **Number of ADRs Sold** | **Sale Price Per ADR** | **Total Sale Price (not deducting taxes, commissions, and fees)** | **Confirm Proof of Sale Enclosed** |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**5. HOLDINGS AS OF MAY 2, 2017** – State the total number of Novo Nordisk ADRs held as of the close of trading on May 2, 2017. (Must be documented.) If none, write "zero" or "0."

☐

Confirm Proof of Position Enclosed ☐

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

# PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 9 OF THIS CLAIM FORM.**

I (We) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the Claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Plaintiffs' Claims against any of the Defendants' Releasees, whether or not such Class Member executes and delivers the Claim Form or shares in the Net Settlement Fund.

**CERTIFICATION**

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the Claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3. that I (we) own(ed) the Novo Nordisk ADRs identified in the Claim Form and have not assigned the Claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4. that the Claimant(s) has (have) not submitted any other Claim covering the same purchases of Novo Nordisk ADRs and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5. that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

6. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

7. that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

8. that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9. that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the Claimant(s) is (are) exempt from backup withholding or (ii) the Claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the Claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE

______________________________ ____________________
Signature of Claimant Date

________________________________________________
Print Claimant name here

______________________________ ____________________
Signature of Joint Claimant, if any Date

________________________________________________
Print Joint Claimant name here

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

______________________________ ____________________
Signature of person signing on behalf of Claimant Date

________________________________________________
Print name of person signing on behalf of Claimant here

________________________________________________
Capacity of person signing on behalf of Claimant, if other than an individual, e.g., executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of Claimant – *see* Paragraph 9 on page 4 of this Claim Form.)

# REMINDER CHECKLIST

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Attach only ***copies*** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your Claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1 (833) 674-0167.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@NovoNordiskSecuritiesLitigation.com, or by toll-free phone at 1 (833) 674-0167, or you may visit www.NovoNordiskSecuritiesLitigation.com. DO NOT call Novo Nordisk or its counsel with questions regarding your Claim.

THIS CLAIM FORM MUST BE SUBMITTED ONLINE USING THE SETTLEMENT WEBSITE, WWW.NOVONORDISKSECURITIESLITIGATION.COM, **NO LATER THAN JULY 27, 2022**, OR MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN JULY 27, 2022**, ADDRESSED AS FOLLOWS:

***Novo Nordisk Securities Litigation***
**c/o JND Legal Administration**
**P.O. Box 91154**
**Seattle, WA 98111**

A Claim Form received by the Claims Administrator via mail shall be deemed to have been submitted when posted, if a postmark date on or before July 27, 2022 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT B

ADVERTISEMENT

# The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

## CLASS ACTION

### LEGAL NOTICE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE NOVO NORDISK SECURITIES LITIGATION

No. 3:17-cv-209-ZNQ-LHG

**SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**To: All persons or entities who purchased the American Depository Receipts of Novo Nordisk A/S ("Novo Nordisk") between February 3, 2015 and February 2, 2017, inclusive, and who were damaged thereby (the "Class").[1]**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court"), that co-lead plaintiffs and class representatives Lehigh County Employees' Retirement System, Oklahoma Firefighters Pension and Retirement System, Boston Retirement System, Employees' Pension Plan of the City of Clearwater, and Central States, Southeast and Southwest Areas Pension Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and the Court-certified Class in the above-captioned securities class action (the "Action"), have reached a proposed settlement of the Action with defendants Novo Nordisk, Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis (collectively, "Defendants") for $100,000,000 in cash that, if approved, will resolve all claims in the Action.

A hearing will be held on **June 27, 2022 at 11:00 a.m.**, before the Honorable Zahid N. Quraishi, by videoconference to, among other things: (i) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement dated November 23, 2021 (the "Stipulation") is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) determine whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and the Settlement Notice should be granted; (iii) determine whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) determine whether Lead Counsel's motion for attorneys' fees and Litigation Expenses (including awards to the Lead Plaintiffs) should be approved; and (v) consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Class, your rights will be affected by the Settlement, and you may be entitled to share in the Net Settlement Fund.** If you have not yet received the full printed Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice") and the Proof of Claim and Release Form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at Novo Nordisk Securities Litigation, c/o JND Legal Administration, P.O. Box 91154, Seattle, WA 98111, by telephone at 1 (833) 674-0167, or by email at info@NovoNordiskSecuritiesLitigation.com. Copies of the Settlement Notice and Claim Form can also be downloaded from the website for the Action, www.NovoNordiskSecuritiesLitigation.com.

If you are a Class Member, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form ***postmarked* (if mailed), or online through the case website, www.NovoNordiskSecuritiesLitigation.com, no later than July 27, 2022.** If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses, must be filed with the Court and delivered to Lead Counsel and Counsel for Defendants such that they are ***received* no later than June 6, 2022**, in accordance with the instructions set forth in the Settlement Notice.

**Please do not contact the Court, the Clerk's office, Novo Nordisk, any other Defendants in the Action, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Settlement Notice and Claim Form should be made to:

*Novo Nordisk Securities Litigation*
c/o JND Legal Administration
P.O. Box 91154
Seattle, WA 98111
1 (833) 674-0167
info@NovoNordiskSecuritiesLitigation.com
www.NovoNordiskSecuritiesLitigation.com

Inquiries, other than requests for the Settlement Notice and Claim Form, may be made to Lead Counsel:

| | |
|---|---|
| Luke O. Brooks, Esq. | Katherine M. Sinderson, Esq. |
| Robbins Geller Rudman & Dowd LLP | Bernstein Litowitz Berger & Grossmann LLP |
| 655 West Broadway, Suite 1900 | 1251 Avenue of the Americas |
| San Diego, CA 92101-8498 | New York, NY 10020 |
| 1 (800) 449-4900 | 1 (800) 380-8496 |
| rickn@rgrdlaw.com | settlements@blbglaw.com |

BY ORDER OF THE COURT
United States District Court
District of New Jersey

[1] Certain persons and entities are excluded from the Class by definition and others are excluded pursuant to request. The full definition of the Class including a complete description of who is excluded from the Class is set forth in the full Settlement Notice referred to below.

**www.NovoNordiskSecuritiesLitigation.com** 1 (833) 674-0167

## BUSINESS OPPORTUNITIES

**SECURED, COLLATERALIZED INVESTMENT OPPORTUNITY**

FOR ACCREDITED INVESTORS

**8-10%**
**ANNUAL RETURNS**

8-YEAR AVG.: 9.87%
MONTHLY DIVIDENDS
FIRST LIEN MORTGAGES

www.LYNKCapital.com
(410) 258-3903

*Past performance not an indicator of future results. Visit website for details & disclosures.

Trailer Parts Retail / Wholesale Business

For sale in Tulsa, Oklahoma

Email: pgw@wardcoepas.com

— FARM WITH US —
Red River Valley Farmer

Long term investment in a finite resource with stable returns. Seeking parties interested in investing in North Dakota farmland. Returns gained through cash rent or sharecrop lease. 1031 Exchange options available. For additional information see:
www.sproulefarms.com
paul@pdsproule.com

6.00% Tax-Free
7 yrs / $7.2M / Prins Only
Chicago Suburb
866-793-9670

## COMMERCIAL REAL ESTATE

Real Estate for Sale
MARTHA'S VINEYARD
DIRECT HARBORFRONT.
6 Luxury Apartments
DOCK. 9 DEEPWATER SLIPS. PRESTINE CONDITION
P.O. BOX 302 Scituate, MA 02066
781-264-3440

## BANKRUPTCIES

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: STRIKE, LLC, *et al.*[1] Debtors. | Chapter 11<br>Case No. 21-90054 (DRJ)<br>(Jointly Administered) |

**NOTICE OF COMBINED HEARING TO CONSIDER FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF CHAPTER 11 PLAN FILED BY DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES**

**PLEASE TAKE NOTICE THAT** on April 5, 2022, the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") entered an order [Docket No. 950] (the "**Disclosure Statement Order**"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") to solicit votes on the *Modified Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of Strike, LLC and Its Affiliated Debtors* [Docket No. 946] (as may be amended, supplemented, or modified from time to time and including all exhibits and supplements thereto, the "**Plan**" or "**Disclosure Statement**" or "**Plan and Disclosure Statement**," as applicable);[2] (b) conditionally approving the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) scheduling certain dates with respect thereto. Copies of the Plan and Disclosure Statement are available free of charge on the Debtors' restructuring website at https://dm.epiq11.com/StrikeLLC, or for a fee via PACER at http://www.txs.uscourts.gov. You may also request paper or electronic copies of such materials by (a) writing to Strike, LLC c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; (b) calling (855) 675-2860 (toll free) or +1 (503) 520-4448 (international) and requesting to speak with a member of the Solicitation Group; or (c) emailing strikeinfo@epiqglobal.com.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing to consider final approval of the Disclosure Statement and confirmation of the Plan (the "**Combined Hearing**") will commence on **May 17, 2022 at 2:00 p.m. (prevailing Central Time)**, before the Honorable David R. Jones, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street, Courtroom 404, Houston, Texas, 77002. Please be advised that the Combined Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on other parties entitled to notice.

**CRITICAL INFORMATION REGARDING VOTING ON THE PLAN**

**Voting Record Date**. The Voting Record date is April 1, 2022, which is the date for determining which Holders of Claims in Class 3 (General Unsecured Claims) are entitled to vote on the Plan.

**Voting Deadline**. The deadline for voting on the Plan is **May 9, 2022 at 5:00 p.m. (prevailing Central Time)** (the "**Voting Deadline**"). If you received a Solicitation Package, including a Ballot, and intend to vote on the Plan you must: (a) follow the instructions on the Ballot carefully; (b) complete all of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions on the Ballot so that it is actually received by the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC (the "**Claims and Noticing Agent**"), on or before the Voting Deadline. A failure to follow such instructions may disqualify your vote.

**Confirmation Objection Deadline**. The deadline for filing objections to confirmation of the Plan and the adequacy of the Disclosure Statement is **May 9, 2022 at 5:00 p.m. (prevailing Central Time)** (the "**Confirmation Objection Deadline**"). Any objection to the relief sought at the Combined Hearing must: (a) be in writing; (b) comply with the Bankruptcy Rules and Bankruptcy Local Rules; (c) state, with particularity, the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court on or before the Confirmation Objection Deadline. **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE COURT.**

**The Plan Supplement**. The Debtors will file the Plan Supplement on or before May 2, 2022, and will serve notice on parties in interest, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

**CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN**

**ARTICLE XII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE XII.C CONTAINS A THIRD-PARTY RELEASE. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT (X) ELECT TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE XII.C OF THE PLAN; OR (Y) TIMELY FILE WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE XII.C OF THE PLAN THAT IS NOT RESOLVED BEFORE CONFIRMATION WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS IN ARTICLE XII OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Strike, LLC (2120); STH ShellCo LLC (*f/k/a* Strike HoldCo, LLC) (0607); Delta Directional Drilling, LLC (9896); SGH ShellCo LLC (*f/k/a* Strike Global Holdings, LLC) (4661); CIS ShellCo LLC (*f/k/a* Capstone Infrastructure Services, LLC) (0161); and Crossfire, LLC (7582). The location of Debtor Strike, LLC's principal place of business and the Debtors' service address is: 460 Wildwood Forest Dr, Spring, Texas 77380. Additional information regarding this case may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/StrikeLLC.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan and Disclosure Statement.

## PUBLIC NOTICES

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

JS HALBERSTAM IRREVOCABLE GRANTOR TRUST, Derivatively and on Behalf of PORTLAND GENERAL ELECTRIC COMPANY,

**Plaintiff,**

JACK E. DAVIS, JOHN W. BALLANTINE, RODNEY L. BROWN, JR., KIRBY A. DYESS, MARK B. GANZ, MARIE OH HUBER, KATHRYN J. JACKSON, PH.D., MICHAEL A. LEWIS, MICHAEL H. MILLEGAN, NEIL J. NELSON, M. LEE PELTON, PH.D., MARIA M. POPE, CHARLES W. SHIVERY, JAMES P. TORGERSON, AND JAMES LOBDELL,

**Defendants,**

and

PORTLAND GENERAL ELECTRIC COMPANY,
Nominal Defendant.

