# EXHIBIT 5

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
DAVID R. BUCHANAN
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  973/639-9100
973/639-9393 (fax)

CARELLA, BYRNE, CECCHI, OLSTEIN,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)

Co-Liaison Counsel and Executive Committee Members for the Class

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re NOVO NORDISK SECURITIES LITIGATION | Master File No. 3:17-cv-00209-ZNQ-LHG |
| | CLASS ACTION |
| This Document Relates To: | |
| ALL ACTIONS. | |

**DECLARATION OF JAY RAVINS IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

1. I, Jay Ravins, am the Finance Director at the City of Clearwater. In that role, I am responsible for the day-to-day operations of the City of Clearwater Employees' Pension Plan ("Clearwater"). Clearwater is a defined benefit plan headquartered in Clearwater, Florida, which is self-administered by the City of Clearwater as the employer and sponsor of the Plan. With over $1 billion in assets, Clearwater provides pension services and benefits for over 2,900 participants. Clearwater is a Court-appointed Lead Plaintiff and a Federal Rules of Civil Procedure Rule 23 Class Representative for claims brought on behalf of a Class of Novo Nordisk ADR purchasers under the Securities Exchange Act of 1934 in the above-captioned action (the "Action"). I am the individual who is primarily responsible for monitoring and directing this litigation on behalf of Clearwater.

2. I respectfully submit this Declaration in support of: (a) final approval of the $100,000,000 settlement (the "Settlement") of the Action reached between Lead Plaintiffs, on behalf of the Class, and Defendants and (b) approval of the application for an award of attorneys' fees and expenses.

3. In seeking appointment as a Lead Plaintiff and Class Representative, Clearwater understood its fiduciary duty to serve the interests of the members of the Class by supervising the management and prosecution of the case.

4. On January 31, 2020, this Court issued an Order certifying the Class and appointing Clearwater as a Class Representative. ECF No. 181.

5. Following its appointment as a Lead Plaintiff, Clearwater expended substantial time supervising, carefully monitoring, and actively participating in the prosecution of this case. Clearwater received periodic status reports from counsel and Executive Committee member Saxena White P.A. ("Saxena White") on case developments and participated in regular discussions with attorneys from Saxena White concerning the prosecution of the Action, the strengths of and risks to the claims, and potential settlement. Specifically, in its capacity as a Lead Plaintiff and Class Representative, Clearwater: (a) regularly communicated with Saxena White by email and telephone calls regarding the posture and progress of the case; (b) reviewed the pleadings and briefings submitted in this matter and Orders of the Court, as well as documents concerning discovery; (c) worked closely with Saxena White to search for and produce documents, respond to interrogatories, and prepare for and provide deposition testimony in connection with the motion for class certification (ECF No. 136); and (d) actively participated in settlement discussions.

6. Clearwater has also evaluated the risks of continuing this Action, including the possibility of a nominal recovery or no recovery at all, and authorized Lead Counsel to settle this Action for $100,000,000. Clearwater believes this Settlement is fair and reasonable, represents an excellent recovery, and is in the best interest of the members of the Class.

7. While Clearwater recognizes that any determination of fees is left to the Court, Clearwater believes that Lead Counsel's application for an award of 29% of the Settlement Fund in legal fees and expenses not to exceed $3.3 million is fair and reasonable, as this Settlement would not have been possible without the diligent and aggressive prosecutorial efforts of Plaintiffs' Counsel.

8. Clearwater understands that the reimbursement of lead plaintiffs' and class representatives' reasonable expenses is authorized under § 21D(a)(4) of the PSLRA, 15 U.S.C. § 78u-4(a)(4). Clearwater seeks reimbursement for its time, including my time as the Finance Director at the City of Clearwater and the time of Jeffrey Nolan, Senior Network Analyst, relating to the representation of the Class in this Action. Although other employees, including support staff, were also involved in discovery and oversight of this case, Clearwater is limiting its request for reimbursement for the time expended by Jeffrey Nolan and me. A summary of time expended by Clearwater is as follows:

| Name | Hours | Rate | Amount |
| --- | --- | --- | --- |
| Jay Ravins<br>Finance Director | 80.50 hours<br><br>Review of pleadings and relevant documents, correspondence regarding case strategy, oversight of settlement, and provide deposition testimony. | Ranged from $56.0639 to $72.9996 | $4,950.57 |

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Jeffrey Nolan<br>Senior Network Analyst | 13.50 hours<br><br>Search of Clearwater's database (with search terms) in connection with Defendants' discovery requests; collection of documents in connection with same; communications with Saxena White, re: same. | $29.1274 | $393.22 |

9. Clearwater respectfully requests that the Court grant final approval of the Settlement, and approve Lead Counsel's application for an award of attorneys' fees and expenses. Clearwater also respectfully requests that the Court approve payment of $5,343.79 to Clearwater, representing an average hourly rate of $56.85, for its time expended in the case in representing Class Members in the Action.

I, Jay Ravins, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this **20th** day of May 2022.

_____
JAY RAVINS