**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| IN RE NOVO NORDISK SECURITIES LITIGATION | No. 3:17-cv-00209-ZNQ-LHG |
|---|---|

**ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Novo Nordisk Securities Litigation*, No. 3:17-cv-209-ZNQ-LHG (the "Action");

WHEREAS, by Order dated January 31, 2020 (ECF No. 182), this Court certified the Action to proceed as a class action on behalf of all persons or entities who purchased the American Depositary Receipts ("ADRs") of Novo Nordisk A/S ("Novo Nordisk") between February 3, 2015 and February 2, 2017, inclusive (the "Class Period"), and who were damaged thereby (the "Class");[1] appointed Lehigh County Employees' Retirement System, Oklahoma Firefighters Pension and Retirement System, Boston Retirement System, Employees' Pension Plan of the City of Clearwater, and Central States, Southeast and Southwest Areas Pension Fund (collectively, "Lead Plaintiffs") as Class Representatives for the Class; and appointed Bernstein Litowitz Berger & Grossmann LLP and

[1] Excluded from the Class are: (i) Novo Nordisk; (ii) any directors and officers of Novo Nordisk during the Class Period and members of their immediate families; (iii) the subsidiaries, parents, and affiliates of Novo Nordisk; (iv) any firm, trust, corporation, or other entity in which Novo Nordisk has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded persons or entities. Also excluded from the Class are the persons and entities who requested exclusion from the Class in connection with the Class Notice, as listed in Appendix 1 to the Stipulation (defined below).

Robbins Geller Rudman & Dowd LLP (collectively, "Lead Counsel") as Class Counsel for the Class;

WHEREAS, by Order dated July 20, 2020, the Court approved the form and manner of providing notice to potential Class Members (the "Class Notice") to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; (iii) their right to request to be excluded from the Class; (iv) the effect of remaining in the Class or requesting exclusion; and (v) the requirements for requesting exclusion (the "Class Notice Order") (ECF No. 192);

WHEREAS, pursuant to the Class Notice Order, over 350,000 copies of the Class Notice were mailed to potential Class Members and nominees (ECF No. 223);

WHEREAS, pursuant to the Class Notice Order, a summary notice was published in *The Wall Street Journal*, *Investor's Business Daily*, and via *PR Newswire* on August 24, 2020;

WHEREAS, the Claims Administrator established a toll-free telephone helpline and website to assist potential Class Members with questions about the Action;

WHEREAS, the Class Notice provided sufficient opportunity for those putative Class Members who wished to exclude themselves from the Class to do so;

WHEREAS, pursuant to the Class Notice, 107 persons and entities requested exclusion from the Class. A list of the persons and entities who requested exclusion pursuant to the Class Notice is attached as Appendix 1 to the Stipulation;

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the Class, and (b) defendants Novo Nordisk, Lars Rebien Sørensen, Jesper Brandgaard, and Jakob Riis (collectively, "Defendants") have entered into a Stipulation and Agreement of Settlement dated November 23, 2021 (the "Stipulation") (ECF 311-3), that provides for a complete dismissal with prejudice of the

claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Order and Final Judgment Approving Class Action Settlement ("Judgment"), all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated March 8, 2022 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice of the Settlement has been given to the Class and the provisions of the Preliminary Approval Order as to notice were complied with;

WHEREAS, the Court conducted a hearing on July 13, 2022 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on November 23, 2021; and (b) the Settlement Notice and the Summary Settlement Notice, both of which were filed with the Court on May 23, 2022.

3. **Settlement Notice** – The Court finds that the dissemination of the Settlement Notice and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder); (ii) Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; and (iv) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended, and all other applicable law and rules.

4. **CAFA Notice** – Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, *et seq.* ("CAFA"). Defendants timely mailed notice of the Settlement

pursuant to 28 U.S.C. §1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State. The CAFA notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the notice requirements of CAFA.

5. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length and in good faith; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats Class Members equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Class Members (regardless of whether or not any

individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

8. **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Plaintiffs' Claims against any of the Defendants' Releasees, whether or not such Class Member executes and delivers the Claim Form or shares in the Net Settlement Fund. This Release shall not apply to any of the Excluded Plaintiffs' Claims.

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Defendants' Claims against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Defendants' Claims

against any of the Plaintiffs' Releasees. This Release shall not apply to any of the Excluded Defendants' Claims.

9. **Bar Order** – Upon the Effective Date of the Settlement, to the fullest extent permitted by law, (i) all persons and entities shall be permanently enjoined, barred, and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity, or otherwise against any of the Defendants' Releasees seeking damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Settlement Amount, arising out of, relating to, or concerning the Released Plaintiffs' Claims, whether arising under state, federal, or foreign law, whether asserted as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum and (ii) all Defendants' Releasees shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity, or otherwise against any persons and entities seeking damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Settlement Amount, arising out of, relating to, or concerning the Released Plaintiffs' Claims, whether arising under state, federal or foreign law, whether asserted as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum (the "Bar Order"). Nothing in this Bar Order shall prevent any person or entity who submitted a request for exclusion from the Class in connection with the Class Notice (as listed in Appendix 1 to the Stipulation) from pursuing any Released Plaintiffs' Claims against any of the

Defendants' Releasees. If any such person or entity pursues any such Released Plaintiffs' Claims against any of the Defendants' Releasees, nothing in this Bar Order shall operate to preclude such Defendants' Releasees from asserting any claim of any kind against such person or entity, including any Released Defendants' Claims (or seeking contribution or indemnity from any person or entity, including any Defendant in the Action, in respect of the claim of such person or entity listed on Appendix 1 to the Stipulation).

10. Notwithstanding paragraphs 8 and 9 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. Neither this Judgment, the Stipulation, nor any of their respective terms, provisions, or exhibits, nor any of the negotiations, discussions, or proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, nor any of the documents or statements referred to therein, nor any payment or consideration provided for therein, shall be:

(a) offered or received against any of the Defendants' Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any of the allegations in the Action or the validity of any claim that has been or could have been asserted against any of the Defendants' Releasees in the Action or in any other litigation, action, or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, action, or proceeding, whether civil, criminal, or administrative in any court, administrative agency, or other tribunal, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Defendants' Releasees;

(b) offered or received against any of the Defendants' Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants' Releasees, or against any of the Plaintiffs' Releasees as evidence of, or construed as evidence of, any infirmity of the claims alleged by Lead Plaintiffs;

(c) offered or received against the Defendants' Releasees or the Plaintiffs' Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants' Releasees or Plaintiffs' Releasees with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants' Releasees or Plaintiffs' Releasees in any other litigation, action, or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Judgment; provided, however, that the Defendants' Releasees and the Plaintiffs' Releasees may refer to them to effectuate the liability protection granted them hereunder;

(d) offered or received against any of the Defendants' Releasees or Plaintiffs' Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants' Releasees or Plaintiffs' Releasees that the Settlement Amount represents the amount which could or would have been recovered after trial; or

(e) offered or received against the Plaintiffs' Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by the Plaintiffs' Releasees that any of their claims are without merit, or that any defenses asserted by the Defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount.

12. The Defendants' Releasees may file the Stipulation and/or this Judgment in any action in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve a Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

15. Separate orders shall be entered regarding approval of a Plan of Allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of

Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on September 24, 2021, as provided in the Stipulation.

18. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED on this 13th day of July, 2022.

The Honorable Zahid N. Quraishi
United States District Judge