Case No. 3:21-cv-00413-SI

**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF PORTLAND GENERAL ELECTRIC COMPANY DERIVATIVE ACTIONS AND SETTLEMENT HEARING**

**TO: ALL OWNERS OF PORTLAND GENERAL ELECTRIC COMPANY ("PGE") COMMON STOCK AS OF March 28, 2022.**

**YOU ARE HEREBY NOTIFIED** that the parties to the above-captioned shareholder action pending in the U.S. District Court for the District of Oregon (the "Action"), have reached a Settlement to resolve the issues raised in the Action and related shareholder derivative actions captioned Berning v. Pope et al., No. 21-cv-00783-SI, filed in this Court, and Shimberg v. Pope et al., No. 21CV02957, and Ashabraner v. Pope et al., No. 21CV13698, filed in Oregon Circuit Court, Multnomah County (collectively, the "Actions"). The parties to the Actions have entered into a Stipulation dated February 11, 2022, setting forth the terms of the Settlement. The Settlement, if approved by the Court, would fully, finally and forever resolve this Action on the terms set forth in the Stipulation.[1]

The Stipulation and a detailed Notice of Settlement describing in greater detail the Actions, the proposed Settlement, and the rights of Current PGE Shareholders with regard to the Settlement are available on PGE's website at https://investors.portlandgeneral.com/.

You have the right to participate in a Settlement Hearing to be held on, May 9, 2022, at 2:00 pm. at the U.S. District Court for the District of Oregon, Mark O. Hatfield United States Courthouse, Room 15B, 1000 Southwest Third Avenue, Portland, Oregon 97204 to determine: (i) whether the Court should approve the Settlement as fair, reasonable, adequate and in the best interests of Portland General Electric Company ("PGE" or the "Company") and PGE's shareholders pursuant to Federal Rule of Civil Procedure Rule 23.1; (ii) whether to enter a judgment dismissing the Action with prejudice and extinguish and release all Settled Claims; (iii) whether the requirements of the Federal Rules of Civil Procedure and due process have been satisfied in connection with notice of the Settlement; and (iv) whether the Court should approve Plaintiffs' Fee and Expense Amount, as well as to consider such other matters as may properly come before the Court.

The Settlement, reached with the substantial assistance and oversight of an experienced mediator, addresses allegations that certain current and former directors and officers of PGE breached their fiduciary duties by failing to maintain an adequate system of internal controls to oversee PGE's energy trading and purportedly disseminating materially false and misleading statements relating to the Company's energy trading activities. As part of the Settlement, PGE has implemented or, to the extent PGE has not already done so, will implement certain corporate governance reforms specifically set forth in Exhibit A of the Stipulation.

After negotiating the principal terms of the Settlement, Plaintiffs' counsel and PGE separately negotiated at arm's-length with the assistance of the mediator the amount of attorneys' fees and expenses to be paid to Plaintiffs' counsel, agreeing that PGE or its insurance carriers shall, subject to and upon Court approval, pursuant to the timetable provided in the Stipulation, pay or cause to be paid to Plaintiffs' Counsel attorneys' fees and expenses in the total amount of $750,000.

The individual defendants have denied, and continue to deny, all allegations of wrongdoing and that they have any liability on the claims asserted in the Actions. PGE also has denied and continues to deny the claims in the Actions.

If you are a Current PGE Shareholder, your rights to pursue certain derivative claims on behalf of PGE may be affected by the Settlement. Any Current PGE Shareholder wishing to assert an objection to the Settlement or Fee and Expense Amount must, **at least fourteen (14) days prior to the Settlement Hearing,** (i) file with the Clerk of the Court a written objection to the Settlement and/or Plaintiffs' Fee and Expense Amount setting forth: (a) the nature of the objection; (b) proof of ownership of PGE common stock at the time the Preliminary Approval Order was entered through the date of the Settlement Hearing, including the number of shares of PGE common stock held by the shareholder and the date(s) of purchase; and (c) any documentation in support of such objection; and (ii) if a Current PGE Shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (i) above, filed with the Clerk of Court: (a) a written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of the testimony of each witness. Any Current PGE Shareholder who fails to object in the manner provided above will be deemed to have waived all objections (including the right to appeal) and will be bound by the Order and Final Judgment to be entered and the releases to be given, unless otherwise ordered by the Court.

Any inquiries regarding the Settlement or the Action should be directed to Plaintiffs' Counsel:

David C. Katz
Mark D. Smilow
WeissLaw LLP
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (212) 682-3025
dkatz@weisslawllp.com
msmilow@weisslawllp.com

**PLEASE DO NOT TELEPHONE THE COURT OR PGE REGARDING THIS NOTICE**

[1] Unless otherwise defined, all capitalized terms contained in this Summary Notice shall have the same definitions as set forth in the Stipulation.

## ANNOUNCEMENTS

THE WALL STREET JOURNAL.

THE MARKETPLACE

ADVERTISE TODAY

(800) 366-3975

For more information visit:
wsj.com/classifieds

© 2022 Dow Jones & Company, Inc.
All Rights Reserved.

DOW JONES

# CLOSED-END FUNDS

Listed are the 300 largest closed-end funds as measured by assets. Closed-end funds sell a limited number of shares and invest the proceeds in securities. Unlike open-end funds, closed-ends generally do not buy their shares back from investors who wish to cash in their holdings. Instead, fund shares trade on a stock exchange. **NA** signifies that the information is not available or not applicable. **NS** signifies funds not in existence for the entire period. 12 month yield is computed by dividing income dividends paid (during the previous 12 months for periods ending at month-end or during the previous 52 weeks for periods ending at any time other than month-end) by the latest month-end market price adjusted for capital gains distributions. Depending on the fund category, either 12-month yield or total return is listed.

Source: Lipper

Friday, April 8, 2022

| Fund (SYM) | NAV | Close | Prem /Disc | 52 wk Ttl Ret |
|---|---|---|---|---|
| **General Equity Funds** | | | | |
| Adams Diversified Equity **ADX** | 21.33 | 18.27 | -14.3 | 11.3 |
| Central Secs **CET** | 47.54 | 41.13 | -13.5 | 14.5 |
| CohenStrsCEOppFd **FOF** | 12.97 | 12.50 | -3.6 | -1.7 |
| EVTxAdvDivIncm **EVT** | 27.75 | 27.59 | -0.6 | 10.7 |
| GabelliDiv&IncTr **GDV** | 27.67 | 24.20 | -12.5 | 2.6 |
| Gabelli Equity Tr **GAB** | 5.95 | 7.05 | +18.5 | 11.3 |
| GeneralAmer **GAM** | 50.28 | 41.93 | -16.6 | 9.7 |
| JHancockTaxAdvDiv **HTD** | 27.21 | 26.25 | -3.5 | 17.7 |
| Liberty All-Star Equity **USA** | 7.34 | 7.89 | +7.5 | 11.0 |
| Liberty All-Star Growth **ASG** | 6.83 | 7.35 | +7.6 | -2.5 |
| Royce Micro-Cap Tr **RMT** | 11.41 | 10.02 | -12.2 | -3.8 |
| Royce Value Trust **RVT** | 17.24 | 16.11 | -6.6 | -4.5 |
| Source Capital **SOR** | 43.84 | 41.14 | -6.2 | 4.1 |
| Sprott Focus Trust **FUND** | 9.63 | 9.05 | -6.0 | 22.6 |
| Tri-Continental **TY** | 35.22 | 30.71 | -12.8 | 5.6 |
| **Specialized Equity Funds** | | | | |
| Aberdeen Glb Prem Prop **AWP** | 6.62 | 6.19 | -6.5 | 10.4 |
| Adams Natural Resources **PEO** | 25.22 | 21.75 | -13.8 | 56.3 |
| ASA Gold & Prec Met Ltd **ASA** | 26.52 | 22.42 | -15.5 | 5.2 |
| BR Enh C&I **CII** | 21.06 | 20.60 | -2.2 | 8.3 |
| BlackRock Energy & Res **BGR** | 13.50 | 11.79 | -12.7 | 40.7 |
| BlackRock Eq Enh Div **BDJ** | 10.21 | 9.82 | -3.8 | 10.6 |
| BlackRock Enh Glbl Div **BOE** | 12.63 | 11.26 | -10.8 | 0.8 |
| BlackRock Enh Intl Div **BGY** | 6.40 | 5.70 | -10.9 | -2.4 |
| BlackRock ESG Cap Alloc **ECAT** | 18.74 | 16.05 | -14.4 | NS |
| BlackRock Hlth Sci Tr II **BMEZ** | 22.60 | 20.18 | -10.7 | -20.1 |
| BlackRock Hlth Sciences **BME** | 46.49 | 46.86 | +0.8 | 4.9 |
| BlackRock Innov and Grow **BIGZ** | 12.71 | 10.51 | -17.3 | -49.8 |
| BlackRock Res & Comm **BCX** | 11.80 | 11.15 | -5.5 | 27.4 |
| BlackRock Sci&Tech T II **BSTZ** | 31.10 | 28.30 | -9.0 | -20.0 |
| BlackRock Sci&Tech Trust **BST** | 43.98 | 41.55 | -5.5 | -22.8 |
| BlackRock Utl Inf & Pwr **BUI** | 24.94 | 24.47 | -1.9 | 1.8 |
| CLEARBRIDGE ENGY MDS OPP **EMO** | 36.08 | 28.47 | -21.1 | 59.7 |
| CLEARBRIDGE MLP&MDSTM TR **CTR** | 37.76 | 29.96 | -20.7 | 54.5 |
| ClearBridge MLP & Midstm **CEM** | 42.16 | 34.51 | -18.1 | 53.1 |
| ChnStrInfr **UTF** | 29.11 | 29.06 | -0.2 | 6.9 |
| Cohen&SteersQualInc **RQI** | 17.34 | 16.38 | -5.5 | 20.8 |
| CohenStrs Real Est and I **RLTY** | 21.33 | 19.89 | -6.8 | NS |
| Cohen&Steers TotRet **RFI** | 15.44 | 15.89 | +2.9 | 15.4 |
| CohenStrsREITPrefInc **RNP** | 27.38 | 25.72 | -6.1 | 9.7 |
| Columbia Sel Prm Tech Gr **STK** | 30.33 | 30.07 | -0.9 | -0.5 |
| DNP Select Income **DNP** | 10.75 | 11.82 | +10.0 | 28.7 |
| Duff&Ph Uti&Infra Inc Fd **DPG** | 15.07 | 15.33 | +1.7 | 22.2 |
| EtnVncEqtyInc **EOI** | 17.86 | 18.14 | +1.6 | 10.8 |
| EtnVncEqtyIncoII **EOS** | 20.26 | 20.46 | +1.0 | -3.2 |
| EVRskMnDvsEqInc **ETJ** | 9.44 | 9.65 | +2.2 | -2.8 |
| ETnVncTxMgdBuyWrtInc **ETB** | 15.62 | 16.20 | +3.7 | 9.8 |
| EtnVncTxMgdBuyWrtOpp **ETV** | 14.85 | 15.35 | +3.4 | 6.1 |
| EvTxMnDvsEqInc **ETY** | 13.30 | 13.58 | +2.1 | 11.5 |
| EtnVncTxMgdGlbB **ETW** | 9.95 | 9.84 | -1.1 | 0.3 |
| EVTxMnGblDvEqInc **EXG** | 9.60 | 9.47 | -1.4 | 7.5 |
| Ecofin S&S Impact Term **TEAF** | 17.77 | 15.22 | -14.4 | 9.4 |
| First Trust Energy Inc G **FEN** | 16.43 | 16.30 | -0.8 | 28.7 |
| First Tr Enhanced Eq **FFA** | 19.92 | 19.61 | -1.6 | 7.6 |
| FirstTrEnergyInfra **FIF** | 18.02 | 15.45 | -14.3 | 31.9 |
| FirstTrMLPEner&Inc **FEI** | 9.66 | 8.35 | -13.6 | 27.9 |
| Gabelli Healthcare **GRX** | 14.94 | 13.19 | -11.7 | 12.8 |
| Gab Utility **GUT** | 4.36 | 7.26 | +66.5 | 16.6 |
| GAMCOGlGold&NatRes **GGN** | 4.32 | 4.06 | -6.0 | 22.7 |
| J Han Finl Opptys **BTO** | 36.58 | 37.46 | +2.4 | 1.4 |
| Neuberger Brmn MLP & EI **NML** | 8.43 | 6.63 | -21.4 | 60.8 |
| Neuberger Nxt Gen Conn **NBXG** | 15.32 | 12.76 | -16.7 | NS |
| NubrgrRlEstSec **NRO** | 5.02 | 4.89 | -2.6 | 14.1 |
| Nuv Dow 30 Dyn Overwrite **DIAX** | 17.68 | 16.79 | -5.0 | 8.6 |
| NuvCorEqAlpha **JCE** | 16.09 | 15.83 | -1.6 | 14.2 |
| Nuveen Nasdaq 100 Dyn Ov **QQQX** | 26.90 | 27.42 | +1.9 | 3.8 |
| Nuv Real Est **JRS** | 12.44 | 11.60 | -6.8 | 25.7 |
| Nuveen Rl Asst Inc & Gro **JRI** | 17.12 | 15.17 | -11.4 | 7.6 |
| NuvS&P500DynOvFd **SPXX** | 17.94 | 17.67 | -1.5 | 9.6 |
| NuvSP500BuyIncFd **BXMX** | 14.46 | 14.16 | -2.1 | 9.3 |
| ReavesUtilityIncome **UTG** | 35.93 | 34.78 | -3.2 | 9.9 |
| Tortoise Enrgy Infra Crp **TYG** | 42.38 | 34.92 | -17.6 | 47.5 |
| Tortoise Midstream Enrgy **NTG** | 46.87 | 38.54 | -17.8 | 56.1 |
| VAGIAI & Tech Opptys **AIO** | 22.89 | 20.98 | -8.3 | -8.1 |
| VDivInt&PremStr **NFJ** | 15.60 | 14.06 | -9.9 | 4.4 |
| **Income & Preferred Stock Funds** | | | | |
| CalamosStratTot **CSQ** | 17.02 | 16.86 | -0.9 | -0.6 |
| CohenStrsLtdDurPref&Inc **LDP** | 23.68 | 22.45 | -5.2 | -8.7 |
| CohenStrsSelPref&Income **PSF** | 23.86 | 22.28 | -6.6 | -15.5 |
| CohenStrsTaxAvPreSecs&I **PTA** | 23.48 | 22.00 | -6.3 | -5.8 |
| Dividend and Income **DNI** | 19.40 | 13.81 | -28.8 | 14.7 |
| FirstTrIntDurPref&Inc **FPF** | 22.19 | 21.16 | -4.6 | -6.0 |
| JHanPrefInc **HPI** | 18.97 | 18.61 | -1.9 | -3.9 |
| JHPrefIncII **HPF** | 18.79 | 18.66 | -0.7 | -6.2 |
| HnckJPfdInco III **HPS** | 16.80 | 17.42 | +3.7 | 1.2 |
| J Han Prm **PDT** | 15.37 | 16.38 | +6.6 | 16.3 |
| LMP CapInco **SCD** | 16.16 | 14.30 | -11.5 | 17.6 |
| Nuveen Multi-Asset Inc **NMAI** | 18.26 | 16.06 | -12.0 | NS |
| Nuveen Pref & Inc Opp **JPC** | 9.04 | 8.40 | -7.1 | -5.9 |
| Nuveen Fd **JPS** | 8.84 | 8.19 | -7.4 | -10.2 |
| Nuveen Pref & Inc Term **JPI** | 22.78 | 21.81 | -4.3 | -7.8 |
| Nuveen Var Rate P&I **NPFD** | 22.71 | 21.72 | -4.4 | NS |
| TCW Strat Income **TSI** | 5.41 | 5.03 | -7.0 | -5.8 |
| **Convertible Sec's. Funds** | | | | |
| AdvntCnvrtbl&IncFd **AVK** | 15.94 | 14.79 | -7.2 | -5.8 |
| CalamosConvHi **CHY** | 13.64 | 13.44 | -1.5 | -9.1 |
| CalmosConvOp **CHI** | 12.94 | 12.69 | -1.9 | -10.3 |
| VAGI Conv & Inc II **NCZ** | 4.54 | 4.17 | -8.1 | -11.7 |
| VAGI Conv & Inc **NCV** | 5.08 | 4.76 | -6.3 | -11.7 |
| VAGI Dvs Inc & Conv **ACV** | 26.05 | 24.10 | -7.5 | -8.7 |
| VAGI Eqty & Conv Inc **NIE** | 29.11 | 26.00 | -10.7 | 0.3 |
| **World Equity Funds** | | | | |
| Aberdeen Emg Mkts Eq Inc **AEF** | 7.22 | 6.50 | -10.0 | -18.2 |
| Aberdeen Tot Dyn Div **AOD** | 10.57 | 9.58 | -9.4 | 4.9 |

Continued on Page B9

# Borrowing Benchmarks

wsj.com/market-data/bonds/benchmarks

## Money Rates

April 8, 2022

Key annual interest rates paid to borrow or lend money in U.S. and international markets. Rates below are a guide to general levels but don't always represent actual transactions.

### Inflation

| | Feb. index level | Chg From (%) Jan. '22 | Feb. '21 |
|---|---|---|---|
| **U.S. consumer price index** | | | |
| All items | 283.716 | 0.91 | 7.9 |
| Core | 288.059 | 0.72 | 6.4 |

### International rates

| | Latest | Week ago | 52-Week High | 52-Week Low |
|---|---|---|---|---|
| **Prime rates** | | | | |
| U.S. | 3.50 | 3.50 | 3.50 | 3.25 |
| Canada | 2.70 | 2.70 | 2.70 | 2.45 |
| Japan | 1.475 | 1.475 | 1.475 | 1.475 |
| **Policy Rates** | | | | |
| Euro zone | 0.00 | 0.00 | 0.00 | 0.00 |
| Switzerland | 0.00 | 0.00 | 0.00 | 0.00 |
| Britain | 0.75 | 0.75 | 0.75 | 0.10 |
| Australia | 0.10 | 0.10 | 0.10 | 0.10 |
| **Overnight repurchase** | | | | |
| U.S. | 0.29 | 0.30 | 0.30 | -0.02 |

### U.S. government rates

| | Latest | Week ago | 52-Week High | 52-Week Low |
|---|---|---|---|---|
| **Discount** | 0.50 | 0.50 | 0.50 | 0.25 |
| **Federal funds** | | | | |
| Effective rate | 0.3400 | 0.3300 | 0.3400 | 0.0500 |
| High | 0.4000 | 0.4000 | 0.4500 | 0.0700 |
| Low | 0.3000 | 0.3000 | 0.3000 | 0.0100 |
| Bid | 0.3300 | 0.3300 | 0.7000 | 0.0300 |
| Offer | 0.3800 | 0.3400 | 0.3800 | 0.0500 |
| **Treasury bill auction** | | | | |
| 4 weeks | 0.205 | 0.135 | 0.205 | 0.000 |
| 13 weeks | 0.670 | 0.605 | 0.670 | 0.015 |
| 26 weeks | 1.110 | 1.050 | 1.110 | 0.030 |

### Secondary market

| Fannie Mae 30-year mortgage yields | Latest | Week ago | 52-Week High | 52-Week Low |
|---|---|---|---|---|
| 30 days | 4.455 | 4.127 | 4.455 | 2.216 |
| 60 days | 4.539 | 4.204 | 4.542 | 2.261 |

### Other short-term rates

| | Latest | Week ago | 52-Week high | 52-Week low |
|---|---|---|---|---|
| **Call money** | 2.25 | 2.25 | 2.25 | 2.00 |
| **Commercial paper (AA financial)** | | | | |
| 90 days | 0.85 | n.a. | 1.12 | 0.04 |
| **Libor** | | | | |
| One month | 0.51400 | 0.43757 | 0.51400 | 0.07263 |
| Three month | 1.01071 | 0.96200 | 1.01071 | 0.11413 |
| Six month | 1.54043 | 1.48914 | 1.54043 | 0.14663 |
| One year | 2.27157 | 2.17157 | 2.27157 | 0.21950 |
| **Secured Overnight Financing Rate** | 0.30 | 0.29 | 0.30 | 0.01 |

| DTCC GCF Repo Index | Latest | Value Traded | 52-Week High | 52-Week Low |
|---|---|---|---|---|
| Treasury | 0.293 | 16.800 | 0.307 | -0.006 |
| MBS | 0.317 | 19.700 | 0.321 | 0.004 |

**Notes on data:**

**U.S. prime rate** is the base rate on corporate loans posted by at least 70% of the 10 largest U.S. banks, and is effective March 17, 2022. **Other prime rates** aren't directly comparable; lending practices vary widely by location; **Discount rate** is effective March 17, 2022. **Secured Overnight Financing Rate** is as of April 7, 2022. **DTCC GCF Repo Index** is Depository Trust & Clearing Corp.'s weighted average for overnight trades in applicable CUSIPs. Value traded is in billions of U.S. dollars. **Federal-funds rates** are Tullett Prebon rates as of 5:30 p.m. ET.

Sources: Federal Reserve; Bureau of Labor Statistics; DTCC; FactSet; Tullett Prebon Information, Ltd.

## Cash Prices

Friday, April 8, 2022

These prices reflect buying and selling of a variety of actual or "physical" commodities in the marketplace—separate from the futures price on an exchange, which reflects what the commodity might be worth in future months.

| | Friday |
|---|---|
| **Energy** | |
| Coal,C.Aplc.,12500Btu,1.2SO2-r,w | 106.150 |
| Coal,PwdrRvrBsn,8800Btu,0.8SO2-r,w | 16.100 |
| **Metals** | |
| **Gold, per troy oz** | |
| Engelhard industrial | 1934.00 |
| Handy & Harman base | 1941.40 |
| Handy & Harman fabricated | 2154.95 |
| LBMA Gold Price AM | *1926.40 |
| LBMA Gold Price PM | *1932.40 |
| Krugerrand,wholesale-e | 2020.20 |
| Maple Leaf-e | 2039.63 |
| American Eagle-e | 2039.63 |
| Mexican peso-e | 2350.07 |
| Austria crown-e | 1907.04 |
| Austria phil-e | 2039.63 |
| **Silver, troy oz.** | |
| Engelhard industrial | 24.4500 |
| Handy & Harman base | 24.7050 |
| Handy & Harman fabricated | 30.8810 |
| LBMA spot price | *£18.6500 |
| (U.S.$ equivalent) | *24.3800 |
| Coins,wholesale $1,000 face-a | 20970 |
| **Other metals** | |
| LBMA Platinum Price PM | *957.0 |
| Platinum,Engelhard industrial | 977.0 |
| Palladium,Engelhard industrial | 2470.0 |
| Aluminum, LME, $ per metric ton | *3346.0 |
| Copper,Comex spot | 4.7200 |
| Iron Ore, 62% Fe CFR China-s | 154.7 |
| Shredded Scrap, US Midwest-s,m | n.a. |
| Steel, HRC USA, FOB Midwest Mill-s | 1480 |
| **Battery/EV metals** | |
| BMI Lithium Carbonate, EXW China, =99.2%-v,k | 79550 |
| BMI Lithium Hydroxide, EXW China, =56.5% -v,k | 77650 |
| BMI Cobalt sulphate, EXW China, >20.5% -v,m | 18881 |
| BMI Nickel Sulphate, EXW China, >22%-v,m | 6794 |
| BMI Flake Graphite, FOB China, -100 Mesh, 94-95% -v,m | 695 |
| **Fibers and Textiles** | |
| Burlap,10-oz,40-inch NY yd-n,w | 0.8550 |
| Cotton,1 1/16 std lw-mdMphs-u | 1.3241 |
| Cotlook 'A' Index-t | *152.30 |
| Hides,hvy native steers piece fob-u | n.a. |
| Wool,64s,staple,Terr del-u,w | n.a. |

| | Friday |
|---|---|
| **Grains and Feeds** | |
| Barley,top-quality Mnpls-u | n.a. |
| Bran,wheat middlings, KC-u | 173 |
| Corn,No. 2 yellow,Cent IL-bp,u | 7.4900 |
| Corn gluten feed,Midwest-u,w | 227.2 |
| Corn gluten meal,Midwest-u,w | 696.3 |
| Cottonseed meal-u,w | 355 |
| Hominy feed,Cent IL-u,w | 175 |
| Meat-bonemeal,50% pro Mnpls-u,w | 375 |
| Oats,No.2 milling,Mnpls-u | 7.8800 |
| Rice, Long Grain Milled, No. 2 AR-u,w | 29.25 |
| Sorghum,(Milo) No.2 Gulf-u | n.a. |
| SoybeanMeal,Cent IL,rail,ton48%-u,w | 488.70 |
| Soybeans,No.1 yllw IL-bp,u | 16.6600 |
| Wheat,Spring14%-pro Mnpls-u | 12.7925 |
| Wheat,No.2 soft red,St.Louis-u | 10.5650 |
| Wheat - Hard - KC (USDA) $ per bu-u | 11.1500 |
| Wheat,No.1soft white,Portld,OR-u | 10.7500 |
| **Food** | |
| Beef,carcass equiv. index | |
| choice 1-3,600-900 lbs.-u | 231.14 |
| select 1-3,600-900 lbs.-u | 220.71 |
| Broilers, National comp wtd. avg.-u,w | 1.6412 |
| Butter,AA Chicago-d | 2.7825 |
| Cheddar cheese,bbl,Chicago-d | 236.75 |
| Cheddar cheese,blk,Chicago-d | 232.00 |
| Milk,Nonfat dry,Chicago lb.-d | 182.25 |
| Coffee,Brazilian,Comp-y | 2.2814 |
| Coffee,Colombian, NY-y | 2.9349 |
| Eggs,large white,Chicago-u | 2.8450 |
| Flour,hard winter KC-p | 30.45 |
| Hams,17-20 lbs,Mid-US fob-u | n.a. |
| Hogs,Iowa-So. Minnesota-u | 97.13 |
| Pork bellies,12-14 lb MidUS-u | n.a. |
| Pork loins,13-19 lb MidUS-u | 1.2303 |
| Steers,Tex.-Okla. Choice-u | n.a. |
| Steers,feeder,Okla. City-u,w | 184.69 |
| **Fats and Oils** | |
| Degummed corn oil, crude wtd. avg.-u,w | 68.7500 |
| Grease,choice white,Chicago-h | 0.7000 |
| Lard,Chicago-u | n.a. |
| Soybean oil,crude;Centl IL-u,w | 0.8012 |
| Tallow,bleach;Chicago-h | 0.7375 |
| Tallow,edible,Chicago-u | n.a. |

KEY TO CODES: A=ask; B=bid; BP=country elevator bids to producers; C=corrected; D=CME; E=Manfra,Tordella & Brookes; H=American Commodities Brokerage Co; K=bi-weekly; M=monthly; N=nominal; n.a.=not quoted or not available; P=Sosland Publishing; R=SNL Energy; S=Platts-TSI; T=Cotlook Limited; U=USDA; V=Benchmark Mineral Intelligence; W=weekly; Y=International Coffee Organization; Z=not quoted. *Data as of 4/7

Source: Dow Jones Market Data

# EXHIBIT C

| 36 Mo Performance Rating | Fund | YTD % Chg | 12Wk % Chg | 5 Yr After Tax Rtrn | Net Asset Value | NAV Chg |
|---|---|---|---|---|---|---|
| A+ | EnhanEqu | -5 | -3 | +100 | 34.71n | +.00 |
| JP Morgan Selct | | | | | | |
| $ 139 bil 800-480-4111 | | | | | | |
| E | CoreBondI | -7 | -5 | +9 | 10.98n | +.00 |
| A | LgCapVal | +7 | +1 | +67 | 20.14n | +.00 |
| A+ | ResearchEn | -5 | -3 | +99 | 34.76n | +.00 |
| Kinetics Funds | | | | | | |
| $ 4.6 bil 800-930-3828 | | | | | | |
| A+ | Paradigm | +5 | +13 | +117 | 73.86 | -.25 |
| A+ | ParadigmNL | +5 | +13 | +120 | 76.99n | -.26 |
| A+ | ParadigmIns | +5 | +13 | +122 | 77.78n | -.26 |
| A+ | SmCpOpport | +10 | +16 | +168 | 108.83n | -.44 |
| A+ | SmCapOpprt | +10 | +17 | +173 | 111.14n | -.45 |
| A+ | SmOppAdvC | +10 | +16 | +159 | 99.18n | -.40 |
| Lazard Instl | | | | | | |
| $ 98.1 bil 800-823-6300 | | | | | | |
| A | WindsrIInv | -4 | -5 | +71 | 44.14n | +.08 |
| Legg Mason | | | | | | |
| $ 71.9 bil 800-822-5544 | | | | | | |
| A | CapEquityIS | -7 | -5 | +80 | 19.45n | -.06 |
| A- | CBApprecIS | -4 | -2 | +90 | 31.87n | -.01 |
| A- | CBApprecR | -4 | -2 | +84 | 31.98n | -.01 |
| A- | ClrBrdgVal | +1 | -4 | +67 | 117.73n | +1.1 |
| A- | LrgeCapGrwR | -14 | -9 | +103 | 52.09n | -.52 |
| A- | StrategyR | -1 | +0 | +78 | 30.15n | +.10 |
| Legg Mason A | | | | | | |
| $ 60.2 bil 800-822-5544 | | | | | | |
| A- | S&P500Idx | -6 | -3 | +94 | 35.75n | -.10 |
| A- | ValueA | +1 | -4 | +67 | 99.61 | +.93 |
| Legg Mason C | | | | | | |
| $ 91.9 bil 800-822-5544 | | | | | | |
| A- | CBApprec | -4 | -2 | +81 | 30.64n | -.01 |
| A- | CBLgCapGr | -15 | -9 | +97 | 40.15n | -.40 |
| Legg Mason I | | | | | | |
| $ 92.2 bil 800-822-5544 | | | | | | |
| A- | CBApprec | -4 | -2 | +89 | 31.75n | -.01 |
| A- | CBEQincbld | -1 | +0 | +82 | 31.42n | +.11 |
| A- | CBEQincbld | -1 | +0 | +82 | 30.41n | +.10 |
| A- | CBLgCapGr | -14 | -9 | +110 | 63.89n | -.64 |
| A- | Clearbrge | +1 | -3 | +70 | 122.53n | +1.1 |
| A- | LrgCapGrIS | -14 | -8 | +111 | 64.06n | -.64 |
| A- | MidCap | -12 | -8 | +63 | 43.38n | -.16 |
| Legg Mason Partners | | | | | | |
| $ 23.5 bil 800-822-5544 | | | | | | |
| A- | ApprecatnA | -4 | -2 | +86 | 31.99 | -.01 |
| A- | LrgCapGrwA | -14 | -9 | +106 | 55.64 | -.56 |
| LKCM Funds | | | | | | |
| $ 964 mil 817-332-3235 | | | | | | |
| A- | EqtyInstl | -6 | -3 | +95 | 36.34n | -.01 |
| Lord Abbett A | | | | | | |
| $ 118 bil 888-522-2388 | | | | | | |
| A+ | Convertible | -10 | -5 | +81 | 14.43 | -.12 |
| A- | GrowthLdrs | -16 | -9 | +140 | 33.70 | -.49 |
| A- | ShrtDurInco | -3 | -3 | +5 | 4.00 | -.01 |
| Lord Abbett C | | | | | | |
| $ 101 bil 888-522-2388 | | | | | | |
| A | Convertible | -11 | -5 | +76 | 14.27n | -.12 |
| E | ShrtDurInc | -3 | -3 | +3 | 4.03n | -.01 |
| Lord Abbett F | | | | | | |
| $ 90.9 bil 888-522-2388 | | | | | | |
| E | ShrtDurInc | -3 | -3 | +6 | 4.00n | -.01 |
| Lord Abbett I | | | | | | |
| $ 78.4 bil 888-522-2388 | | | | | | |
| A+ | Convertible | -10 | -5 | +82 | 14.56n | -.12 |
| E | ShrtDurInc | -3 | -3 | +7 | 4.00n | -.01 |
| —M–N–O— | | | | | | |
| MainStay A Fds | | | | | | |
| $ 29.5 bil 800-624-6782 | | | | | | |
| A | LrgCapGrwth | -16 | -9 | +119 | 9.82 | -.13 |
| A | MapEq | 0 | -2 | +75 | 29.81 | +.14 |
| A | SP500Idx | -6 | -4 | +87 | 55.92 | -.15 |
| MainStay B Fds | | | | | | |
| $ 30.3 bil 800-624-6782 | | | | | | |
| A | LrgCpGrow | -16 | -9 | +103 | 6.49n | -.08 |
| A | MapEq | 0 | -2 | +64 | 21.64n | +.11 |
| MainStay C Fds | | | | | | |
| $ 13.2 bil 800-624-6782 | | | | | | |
| A | MapEqty | 0 | -2 | +64 | 21.65n | +.11 |
| Mairs & Power | | | | | | |
| $ 5.7 bil 800-304-7404 | | | | | | |
| A- | GrowthInv | -8 | -6 | +77 | 148.88n | -.72 |
| Managed Portfolio Funds | | | | | | |
| $ 329 mil 855-822-3863 | | | | | | |
| A+ | SmlCapGrw | -17 | -10 | +115 | 53.90n | -.55 |
| Manning & Napier Funds | | | | | | |
| $ 10.0 bil 800-466-3863 | | | | | | |
| A- | IntrlDis | -17 | -12 | +79 | 25.96n | -.06 |
| Mass Mutl Instl | | | | | | |
| $ 1.3 bil 800-272-2216 | | | | | | |
| A+ | PrmDiscGroA | -13 | -7 | +88 | 9.28 | -.09 |
| Mass Mutl Prem | | | | | | |
| $ 16.1 bil 800-272-2216 | | | | | | |
| A- | Class | -14 | -9 | +115 | 24.99n | -.31 |
| A | DiscpInGrwS | -13 | -7 | +92 | 9.63n | -.10 |
| Mass Mutl Select | | | | | | |
| $ 78.1 bil 800-272-2216 | | | | | | |
| A- | BlueChipGrA | -14 | -9 | +109 | 22.34 | -.28 |
| A- | BlueChipGrS | -14 | -9 | +114 | 24.88n | -.31 |
| A- | BlueChipGrY | -14 | -9 | +115 | 24.52n | -.31 |
| A- | GrwOppI | -21 | -12 | +86 | 6.58n | -.10 |
| A- | IndexEqA | -6 | -4 | +83 | 19.05 | -.06 |
| A- | IndexEqS | -6 | -3 | +85 | 19.97n | -.05 |
| A- | SmlCpGrEqL | -15 | -8 | +82 | 11.14n | -.07 |
| A- | SmlCpGrEqY | -15 | -8 | +84 | 12.62n | -.08 |
| A- | SmlCpGrEqZ | -15 | -8 | +88 | 14.40n | -.09 |
| MassMutual | | | | | | |
| $ 7.6 bil 800-272-2216 | | | | | | |
| A- | Index | -6 | -4 | +80 | 18.24n | -.05 |
| A- | IndexEqY | -6 | -3 | +84 | 19.42n | -.05 |
| Mathew25 | | | | | | |
| $ 772 mil 888-836-1777 | | | | | | |
| A- | EMSmCmsInst | -11 | -7 | +68 | 26.50n | +.00 |
| Mellon Funds | | | | | | |
| $ 2.1 bil 800-645-6561 | | | | | | |
| A- | CpGrC | -15 | -4 | +104 | 22.92n | -.27 |
| Meridian Funds | | | | | | |
| $ 4.5 bil 800-446-6662 | | | | | | |
| A- | ContraLeg | -8 | -6 | +86 | 42.03n | -.03 |
| Metro West | | | | | | |
| $ 337 bil 800-241-4671 | | | | | | |
| E | ReturnBdAdm | -9 | -7 | +9 | 9.97n | -.05 |
| E | ReturnBdM | -8 | -7 | +7 | 9.96n | -.06 |
| E | TotRetBdI | -8 | -7 | +9 | 9.96n | -.05 |
| E | TRBdPlan | -8 | -7 | +9 | 9.34n | -.05 |
| MFS Funds A | | | | | | |
| $ 221 bil 800-225-2606 | | | | | | |
| A- | BlenResEq | -5 | -4 | +75 | 31.14 | -.09 |
| A- | CoreEquity | -7 | -4 | +97 | 44.35 | -.14 |
| A- | GlobalGrow | -8 | -5 | +95 | 58.19 | -.28 |
| A | Growth | -15 | -8 | +132 | 153.92 | -1.6 |
| A+ | MAInvGrSk | -8 | -4 | +123 | 39.20 | -.20 |
| A- | MAInvTr | -6 | -4 | +83 | 39.02 | +.00 |
| A- | Research | -7 | -5 | +87 | 56.16 | -.15 |
| B- | ValueA | -3 | -2 | +58 | 52.52 | +.09 |
| MFS Funds B | | | | | | |
| $ 204 bil 800-225-2606 | | | | | | |
| A- | CoreEquity | -7 | -4 | +89 | 37.60n | -.13 |
| A | Growth | -15 | -8 | +122 | 117.12n | -1.3 |
| A- | MAInvGrSk | -8 | -4 | +113 | 31.38n | -.16 |
| A- | Research | -7 | -5 | +81 | 49.31n | -.14 |
| A- | Technology | -16 | -10 | +124 | 44.45n | -.66 |
| C+ | Value | -3 | -2 | +54 | 52.36n | +.08 |
| MFS Funds C | | | | | | |
| $ 168 bil 800-225-2606 | | | | | | |
| A- | CoreEquity | -7 | -4 | +89 | 36.96n | -.12 |
| A | Growth | -15 | -8 | +122 | 116.05n | -1.2 |
| A | MAInvGrSk | -8 | -4 | +113 | 31.08n | -.16 |
| A- | Research | -7 | -5 | +81 | 48.84n | -.13 |
| A | Technology | -16 | -10 | +124 | 44.33n | -.65 |
| C+ | Value | -3 | -2 | +53 | 51.90n | +.08 |
| MFS Funds I | | | | | | |
| $ 154 bil 800-225-2606 | | | | | | |
| A | Growth | -14 | -8 | +135 | 166.28n | -1.8 |
| A+ | MAInvGrSk | -8 | -4 | +125 | 40.26n | -.21 |
| A- | MassInvTr | -6 | -3 | +84 | 37.57n | +.01 |
| A- | ResCoreEql | -5 | -3 | +78 | 31.72n | -.09 |
| A- | Research | -7 | -5 | +89 | 57.92n | -.15 |
| B | Value | -3 | -2 | +59 | 52.84n | +.08 |
| MgmtFunds | | | | | | |
| $ 102 bil 336-856-2911 | | | | | | |
| B | SmlCapWrldA | -18 | -11 | +70 | 65.99 | -.44 |
| Morgan Stan | | | | | | |
| $ 6.1 bil 888-454-3965 | | | | | | |
| A+ | Growth | -16 | -5 | +80 | 23.70n | -.07 |
| Morgan Stan Ins | | | | | | |
| $ 25.7 bil 888-454-3965 | | | | | | |
| A+ | GrowthInst | -31 | -17 | +130 | 46.81 | -1.1 |
| A+ | Instgrowth | -31 | -17 | +134 | 51.26n | -1.2 |
| Motley Fool Funds | | | | | | |
| $ 453 mil 888-863-8803 | | | | | | |
| A- | Globalopps | 0 | +0 | +101 | 30.93n | +.00 |
| Nationwide A | | | | | | |
| $ 10.7 bil 800-321-6064 | | | | | | |
| A | Nationwide | -5 | -3 | +85 | 28.94 | +.00 |
| A | S&P500Idx | -5 | -3 | +95 | 21.42 | +.00 |
| Nationwide Fds Svc | | | | | | |
| $ 8.6 bil 800-321-6064 | | | | | | |
| A | S&P500Ins | -5 | -3 | +96 | 21.59n | +.00 |
| A | S&P500Svc | -5 | -3 | +95 | 21.45n | +.00 |
| Nationwide Funds Instl | | | | | | |
| $ 4.1 bil 800-321-6064 | | | | | | |
| A- | S&P500Idx | -5 | -3 | +98 | 21.66n | +.00 |
| Natixis Funds | | | | | | |
| $ 24.1 bil 617-449-2100 | | | | | | |
| A- | USMltCapEqC | -7 | -7 | +78 | 18.77n | +.01 |
| A- | USMltCapEqY | -7 | -7 | +97 | 48.90n | +.03 |
| Neubg Brm | | | | | | |
| $ 49.0 bil 800-223-6448 | | | | | | |
| A- | Intrinsic | -7 | -7 | +86 | 21.08 | -.08 |
| A+ | LgCapVal | +5 | +1 | +97 | 46.80 | +.26 |
| A- | MidGrwth | -15 | -7 | +9 | 16.23 | -.13 |
| A+ | NuberMidFd | -15 | -7 | +87 | 16.30n | -.13 |
| A- | ResFdR6 | -6 | -4 | +73 | 44.33n | -.03 |
| A- | SocResponsA | -6 | -4 | +203 | 44.46 | -.02 |
| A- | SocrespR3 | -6 | -4 | +204 | 44.50n | -.03 |
| Neubg Brm Adv | | | | | | |
| $ 11.8 bil 800-223-6448 | | | | | | |
| A+ | LgCapVal | +5 | +1 | +92 | 46.85n | +.27 |
| Neubg Brm Instl | | | | | | |
| $ 9.4 bil 800-223-6448 | | | | | | |
| A- | IntrnVal | -8 | -7 | +83 | 21.39n | -.08 |
| A+ | LgCapVal | +6 | +1 | +98 | 46.72n | +.27 |
| A- | MidGrwth | -15 | -7 | +87 | 16.28n | -.14 |
| A- | SustainEq | -6 | -4 | +73 | 44.34n | -.02 |
| Neubg Brm Inv | | | | | | |
| $ 17.0 bil 800-223-6448 | | | | | | |
| A+ | Guardian | -10 | -4 | +118 | 24.36n | -.18 |
| A+ | LgCapVal | +6 | +1 | +98 | 46.77n | +.26 |
| Neubg Brm Tr | | | | | | |
| $ 16.0 bil 800-223-6448 | | | | | | |
| A+ | LgCapVal | +5 | +1 | +97 | 46.82n | +.27 |
| A- | MidGrwth | -15 | -7 | +9 | 16.24n | -.14 |
| A- | SocRspns | -6 | -4 | +199 | 44.53n | -.03 |
| Northern | | | | | | |
| $ 23.6 bil 800-595-9111 | | | | | | |
| A+ | LrgCapCore | -4 | -3 | +105 | 25.49n | +.00 |
| A+ | SustainIdx | -7 | -5 | +85 | 19.39n | +.00 |
| Nuveen Cl I | | | | | | |
| $ 28.7 bil 800-257-8787 | | | | | | |
| A+ | SmCapGrOpp | -17 | -11 | +76 | 28.99n | -.29 |
| Oak Associates | | | | | | |
| $ 1.5 bil 888-462-5386 | | | | | | |
| A+ | TechSelect | -12 | -11 | +123 | 37.12n | -.44 |
| Oakmark I | | | | | | |
| $ 81.7 bil 800-625-6275 | | | | | | |
| D | Intl | -10 | -15 | +14 | 25.18n | +.14 |
| A+ | ServcFd | 0 | +0 | +84 | 117.07n | +.00 |
| Olstein | | | | | | |
| $ 682 mil 800-799-2113 | | | | | | |
| A+ | AllCpValAd | -5 | -8 | +65 | 29.47n | +.07 |
| Oppenheimer A | | | | | | |
| $ 2.3 bil 800-525-7048 | | | | | | |
| A+ | SmallCapA | -8 | -6 | +61 | 19.28 | -.06 |
| Oppenheimer I | | | | | | |
| $ 45.9 bil 800-525-7048 | | | | | | |
| A | Discoveryl | -20 | -10 | +115 | 106.33n | -.91 |
| E | DlvpMkt | -17 | -17 | +18 | 39.01n | -.14 |
| Optimum C | | | | | | |
| $ 5.0 bil 800-914-0278 | | | | | | |
| A+ | SmlCpGrow | -15 | -7 | +72 | 7.59n | -.06 |
| Optimum Instl | | | | | | |
| $ 5.0 bil 800-914-0278 | | | | | | |
| A+ | LrgCpGrow | -15 | -9 | +97 | 21.54n | -.27 |
| —P–Q–R— | | | | | | |
| Pace Funds A | | | | | | |
| $ 7.3 bil 800-647-1568 | | | | | | |
| A+ | LrgCoGr | -11 | -6 | +102 | 21.53 | -.10 |
| Parnassus | | | | | | |
| $ 30.5 bil 800-999-3505 | | | | | | |
| A | CoreEqInv | -7 | -4 | +99 | 59.20n | -.22 |
| Partners | | | | | | |
| $ 1.3 bil 207-495-9070 | | | | | | |
| A | USEquity | 0 | +1 | +80 | 21.57n | +.01 |
| Pgimlnvest | | | | | | |
| $ 125 bil 973-367-7930 | | | | | | |
| A- | Blend | -11 | -8 | +73 | 21.73 | -.12 |
| A- | BlendZ | -11 | -8 | +75 | 21.87n | -.12 |
| A | ConservGr | -15 | -9 | +88 | 9.67n | -.12 |
| A+ | DivGrowthA | -15 | -9 | +102 | 14.10 | -.16 |
| A- | FocusedZ | -18 | -8 | +136 | 20.61n | -.35 |
| A+ | Growth | -17 | -9 | +123 | 34.34n | -.46 |
| A+ | GrowthR | -17 | -9 | +130 | 40.41n | -.54 |
| A+ | GrowthZ | -17 | -9 | +140 | 55.70n | -.75 |
| A | IntlOppsZ | -23 | -12 | +121 | 28.79n | -.24 |
| A | JennFocGrA | -18 | -8 | +131 | 18.43 | -.31 |
| A+ | JennGlbOps | -19 | -10 | +147 | 36.09 | -.44 |
| A+ | JennGlbOps | -19 | -10 | +169 | 36.95n | -.46 |
| A+ | JennisonGrA | -17 | -9 | +135 | 49.49 | -.67 |
| A+ | MidCapGr | -13 | -4 | +104 | 19.85n | -.20 |
| A+ | NatlRsrc | +30 | +21 | +60 | 57.06 | +1.1 |
| A+ | ResourcesC | +30 | +21 | +55 | 44.89n | +.86 |
| A+ | ResourcesI | +30 | +21 | +59 | 56.03n | +1.1 |
| A+ | ResourcesR6 | +30 | +21 | +63 | 60.23n | +1.2 |
| A+ | ResourcesZ | +30 | +21 | +63 | 59.75n | +1.2 |
| A- | SelGwthC | -18 | -9 | +118 | 12.97n | -.22 |
| A+ | SmallCo | -10 | -5 | +110 | 23.21n | -.11 |
| A- | StockIdxI | -6 | -3 | +86 | 44.82n | -.11 |
| E | TotRetBd | -8 | -6 | +7 | 13.23n | +.00 |
| PIMCO A | | | | | | |
| $ 169 bil 888-877-4626 | | | | | | |
| A+ | CommodRR | +24 | +20 | +53 | 7.12 | +.00 |
| A | StocksPLUS | -7 | -5 | +85 | 10.67 | -.03 |
| A+ | StocksRet | -7 | -5 | +80 | 10.71 | +.00 |
| PIMCO Admin | | | | | | |
| $ 171 bil 888-877-4626 | | | | | | |
| E | IncomeFd | -5 | -4 | +12 | 11.21n | +.00 |
| A+ | RealRet | +24 | +20 | +54 | 7.18n | +.00 |
| PIMCO C | | | | | | |
| $ 144 bil 888-877-4626 | | | | | | |
| A | CommodRR | +24 | +20 | +49 | 6.55n | +.00 |
| A- | StocksPlRet | -7 | -5 | +72 | 9.04n | +.00 |
| A | StocksPLUS | -7 | -5 | +80 | 9.72n | -.03 |
| PIMCO Inst I | | | | | | |
| $ 69.6 bil 800-927-4648 | | | | | | |
| A+ | RAEfund | 304 | +289 | +498 | 16.01n | +.12 |
| A+ | StkPlsLgDur | -19 | -14 | +106 | 6.42n | +.00 |
| A+ | Stockplus | 173 | +174 | +274 | 15.20n | +.09 |
| PIMCO P | | | | | | |
| $ 313 bil 888-877-4626 | | | | | | |
| E | Income | -5 | -4 | +13 | 11.21n | +.00 |
| A- | RealEstRR | +5 | +0 | +60 | 8.27n | +.02 |
| A+ | StocksPlus | -7 | -5 | +83 | 10.82n | +.00 |
| E | TotalRetrn | -8 | -7 | +8 | 9.38n | -.05 |
| Pioneer | | | | | | |
| $ 25.9 bil 800-225-6292 | | | | | | |
| A | FndmtlGrwth | -10 | -6 | +100 | 27.67n | -.15 |
| A+ | Pioneer | -6 | -5 | +100 | 35.50n | -.20 |
| Pioneer A | | | | | | |
| $ 27.3 bil 800-225-6292 | | | | | | |
| A | CoreEquity | -5 | -5 | +86 | 22.27 | -.01 |
| A | Disciplined | +1 | -3 | +56 | 16.14 | +.08 |
| A+ | GlobalEq | -4 | -7 | +63 | 17.25 | +.05 |
| A+ | Pioneer | -6 | -5 | +98 | 35.43 | -.20 |
| Pioneer C | | | | | | |
| $ 36.8 bil 800-225-6292 | | | | | | |
| A+ | Funds | -6 | -5 | +94 | 28.16n | -.16 |
| A | Growth | -10 | -7 | +96 | 24.32n | -.13 |
| Pioneer Y | | | | | | |
| $ 27.0 bil 800-225-6292 | | | | | | |
| A | CoreEq | -5 | -5 | +88 | 22.71n | -.02 |
| A | Disciplined | +1 | -3 | +60 | 16.29n | +.08 |
| A+ | Pioneer | -6 | -5 | +105 | 36.14n | -.20 |
| PolenCap | | | | | | |
| $ 15.3 bil 800-358-1887 | | | | | | |
| A | GrowthInstl | -15 | -8 | +140 | 46.42n | +.00 |
| A+ | GrowthInv | -15 | -8 | +137 | 45.11n | +.00 |
| Praxis | | | | | | |
| $ 2.8 bil 800-977-2947 | | | | | | |
| A+ | GrwIndl | -11 | -6 | +136 | 38.43n | -.36 |
| A+ | GrwthIndex | -11 | -6 | +133 | 38.04 | -.36 |
| Price Advisor | | | | | | |
| $ 257 bil 800-638-7890 | | | | | | |
| D | IntlStock | -8 | -8 | +30 | 18.33n | -.03 |
| B | SmlCapVal | -10 | -8 | +55 | 53.77n | -.25 |
| PriceFds | | | | | | |
| $ 1718 bil 800-638-7890 | | | | | | |
| A- | BluChpGr | -16 | -9 | +119 | 146.57n | -2.1 |
| B+ | BlueChipGr | -16 | -9 | +117 | 139.04n | -2.0 |
| A- | BlueChipGrw | -16 | -9 | +122 | 150.16n | -2.1 |
| B+ | CapAppr | -6 | -4 | +74 | 35.60n | -.14 |
| A | CapOpport | -6 | -4 | +106 | 42.62n | -.14 |
| A+ | ComTecInv | -17 | -9 | +117 | 151.51n | -2.0 |
| A- | DividendGr | -4 | -1 | +95 | 70.63n | +.07 |
| A- | DividendGr | -4 | -1 | +96 | 70.74n | +.08 |
| A | EqIndex500 | -5 | -3 | +101 | 118.11n | -.31 |
| A- | FinanclSvc | -5 | -11 | +79 | 34.33n | +.27 |
| A+ | GlobalStk | -13 | -10 | +118 | 55.53n | -.39 |
| A- | GlobIStkAdv | -13 | -10 | +115 | 54.71n | -.38 |
| A- | GlobTech | -31 | -19 | +90 | 16.20n | -.52 |
| A+ | Growthl | -7 | -3 | +142 | 63.20n | -.18 |
| A- | Growthl | -16 | -9 | +123 | 150.57n | -2.1 |
| A- | GrowthStk | -19 | -12 | +103 | 83.87n | -1.2 |
| A- | GrowthStk | -19 | -12 | +105 | 86.47n | -1.3 |
| A- | GrowthStkR | -19 | -12 | +100 | 80.09n | -1.2 |
| A- | GrwStk | -19 | -12 | +106 | 86.52n | -1.3 |
| A- | Horizon | -22 | -10 | +116 | 59.82n | -1.2 |
| A- | InstlLgCore | -15 | -9 | +124 | 59.57n | -.85 |
| A | LgCpGrInstl | -16 | -10 | +139 | 61.58n | -.77 |
| B- | MidCapGr | -13 | -6 | +77 | 101.87n | -.62 |
| B- | MidCapGrR | -13 | -7 | +73 | 92.71n | -.57 |
| A- | MidCapVal | +5 | +2 | +55 | 35.39n | +.38 |
| A+ | NewAmerGr | -8 | -4 | +138 | 60.95n | -.17 |
| A- | NewHorizns | -22 | -10 | +114 | 59.62n | -1.2 |
| E | NewIncome | -8 | -7 | +6 | 8.80n | -.05 |
| A+ | OppFund | -7 | -3 | +141 | 63.17n | -.17 |
| A- | OpporAdv | -6 | -4 | +104 | 42.56n | -.14 |
| A- | PriceValue | -2 | +0 | +70 | 46.94n | +.17 |
| A- | PriValueAdv | -2 | +0 | +68 | 46.02n | +.16 |
| A | TaxEfficEqt | -14 | -7 | +131 | 52.17n | -.56 |
| A | TotEqMktIdx | -7 | -4 | +95 | 48.30n | -.16 |
| A- | USLgCapCore | -6 | -3 | +84 | 33.85n | -.11 |
| A- | ValueI | -2 | +0 | +71 | 46.85n | +.17 |
| Principal Investors | | | | | | |
| $ 276 bil 800-222-5852 | | | | | | |
| A | CapApprecA | -6 | -3 | +85 | 60.15 | -.11 |
| A | CapApprecC | -7 | -3 | +72 | 34.97n | -.06 |
| A | GrowthInst | -16 | -8 | +125 | 18.66n | -.23 |
| A | IndexJ | -6 | -3 | +92 | 22.61n | -.06 |
| A | LgS&P500 | -5 | -3 | +94 | 22.92n | -.06 |
| A- | LgS&P500A | -6 | -3 | +97 | 22.37n | -.06 |
| A | LrgGrowIJ | -16 | -9 | +120 | 13.86n | -.17 |
| A+ | MidCapGroJ | -15 | -6 | +103 | 7.03n | -.03 |
| A- | MidCpBlndA | -13 | -6 | +92 | 35.32 | -.09 |
| A- | MidCpBlndJ | -13 | -6 | +93 | 33.83n | -.08 |
| A- | MidGrIII | -15 | -7 | +80 | 8.29n | -.07 |
| PrncplFnds | | | | | | |
| $ 456 bil 800-222-5852 | | | | | | |
| A+ | BlueChipIns | -15 | -9 | +141 | 34.93n | -.30 |
| A- | CapitalApp | -6 | -3 | +89 | 62.37n | -.12 |
| A- | CaptlApprci | -6 | -3 | +87 | 61.58n | -.11 |
| A | Growthl | -16 | -9 | +122 | 17.55n | -.22 |
| A- | GrowthInst | -15 | -7 | +87 | 12.03n | -.09 |
| A | LargeCap | -16 | -9 | +118 | 15.90n | -.20 |
| A | LargeCap | -16 | -9 | +120 | 16.51n | -.20 |
| A | LargeCap | -6 | -4 | +90 | 22.96n | -.07 |
| A | LargeCap | -6 | -4 | +92 | 23.06n | -.06 |
| A | LargeCapIdx | -6 | -4 | +86 | 22.18n | -.06 |
| A+ | MidCapInst | -13 | -6 | +95 | 36.61n | -.09 |
| A | MidCapR3 | -13 | -6 | +91 | 34.18n | -.08 |
| A | MidCapR4 | -13 | -6 | +93 | 36.07n | -.08 |
| A- | MidCapR5 | -13 | -6 | +93 | 35.87n | -.09 |
| ProvidentTrust | | | | | | |
| $ 264 mil 855-739-9950 | | | | | | |
| A | Strategy | -9 | -6 | +113 | 21.74n | +.00 |
| Prudential Funds | | | | | | |
| $ 100 bil 800-225-1852 | | | | | | |
| A+ | GrowthR6 | -32 | -4 | +83 | 20.91n | -.21 |
| A+ | Jennison20 | 0 | +0 | +87 | 11.43n | +.00 |
| A+ | JennSmlCoR | -10 | -5 | +109 | 18.50n | -.08 |
| A+ | JnsonMidCap | -13 | -4 | +105 | 17.11n | -.20 |
| A+ | SmallCoR6 | -10 | -5 | +112 | 22.63n | -.10 |
| Prudential A | | | | | | |
| $ 13.1 bil 800-225-1852 | | | | | | |
| A | IntlOppsA | -23 | -13 | +119 | 28.28 | -.24 |
| A- | StockIndexA | -6 | -4 | +83 | 44.47 | -.12 |
| Prudential C | | | | | | |
| $ 24.5 bil 800-225-1852 | | | | | | |
| A- | 20/20Focus | 0 | +0 | +72 | 4.76n | +.00 |
| A- | LgCpCorEq | -6 | -3 | +71 | 15.54n | -.02 |
| A- | StockIndexC | -6 | -4 | +78 | 43.65n | -.12 |
| Prudential Z&I | | | | | | |
| $ 57.6 bil 800-225-1852 | | | | | | |
| A+ | 20/20Focus | 0 | +0 | +96 | 15.89n | +.00 |
| A- | LrgeCapEqZ | -4 | -3 | +80 | 18.73n | -.02 |
| E | TotRetBdZ | -8 | -6 | +11 | 13.20n | +.00 |
| Putnam | | | | | | |
| $ 11.1 bil 800-225-1581 | | | | | | |
| A+ | GrwthOpp | -12 | -6 | +151 | 55.61n | -.64 |
| Putnam A | | | | | | |
| $ 28.7 bil 800-225-1581 | | | | | | |
| A- | ConvtSec | -8 | -4 | +66 | 24.30 | -.11 |
| A- | HealthCareA | +2 | +7 | +70 | 64.59 | +.24 |
| A- | SmCapVal | -3 | -5 | +39 | 15.39 | -.01 |
| Putnam B | | | | | | |
| $ 63.4 bil 800-225-1581 | | | | | | |
| A+ | GlbHlthCre | +2 | +7 | +53 | 27.37n | +.11 |
| A+ | GrowOpp | -12 | -6 | +136 | 40.62n | -.47 |
| A- | Leaders | -11 | -7 | +80 | 72.50n | -.32 |
| A- | Research | -7 | -4 | +87 | 38.54n | -.09 |
| A- | SmCapVal | -3 | -5 | +33 | 11.23n | -.01 |
| Putnam C | | | | | | |
| $ 56.9 bil 800-225-1581 | | | | | | |
| A- | GlbHlthCre | +2 | +7 | +59 | 41.15n | +.15 |
| A+ | GrowthOpp | -12 | -6 | +136 | 41.58n | -.48 |
| A- | LeadersSus | -11 | -7 | +100 | 83.59n | -.37 |
| A- | Research | -7 | -4 | +85 | 38.45n | -.09 |
| A- | SmCapVal | -3 | -5 | +33 | 11.12n | -.01 |
| Putnam Y | | | | | | |
| $ 41.2 bil 800-225-1581 | | | | | | |
| A- | ConvtSec | -8 | -4 | +68 | 24.27n | -.11 |
| A+ | EquityInc | +1 | +0 | +75 | 31.35n | +.17 |
| A- | GlbHlthCre | +2 | +7 | +72 | 71.20n | +.27 |
| A+ | GrowthOpp | -12 | -6 | +149 | 55.07n | -.64 |
| A- | MltCpGrw | -11 | -7 | +113 | 122.14n | -.53 |
| A- | Research | -7 | -4 | +95 | 43.65n | -.11 |
| A- | SmCapVal | -3 | -5 | +42 | 16.38n | -.02 |
| RMBFunds | | | | | | |
| $ 2.0 bil 800-462-2392 | | | | | | |
| A- | FinServl | -12 | -16 | +50 | 54.19n | -.26 |
| A- | Services | -13 | -16 | +34 | 46.94n | -.23 |
| A- | ServicesA | -12 | -16 | +49 | 53.12 | -.25 |
| Royce Funds | | | | | | |
| $ 9.7 bil 800-221-4268 | | | | | | |
| A+ | OpportInv | -10 | -10 | +73 | 15.16n | -.10 |
| Russell Funds A | | | | | | |
| $ 12.9 bil 800-787-7354 | | | | | | |
| A- | USDefEq | -5 | -4 | +69 | 48.31 | +.00 |
| Rydex C | | | | | | |
| $ 339 mil 800-820-0888 | | | | | | |
| A+ | Nova | -9 | -6 | +125 | 102.11n | -.43 |
| —S–T–U— | | | | | | |
| Schwab Funds | | | | | | |
| $ 137 bil 800-435-4000 | | | | | | |
| A | Index | -6 | -4 | +98 | 97.21n | +.00 |
| A+ | LrgCapGrwth | -10 | -5 | +104 | 25.28n | +.00 |
| A | S&P500Idx | -5 | -3 | +104 | 69.14n | +.00 |
| A | TtlStkMktIdx | -6 | -4 | +98 | 77.06n | +.00 |
| A | USLrgIdx | 0 | -2 | +83 | 22.91n | +.00 |
| Scout Funds | | | | | | |
| $ 3.2 bil 877-726-8842 | | | | | | |
| A- | MidCap | -2 | +0 | +78 | 23.96n | +.07 |
| SEI Portfolios | | | | | | |
| $ 20.4 bil 610-676-1000 | | | | | | |
| A- | S&P500IdxA | -6 | -3 | +98 | 90.27n | -.23 |
| A- | TxMgdLgCpF | -5 | -4 | +83 | 34.95n | +.04 |
| SilverPepper | | | | | | |
| $ 552 mil 855-554-5540 | | | | | | |
| A- | CmtyStrtGl | +25 | +20 | +39 | 10.29n | +.09 |
| A- | StrtGlbMac | +25 | +20 | +39 | 10.37n | +.09 |
| Slt Funds | | | | | | |
| $ 3.1 bil 800-332-5580 | | | | | | |
| A- | DivGrowthl | -5 | -4 | +71 | 16.36n | -.02 |
| A- | DivGrowthS | -5 | -4 | +70 | 16.25n | -.02 |
| SmeadCapMan | | | | | | |
| $ 2.5 bil 877-701-2883 | | | | | | |
| A+ | SmeadValInv | +1 | -2 | +97 | 69.72n | +1.3 |
| Spirit of America | | | | | | |
| $ 1.1 bil 800-367-3000 | | | | | | |
| A+ | EnergyA | +25 | +13 | +101 | 15.26 | +.21 |
| State Frm Asc | | | | | | |
| $ 10.1 bil 855-733-7333 | | | | | | |
| A- | Growth | -2 | +0 | +77 | 107.16n | -.07 |
| Steinberg | | | | | | |
| $ 1.5 bil 212-980-0080 | | | | | | |
| A- | CapEqIncmIn | 0 | +0 | +87 | 28.45n | +.09 |
| Sterling Capital | | | | | | |
| $ 10.1 bil 704-927-4173 | | | | | | |
| A- | EquityIncA | 0 | +0 | +85 | 28.35 | +.09 |
| A- | SpecialIn | -6 | -3 | +77 | 32.20n | -.05 |
| TCW Funds | | | | | | |
| $ 23.3 bil 800-386-3829 | | | | | | |
| A+ | SelectEqN | -16 | -9 | +121 | 28.06n | -.28 |
| Thrivent Funds A | | | | | | |
| $ 26.5 bil 800-847-4836 | | | | | | |
| A+ | LargeCapGrw | -12 | -7 | +140 | 17.76n | -.24 |
| A+ | LrgCapGrwthA | -12 | -7 | +134 | 15.36 | -.21 |
| A- | LrgCapVal | +1 | -2 | +66 | 28.41 | +.20 |
| A- | MidCapStk | -9 | -5 | +73 | 29.51 | -.06 |
| Thrivent Funds Instl | | | | | | |
| $ 9.9 bil 800-847-4836 | | | | | | |
| A- | MidCapStk | -9 | -5 | +76 | 34.68n | -.06 |
| A | SmllCapStkS | -5 | -5 | +86 | 30.73n | -.14 |
| TIAA-CREF FUNDS | | | | | | |
| $ 53.8 bil 800-842-2252 | | | | | | |
| A- | Growth&Inc | -8 | -5 | +84 | 15.86n | -.05 |
| A | SclChceEqPrm | -8 | -5 | +93 | 26.13n | -.07 |
| TIAA-CREF Instl Ret | | | | | | |
| $ 72.5 bil 800-842-2252 | | | | | | |
| A | EquityIdx | -7 | -4 | +98 | 32.47n | -.11 |
| A | LgGrwth | -14 | -8 | +112 | 20.53n | -.22 |
| A | S&P500Idx | -6 | -3 | +102 | 48.88n | -.13 |
| A | SocialEqty | -8 | -5 | +91 | 26.72n | -.07 |
| TIAA-CREF Instl Funds Reta | | | | | | |
| $ 48.2 bil 800-842-2252 | | | | | | |
| A | EquityIndex | -7 | -4 | +98 | 32.59n | -.11 |
| A- | Growth&Inc | -8 | -5 | +86 | 23.92n | -.07 |
| A | LrgCpGrowth | -14 | -8 | +112 | 20.66n | -.23 |
| A | SocialEqty | -8 | -5 | +91 | 22.83n | -.06 |
| Tocqueville | | | | | | |
| $ 1.6 bil 917-318-7706 | | | | | | |
| A- | Tocqueville | -2 | -2 | +81 | 45.52n | +.02 |
| Touchstone | | | | | | |
| $ 37.7 bil 800-543-0407 | | | | | | |
| A+ | CmmnStkA | -5 | -5 | +102 | 55.54 | -.12 |
| A | FocusA | -6 | -5 | +84 | 59.59 | -.14 |
| A- | FocusC | -6 | -6 | +77 | 54.37n | -.12 |
| A+ | FocY | -6 | -5 | +86 | 60.42n | -.13 |
| A+ | FocusInstl | -6 | -5 | +86 | 60.46n | -.13 |
| A+ | GrowthInstl | -12 | -8 | +112 | 44.56n | -.27 |
| A+ | GrowthOpper | -11 | -7 | +113 | 40.51n | -.42 |
| A+ | LrgCapFocsd | -5 | -5 | +103 | 55.44n | -.12 |
| A+ | LrgCpFocsdC | -6 | -5 | +94 | 50.25n | -.11 |
| A- | MidCapA | -10 | -3 | +96 | 33.66 | -.23 |
| A- | MidCapGrC | -11 | -4 | +78 | 15.77n | -.10 |
| A- | MidCapGrIns | -10 | -3 | +100 | 36.37n | -.25 |
| A- | MidCapGrwth | -10 | -3 | +99 | 35.82n | -.24 |
| TrilliumMutualFnds | | | | | | |
| $ 509 mil 866-209-1962 | | | | | | |
| A- | P21GlblEqty | -11 | -8 | +91 | 61.45n | -.25 |
| UBS Pace Y | | | | | | |
| $ 1.5 bil 800-647-1568 | | | | | | |
| A+ | LrgCoGr | -11 | -6 | +106 | 23.78n | -.11 |
| Undiscovered Mgrs | | | | | | |
| $ 12.0 bil 800-480-4111 | | | | | | |
| A- | BehaveValA | +1 | -4 | +57 | 81.54 | +.00 |
| USAA Group | | | | | | |
| $ 120 bil 800-531-8722 | | | | | | |
| A | 500Index | -6 | -4 | +103 | 58.33n | -.19 |
| A+ | 500IndexRew | -6 | -4 | +104 | 58.37n | -.19 |
| A- | ExtnMktIdx | -10 | -6 | +73 | 22.23n | +.00 |
| A- | Growth | -13 | -7 | +90 | 31.54n | +.00 |
| A- | GrowthInst | -13 | -7 | +91 | 31.46n | +.00 |
| A+ | MetalMinrls | +16 | +20 | +64 | 22.12n | +.00 |
| A+ | Nasdaq100 | -11 | -7 | +175 | 38.47n | +.00 |
| A+ | PrcsMetals | +16 | +20 | +62 | 21.66n | +.00 |
| —V–W–X— | | | | | | |
| Value Line | | | | | | |
| $ 1.2 bil 800-243-2729 | | | | | | |
| A- | MidCap | -6 | +0 | +109 | 29.34n | -.15 |
| A- | PremierGrow | -9 | -1 | +102 | 36.79n | -.28 |
| Vanguard Admiral | | | | | | |
| $ 2083 bil 800-523-1036 | | | | | | |
| A | 500Index | -5 | -3 | +104 | 414.39n | -1.1 |
| C+ | BalancedIdx | -7 | -5 | +57 | 45.16n | -.19 |
| A- | CapitalOpps | -8 | -6 | +90 | 178.05n | -.94 |
| D- | EmgMkSt | -6 | -9 | +27 | 38.37n | +.10 |
| B | EquityInc | +3 | +0 | +65 | 94.05n | +.59 |
| A+ | FinIndx | -5 | -8 | +66 | 45.96n | +.35 |
| A | Growth&Inc | -5 | -3 | +92 | 99.35n | -.16 |
| A+ | GrowthIdx | -13 | -7 | +144 | 143.53n | -1.7 |
| B+ | HlthCare | +1 | +6 | +55 | 93.67n | +.45 |
| B+ | IntlGrowth | -18 | -14 | +85 | 118.48n | -.60 |
| E | IntmdTaxEx | -6 | -5 | +10 | 13.72n | -.01 |
| A | LargeCapIdx | -6 | -4 | +104 | 103.91n | -.33 |
| A- | MidCapIdx | -7 | -3 | +80 | 291.36n | +.01 |
| A- | Primecap | -6 | -6 | +90 | 159.11n | -.64 |
| E | ShrmTrmBdIdx | -4 | -3 | +5 | 10.15n | -.02 |
| E | TotBdIdx | -8 | -6 | +8 | 10.24n | -.06 |
| E | TotIntlBdIdx | -6 | -5 | +6 | 20.66n | -.05 |
| A | TotStMktIdx | -7 | -4 | +99 | 109.34n | -.36 |
| A | TxMgdCap | -6 | -4 | +105 | 231.67n | -.64 |
| A+ | USGrowth | -18 | -11 | +133 | 137.31n | -2.0 |
| B+ | ValueIdx | +2 | +0 | +69 | 58.32n | +.38 |
| D+ | VangDev | -7 | -7 | +35 | 15.26n | +.01 |
| D | Wellesley | -4 | -4 | +31 | 66.64n | -.10 |
| C+ | Wellington | -7 | -5 | +51 | 77.47n | -.17 |
| A | Windsor | +2 | -1 | +65 | 83.24n | +.58 |
| A | WindsorII | -4 | -5 | +73 | 78.32n | +.14 |
| Vanguard Index | | | | | | |
| $ 2877 bil 877-662-7447 | | | | | | |
| C+ | BalancedInv | -7 | -5 | +56 | 45.16n | -.19 |
| E | BondMkt | -8 | -7 | | 10.24n | -.06 |
| D- | EmgMkSt | -6 | -9 | +27 | 29.23n | +.07 |
| D- | EmgMkSt | -6 | -9 | +28 | 29.17n | +.07 |
| D- | EmgMkStk | -6 | -9 | +27 | 97.04n | +.24 |
| D | FTSEWIldsIP | -7 | -8 | +32 | 119.22n | +.16 |
| E | IntBdAdm | -9 | -7 | +10 | 10.83n | -.05 |
| E | IntBdInst | -9 | -7 | +10 | 10.83n | -.05 |
| E | STBondInv | -4 | -3 | +4 | 10.15n | -.02 |
| E | TotBdMkt | -8 | -6 | +8 | 10.24n | -.06 |
| D | TotlnStk | -7 | -7 | +33 | 19.03n | +.03 |
| D | TotlnStk | -7 | -7 | +33 | 31.83n | +.05 |
| D | TotlnStk | -7 | -7 | +31 | 127.32n | +.19 |
| E | TotBdMktInst | -8 | -7 | -1 | 10.11n | -.06 |
| A | TotStMktInv | -7 | -4 | +98 | 109.32n | -.36 |
| A | TotStkIdx | -7 | -4 | +99 | 109.36n | -.36 |
| B | ValueIndx | +2 | +0 | +69 | 58.33n | +.38 |
| D+ | VangDevIn | -7 | -7 | +35 | 23.89n | +.03 |
| D+ | VangDevMkt | -7 | -7 | +35 | 11.82n | +.01 |
| Vanguard Instl | | | | | | |
| $ 1150 bil 877-662-7447 | | | | | | |
| C+ | BalancedIdx | -7 | -5 | +57 | 45.17n | -.18 |
| A+ | FTSESocIndx | -9 | -5 | +113 | 30.40n | -.16 |
| D | FTSEWIld | -7 | -8 | +32 | 112.58n | +.15 |
| A+ | IndexGr | -13 | -7 | +144 | 143.53n | -1.7 |
| A | IndexI | -5 | -3 | +102 | 380.31n | -1.0 |
| A | IndexPlus | -5 | -3 | +102 | 380.31n | -1.0 |
| B+ | IndexValue | +2 | +0 | +69 | 58.32n | +.38 |
| A | LargeCapIdx | -6 | -4 | +103 | 427.67n | -1.4 |
| A | MktIdx | -7 | -4 | +93 | 79.56n | -.26 |
| E | ShInvGrd | -4 | -4 | +7 | 10.25n | -.02 |
| A | STCorpBdIdx | -4 | -4 | +7 | 25.81n | -.07 |
| E | TotBdInstPl | -8 | -6 | +8 | 10.24n | -.06 |
| A | TotIntBdIdx | -6 | -5 | +6 | 31.00n | -.08 |
| A | TxMdCpAp | -6 | -4 | +105 | 115.10n | -.32 |
| Vanguard Funds | | | | | | |
| $ 1070 bil 800-523-1036 | | | | | | |
| A- | CapOpport | -8 | -6 | +90 | 77.14n | -.41 |
| A- | CoreInv | -5 | -5 | +79 | 31.90n | -.03 |
| A- | DividendGr | -1 | +1 | +91 | 37.86n | -.02 |
| B | EqtyIncInv | +3 | +0 | +64 | 44.88n | +.28 |
| A- | ExplorerInv | -12 | -7 | +87 | 112.49n | -.74 |
| A+ | GrwtIndxInv | -13 | -7 | +143 | 143.57n | -1.7 |
| B- | HlthCareInv | +1 | +6 | +55 | 222.14n | +1.1 |
| D | InflProtSec | -4 | -2 | +17 | 13.69n | +.01 |
| B+ | IntlGrowth | -18 | -14 | +85 | 35.99n | -.19 |
| E | IntmdTaxEx | -6 | -5 | +9 | 13.72n | -.02 |
| A | LargeCapInv | -6 | -4 | +104 | 83.10n | -.27 |
| A- | PrimecapInv | -6 | -6 | +90 | 153.56n | -.62 |
| A | SelectVal | -2 | -5 | +46 | 30.00n | +.21 |
| D | TargRet2020 | -6 | -5 | +32 | 29.05n | -.08 |
| E | TotIntBdIx | -6 | -5 | +6 | 10.34n | -.02 |
| D+ | VanDevMkt | -7 | -7 | +35 | 15.28n | +.01 |
| D | WellslyInc | -4 | -4 | +30 | 27.51n | -.04 |
| Victory Funds | | | | | | |
| $ 87.3 bil 877-660-4400 | | | | | | |
| A | DivrsStkA | -9 | -8 | +76 | 20.67 | -.03 |
| A | DivrsStkC | -10 | -8 | +68 | 18.54n | +.00 |
| A | DivrsStkI | -9 | -8 | +76 | 20.69n | +.00 |
| A | DivrsStkR | -10 | -8 | +74 | 20.05n | -.03 |
| A- | EstblshValA | -1 | -2 | +71 | 48.95 | +.00 |
| A | EstblshValR | -1 | -2 | +70 | 48.21n | +.08 |
| A- | GrowOppsC | -10 | -8 | +66 | 37.05n | -.06 |
| A- | GrowthA | -12 | -6 | +95 | 22.93 | -.25 |
| A | MultiCapY | -10 | -8 | +79 | 56.62n | -.09 |
| A | RSGrwthY | -12 | -6 | +98 | 24.32n | -.26 |
| A- | SYCAest | -1 | -2 | +74 | 48.99n | +.00 |
| Virtus Funds A | | | | | | |
| $ 69.4 bil 800-243-1574 | | | | | | |
| A | KARCapGrw | -18 | -9 | +117 | 22.56 | -.29 |
| A | KARMCGr | -19 | -8 | +156 | 51.27 | -.62 |
| A+ | TechA | -18 | -12 | +140 | 50.52 | -.88 |
| A+ | ZevlnnovtGr | -23 | -12 | +178 | 43.31 | +.00 |
| Virtus Funds C | | | | | | |
| $ 35.5 bil 800-243-1574 | | | | | | |
| A+ | AllFocGrwtC | -14 | -8 | +107 | 28.34n | -.28 |
| A+ | MidCapCore | -12 | -6 | +96 | 45.99n | -.27 |
| Virtus Funds I | | | | | | |
| $ 29.7 bil 800-243-1574 | | | | | | |
| A+ | ZevenInnoGr | -23 | -12 | +173 | 46.42n | +.00 |
| VOYA Fds C | | | | | | |
| $ 12.0 bil 855-337-3064 | | | | | | |
| A+ | LargeGrow | -12 | -5 | +88 | 32.84n | -.37 |
| VOYA Fds T,M,Q&I | | | | | | |
| $ 8.6 bil 855-337-3064 | | | | | | |
| A- | BaronGr | -15 | -6 | +99 | 29.94n | -.28 |
| A+ | LargeGrow | -11 | -5 | +102 | 51.44n | -.57 |
| Voyainvestment | | | | | | |
| $ 817 mil 800-386-3799 | | | | | | |
| A- | CorpLdrTr | +6 | +4 | +86 | 56.55n | +.12 |
| Wasatch | | | | | | |
| $ 4.2 bil 800-551-1700 | | | | | | |
| A- | MicroCap | -23 | -16 | +129 | 7.24n | -.10 |
| A+ | SmallCapGr | -21 | -11 | +104 | 39.34n | -.54 |
| Weitz Funds | | | | | | |
| $ 1.2 bil 800-304-9745 | | | | | | |
| A- | ValueInv | -8 | -5 | +82 | 56.63n | +.03 |
| Wells Fargo | | | | | | |
| $ 12.2 bil 800-359-3379 | | | | | | |
| A+ | OpportAdvA | -10 | -5 | +77 | 49.77 | -.24 |
| Wells Fargo A | | | | | | |
| $ 37.7 bil 800-359-3379 | | | | | | |
| A- | EmGrw | -19 | -7 | +87 | 10.75 | -.15 |
| A- | GrowthA | -17 | -8 | +98 | 30.57 | -.43 |
| A+ | OmegaGrwA | -17 | -7 | +118 | 61.54 | -.73 |
| Wells Fargo Ad | | | | | | |
| $ 35.9 bil 800-359-3379 | | | | | | |
| A- | EmrgGrw | -19 | -7 | +89 | 11.56n | -.17 |
| A- | EndvSelect | -15 | -6 | +127 | 10.04n | -.11 |
| A- | Growth | -17 | -8 | +104 | 39.16n | -.55 |
| A- | OppAdmn | -10 | -5 | +79 | 56.42n | -.27 |
| Wells Fargo Inst | | | | | | |
| $ 26.2 bil 800-359-3379 | | | | | | |
| A- | GrInstl | -17 | -8 | +108 | 45.22n | -.63 |
| William Blair N | | | | | | |
| $ 2.0 bil 800-742-7272 | | | | | | |
| A+ | Growth | -11 | -6 | +112 | 10.46n | -.12 |
| Wilmington | | | | | | |
| $ 1.1 bil 800-836-2211 | | | | | | |
| A | LgCapStInst | -6 | -4 | +97 | 30.22n | -.09 |
| Wilshire Funds | | | | | | |
| $ 235 bil 855-626-8281 | | | | | | |
| A | 5000IdxInv | -6 | -4 | +88 | 27.59n | -.09 |
| A | LgCoGrInst | -13 | -8 | +105 | 44.79n | +.00 |
| A | LrgCoGrtInv | -13 | -8 | +100 | 38.36n | +.00 |

## LEGAL NOTICE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

IN RE NOVO NORDISK SECURITIES LITIGATION

No. 3:17-cv-209-ZNQ-LHG

**SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

To: **All persons or entities who purchased the American Depository Receipts of Novo Nordisk A/S ("Novo Nordisk") between February 3, 2015 and February 2, 2017, inclusive, and who were damaged thereby (the "Class").**[1]

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court"), that co-lead plaintiffs and class representatives Lehigh County Employees' Retirement System, Oklahoma Firefighters Pension and Retirement System, Boston Retirement System, Employees' Pension Plan of the City of Clearwater, and Central States, Southeast and Southwest Areas Pension Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and the Court-certified Class in the above-captioned securities class action (the "Action"), have reached a proposed settlement of the Action with defendants Novo Nordisk, Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis (collectively, "Defendants") for $100,000,000 in cash that, if approved, will resolve all claims in the Action.

A hearing will be held on **June 27, 2022 at 11:00 a.m.**, before the Honorable Zahid N. Quraishi, by videoconference to, among other things: (i) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement dated November 23, 2021 (the "Stipulation") is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) determine whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and the Settlement Notice should be granted; (iii) determine whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) determine whether Lead Counsel's motion for attorneys' fees and Litigation Expenses (including awards to the Lead Plaintiffs) should be approved; and (v) consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Class, your rights will be affected by the Settlement, and you may be entitled to share in the Net Settlement Fund.** If you have not yet received the full printed Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice") and the Proof of Claim and Release Form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at Novo Nordisk Securities Litigation, c/o JND Legal Administration, P.O. Box 91154, Seattle, WA 98111, by telephone at 1 (833) 674-0167, or by email at info@NovoNordiskSecuritiesLitigation.com. Copies of the Settlement Notice and Claim Form can also be downloaded from the website for the Action, www.NovoNordiskSecuritiesLitigation.com.

If you are a Class Member, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form ***postmarked* (if mailed), or online through the case website, www.NovoNordiskSecuritiesLitigation.com, no later than July 27, 2022**. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses, must be filed with the Court and delivered to Lead Counsel and counsel for Defendants such that they are ***received* no later than June 6, 2022**, in accordance with the instructions set forth in the Settlement Notice.

**Please do not contact the Court, the Clerk's office, Novo Nordisk, any other Defendants in the Action, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Settlement Notice and Claim Form should be made to:

*Novo Nordisk Securities Litigation*
c/o JND Legal Administration
P.O. Box 91154
Seattle, WA 98111

1 (833) 674-0167
info@NovoNordiskSecuritiesLitigation.com
www.NovoNordiskSecuritiesLitigation.com

Inquiries, other than requests for the Settlement Notice and Claim Form, may be made to Lead Counsel:

| | |
|---|---|
| Luke O. Brooks, Esq. | Katherine M. Sinderson, Esq. |
| Robbins Geller Rudman & Dowd LLP | Bernstein Litowitz Berger & Grossmann LLP |
| 655 West Broadway, Suite 1900 | 1251 Avenue of the Americas |
| San Diego, CA 92101-8498 | New York, NY 10020 |
| 1 (800) 449-4900 | 1 (800) 380-8496 |
| rickn@rgrdlaw.com | settlements@blbglaw.com |

BY ORDER OF THE COURT
United States District Court
District of New Jersey

[1] Certain persons and entities are excluded from the Class by definition and others are excluded pursuant to request. The full definition of the Class including a complete description of who is excluded from the Class is set forth in the full Settlement Notice referred to below.

www.NovoNordiskSecuritiesLitigation.com 1 (833) 674-0167

INVESTOR'S BUSINESS DAILY

FREE WEBINAR

Stock Market Myths

April 20th @ 2:00pm PT / 5:00pm ET

investors.com/webinar

© 2022 Investor's Business Daily, LLC. Investor's Business Daily, IBD and corresponding logos are registered trademarks owned by Investor's Business Daily, LLC.

# EXHIBIT D

# Robbins Geller Rudman & Dowd LLP and Bernstein Litowitz Berger & Grossmann LLP Announce Proposed Settlement in the Novo Nordisk Securities Litigation

NEWS PROVIDED BY
**JND Legal Administration →**
Apr 11, 2022, 09:11 ET

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| In Re Novo Nordisk Securities Litigation | No. 3:17-cv-209-ZNQ-LHG |
|---|---|

**SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

SEATTLE, April 11, 2022 /PRNewswire/ -- This notice is for all persons or entities who purchased the American Depository Receipts of Novo Nordisk A/S ("Novo Nordisk") between February 3, 2015 and February 2, 2017, inclusive, and who were damaged thereby (the "Class").

Certain persons and entities are excluded from the Class by definition and others are excluded pursuant to request.  The full definition of the Class including a complete description of who is excluded from the Class is set forth in the full Settlement Notice referred to below.

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court"), that co-lead plaintiffs and class representatives Lehigh County Employees' Retirement System, Oklahoma Firefighters Pension and Retirement System, Boston Retirement System, Employees' Pension Plan of the City of Clearwater, and Central States, Southeast and Southwest Areas Pension Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and the Court-certified Class in the above-captioned securities class action (the "Action"), have reached a proposed settlement of the Action with defendants Novo Nordisk, Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis (collectively, "Defendants") for $100,000,000 in cash that, if approved, will resolve all claims in the Action.

A hearing will be held on **June 27, 2022 at 11:00 a.m.**, before the Honorable Zahid N. Quraishi, by videoconference to, among other things: (i) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement dated November 23, 2021 (the "Stipulation") is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) determine whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and the Settlement Notice should be granted; (iii) determine whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) determine whether

Lead Counsel's motion for attorneys' fees and Litigation Expenses (including awards to the Lead Plaintiffs) should be approved; and (v) consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Class, your rights will be affected by the Settlement, and you may be entitled to share in the Net Settlement Fund.** If you have not yet received the full printed Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice") and the Proof of Claim and Release Form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at Novo Nordisk Securities Litigation, c/o JND Legal Administration, P.O. Box 91154, Seattle, WA 98111, by telephone at 1 (833) 674-0167, or by email at info@NovoNordiskSecuritiesLitigation.com. Copies of the Settlement Notice and Claim Form can also be downloaded from the website for the Action, www.NovoNordiskSecuritiesLitigation.com.

If you are a Class Member, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form ***postmarked*** **(if mailed), or online through the case website, www.NovoNordiskSecuritiesLitigation.com, no later than July 27, 2022.** If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses, must be filed with the Court and delivered to Lead Counsel and counsel for Defendants such that they are ***received*** **no later than June 6, 2022**, in accordance with the instructions set forth in the Settlement Notice.

**Please do not contact the Court, the Clerk's office, Novo Nordisk, any other Defendants in the Action, or their counsel regarding this notice.** All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel. Or you may visit www.NovoNordiskSecuritiesLitigation.com or toll-free at 1 (833) 674-0167.

Requests for the Settlement Notice and Claim Form should be made to:

Novo Nordisk Securities Litigation
c/o JND Legal Administration
P.O. Box 91154
Seattle, WA 98111

1 (833) 674-0167
info@NovoNordiskSecuritiesLitigation.com
www.NovoNordiskSecuritiesLitigation.com

Inquiries, other than requests for the Settlement Notice and Claim Form, may be made to Lead Counsel:

Luke O. Brooks, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498

1 (800) 449-4900
rickn@rgrdlaw.com

Katherine M. Sinderson, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020

1 (800) 380-8496
settlements@blbglaw.com

BY ORDER OF THE COURT
United States District Court
District of New Jersey

SOURCE JND Legal Administration